**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

|  |  |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL.,<br><br>Plaintiffs–Appellees,<br><br>v.<br><br>MARCO RUBIO, ET AL.,<br><br>Defendants–Appellants. | Nos. 26-1141 & 26-1195 |

**PLAINTIFFS–APPELLEES' RESPONSE TO MOTION FOR AN**
**EXTENSION OF TIME**

Plaintiffs–Appellees oppose Defendants' motion for an extension of time. Defendants have not shown "good cause" sufficient to justify an extension to the ordinary period for filing their principal brief. Fed. R. App. P. 26(b). They cite nothing beyond the routine demands of appellate litigation. In the meantime, Plaintiffs–Appellees and their members continue to suffer irreparable harm in the absence of an injunction. *See Am. Ass'n of Univ. Professors v. Rubio*, 802 F. Supp. 3d 120, 178–80, 194 (D. Mass. 2025) (describing the far-reaching and ongoing chill caused by the Policy and Defendants' coercive threats); Memorandum and Order, *Am. Ass'n of Univ. Professors v. Rubio*, No. 1:25-cv-10685 (D. Mass. Mar. 11, 2026), ECF No. 330 at 5–6, 17–19 (noting the irreparable nature of these injuries); *see also Asociación de Educación Privada de P.R., Inc. v. Garcia-Padilla*, 490 F.3d 1, 21 (1st Cir. 2007) (recognizing that the "loss of First Amendment freedoms, for

1

even minimal periods of time, unquestionably constitutes irreparable injury" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976))).

This case involves a challenge to Defendants' policy of targeting noncitizen students and faculty for arrest, detention, and deportation on the basis of their constitutionally protected pro-Palestinian expression (the "Policy"). After a nine-day trial, the district court issued extensive findings of fact, concluding that Defendants indeed have an "enforcement policy" of targeting pro-Palestinian protesters in this way, 802 F. Supp. 3d at 175, 189, but it stopped short of issuing an injunction. In their cross-appeal, Plaintiffs–Appellees intend to argue that the declaratory and APA relief granted by the district court—and currently in effect—are insufficient to fully remedy the chill caused by the Policy and the associated coercive threats. *See* Pls.' Mot. for Remedies Against Defs., *Am. Ass'n of Univ. Professors v. Rubio*, No. 1:25-cv-10685 (D. Mass. Nov. 10, 2025), ECF No. 277 at 5–7. Indeed, notwithstanding the relief granted by the district court, Defendants continue to target noncitizens with adverse immigration consequences on the basis of speech protected by the First Amendment, including the very kind of speech at issue in this case. *See* Hamed Aleaziz & Nicholas Nehamas, *Under Trump, Green Card Seekers Face New Scrutiny for Views on Israel*, N.Y. Times (Apr. 25, 2026), https://perma.cc/TXB9-UDZD.

2

Respectfully, Plaintiffs–Appellees request this Court deny Defendants'
motion to prevent any delay in the consideration of the appeal and the cross-appeal.


April 29, 2026                         Respectfully submitted,

                                       /s/ Xiangnong Wang
Edwina Clarke                          Xiangnong Wang
David Zimmer                           Ramya Krishnan
Zimmer, Citron & Clarke, LLP           Stephany Kim
130 Bishop Allen Drive                 Raya Koreh
Cambridge, MA 02139                    Carrie DeCell
(617) 676-9423                         Scott Wilkens
edwina@zimmercitronclarke.com          Alex Abdo
                                       Jameel Jaffer
Noam Biale                             Knight First Amendment Institute
Michael Tremonte                         at Columbia University
Alexandra Conlon                       475 Riverside Drive, Suite 302
Courtney Gans                          New York, NY 10115
Sher Tremonte LLP                      (646) 745-8500
90 Broad Street, 23rd Floor            george.wang@knightcolumbia.org
New York, New York 10004
(212) 202-2603                         Ahilan T. Arulanantham
mtremonte@shertremonte.com             Professor from Practice
nbiale@shertremonte.com                UCLA School of Law
                                       385 Charles E. Young Dr. East
                                       Los Angeles, CA 90095
                                       (310) 825-1029
                                       arulanantham@law.ucla.edu

                                       *Counsel for Plaintiffs–Appellees*

3

## CERTIFICATE OF COMPLIANCE

I, the undersigned counsel, certify that the foregoing response complies with the type-volume limitation pursuant to Fed. R. App. P. 27(d)(2)(A) because it contains 397 words, excluding the portions exempted by Fed. R. App. P. 32(f). The response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this response has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point type.

Dated: April 29, 2026

/s/ Xiangnong Wang

4

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, certify that on April 29, 2026, I electronically filed the foregoing response in the United States Court of Appeals for the First Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: April 29, 2026              /s/ Xiangnong Wang