Nos. 26-1141 & 26-1195

# In the United States Court of Appeals for the First Circuit

---

**AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS; AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS - HARVARD FACULTY CHAPTER; AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS AT NEW YORK UNIVERSITY; RUTGERS AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS; AMERICAN FEDERATION OF TEACHERS; MIDDLE EAST STUDIES ASSOCIATION,**

Plaintiffs–Appellees/Cross–Appellants,

v.

**MARCO RUBIO, in the official capacity as Secretary of State; U.S. DEPARTMENT OF STATE; MARKWAYNE MULLIN, in the official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; DAVID J. VENTURELLA, in the official capacity as Acting Director of U.S. Immigration and Customs Enforcement; DONALD J. TRUMP, in the official capacity as President of the United States; UNITED STATES,**

Defendants–Appellants/Cross–Appellees.

---

*On Appeal from the U.S. District Court for the District of Massachusetts Docket Number 1:25-cv-10685-WGY*

---

## JOINT APPENDIX Volume I

---

BRETT A. SHUMATE
  *Assistant Attorney General*
  *Civil Division*

DREW C. ENSIGN
  *Deputy Assistant Attorney General*

PAUL F. STONE
  *Acting Chief*

LINDSAY M. MURPHY
  *Deputy Chief*

RAMYA KRISHNAN
XIANGNONG WANG
STEPHANY KIM
RAYA KOREH
CARRIE DECELL
SCOTT WILKENS
ALEX ABDO
JAMEEL JAFFER
  *Knight First Amendment Institute*
  *at Columbia University*
  *475 Riverside Drive, Suite 302*
  *New York, NY 1011*

VICTORIA SANTORA
  *Senior Counsel for National Security*

JESSE BUSEN
  *Counsel for National Security*

*National Security Unit*
*Office of Immigration Litigation*
*U.S. Department of Justice*
*P.O. Box 878, Ben Franklin Station*
*Washington, DC 20044-878*
*(202) 305-9647*

EDWINA CLARKE
DAVID ZIMMER
*Zimmer, Citron & Clarke, LLP*
*130 Bishop Allen Drive*
*Cambridge, MA 02139*

NOAM BIALE
MICHAEL TREMONTE
ALEXANDRA CONLON
COURTNEY GANS
*Sher Tremonte LLP*
*90 Broad Street, 23rd Floor*
*New York, New York 10004*

AHILAN T. ARULANANTHAM
*Professor from Practice*
*UCLA School of Law*
*385 Charles E. Young Dr. East*
*Los Angeles, CA 90095*
*(310) 825-1029*
*arulanantham@law.ucla.edu*

# TABLE OF CONTENTS

District Court Docket Report, *AAUP v. Rubio*,
   No. 1:25-cv-10685-WGY (D. Mass.) ................................................................. JA1

Notice of Appeal, *AAUP v. Rubio*, No. 26-1141 (1st Cir.)................................. JA81

Notice of Appeal, *AAUP v. Rubio*, No. 26-1195 (1st Cir.) .............................. JA185

Complaint, *AAUP v. Rubio*,
   No. 1:25-cv-10685-WGY (D. Mass.) .......................................................... JA288

July 7, 2025 Trial Transcript........................................................................... JA337

Case: 26-1141    Document: 00118473955    Page: 4    Date Filed: 07/09/2026    Entry ID: 6824646

APPEAL

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:25-cv-10685-WGY

| | |
|---|---|
| American Association of University Professors et al v. Rubio et al | Date Filed: 03/25/2025 |
| Assigned to: Judge William G. Young | Date Terminated: 01/26/2026 |
| Case in other court: USCA - First Circuit, 25-01658 | Jury Demand: None |
| USCA - First Circuit, 26-01141 | Nature of Suit: 440 Civil Rights: Other |
| USCA - First Circuit, 26-01195 | Jurisdiction: U.S. Government Defendant |
| Cause: 28:1331 Fed. Question | |

**Plaintiff**

| | | |
|---|---|---|
| **American Association of University Professors** | represented by | **Ahilan Arulanantham** |

American Civil Liberties Union of Southern California
1313 West 8th Street
Los Angeles, CA 90017
213-977-5211
Fax: 213-977-5297
Email: arulanantham@law.ucla.edu
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
Sher Tremonte LLP
90 Broad Street
23rd Floor
New York, NY 10004
212-202-2603
Fax: 212-202-4156
Email: mtremonte@shertremonte.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
Sher Tremonte LLP
90 Broad Street
Ste 23rd Floor
New York, NY 10004
212-202-2600
Email: nbiale@shertremonte.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
Knight First Amendment Institute at
Columbia University

JA1

475 Riverside Drive
Ste 302
New York, NY 10115
646-745-8502
Email: alex.abdo@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
Sher Tremonte LLP
90 Broad Street
23rd Floor
New York, NY 10004
212-202-2600
Email: aconlon@shertremonte.com
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646-745-8500
Email: carrie.decell@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Courtney Gans**
Sher Tremonte LLP
90 Broad Street
23rd Floor
New York, NY 10004
212-540-0675
Email: cgans@shertremonte.com
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
Zimmer, Citron & Clarke LLP
130 Bishop Allen Dr.
Cambridge, MA 02139
617-676-9421
Email: dzimmer@zimmercitronclarke.com
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**
Zimmer, Citron & Clarke LLP
130 Bishop Allen Drive
Cambridge, MA 02139
518-637-1311
Email: edwina@zimmercitronclarke.com
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**
Knight First Amendment Institute at
Columbia University

JA2

475 Riverside Drive
Suite 302
New York, NY 10115
646-745-8500
Email: jackson.busch@nytimes.com
*TERMINATED: 09/10/2025*
*ATTORNEY TO BE NOTICED*

**Jameel Jaffer**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646-745-8503
Email: jameel.jaffer@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Ramya Krishnan**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646-745-8500
Email: ramya.krishnan@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Raya Koreh**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646-745-8500
Email: raya.koreh@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Scott B. Wilkens**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646-745-8500
Email: scott.wilkens@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Stephany Kim**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Ste 302
New York, NY 10115

JA3

646-745-8500
Email: stephany.kim@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Talya Nevins**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646-745-8500
Email: talya.nevins@knightcolumbia.org
*TERMINATED: 10/03/2025*
*ATTORNEY TO BE NOTICED*

**Xiangnong Wang**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
503-206-2936
Email: george.wang@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

| **American Association of University Professors-Harvard Faculty Chapter** | represented by | **Ahilan Arulanantham**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| --- | --- | --- |

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
(See above for address)
*ATTORNEY TO BE NOTICED*

JA4

Courtney Gans
(See above for address)
*ATTORNEY TO BE NOTICED*

David Jacob Zimmer
(See above for address)
*ATTORNEY TO BE NOTICED*

Edwina Bullard Clarke
(See above for address)
*ATTORNEY TO BE NOTICED*

Jackson Thomas Busch
(See above for address)
*TERMINATED: 09/10/2025*
*ATTORNEY TO BE NOTICED*

Jameel Jaffer
(See above for address)
*ATTORNEY TO BE NOTICED*

Ramya Krishnan
(See above for address)
*ATTORNEY TO BE NOTICED*

Raya Koreh
(See above for address)
*ATTORNEY TO BE NOTICED*

Scott B. Wilkens
(See above for address)
*ATTORNEY TO BE NOTICED*

Stephany Kim
(See above for address)
*ATTORNEY TO BE NOTICED*

Talya Nevins
(See above for address)
*TERMINATED: 10/03/2025*
*ATTORNEY TO BE NOTICED*

Xiangnong Wang
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **American Association of University Professors at New York University** | represented by | **Ahilan Arulanantham**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

JA5

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney Gans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**
(See above for address)
*TERMINATED: 09/10/2025*
*ATTORNEY TO BE NOTICED*

**Jameel Jaffer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ramya Krishnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Raya Koreh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott B. Wilkens**
(See above for address)

JA6

*ATTORNEY TO BE NOTICED*

**Stephany Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Talya Nevins**
(See above for address)
*TERMINATED: 10/03/2025*
*ATTORNEY TO BE NOTICED*

**Xiangnong Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rutgers American Association of University Professors-American Federation of Teachers**

represented by **Ahilan Arulanantham**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney Gans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**
(See above for address)
*TERMINATED: 09/10/2025*
*ATTORNEY TO BE NOTICED*

**Jameel Jaffer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ramya Krishnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Raya Koreh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott B. Wilkens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephany Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Talya Nevins**
(See above for address)
*TERMINATED: 10/03/2025*
*ATTORNEY TO BE NOTICED*

**Xiangnong Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
Salahi PC
505 Montgomery St.
Ste 11th Floor
San Francisco, CA 94111
415-236-2352
Email: yaman@salahilaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Middle East Studies Association**          represented by  **Ahilan Arulanantham**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**

JA8

(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney Gans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**
(See above for address)
*TERMINATED: 09/10/2025*
*ATTORNEY TO BE NOTICED*

**Jameel Jaffer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ramya Krishnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Raya Koreh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott B. Wilkens**
(See above for address)
*ATTORNEY TO BE NOTICED*

Stephany Kim
(See above for address)
*ATTORNEY TO BE NOTICED*

**Talya Nevins**
(See above for address)
*TERMINATED: 10/03/2025*
*ATTORNEY TO BE NOTICED*

**Xiangnong Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Marco Rubio**                                    represented by    **Ethan B. Kanter**
*in his official capacity as Secretary of State*                      DOJ-Civ
                                                                      P.O. 878
                                                                      Ben Franklin Station
                                                                      Washington, DC 20044
                                                                      202-616-9123
                                                                      Email: ethan.kanter@usdoj.gov
                                                                      *TERMINATED: 04/22/2026*
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Harry Graver**
                                                                      DOJ-Civ
                                                                      950 Pennsylvania Avenue NW
                                                                      Washington, DC 20530
                                                                      202-514-2000
                                                                      Email: harry.graver@usdoj.gov
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Jesse Busen**
                                                                      DOJ-Civ
                                                                      Office of Immigration Litigation
                                                                      Poc Agostinho, Jean
                                                                      1100 L St., N.W.
                                                                      8142
                                                                      Washington, DC 20530
                                                                      202-307-0340
                                                                      Email: jesse.busen@usdoj.gov
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Jessica Danielle Strokus**
                                                                      DOJ-Civ
                                                                      P.O Box 878
                                                                      Ben Franklin Station
                                                                      Washington, DC 20044
                                                                      202-616-8779
                                                                      Email: jessica.d.strokus@usdoj.gov

*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
P.O. Box 878, Ben Franklin Station
Washington, DC 20001
202-616-4018
Email: lindsay.m.murphy@usdoj.gov
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
DOJ-Civ
Poc Agostinho, Jean
1100 L St., N.W.
8142
Washington, DC 20530
202-307-0340
Email: nancy.safavi@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
U.S. Dept. of Justice, Civil Division, Office
of Immigration
Ben Franklin Station
P.O. Box 878
Washington, DC 20044
202-405-9647
Email: paul.f.stone@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA 02210
617-748-3100
Fax: 617-748-3971
Email: rayford.farquhar@usdoj.gov
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
DOJ-USAO
1 Courthouse Way
Ste 9200
Boston, MA 02210
617-748-7104
Email: shawna.yen@usdoj.gov
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
DOJ-Civ
Office of Immigration Litigation

Case: 26-1141    Document: 00118473955    Page: 15    Date Filed: 07/09/2026    Entry ID: 6824646

PO Box 878
Ben Franklin Station
Washington, DC 20044
202-616-5573
Email: victoria.m.santora@usdoj.gov
*ATTORNEY TO BE NOTICED*

**William Kanellis**
DOJ-Civ
Commercial Litigation Branch
1100 L St NW
Ste 10140
Washington, DC 20530
202-251-4937
Email: william.kanellis@usdoj.gov
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Department of State**                    represented by    **Ethan B. Kanter**
(See above for address)
*TERMINATED: 04/22/2026*
*ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Busen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

Case: 26-1141    Document: 00118473955    Page: 16    Date Filed: 07/09/2026    Entry ID: 6824646

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Secretary Kristi L. Noem**<br>*in her official capacity as Secretary of*<br>*Homeland Security* | represented by | **Ethan B. Kanter**<br>(See above for address)<br>*TERMINATED: 04/22/2026*<br>*ATTORNEY TO BE NOTICED* |

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Busen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

JA13

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Department of Homeland Security**                    represented by    **Ethan B. Kanter**
(See above for address)
*TERMINATED: 04/22/2026*
*ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Busen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

William Kanellis
(See above for address)
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Todd Lyons**
*in his official capacity as Acting Director of*
*U.S. Immigration and Customs Enforcement*

represented by **Ethan B. Kanter**
(See above for address)
*TERMINATED: 04/22/2026*
*ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Busen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)

Case: 26-1141     Document: 00118473955     Page: 19     Date Filed: 07/09/2026     Entry ID: 6824646

*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Donald J. Trump**                                    represented by     **Ethan B. Kanter**
*in his official capacity as President of the*                            (See above for address)
*United States*                                                          *TERMINATED: 04/22/2026*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Harry Graver**
                                                                         (See above for address)
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Jesse Busen**
                                                                         (See above for address)
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Jessica Danielle Strokus**
                                                                         (See above for address)
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Lindsay M Murphy**
                                                                         (See above for address)
                                                                         *TERMINATED: 05/21/2025*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Nancy Safavi**
                                                                         (See above for address)
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Paul F. Stone**
                                                                         (See above for address)
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Rayford A. Farquhar**
                                                                         (See above for address)
                                                                         *TERMINATED: 06/01/2025*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Shawna Yen**
                                                                         (See above for address)
                                                                         *TERMINATED: 07/07/2025*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Victoria M Santora**
                                                                         (See above for address)
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **William Kanellis**
                                                                         (See above for address)
                                                                         *TERMINATED: 01/15/2026*
                                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

JA16

**United States of America**                          represented by **Ethan B. Kanter**
(See above for address)
*TERMINATED: 04/22/2026*
*ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Busen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Council of UC Faculty Associations**          represented by **Joshua M. Daniels**
The Law Office of Joshua M. Daniels
P.O. Box 300765
Jamaica Plain, MA 02130

JA17

617-942-2190
Email: jdaniels@danielsappeals.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arthur Liou**
Leonard Carder, LLP
1999 Harrison Street
Ste 2700
Oakland, CA 94612
510-272-0169
Fax: 510-272-0174
Email: aliou@leonardcarder.com
*ATTORNEY TO BE NOTICED*

**Julia Lum**
Leonard Carder, LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612
510-272-0169
Email: jlum@leonardcarder.com
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
Leonard Carder, LLP
1999 Harrison Street
Suite 2700
Oakland, CA 94612
510-272-0169
Fax: 510-272-0174
Email: psaltzman@leonardcarder.com
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
Leonard Carder, LLP
1999 Harrison Street
Suite 2700
Oakland, CA 94612
510-272-0169
Fax: 510-272-0174
Email: pmonrad@leonardcarder.com
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Berkeley Faculty Association**           represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**

JA18

(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

| **Davis Faculty Association** | represented by | **Arthur Liou** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

| **Irvine Faculty Association** | represented by | **Arthur Liou** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*

JA19

*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **UC Merced Faculty Association** | represented by | **Arthur Liou**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **Riverside Faculty Association** | represented by | **Arthur Liou**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

JA20

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

Amicus

**San Diego Faculty Association**          represented by   **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

Amicus

**UCSF Faculty Association**          represented by   **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)

JA21

*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **UC Santa Barbara Faculty Association** | represented by | **Arthur Liou**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **University of California Los Angeles Faculty Association** | represented by | **Arthur Liou**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Ethan B. Kanter**
(See above for address)
*TERMINATED: 04/22/2026*
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

JA22

Peter W Saltzman
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Santa Cruz Faculty Association**                    represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**University CouncilAmerican Federation**            represented by **Arthur Liou**
**of Teachers Local 1474**                                 (See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**

JA23

(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Boston University AAUP Chapter**          represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Brown University Chapter of the AAUP**          represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

JA24

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Concerned Stanford Faculty**                  represented by    **Arthur Liou**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Joshua M. Daniels**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Julia Lum**
                                                                 (See above for address)
                                                                 *TERMINATED: 12/29/2025*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Peter W Saltzman**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Philip Monrad**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Yaman Salahi**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

**Amicus**

**Dartmouth College Chapter of the AAUP**       represented by    **Arthur Liou**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Joshua M. Daniels**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Julia Lum**
                                                                 (See above for address)
                                                                 *TERMINATED: 12/29/2025*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Peter W Saltzman**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Philip Monrad**

JA25

(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Del Mar College Chapter of the AAUP-AFT**                    represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Massachusetts Institute of Technology Chapter of the AAUP**                    represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

|  |  | Yaman Salahi<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
| **Amicus** |  |  |
| **AAUP Princeton** | represented by | **Arthur Liou**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Joshua M. Daniels**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Julia Lum**<br>(See above for address)<br>*TERMINATED: 12/29/2025*<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Peter W Saltzman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Philip Monrad**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Yaman Salahi**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **Amicus** |  |  |
| **Rice University Advocacy Chapter of the AAUP** | represented by | **Arthur Liou**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Joshua M. Daniels**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Julia Lum**<br>(See above for address)<br>*TERMINATED: 12/29/2025*<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Peter W Saltzman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Philip Monrad**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Yaman Salahi** |

JA27

Case: 26-1141    Document: 00118473955    Page: 31    Date Filed: 07/09/2026    Entry ID: 6824646

(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Tufts University Chapter of the AAUP**          represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**University of Houston Chapter of the AAUP**          represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **John Hopkins University Chapter of the AAUP** | represented by | **Arthur Liou** <br> (See above for address) <br> *ATTORNEY TO BE NOTICED* |

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **University of Minnesota Twin Cities Chapter of the AAUP** | represented by | **Arthur Liou** <br> (See above for address) <br> *ATTORNEY TO BE NOTICED* |

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

JA29

| | | |
|---|---|---|
| **Northwestern University Chapter of the AAUP** | represented by | **Arthur Liou**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Joshua M. Daniels**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Julia Lum**<br>(See above for address)<br>*TERMINATED: 12/29/2025*<br>*ATTORNEY TO BE NOTICED* |
| | | **Peter W Saltzman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Philip Monrad**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Yaman Salahi**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **University of Dallas Chapter of the AAUP** | represented by | **Arthur Liou**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Joshua M. Daniels**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Julia Lum**<br>(See above for address)<br>*TERMINATED: 12/29/2025*<br>*ATTORNEY TO BE NOTICED* |
| | | **Peter W Saltzman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Philip Monrad**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Yaman Salahi**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **AAUP Advocacy Chapter at the University of Texas at Austin** | represented by | **Arthur Liou**<br>(See above for address) |

JA30

*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**AAUP Advocacy Chapter at the**　　　　represented by　**Arthur Liou**
**University of Texas at Dallas**　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　　　　　**Joshua M. Daniels**
　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　　　　　**Julia Lum**
　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　*TERMINATED: 12/29/2025*
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　　　　　**Peter W Saltzman**
　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　　　　　**Philip Monrad**
　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　　　　　**Yaman Salahi**
　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Amicus**

**Yale University Chapter of the AAUP**　　represented by　**Arthur Liou**
　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

JA31

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Wesleyan University Chapter of the**          represented by  **Arthur Liou**
**AAUP**                                        (See above for address)
                                                *ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Commonwealth of Massachusetts**          represented by  **David Rassoul Rangaviz**
                                           Massachusetts Attorney General's Office
                                           Civil Rights Division
                                           1 Ashburton Place
                                           Boston, MA 02108
                                           617-963-2816

JA32

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**The Presidents Alliance on Higher Education and Immigration**  represented by  **Joel Anderson Fleming**
Equity Litigation Group LLP
1 Washington Mall #1307
Boston, MA 02108
617-388-0622
Email: jfleming@equitylitigation.com
*ATTORNEY TO BE NOTICED*

**Lauren G. Milgroom**
Equity Litigation Group LLP
1 Washington Mall
#1307
Boston, MA 02108
617-475-0039
Email: lmilgroom@equitylitigation.com
*ATTORNEY TO BE NOTICED*

V.

**Intervenor**

**K.L. Smith**  represented by  **K.L. Smith**
3649 Evergreen Parkway
#504
Evergreen, CO 80437-0504
(720)-404-5383
PRO SE

**Intervenor**

**Boston Globe Media Partners, LLC**  represented by  **Samuel D. Thomas**
Morgan Lewis
One Federal Street
Floor 14
Ste 1419
Boston, MA 02110
774-263-0309
Email: tsamueldavid@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor**

**The New York Times Company**  represented by  **Samuel D. Thomas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Intercept Media, Inc.**  represented by  **Renee M. Griffin**
Reporters Committee for Freedom of the Press
1156 15th St NW

JA33

Suite 1020
Washington, DC 20005
202-800-3247
Email: rgriffin@rcfp.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert A. Bertsche**
Klaris Law PLLC
6 Liberty Square #2752
Boston, MA 02109
857-303-6938
Email: rob.bertsche@klarislaw.com
*ATTORNEY TO BE NOTICED*

**Intervenor**

| The Center for Investigative Reporting | represented by | **Renee M. Griffin** |
| | | (See above for address) |

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert A. Bertsche**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/25/2025 | 1 | COMPLAINT against All Defendants Filing fee: $ 405, receipt number AMADC-10910511 (Fee Status: Filing Fee paid), filed by American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Civil Cover Sheet, # 2 Category Form) (Clarke, Edwina) (Entered: 03/25/2025) |
| 03/25/2025 | 2 | Proposed Document(s) submitted by American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association. Document received: Requests for Summonses. (Attachments: # 1 Request for Summons, # 2 Request for Summons, # 3 Request for Summons, # 4 Request for Summons, # 5 Request for Summons, # 6 Request for Summons, # 7 Request for Summons)(Clarke, Edwina) (Entered: 03/25/2025) |
| 03/25/2025 | 3 | ELECTRONIC NOTICE of Case Assignment. Judge William G. Young assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Jessica D. Hedges. (SEC) (Entered: 03/25/2025) |
| 03/25/2025 | 4 | Summons Issued as to All Defendants. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s)** |

JA34

|  |  | **not receiving notice electronically for completion of service.** (JKK) (Entered: 03/25/2025) |
|---|---|---|
| 03/26/2025 | 5 | MOTION for Leave to Appear Pro Hac Vice for admission of Ramya Krishnan Filing fee: $ 125, receipt number AMADC-10913799 by American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 6 | MOTION for Leave to Appear Pro Hac Vice for admission of Carrie DeCell Filing fee: $ 125, receipt number AMADC-10913838 by American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 7 | MOTION for Leave to Appear Pro Hac Vice for admission of Alex Abdo Filing fee: $ 125, receipt number AMADC-10913861 by American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 8 | MOTION for Leave to Appear Pro Hac Vice for admission of Jameel Jaffer Filing fee: $ 125, receipt number AMADC-10913880 by American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 9 | MOTION for Leave to Appear Pro Hac Vice for admission of Xiangnong Wang Filing fee: $ 125, receipt number AMADC-10913909 by American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 10 | MOTION for Leave to Appear Pro Hac Vice for admission of Jackson Busch Filing fee: $ 125, receipt number AMADC-10913924 by American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 11 | Judge William G. Young: ELECTRONIC ORDER entered granting 5 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch. **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To** |

register for a PACER account, go the Pacer website at
https://pacer.uscourts.gov/register-account. **You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

; granting 6 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch.

**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

; granting 7 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch.

**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

; granting 8 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch.

**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

JA36

; granting 9 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch.

**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

; granting 10 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch.

**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

(MAP) (Entered: 03/26/2025)

| | | |
|---|---|---|
| 04/01/2025 | 12 | NOTICE of Appearance by Ramya Krishnan on behalf of American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association (Krishnan, Ramya) (Entered: 04/01/2025) |
| 04/01/2025 | 13 | MOTION for Preliminary Injunction , MOTION to Expedite *Briefing* ( Responses due by 4/15/2025) by American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association.(Krishnan, Ramya) (Entered: 04/01/2025) |
| 04/01/2025 | 14 | MEMORANDUM in Support re 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing* filed by American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration of Veena Dubal, # 2 Declaration of Asli U. Bali, # 3 Declaration of Ramya Krishnan, # 4 Exhibit A to Krishnan Declaration, # 5 Exhibit B to Krishnan Declaration, # 6 Exhibit C to Krishnan Declaration, # 7 Exhibit D to Krishnan Declaration, # 8 Exhibit E to Krishnan Declaration, # 9 Exhibit F to Krishnan Declaration, # 10 Exhibit G to Krishnan Declaration, # 11 Exhibit H to Krishnan Declaration, # 12 Exhibit I to Krishnan Declaration, # 13 Exhibit J to Krishnan |

Case: 26-1141     Document: 00118473955     Page: 41     Date Filed: 07/09/2026     Entry ID: 6824646

| | | |
|---|---|---|
| | | Declaration, # 14 Exhibit K to Krishnan Declaration, # 15 Exhibit L to Krishnan Declaration, # 16 Exhibit M to Krishnan Declaration, # 17 Exhibit N to Krishnan Declaration, # 18 Exhibit O to Krishnan Declaration, # 19 Exhibit P to Krishnan Declaration, # 20 Exhibit Q to Krishnan Declaration, # 21 Exhibit R to Krishnan Declaration, # 22 Exhibit S to Krishnan Declaration, # 23 Exhibit T to Krishnan Declaration, # 24 Exhibit U to Krishnan Declaration, # 25 Exhibit V to Krishnan Declaration, # 26 Exhibit W to Krishnan Declaration, # 27 Exhibit X to Krishnan Declaration, # 28 Exhibit Y to Krishnan Declaration, # 29 Exhibit Z to Krishnan Declaration, # 30 Exhibit AA to Krishnan Declaration, # 31 Exhibit BB to Krishnan Declaration, # 32 Exhibit CC to Krishnan Declaration, # 33 Exhibit DD to Krishnan Declaration, # 34 Exhibit EE to Krishnan Declaration, # 35 Exhibit FF to Krishnan Declaration, # 36 Exhibit GG to Krishnan Declaration, # 37 Exhibit HH to Krishnan Declaration, # 38 Exhibit II to Krishnan Declaration)(Krishnan, Ramya) (Entered: 04/01/2025) |
| 04/02/2025 | 15 | ELECTRONIC NOTICE issued requesting PAPER courtesy copy for 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing*, 14 Memorandum in Support of Motion. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office by Attention Matthew Paine - Docket Clerk - Judge Young. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (MAP) (Entered: 04/02/2025) |
| 04/02/2025 | 16 | Judge William G. Young: ELECTRONIC ORDER entered re 13 MOTION for Preliminary Injunction, MOTION to Expedite Briefing. In view of the profound constitutional questions raised by this complaint, the public interest strongly favors prompt adjudication and expedited briefing is warranted. Accordingly, responsive briefs and affidavits shall be filed no later than noon April 21, 2025 (sooner is better) and the motion for preliminary injunction shall be heard at 10:00 a.m. in Courtroom 18 on Wednesday, April 23,2025.(KB) (Entered: 04/02/2025) |
| 04/02/2025 | 17 | ELECTRONIC NOTICE Setting Hearing on Motion 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing* : Motion Hearing set for 4/23/2025 10:00 AM in Courtroom 18 (In person only) before Judge William G. Young. Counsel for plaintiffs shall notify defense counsel of hearing date. (KB) (Entered: 04/02/2025) |
| 04/02/2025 | 18 | NOTICE of Appearance by Rayford A. Farquhar on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Farquhar, Rayford) (Entered: 04/02/2025) |
| 04/03/2025 | 19 | NOTICE of Appearance by Caroline DeCell on behalf of American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association (DeCell, Caroline) (Entered: 04/03/2025) |
| 04/03/2025 | 20 | NOTICE of Appearance by Jameel Jaffer on behalf of American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association (Jaffer, Jameel) (Entered: 04/03/2025) |
| 04/03/2025 | 21 | NOTICE of Appearance by Alexander Abdo on behalf of American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association (Abdo, Alexander) (Entered: 04/03/2025) |

JA38

| 04/03/2025 | 22 | NOTICE of Appearance by Xiangnong Wang on behalf of American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association (Wang, Xiangnong) (Entered: 04/03/2025) |
|---|---|---|
| 04/03/2025 | 23 | NOTICE of Appearance by Jackson Thomas Busch on behalf of American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association (Busch, Jackson) (Entered: 04/03/2025) |
| 04/04/2025 | 24 | NOTICE of Appearance by Ethan B. Kanter on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Kanter, Ethan) (Entered: 04/04/2025) |
| 04/07/2025 | 25 | SUMMONS Returned Executed Marco Rubio. (Krishnan, Ramya)<br><br>**Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).**<br><br>(Entered: 04/07/2025) |
| 04/07/2025 | 26 | SUMMONS Returned Executed Department of State.. (Krishnan, Ramya)<br><br>**Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).**<br><br>(Entered: 04/07/2025) |
| 04/07/2025 | 27 | SUMMONS Returned Executed Kristi Noem (Krishnan, Ramya)<br><br>**Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).**<br><br>(Entered: 04/07/2025) |
| 04/07/2025 | 28 | SUMMONS Returned Executed Department of Homeland Security. (Krishnan, Ramya)<br><br>**Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).**<br><br>(Entered: 04/07/2025) |
| 04/07/2025 | 29 | SUMMONS Returned Executed Todd Lyons (Krishnan, Ramya)<br><br>**Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).**<br><br>(Entered: 04/07/2025) |
| 04/07/2025 | 30 | SUMMONS Returned Executed by American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association. (Krishnan, Ramya) (Entered: 04/07/2025) |

JA39

| 04/08/2025 | 31 | Joint MOTION for a Briefing Schedule re 16 Order on Motion to Expedite,, by American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association.(Krishnan, Ramya) (Entered: 04/08/2025) |
| --- | --- | --- |
| 04/08/2025 | 32 | MOTION for Leave to Appear Pro Hac Vice for admission of Ahilan Arulanantham Filing fee: $ 125, receipt number AMADC-10939863 by American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration of A. Arulanantham)(Clarke, Edwina) (Entered: 04/08/2025) |
| 04/08/2025 | 33 | Judge William G. Young: ELECTRONIC ORDER entered granting 32 Motion for Leave to Appear Pro Hac Vice Added Ahilan Arulanantham.<br><br>**Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at https://www.mad.uscourts.gov/caseinfo/nextgen-current-pacer-accounts.htm#link-account.<br><br>(MAP) (Entered: 04/08/2025) |
| 04/08/2025 | 34 | Amicus Curiae APPEARANCE entered by Joshua M. Daniels on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP-AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Daniels, Joshua)<br><br>**Modified on 4/9/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Daniels Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen. (MAP).**<br><br>(Entered: 04/08/2025) |
| 04/08/2025 | 35 | MOTION for Leave to Appear Pro Hac Vice for admission of Yaman Salahi, Philip Monrad, Peter Saltzman, Arthur Liou, Julia Lum, Filing fee: $ 625, receipt number AMADC-10941087 by Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association,, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University |

| | | |
|---|---|---|
| | | CouncilAmerican Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP-AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP. (Attachments: # 1 Exhibit Exhibit A - PHV Attorney Declarations)(Daniels, Joshua) (Entered: 04/08/2025) |
| 04/08/2025 | 36 | MOTION for Leave to File *[Proposed] Amici Curiae Brief in Support of Plaintiffs' Motion for Preliminary Injunction* by Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University CouncilAmerican Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP-AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP. (Attachments: # 1 [Proposed] Amici Curiae Brief in Support of Plaintiffs' Motion for Preliminary Injunction)(Daniels, Joshua) (Entered: 04/08/2025) |
| 04/09/2025 | 37 | Judge William G. Young: ELECTRONIC ORDER entered granting 31 Joint MOTION for a Briefing Schedule re 16 Order on Motion to Expedite,, by American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association. (KB) (Entered: 04/09/2025) |
| 04/09/2025 | 38 | SUMMONS Returned Executed by American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association. (Krishnan, Ramya) (Entered: 04/09/2025) |
| 04/09/2025 | 39 | Judge William G. Young: ELECTRONIC ORDER entered granting 36 MOTION for Leave to File Amici Curiae Brief; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (MAP) (Entered: 04/09/2025) |
| 04/09/2025 | 40 | Amicus Curiae APPEARANCE entered by David Rassoul Rangaviz on behalf of Commonwealth of Massachusetts. (Rangaviz, David)<br><br>**Modified on 4/9/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Rangaviz Filed the Notice of Appearance Under the Wrong Event in CM/ECF** |

JA41

Case: 26-1141     Document: 00118473955     Page: 45     Date Filed: 07/09/2026     Entry ID: 6824646

| | | NextGen. (MAP).<br><br>(Entered: 04/09/2025) |
|---|---|---|
| 04/09/2025 | 41 | MOTION for Leave to File *Brief of Amici Curiae States (Unopposed)* by COMMONWEALTH OF MASSACHUSETTS.(Rangaviz, David) (Entered: 04/09/2025) |
| 04/09/2025 | 42 | Judge William G. Young: ELECTRONIC ORDER entered granting 35 Motion for Leave to Appear Pro Hac Vice Added Yaman Salahi, Philip Monrad, Peter Saltzman, Arthur Liou, and Julia Lum.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 04/09/2025) |
| 04/09/2025 | 43 | AMICUS BRIEF filed by Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University CouncilAmerican Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP-AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP *Leave Granted 04/09/2025*. (Daniels, Joshua) (Entered: 04/09/2025) |
| 04/09/2025 | 44 | NOTICE of Appearance by Lindsay M Murphy on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Murphy, Lindsay) (Entered: 04/09/2025) |
| 04/09/2025 | 45 | Amicus Curiae APPEARANCE entered by Lauren G. Milgroom on behalf of The Presidents Alliance on Higher Education and Immigration (Milgroom, Lauren)<br><br>**Modified on 4/9/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Milgroom Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen. (MAP).**<br><br>(Entered: 04/09/2025) |
| 04/09/2025 | 46 | MOTION for Leave to File *[Proposed] Brief of Amicus Curiae* by The Presidents Alliance on Higher Education and Immigration. (Attachments: # 1 [Proposed] Brief of |

JA42

| | | |
|---|---|---|
| | | Amicus Curiae The Presidents' Alliance on Higher Education and Immigration in Support of Plaintiffs' Motion for a Preliminary Injunction)(Milgroom, Lauren) (Entered: 04/09/2025) |
| 04/09/2025 | 47 | Amicus Curiae APPEARANCE entered by Joel Anderson Fleming on behalf of The Presidents Alliance on Higher Education and Immigration. (Fleming, Joel) (Entered: 04/09/2025) |
| 04/10/2025 | 48 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 41 MOTION for Leave to File Brief of Amici Curiae States (Unopposed) ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (MAP) (Entered: 04/10/2025) |
| 04/10/2025 | 49 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 46 MOTION for Leave to File of Amicus Curiae Brief; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (MAP) (Entered: 04/10/2025) |
| 04/10/2025 | 50 | AMICUS BRIEF filed by The Presidents Alliance on Higher Education and Immigration . (Milgroom, Lauren) (Entered: 04/10/2025) |
| 04/10/2025 | 51 | Amicus Curiae APPEARANCE entered by Yaman Salahi on behalf of Council of UC Faculty Associations, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP-AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP, Rutgers American Association of University Professors-American Federation of Teachers (Salahi, Yaman)<br><br>**Modified on 4/11/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Salahi Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen. (MAP). (Entered: 04/10/2025)** |
| 04/10/2025 | 52 | MOTION for Leave to Appear Pro Hac Vice for admission of Zachary Smith Filing fee: $ 125, receipt number AMADC-10945533 by The Presidents Alliance on Higher Education and Immigration. (Attachments: # 1 Affidavit)(Milgroom, Lauren) (Entered: 04/10/2025) |
| 04/10/2025 | 53 | MOTION for Leave to Appear Pro Hac Vice for admission of Kayla Chen Filing fee: $ 125, receipt number AMADC-10945552 by The Presidents Alliance on Higher Education and Immigration. (Attachments: # 1 Affidavit)(Milgroom, Lauren) (Entered: 04/10/2025) |
| 04/10/2025 | 54 | MOTION for Leave to Appear Pro Hac Vice for admission of Andrew Dunlap Filing fee: $ 125, receipt number AMADC-10945600 by The Presidents Alliance on Higher |

JA43

| | | |
|---|---|---|
| | | Education and Immigration. (Attachments: # 1 Affidavit Affidavit in Support of Motion to Admit Andrew Dunlap Pro Hac Vice)(Milgroom, Lauren) (Entered: 04/10/2025) |
| 04/11/2025 | 55 | Judge William G. Young: ELECTRONIC ORDER entered granting 52 Motion for Leave to Appear Pro Hac Vice Added Zachary Smith.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.<br><br>An Amicus Curiae APPEARANCE must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 04/11/2025) |
| 04/11/2025 | 56 | Judge William G. Young: ELECTRONIC ORDER entered granting 53 Motion for Leave to Appear Pro Hac Vice Added Kayla Chen.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.<br><br>An Amicus Curiae APPEARANCE must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 04/11/2025) |
| 04/11/2025 | 57 | Judge William G. Young: ELECTRONIC ORDER entered granting 54 Motion for Leave to Appear Pro Hac Vice Added Andrew Dunlap.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.<br><br>An Amicus Curiae APPEARANCE must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 04/11/2025) |

JA44

| | | |
|---|---|---|
| 04/11/2025 | 58 | Amicus Curiae APPEARANCE entered by Julia Lum on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP-AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Lum, Julia) (MAP). **Modified on 4/13/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Lum Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen.** (Entered: 04/11/2025) |
| 04/11/2025 | 59 | Amicus Curiae APPEARANCE entered by Arthur Liou on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP-AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Liou, Arthur) **Modified on 4/13/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Liou Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen.** (Entered: 04/11/2025) |
| 04/11/2025 | 60 | AMICUS BRIEF filed by Commonwealth of Massachusetts *and 18 other states*. (Rangaviz, David) (Entered: 04/11/2025) |
| 04/11/2025 | 61 | Amicus Curiae APPEARANCE entered by Philip Monrad on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University CouncilAmerican Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of |

JA45

| | | |
|---|---|---|
| | | the AAUP-AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Monrad, Philip)<br><br>**Modified on 4/13/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Monrad Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen.**<br><br>(Entered: 04/11/2025) |
| 04/11/2025 | 62 | Amicus Curiae APPEARANCE entered by Peter W Saltzman on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP-AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Saltzman, Peter)<br><br>**Modified on 4/13/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Saltzman Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen.**<br><br>(Entered: 04/11/2025) |
| 04/14/2025 | 63 | MOTION for Leave to Appear Pro Hac Vice for admission of Talya Nevins Filing fee: $ 125, receipt number AMADC-10949148 by American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration of T. Nevins)(Clarke, Edwina) (Entered: 04/14/2025) |
| 04/14/2025 | 64 | Judge William G. Young: ELECTRONIC ORDER entered granting 63 Motion for Leave to Appear Pro Hac Vice Added Talya Nevins.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** |

JA46

| | | |
|---|---|---|
| | | Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 04/14/2025) |
| 04/14/2025 | 65 | MEMORANDUM in Opposition re 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing* filed by Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security. (Attachments: # 1 Exhibit Declaration, # 2 Exhibit Declaration)(Kanter, Ethan) (Entered: 04/14/2025) |
| 04/15/2025 | 66 | NOTICE of Appearance by David Jacob Zimmer on behalf of American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association (Zimmer, David) (Entered: 04/15/2025) |
| 04/15/2025 | 67 | NOTICE of Appearance by Talya Nevins on behalf of American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association (Nevins, Talya) (Entered: 04/15/2025) |
| 04/18/2025 | 68 | ~~REPLY to Response to 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing* filed by American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Supplemental Declaration of R. Krishnan, # 2 Ex. A, # 3 Ex. B, # 4 Ex. C, # 5 Ex. D, # 6 Ex. E, # 7 Ex. F, # 8 Ex. G, # 9 Ex. H)(Krishnan, Ramya)~~ Modified on 4/21/2025 as Counsel filed a Corrected Version of the Reply - See ECF No. 69 (MAP). Modified on 4/21/2025 (MAP). (Entered: 04/18/2025) |
| 04/18/2025 | 69 | REPLY to Response to 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing (corrected pdf)* filed by American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration of Ramya Krishnan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H)(Krishnan, Ramya) (Entered: 04/18/2025) |
| 04/21/2025 | 70 | NOTICE of Appearance by Harry Graver on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Graver, Harry) (Entered: 04/21/2025) |
| 04/23/2025 | 71 | NOTICE of Appearance by Shawna Yen on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Yen, Shawna) (Entered: 04/23/2025) |
| 04/23/2025 | 72 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 4/23/2025 re 13 MOTION for Preliminary Injunction filed by American Association of University Professors-Harvard Faculty Chapter, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association, American Association of University Professors, American |

JA47

| | | Association of University Professors at New York University. The Court enters an order on # [13](#) Motion for Preliminary Injunction; the motion is collapsed with trial on the merits in accordance with Rule 65(a). The parties agree to treat defendants' opposition as a motion to dismiss and wish to proceed with argument today. Court hears argument on the opposition treated as a motion to dismiss. Court takes the matter under advisement. The Court will issue a written order on the motion to dismiss. If the case survives the motion, the Court will hold a prompt status conference to discuss the trial. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Ramya Krishnan, Jameel Jaffer, Talya Nevins, Caroline DeCell for plaintiffs and Harry Graver and Shawna Yen for defendants) (KB) (Entered: 04/23/2025) |
|---|---|---|
| 04/29/2025 | 73 | Judge William G. Young: ORDER entered.<br><br>MEMORANDUM AND ORDER<br><br>For the reasons stated above, the Motion to Dismiss is ALLOWED in part as to count three and DENIED in part as to counts one, two, and four.<br><br>A case management conference is set for Tuesday, May 6, 2025 at 10 a.m.<br><br>(Sonnenberg, Elizabeth) (Entered: 04/29/2025) |
| 04/29/2025 | 74 | ELECTRONIC NOTICE of Hearing. Case Management Conference set for 5/6/2025 10:00 AM in Courtroom 18 (In person only with remote access provided) before Judge William G. Young. (KB) (Entered: 04/29/2025) |
| 04/30/2025 | 75 | Transcript of Preliminary Injunction/Motion to Dismiss Hearing held on April 23, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 5/21/2025. Redacted Transcript Deadline set for 6/2/2025. Release of Transcript Restriction set for 7/29/2025. (DRK) (Entered: 04/30/2025) |
| 04/30/2025 | 76 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 04/30/2025) |
| 05/05/2025 | 77 | MOTION for Leave to Appear Pro Hac Vice for admission of Scott Wilkens Filing fee: $ 125, receipt number AMADC-10987709 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Declaration of S. Wilkens)(Clarke, Edwina) (Entered: 05/05/2025) |
| 05/05/2025 | 78 | Judge William G. Young: ELECTRONIC ORDER entered granting [77](#) Motion for Leave to Appear Pro Hac Vice Added Scott Wilkens.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** |

JA48

Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

(MAP) (Entered: 05/05/2025)

| 05/05/2025 | 79 | MOTION for Leave to Appear Pro Hac Vice for admission of Noam Biale Filing fee: $ 125, receipt number AMADC-10989695 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Delaration of N. Biale)(Clarke, Edwina) (Entered: 05/05/2025) |
|---|---|---|
| 05/05/2025 | 80 | MOTION for Leave to Appear Pro Hac Vice for admission of Michael Tremonte Filing fee: $ 125, receipt number AMADC-10989707 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Declaration of M. Tremonte)(Clarke, Edwina) (Entered: 05/05/2025) |
| 05/05/2025 | 81 | Judge William G. Young: ELECTRONIC ORDER entered granting 79 Motion for Leave to Appear Pro Hac Vice Added Noam Biale.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 05/05/2025) |
| 05/05/2025 | 82 | Judge William G. Young: ELECTRONIC ORDER entered granting 80 Motion for Leave to Appear Pro Hac Vice Added Michael Tremonte.<br><br>**Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at https://www.mad.uscourts.gov/caseinfo/nextgen-current-pacer-accounts.htm#link-account.<br><br>(MAP) (Entered: 05/05/2025) |
| 05/06/2025 | 83 | NOTICE of Appearance by Scott B. Wilkens on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers (Wilkens, Scott) (Entered: 05/06/2025) |

JA49

| 05/06/2025 | 84 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Case Management Conference held on 5/6/2025. Court discusses case and expectations for the bench trial. After hearing from the parties, the Court sets the bench trial for July 7, 2025 at 9:00 AM. For trials the Court generally sits from 9am- 1pm. The Court will take witnesses out of order if necessary. Defendants do not need to file a formal answer. The Court will hold a status hearing Thursday May 22, 2025, at 2:00PM in Courtroom 18 (In person only with remote access provided). (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Ramya Krishnan, Jameel Jaffer, Scott B. Wilkens, Noam Biale, and Michael Tremonte for plaintiffs and Shawna Yen for the defendants) (KB) (Entered: 05/06/2025) |
| --- | --- | --- |
| 05/06/2025 | 85 | NOTICE of Appearance by Noam Biale on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers (Biale, Noam) (Entered: 05/06/2025) |
| 05/06/2025 | 86 | NOTICE of Appearance by Michael Tremonte on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers (Tremonte, Michael) (Entered: 05/06/2025) |
| 05/08/2025 | 87 | Transcript of Case Management Conference held on May 6, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 5/29/2025. Redacted Transcript Deadline set for 6/9/2025. Release of Transcript Restriction set for 8/6/2025. (DRK) (Entered: 05/08/2025) |
| 05/08/2025 | 88 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 05/08/2025) |
| 05/14/2025 | 89 | ELECTRONIC NOTICE OF RESCHEDULING: Status Conference reset for 5/22/2025 02:45 PM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. **Note: change is to time only!** (KB) (Entered: 05/14/2025) |
| 05/21/2025 | 90 | NOTICE of Appearance by Lindsay M Murphy on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Murphy, Lindsay) (Entered: 05/21/2025) |
| 05/21/2025 | 91 | MOTION MOTION TO APPEAR REMOTELY AT HEARING, OR ALTERNATIVELY, STAY HEARING UNTIL COUNSEL IS AVAILABLE FOR IN-PERSON APPEARANCE by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Murphy, Lindsay) (Entered: 05/21/2025) |
| 05/21/2025 | 92 | Judge William G. Young: ELECTRONIC ORDER entered granting 91 MOTION TO APPEAR REMOTELY AT HEARING, OR ALTERNATIVELY, STAY HEARING UNTIL COUNSEL IS AVAILABLE FOR IN-PERSON APPEARANCE by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Counsel may appear remotely for the 5/22/2025 hearing. (KB) (Entered: 05/21/2025) |

JA50

| 05/21/2025 | 93 | NOTICE of Withdrawal of Appearance by Lindsay M Murphy (Murphy, Lindsay) (Entered: 05/21/2025) |
|---|---|---|
| 05/21/2025 | 94 | MOTION for Protective Order *and Motion to Dispense With Rule 65(a) Trial on the Merits* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 05/21/2025) |
| 05/21/2025 | 95 | Letter/request (non-motion) from Noam Biale *re: status of discovery*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Biale, Noam) (Entered: 05/21/2025) |
| 05/22/2025 | 96 | NOTICE of Appearance by William Kanellis on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanellis, William) (Entered: 05/22/2025) |
| 05/22/2025 | 97 | Letter/request (non-motion) from Ramya Krishnan *re: Defendants' Motion for a Protective Order and Motion to Dispense with Rule 65(a) Trial on the Merits*. (Krishnan, Ramya) (Entered: 05/22/2025) |
| 05/22/2025 | 98 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Status Conference held on 5/22/2025. Court addresses how the case will proceed. Parties are not to file letters going forward. They may file the appropriate motion or opposition etc. The Court will consider all motions filed in this case as emergency motions and oppositions shall be filed within three business days. Defendants shall produce full administrative record as discussed by noon on Thursday, May 27th and the Court will review it. The Court sets a motion hearing on #94 MOTION for Protective Order and Motion to Dispense With Rule 65(a) Trial on the Merits for June 2, 2025 at 11am. Discovery will be produced related to five people named by plaintiffs in Court. Defendants will produce documents already produced in other cases by noon Thursday, May 29th. Parties discuss trial logistics. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Ramya Krishnan, Noam Biale, Michael Tremonte, Alexander Abdo, Jameel Jaffer, Scott B. Wilkens for plaintiffs and Ethan B. Kanter and William Kanellis for defendants) (KB) (Entered: 05/22/2025) |
| 05/22/2025 | 99 | ELECTRONIC NOTICE Setting Hearing on Motion 94 MOTION for Protective Order *and Motion to Dispense With Rule 65(a) Trial on the Merits*. Motion Hearing set for 6/2/2025 11:00 AM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html. For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here. (KB) (Entered: 05/22/2025) |
| 05/22/2025 | 100 | MOTION for Leave to Appear Pro Hac Vice for admission of Courtney Gans Filing fee: $ 125, receipt number AMADC-11026223 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Declaration of C. Gans)(Clarke, Edwina) (Entered: 05/22/2025) |
| 05/23/2025 | 101 | Judge William G. Young: ELECTRONIC ORDER entered granting 100 Motion for Leave to Appear Pro Hac Vice Added Courtney Gans. |

JA51

| | | |
|---|---|---|
| | | **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 05/23/2025) |
| 05/28/2025 | 102 | Transcript of Status Conference held on May 22, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 6/18/2025. Redacted Transcript Deadline set for 6/30/2025. Release of Transcript Restriction set for 8/26/2025. (DRK) (Entered: 05/28/2025) |
| 05/28/2025 | 103 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 05/28/2025) |
| 05/28/2025 | 104 | ELECTRONIC NOTICE Resetting Hearing on Motion 94 MOTION for Protective Order *and Motion to Dispense With Rule 65(a) Trial on the Merits* : At request of the parties the Motion Hearing is reset for 6/2/2025 12:00 PM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. **Note: change is to time only! Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.**<br><br>**For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here.**<br><br>**(KB) (Entered: 05/28/2025)** |
| 05/29/2025 | 105 | MOTION to Seal by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Text of Proposed Order)(Kanter, Ethan) (Entered: 05/29/2025) |
| 05/29/2025 | 106 | Certified Administrative Record by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanter, Ethan) Modified on 5/29/2025 (MAP). (Entered: 05/29/2025) |
| 05/29/2025 | 107 | Assented to MOTION Unopposed motion to file administrative record out of time re 106 Notice (Other) by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 05/29/2025) |
| 05/29/2025 | 108 | NOTICE of Appearance by Courtney Gans on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, |

JA52

| | | |
|---|---|---|
| | | Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers (Gans, Courtney) (Entered: 05/29/2025) |
| 05/30/2025 | 109 | NOTICE of Appearance by Paul F. Stone on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Stone, Paul) (Entered: 05/30/2025) |
| 05/30/2025 | 110 | NOTICE of Withdrawal of Appearance by Rayford A. Farquhar (Farquhar, Rayford) (Entered: 05/30/2025) |
| 06/02/2025 | 111 | Judge William G. Young ELECTRONIC ORDER entered: **allowed** 107 Motion Assented to MOTION Unopposed motion to file administrative record out of time (MAP) (Entered: 06/02/2025) |
| 06/02/2025 | 112 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 6/2/2025 re 94 MOTION for Protective Order *and Motion to Dispense With Rule 65(a) Trial on the Merits* filed by Kristi Noem, Department of Homeland Security, Department of State, Marco Rubio, Todd Lyons, United States of America, Donald J. Trump. Court hears from parties about whether they have agreed upon protective order. Plaintiffs agree to provisionally sealing admin record. Administrative record has been filed under seal. Court hears argument on the motion. Court denies the motion. The Court will proceed to trial on July 7th. Court to set final pretrial conference in late June. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexander Abdo, Caroline DeCell, Courtney Gains, for plaintiffs and Ethan Kanter, Shawna Yen, and William Kanellis for defendants) (KB) (Entered: 06/03/2025) |
| 06/03/2025 | 113 | ELECTRONIC NOTICE of Hearing. Final Pretrial Conference set for 6/26/2025 03:00 PM in Courtroom 18 (In person only with remote access provided) before Judge William G. Young. (KB) (Entered: 06/03/2025) |
| 06/04/2025 | 114 | MOTION for Protective Order *Barring Retaliation and Restricting Defendants' Use of Information Disclosed in the Course of Litigation* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Busch, Jackson) (Entered: 06/04/2025) |
| 06/05/2025 | 115 | Transcript of Motion Hearing held on June 2, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 6/26/2025. Redacted Transcript Deadline set for 7/7/2025. Release of Transcript Restriction set for 9/3/2025. (DRK) (Entered: 06/05/2025) |
| 06/05/2025 | 116 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 06/05/2025) |
| 06/07/2025 | 117 | MOTION for Protective Order *To Preclude Discovery That Contradicts Limitations Set By The Court* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Kanellis, William) (Entered: 06/07/2025) |
| 06/09/2025 | 118 | Opposition re 117 MOTION for Protective Order *To Preclude Discovery That Contradicts Limitations Set By The Court* filed by American Association of University Professors, American Association of University Professors at New York University, |

JA53

| | | |
|---|---|---|
| | | American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Declaration of S. Wilkens, # 2 Exhibit A to Declaration of S. Wilkens)(Wilkens, Scott) (Entered: 06/09/2025) |
| 06/09/2025 | 119 | RESPONSE to Motion re 114 MOTION for Protective Order *Barring Retaliation and Restricting Defendants' Use of Information Disclosed in the Course of Litigation* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Kanter, Ethan) (Entered: 06/09/2025) |
| 06/10/2025 | 120 | MOTION for Leave to File by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Kanter, Ethan) (Additional attachment(s) added on 6/10/2025: # 1 Exhibit A) (MAP). (Main Document 120 replaced on 6/10/2025) (MAP). (Entered: 06/10/2025) |
| 06/10/2025 | 121 | MOTION for Leave to Appear Pro Hac Vice for admission of Alexandra Conlon Filing fee: $ 125, receipt number AMADC-11059277 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Declaration of A. Conlon)(Clarke, Edwina) (Entered: 06/10/2025) |
| 06/10/2025 | 122 | Judge William G. Young: ELECTRONIC ORDER entered granting 121 Motion for Leave to Appear Pro Hac Vice Added Alexandra Conlon.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 06/10/2025) |
| 06/10/2025 | 123 | MOTION for Leave to File *Reply* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 [Proposed] Reply)(Busch, Jackson) (Entered: 06/10/2025) |
| 06/10/2025 | 124 | Judge William G. Young ELECTRONIC ORDER entered: 114 MOTION for Protective Order Barring Retaliation and Restricting Defendants' Use of Information Disclosed in the Course of Litigation.<br><br>**No noncitizen providing evidence shall, by reason thereof, suffer any adjustment in their immigration status.**<br><br>(MAP) (Entered: 06/10/2025) |

JA54

| | | |
|---|---|---|
| 06/10/2025 | 125 | Judge William G. YoungELECTRONIC ORDER entered: 117 MOTION for Protective Order To Preclude Discovery That Contradicts Limitations Set By The Court. **The defendant's misquote the plaintiffs' discovery requests in seeking a protective order. The plaintiffs nowhere seek governmental deliberations. Nevertheless, the plaintiffs' requests are overbroad in that they seek data on 9 specific individuals. Request for production 1 is limited to the 5 individuals named in the recent hearing and the word "concerning" is substituted for the phrase "related to." In all other respects the motion for a protective order is DENIED.** (MAP) (Entered: 06/10/2025) |
| 06/10/2025 | 126 | Joint MOTION Enter Stipulation and Proposed Order Regarding Statements of Government Officials by American Association of University Professors, Middle East Studies Association. (Attachments: # 1 Text of Proposed Order, # 2 Appendix Certificate of Service)(Biale, Noam) (Entered: 06/10/2025) |
| 06/10/2025 | 127 | NOTICE of Appearance by Victoria M Santora on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Santora, Victoria) (Entered: 06/10/2025) |
| 06/11/2025 | 128 | MOTION for Protective Order *for the Production of Documents and Exchange of Confidential Information* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Exhibit A)(Wilkens, Scott) (Entered: 06/11/2025) |
| 06/11/2025 | 129 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 123 MOTION for Leave to File Reply ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (MAP) (Entered: 06/11/2025) |
| 06/11/2025 | 130 | Judge William G. Young ORDER entered: STIPULATION AND ORDER.(MAP) (Entered: 06/11/2025) |
| 06/11/2025 | 131 | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanter, Ethan) (Entered: 06/11/2025) |
| 06/11/2025 | 132 | REPLY to Response to 114 MOTION for Protective Order *Barring Retaliation and Restricting Defendants' Use of Information Disclosed in the Course of Litigation* filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Busch, Jackson) (Entered: 06/11/2025) |
| 06/11/2025 | 133 | Joint MOTION for Order by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Text of Proposed Order)(Kanter, Ethan) (Entered: 06/11/2025) |
| 06/11/2025 | 134 | NOTICE of Appearance by Alexandra Conlon on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, |

JA55

| | | Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers (Conlon, Alexandra) (Entered: 06/11/2025) |
|---|---|---|
| 06/11/2025 | 135 | RESPONSE to Motion re 128 MOTION for Protective Order *for the Production of Documents and Exchange of Confidential Information* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Kanter, Ethan) (Additional attachment(s) added on 6/12/2025: # 1 Exhibit A, # 2 Exhibit B) (MAP). (Main Document 135 replaced on 6/12/2025) (MAP). (Entered: 06/11/2025) |
| 06/15/2025 | 136 | MOTION to Compel *Identity of Plaintiffs' Witnesses* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Kanellis, William) (Entered: 06/15/2025) |
| 06/16/2025 | 137 | Assented to MOTION for Protective Order by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 06/16/2025) |
| 06/16/2025 | 138 | Opposition re 136 MOTION to Compel *Identity of Plaintiffs' Witnesses* filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Declaration of N. Biale, # 2 Exhibit A to Declaration, # 3 Exhibit B to Declaration)(Abdo, Alexander) (Entered: 06/16/2025) |
| 06/17/2025 | 139 | Judge William G. Young: ELECTRONIC ORDER entered 136 MOTION to Compel Identity of Plaintiffs' Witnesses.<br><br>**Allowed. The Court has already entered a protective order to guard those giving testimony from retribution.**<br><br>(MAP) (Entered: 06/17/2025) |
| 06/17/2025 | 140 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 137 Assented to MOTION for Protective Order. (MAP) (Entered: 06/17/2025) |
| 06/18/2025 | 141 | Joint MOTION to Adjourn Deadline for Joint Pretrial Memorandum by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers.(Biale, Noam) (Entered: 06/18/2025) |
| 06/18/2025 | 142 | Judge William G. Young: ELECTRONIC ORDER entered granting 141 Joint MOTION to Adjourn Deadline for Joint Pretrial Memorandum by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers.Joint Pretrial Memorandum due June 25, 2025. (KB) (Entered: 06/18/2025) |
| 06/18/2025 | 143 | Assented to MOTION for Protective Order by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers.(Nevins, Talya) (Entered: 06/18/2025) |

JA56

| | | |
|---|---|---|
| 06/18/2025 | 144 | Assented to MOTION to Seal Document *Motion to Compel Answers to Plaintiffs Interrogatories, the Production of Documents, and the Production of Information Improperly Withheld as Privileged* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Text of Proposed Order)(Wilkens, Scott) (Entered: 06/18/2025) |
| 06/19/2025 | 145 | Amended MOTION for Protective Order by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers.(Nevins, Talya) (Entered: 06/19/2025) |
| 06/23/2025 | 146 | ELECTRONIC NOTICE OF RESCHEDULING: Final Pretrial Conference reset for 6/26/2025 11:30 AM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. **Note: change is to time only!** Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.<br><br>For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here.<br><br>(KB) (Entered: 06/23/2025) |
| 06/23/2025 | 147 | Judge William G. Young: ORDER entered. PROTECTIVE ORDER for the Production of Documents and Exchange of Confidential Information. (MAP) (Entered: 06/23/2025) |
| 06/23/2025 | 148 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 145 Amended MOTION for Protective Order (MAP) (Entered: 06/23/2025) |
| 06/23/2025 | 149 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 144 Assented to MOTION to Seal Document Motion to Compel Answers to Plaintiffs Interrogatories, the Production of Documents, and the Production of Information Improperly Withheld as Privileged. (MAP) (Entered: 06/23/2025) |
| 06/23/2025 | 150 | NOTICE of Appearance by Jessica Danielle Strokus on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Strokus, Jessica) (Entered: 06/23/2025) |
| 06/23/2025 | 151 | Judge William G. Young: ORDER entered granting 133 Joint MOTION for Order by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (KB) (Entered: 06/23/2025) |
| 06/23/2025 | 152 | MOTION for Reconsideration by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America, University of California Los Angeles Faculty Association.(Kanter, Ethan) (Entered: 06/23/2025) |
| 06/24/2025 | 153 | MOTION to Compel (FILED UNDER SEAL) by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Exhibit A, # 2 Exhibit 1, # 3 Exhibit 2, # 4 |

JA57

| | | Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit B)(MAP) (Entered: 06/24/2025) |
|---|---|---|
| 06/24/2025 | 154 | MOTION in Limine to Preclude Introduction of Evidence Involving Factual Disputes that Should Be Resolved in the Identified Noncitizens' Litigation ( Responses due by 7/8/2025) by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A-F)(Kanter, Ethan) **Modified on 6/25/2025 to Correct Docket Text and CM/ECF Filing Event** (MAP). (Entered: 06/24/2025) |
| 06/24/2025 | 155 | MOTION to Compel *Complete Answers to Plaintiffs Interrogatories, Production of Documents, and Disclosure of Information Improperly Withheld as Privileged* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Exhibit A (Decl. of Scott Wilkens), # 2 Exhibit 1 (to Decl. of Scott Wilkens), # 3 Exhibit 2 (to Decl. of Scott Wilkens), # 4 Exhibit 3 (to Decl. of Scott Wilkens), # 5 Exhibit 4 (to Decl. of Scott Wilkens), # 6 Exhibit 5 (to Decl. of Scott Wilkens), # 7 Exhibit 6 (to Decl. of Scott Wilkens), # 8 Exhibit 7 (to Decl. of Scott Wilkens), # 9 Exhibit 8 (to Decl. of Scott Wilkens), # 10 Exhibit 9 (to Decl. of Scott Wilkens), # 11 Exhibit 10 (to Decl. of Scott Wilkens), # 12 Exhibit B)(Wilkens, Scott) (Entered: 06/24/2025) |
| 06/25/2025 | 156 | RESPONSE to Motion re 152 MOTION for Reconsideration filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Exhibit A)(Wilkens, Scott) (Entered: 06/25/2025) |
| 06/25/2025 | 157 | MOTION to Permit Remote Testimony by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Declaration of N. Biale, # 2 Exhibit A to Declaration, # 3 Exhibit B to Declaration, # 4 Exhibit C to Declaration)(Biale, Noam) (Entered: 06/25/2025) |
| 06/25/2025 | 158 | NOTICE of Appearance by Nancy Safavi on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Safavi, Nancy) (Entered: 06/25/2025) |
| 06/25/2025 | 159 | RESPONSE to Motion re 154 MOTION in Limine to Preclude Introduction of Evidence Involving Factual Disputes that Should Be Resolved in the Identified Noncitizens' Litigation filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Abdo, Alexander) (Entered: 06/25/2025) |
| 06/25/2025 | 160 | PRETRIAL MEMORANDUM by AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, AAUP Princeton, Berkeley Faculty Association, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Commonwealth of Massachusetts, Concerned Stanford Faculty, Council of UC Faculty Associations, Dartmouth College Chapter of the AAUP, Davis Faculty Association, Del Mar College Chapter of the AAUP-AFT, Department of Homeland Security, Department of State, Irvine Faculty Association, John Hopkins |

University Chapter of the AAUP, Todd Lyons, Massachusetts Institute of Technology Chapter of the AAUP, Kristi Noem, Northwestern University Chapter of the AAUP, Rice University Advocacy Chapter of the AAUP, Riverside Faculty Association, Marco Rubio, San Diego Faculty Association, Santa Cruz Faculty Association, The Presidents Alliance on Higher Education and Immigration, Donald J. Trump, Tufts University Chapter of the AAUP, UC Merced Faculty Association, UC Santa Barbara Faculty Association, UCSF Faculty Association, United States of America, University CouncilAmerican Federation of Teachers Local 1474, University of California Los Angeles Faculty Association, University of Dallas Chapter of the AAUP, University of Houston Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Wesleyan University Chapter of the AAUP, Yale University Chapter of the AAUP. (Kanter, Ethan) (Entered: 06/25/2025)

| 06/25/2025 | 161 | MOTION to Correct 160 Pretrial Memorandum,,,,, by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 06/25/2025) |
| --- | --- | --- |
| 06/25/2025 | 162 | Plaintiffs' ADDENDUM (FILED UNDER SEAL) to 153 MOTION to Compel by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Exhibit A)(MAP) (Entered: 06/25/2025) |
| 06/26/2025 | 163 | ADDENDUM re 155 MOTION to Compel *Complete Answers to Plaintiffs Interrogatories, Production of Documents, and Disclosure of Information Improperly Withheld as Privileged* filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Exhibit A)(Wilkens, Scott) (Entered: 06/26/2025) |
| 06/26/2025 | 164 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Final Pretrial Conference held on 6/26/2025. Bench trial to commence Monday, July 7, 2025 and is expected to last nine days (The Court will not sit July 16th). The Court will sit 9:00am-1:00pm. The Court reviews joint pretrial memo with counsel and goes over trial procedures. 15 minutes per side for openings and 30 minutes per side for closings. A joint exhibit list to be prepared marking any agreed to exhibits with numbers (one joint list, not a plaintiff's exhibit list and defendant's exhibit list) and any objected to exhibits to be marked with letters (A-Z, AA, AB, AC, etc.). Court addresses parties regarding video exhibits and depositions. Parties shall submit proposed findings and rulings before the close of trial. The Court makes rulings on motions as stated on the record. The Court allows # 157 Motion to Permit Remote Testimony in part as to the one witness for plaintiffs and one witness for defendants as stated in Court. Parties to confer about anonymization. If the case were to settle counsel shall notify the Clerk. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Noam Biale, Ramya Krishnan, Scott Wilkens, Michael Tremonte, Alexander Abdo, Courtney Gans for the plaintiffs and William Kanellis, Victoria Santora and Jessica Danielle Strokus for defendants) (KB) (Entered: 06/26/2025) |
| 06/27/2025 | 165 | Transcript of Final Pretrial held on June 26, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 7/18/2025. Redacted Transcript Deadline set for 7/28/2025. Release of Transcript Restriction set for 9/25/2025. (DRK) (Entered: 06/27/2025) |

JA59

| | | |
|---|---|---|
| 06/27/2025 | 166 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 06/27/2025) |
| 06/27/2025 | 167 | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanter, Ethan) (Entered: 06/27/2025) |
| 06/27/2025 | 168 | Assented to MOTION to Seal by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Kanter, Ethan) (Entered: 06/27/2025) |
| 06/27/2025 | 169 | MOTION to Seal Document by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Text of Proposed Order)(Krishnan, Ramya) (Entered: 06/27/2025) |
| 06/27/2025 | 170 | Opposition re 155 MOTION to Compel *Complete Answers to Plaintiffs Interrogatories, Production of Documents, and Disclosure of Information Improperly Withheld as Privileged*, 153 MOTION to Compel filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Kanter, Ethan) (Entered: 06/27/2025) |
| 06/27/2025 | 171 | MOTION for Leave to File *Defendant's Response to (153) Plaintiffs' motion to compel* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 06/27/2025) |
| 06/30/2025 | 172 | Second MOTION to Compel by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Kanter, Ethan) (Additional attachment(s) added on 6/30/2025: # 1 Exhibit A) (MAP). (Main Document 172 replaced on 6/30/2025) (MAP). (Entered: 06/30/2025) |
| 06/30/2025 | 173 | Joint MOTION for Order to To Enter Revised Protective Order Covering Exchange of Confidential Information by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Kanter, Ethan) (Additional attachment(s) added on 6/30/2025: # 1 Proposed Protective Order, # 2 Exhibit A) (MAP). (Main Document 173 replaced on 6/30/2025) (MAP). (Entered: 06/30/2025) |
| 06/30/2025 | 174 | Judge William G. Young: ORDER entered (KB) (Entered: 06/30/2025) |
| 06/30/2025 | 175 | RESPONSE to Motion re 172 Second MOTION to Compel filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Biale, Noam) (Entered: 06/30/2025) |
| 07/01/2025 | 176 | Judge William G. Young: ELECTRONIC ORDER entered re 172 Second MOTION to Compel by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Motion denied in light of plaintiffs' representations re providing discovery. Any inadequacy may be addressed and remedied at trial. (KB) (Entered: 07/01/2025) |

JA60

| 07/01/2025 | 177 | Judge William G. Young: ORDER entered. ADDENDUM to the PRETRIAL ORDER. (KB) (Entered: 07/01/2025) |
|---|---|---|
| 07/01/2025 | 178 | Judge William G. Young: AMENDED PROTECTIVE ORDER entered granting 173 Joint MOTION for Order to To Enter Revised Protective Order Covering Exchange of Confidential Information by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (KB) (Entered: 07/01/2025) |
| 07/01/2025 | 179 | TRIAL BRIEF *of Plaintiffs* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Exhibits)(Krishnan, Ramya) (Entered: 07/01/2025) |
| 07/02/2025 | 180 | MOTION to Compel *Deposition of Nadje Al-Ali* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A)(Kanellis, William) (Entered: 07/02/2025) |
| 07/02/2025 | 181 | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America Submission for In Camera Ex Parte Review (Kanter, Ethan) (Entered: 07/02/2025) |
| 07/02/2025 | 182 | RESPONSE to Motion re 180 MOTION to Compel *Deposition of Nadje Al-Ali* filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Exhibit A)(Biale, Noam) (Entered: 07/02/2025) |
| 07/03/2025 | 183 | Judge William G. Young: ELECTRONIC ORDER entered 180 MOTION to Compel Deposition of Nadje Al-Ali.<br><br>**Denied. The defendants have waived their right to depose this witness.**<br><br>(MAP) (Entered: 07/03/2025) |
| 07/07/2025 | 184 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day 1 held on 7/7/2025. Parties make opening statements. Court issues sequestration order regarding witnesses. Plaintiffs call Megan Hyska. Witness sworn. Direct by plaintiffs. Cross by defendants. Re-direct. Witness steps down. Plaintiffs call Nadje Al-Ali. Witness sworn. Direct by plaintiffs. Exhibits moved into evidence: 65, 66, 67, 68, 69. Exhibit I marked for identification only. Trial to resume 7/8/2025 at 9:00 AM. Court resumes in afternoon. Government submitted documents for in camera review. Court discusses limits of law enforcement privilege and its view on what documents it would consider to be privileged. By Friday, July 11th at noon the defendants shall submit a detailed privilege log. The amended protective order is allowed. After discussing with the parties, the Court finds as moot # 169 Plaintiff's Motion to Seal the Pretrial Brief. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Noem Biale, Alexander Abdo, Alexandra Conlon, Ramya Krishnan, Michal Tremonte, Courtney Gans, Scott Wilkens for plaintiffs and Jessica Strokus, William Kanellis, Victoria Santora, Ethan Kanter for defendants ) (KB) (Entered: 07/07/2025) |
| 07/07/2025 | 185 | NOTICE of Withdrawal of Appearance by Shawna Yen (Yen, Shawna) (Entered: 07/07/2025) |

JA61

Case: 26-1141          Document: 00118473955          Page: 65          Date Filed: 07/09/2026          Entry ID: 6824646

| | | |
|---|---|---|
| 07/07/2025 | 186 | TRIAL BRIEF *of Plaintiffs* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Exhibits 1-7, # 2 Exhibits 8-20)(Krishnan, Ramya) (Entered: 07/07/2025) |
| 07/07/2025 | 187 | ELECTRONIC NOTICE issued requesting PAPER courtesy copy for 186 Trial Brief,. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office Attention Matthew Paine - Docket Clerk - Judge Young. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (MAP) (Entered: 07/07/2025) |
| 07/08/2025 | 188 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Two held on 7/8/2025. Parties have submitted joint exhibit list (Exhibits 1-222). Court has all numbered exhibits. Plaintiffs recall Nadje Al-Ali. Court reminds witness she remains under oath. Direct testimony continues. Cross by defendants. Witness steps down. Plaintiffs call Michael Mathis. Witness sworn. Direct by plaintiffs. Cross by defendants. Witness steps down. Plaintiffs call Bernhard Nickel. Witness sworn. Direct by plaintiffs. Cross by defendants. Re-direct. Witness steps down. Plaintiffs call Sara Johnson. Witness sworn. Direct by plaintiffs. Witness steps down. Plaintiffs call Nadia Abu El-Haj. Witness sworn. Direct by plaintiffs. Trial to resume 7/9/2025 at 9:00AM. Exhibits admitted into evidence: 223, 224, 225, 226, 227. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Noem Biale, Alexander Abdo, Alexandra Conlon, Ramya Krishnan, Michal Tremonte, Courtney Gans, Scott Wilkens, Xiangnong Wang for plaintiffs and William Kanellis, Victoria Santora, Ethan Kanter for defendants)(KB) Modified on 7/9/2025 (KB). (Entered: 07/08/2025) |
| 07/08/2025 | 189 | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America *DEFENDANTS OBJECTIONS TO DISCLOSURE OF, AND ASSERTIONS OF PRIVILEGE OVER, SUBSET OF IN CAMERA DOCUMENTS IDENTIFIED BY THE COURT ON JULY 8, 2025* (Kanter, Ethan) (Entered: 07/08/2025) |
| 07/08/2025 | 190 | Second MOTION for Reconsideration re 184 Bench Trial - Begun,,,,, *order that privilege is waived* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit Notice of Sealed Submission, # 2 Exhibit Armstrong Delib Proc Declaration, # 3 Exhibit Armstrong Law Enf Priv Declaration, # 4 Exhibit Lowkowski Presidential Priv Declaration, # 5 Exhibit Privilege log)(Kanter, Ethan) (Entered: 07/08/2025) |
| 07/08/2025 | 191 | MOTION to Compel *Deposition of DSAC McCormack* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Declaration of N. Biale, # 2 Exhibit A to Declaration, # 3 Exhibit B to Declaration, # 4 Exhibit C to Declaration, # 5 Exhibit D to Declaration)(Biale, Noam) (Entered: 07/08/2025) |
| 07/09/2025 | 192 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Three held on 7/9/2025. Plaintiffs recall Nadia Abu El-Haj. Witness is reminded she remains under oath. Continued direct testimony. Cross by defendants. Witness steps down. Plaintiffs call Peter Hatch. Witness sworn. Direct by plaintiffs. Court hears argument on # 190 Defendants' Motion to Partially Reconsider the Court's Order. The Court reconsiders its order as to email addresses and phone numbers. The Court orders defendants to produce the subset of documents to plaintiffs by 5pm 7/9/2025 with |

JA62

redactions to cell phone numbers and email addresses. The documents are subject to claw back, are for Attorney's eyes only and are for use in this litigation only. Defendants make an oral motion to stay the order. The Court allows the oral motion to stay until 9:00AM on 7/10/2025. Parties address # 191 Motion to Compel Deposition. Court denies motion. Parties to work out issues relating to the deposition. Direct examination of Peter Hatch continues. Trial to resume 9:00 AM 7/10/2025. Exhibits admitted in evidence: 228, 229, 230, 231 (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Noem Biale, Alexandra Conlon, Ramya Krishnan, Courtney Gans, Xiangnong Wang, Scott B. Wilkens for plaintiffs and Jessica Strokus, William Kanellis, Victoria Santora, Ethan Kanter for defendants ) (KB) (Entered: 07/09/2025)

| 07/09/2025 | 193 | First MOTION for Clarification re 192 Order on Motion for Reconsideration,,,,,, Order on Motion to Compel,,,,,, Bench Trial - Held,,,,, *of Court's order concerning Defendants' motion to reconsider* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A)(Kanter, Ethan) (Entered: 07/09/2025) |
| 07/10/2025 | 194 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Four held on 7/10/2025. Court addresses 193 Motion to Clarify July 9 Bench Ruling. Defendants will submit privilege log by Friday 7/11/25 at noon for the Court's review. Defendants confirm all documents in the subset have been turned over to plaintiffs per the Court order. Court will provide copies of ROA's to plaintiffs. Plaintiffs recall Peter Hatch. Court reminds the defendant he remains under oath. Continued direct by plaintiffs. Cross by defendants. Re-direct. Witness steps down. Plaintiffs call Amy Greer. Witness sworn. Direct by plaintiffs. Cross by defendants. Witness steps down. Plaintiffs will call witnesses next week and informs the Court of the schedule for witness testimony. Plaintiffs rest. Court has sidebar with counsel. Trial to resume 9:00 AM 7/11/2025. Exhibits admitted into evidence: 232, 233, 234, 235, 236, 237 (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)Attorneys present: Noem Biale, Alexandra Conlon, Ramya Krishnan, Scott B. Wilkens, Michael Tremonte, for plaintiffs and William Kanellis, Victoria Santora, Ethan Kanter for defendants ) (KB) (Entered: 07/10/2025) |
| 07/11/2025 | 195 | MOTION to Compel *and to Direct Defendants to Accept Service of Process* by American Association of University Professors, Middle East Studies Association.(Biale, Noam) (Entered: 07/11/2025) |
| 07/11/2025 | 196 | NOTICE by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America *NOTICE OF PRIVILEGE LOG FILING IN RESPONSE TO JULY 7, 2025 BENCH ORDER* (Kanter, Ethan) (Entered: 07/11/2025) |
| 07/11/2025 | 197 | Assented to MOTION for Leave to File *Unredacted Privilege Log Under Seal* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 07/11/2025) |
| 07/11/2025 | 198 | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America In camera submission of documents with proposed privilege redactions re 196 Notice (Other) (Kanter, Ethan) (Entered: 07/11/2025) |
| 07/11/2025 | 199 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Five held on 7/11/2025. Court addresses privileged documents. Defendants call Maureen Smith. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Defendants call John Armstrong. Witness sworn. Direct by defendants. Cross by plaintiffs. Trial to resume 7/14/2025 at 9:00am. Exhibits admitted in evidence: 238, 239. Court permits exhibits HM and HN to be received as chalks. (Court Reporter: Richard |

JA63

| | | |
|---|---|---|
| | | Romanow at rhr3tubas@aol.com.)Attorneys present: Noem Biale, Alexandra Conlon, Ramya Krishnan, Scott B. Wilkens, Michael Tremonte, for plaintiffs and William Kanellis, Victoria Santora, Ethan Kanter and Jessica Strokus for defendants (KB) (Entered: 07/11/2025) |
| 07/11/2025 | 200 | Judge William G. Young: ELECTRONIC ORDER entered. In view of the stay entered by the Court of Appeals, we cannot continue the cross examination of Mr. Armstrong. Accordingly, the parties shall promptly inform the Clerk whether, 1) they will fill Monday with other evidence, or 2) they'd rather skip Monday (no trial time charged) and resume on Tuesday, coming back to Mr. Armstrong at some future date once the Court of Appeals has acted. (KB) (Entered: 07/11/2025) |
| 07/12/2025 | 201 | NOTICE : Bench Trial to continue Monday, July 14, 2025 at 9:00 AM. (KB) (Entered: 07/12/2025) |
| 07/13/2025 | 202 | MOTION Additional Trial Time by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers.(Biale, Noam) (Entered: 07/13/2025) |
| 07/14/2025 | 203 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Six held on 7/14/2025. Plaintiffs withdraw request to call Jeff Reger. Parties and the Court discuss post-trial briefs. The Court is amenable to extend the 7/18/25 deadline for filings. Parties inform the Court of the schedule for the remaining witnesses. Defendants plan to introduce deposition testimony of a witness. Plaintiffs may submit on the deposition what they think is inadmissible for the Courts review. Court addresses privileged documents and rulings. Court is in receipt of defendants detailed privilege log for review. The Court denies # 202 Motion for additional trial time. Court takes the invitation of the Court of Appeals to address the Writ of Mandamus on the record. The transcript of this hearing and a copy of the chalk H-N will be transmitted to the Court of Appeals. Trial to resume 7/15/2025 at 9:00am. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexander Abdo, Alexandra Conlon, Ramya Krishnan, Scott B. Wilkens, Michael Tremonte, for plaintiffs and William Kanellis, Ethan Kanter and Jessica Strokus for defendants (KB) (Entered: 07/14/2025) |
| 07/14/2025 | 204 | MOTION to Seal Document *Proposal for How to Proceed in Light of the First Circuits Order* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers.(Krishnan, Ramya) (Entered: 07/14/2025) |
| 07/14/2025 | 205 | MOTION in Limine *to Exclude Defendants' Proposed Summary Exhibits Under Federal Rule of Evidence 1006* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers.(Wilkens, Scott) (Entered: 07/14/2025) |
| 07/14/2025 | 206 | Judge William G. Young:<br><br>TRANSMITTAL TO THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT<br><br>(Attachments: (1) Excerpt, (2) Transcript, (3) Exhibit HN) |

JA64

(Sonnenberg, Elizabeth) (Entered: 07/15/2025)

| 07/15/2025 | 207 | Supplemental Record on Appeal transmitted to US Court of Appeals re Petition for Mandamus. Documents included: ECF No. 206 (MAP) (Entered: 07/15/2025) |
|---|---|---|
| 07/15/2025 | 208 | Judge William G. Young: ELECTRONIC ORDER entered granting 204 Motion to Seal Document Proposal for How to Proceed in Light of the First Circuits Order by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (KB) (Entered: 07/15/2025) |
| 07/15/2025 | 209 | SEALED Plaintiffs' Proposal for How to Proceed in Light of the First Circuit's Order filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Exhibit A)(KB) (Entered: 07/15/2025) |
| 07/15/2025 | 210 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Seven held on 7/15/2025. Defendants call William Crogan. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Defendants call Patrick Cunningham. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Defendants call Darren McCormack. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Defendants call Christopher Heck. Plaintiffs move to preclude testimony. Court allows witness to testify. Witness sworn. Direct by defendants. Witness steps down. Court will allow each side 45 minutes for closings. Court and the parties discuss post-trial briefs. Trial to resume Thursday 7/17/2025 at 9:00 AM. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexandra Conlon, Ramya Krishnan, Scott B. Wilkens, Michael Tremonte, Courtney Gans, for plaintiffs and William Kanellis, Ethan Kanter, Nancy Safavi, Jessica Strokus, Victoria Santora for defendants ) (KB) (Entered: 07/16/2025) |
| 07/16/2025 | 211 | MOTION to Compel *Additional Documents* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers.(Biale, Noam) (Entered: 07/16/2025) |
| 07/16/2025 | 212 | MOTION for Leave to Appear Pro Hac Vice for admission of Stephany Kim Filing fee: $ 125, receipt number AMADC-11126007 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 07/16/2025) |
| 07/16/2025 | 213 | Judge William G. Young: ELECTRONIC ORDER entered granting 212 Motion for Leave to Appear Pro Hac Vice Added Stephany Kim.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** |

JA65

Case: 26-1141    Document: 00118473955    Page: 69    Date Filed: 07/09/2026    Entry ID: 6824646

| | | |
|---|---|---|
| | | Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm. A Notice of Appearance must be entered on the docket by the newly admitted attorney. (MAP) (Entered: 07/16/2025) |
| 07/16/2025 | 214 | MOTION to Compel *or for an Adverse Inference* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Exhibit 1)(Krishnan, Ramya) (Additional attachment(s) added on 7/16/2025: # 2 SEALED) (MAP). (Entered: 07/16/2025) |
| 07/16/2025 | 215 | MOTION to Seal Document *to Motion to Compel or for an Adverse Inference* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers.(Krishnan, Ramya) (Entered: 07/16/2025) |
| 07/16/2025 | 217 | Redacted version of # 209 SEALED Plaintiffs' Proposal for How to Proceed in Light of the First Circuit's Order filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (KB) (Entered: 07/17/2025) |
| 07/17/2025 | 216 | Opposition re 205 MOTION in Limine *to Exclude Defendants' Proposed Summary Exhibits Under Federal Rule of Evidence 1006* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Kanter, Ethan) (Entered: 07/17/2025) |
| 07/17/2025 | 218 | Judge William G. Young: ELECTRONIC ORDER entered granting in part and denying in part 205 MOTION in Limine to Exclude Defendants' Proposed Summary Exhibits Under Federal Rule of Evidence 1006 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (KB) (Entered: 07/17/2025) |

JA66

| 07/17/2025 | 219 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Eight held on 7/17/2025. Defendants call Mohamed Maklad. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Defendants call Andre Watson. Court hears from parties regarding Mr. Watson's testimony and the Court of Appeals stay. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Court issues rulings on motions: # 214 Motion to Compel is denied. # 215 Motion To Seal is allowed. # 211 Motion to Compel, the Court finds the documents requested are in the scope of the Court of Appeals stay and does not rule on it at this time. Court gives indicative ruling on the motion. Court hears parties on cross of witness Armstrong. Trial to resume 7/18/2025 at 9:00 AM. Final arguments will be held Monday 7/21/2025 at 10:00 AM. Parties to file proposed Findings of Fact and Rulings by Monday August 4, 2025. Exhibits admitted into evidence: 240, 241, 242, 243, 244, 245, 246. Exhibit HO received as a chalk. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.) (Attorneys present: Alexandra Conlon, Ramya Krishnan, Noam Biale, Scott Wilkens, Tayla Nevins, for plaintiffs and William Kanellis, Ethan Kanter, Jessica Strokus, for defendants ) (KB) (Entered: 07/17/2025) |
| --- | --- | --- |
| 07/18/2025 | 220 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Nine held on 7/18/2025. Cross of John Armstrong continues. Court reminds the witness he remains under oath. Witness steps down. Plaintiffs call Venna Dubal. Witness sworn. Direct by plaintiffs. Cross by defendants. Witness steps down. Trial to resume at 9:00 AM Monday, July 21st. The parties will first address deposition designations and then final arguments will be heard. Exhibits admitted into evidence: 247,248, 249, 250. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexandra Conlon, Ramya Krishnan, Noam Biale, Xiangnong Wang, Tayla Nevins, for plaintiffs and William Kanellis, Ethan Kanter, Jessica Strokus, and Victoria Santora for defendants )(KB) (Entered: 07/18/2025) |
| 07/18/2025 | 221 | TRIAL BRIEF *Supplemental* by All Plaintiffs. (Krishnan, Ramya) (Entered: 07/18/2025) |
| 07/18/2025 | 223 | ORDER of USCA on Petition for Mandamus (25-1658): The Petition for Writ of Mandamus is DENIED. The stay previously issued by the Court is VACATED. (MAP) (Entered: 07/20/2025) |
| 07/19/2025 | 222 | NOTICE of Appearance by Stephany Kim on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers (Kim, Stephany) (Entered: 07/19/2025) |
| 07/20/2025 | 224 | RESPONSE to Motion re 214 MOTION to Compel *or for an Adverse Inference* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, The Presidents Alliance on Higher Education and Immigration, United States of America. (Murphy, Lindsay) (Entered: 07/20/2025) |
| 07/21/2025 | 225 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial completed on 7/21/2025. Deposition designations submitted to the Court. ( Andre Watson, John Armstrong, Andrew Veprek, Stuart Wilson, Brian Shure (also Counter-Designation for Brian Shure submitted) Defendants do not object to the deposition designations of Andre Watson and John Armstrong. Record will include designations of Andre Watson and John Armstrong. Court hears argument as to the remaining deposition designations. Court takes the matter under advisement. Plaintiffs rest. Defendants rest. Parties make final arguments. Parties to file proposed Findings of Fact and Rulings by Monday August 4, 2025.(Court Reporter: Richard Romanow at rhr3tubas@aol.com.) (Attorneys present: Alexander Abdo, Alexandra Conlon, Ramya Krishnan, Jameel Jaffer, |

JA67

| | | |
|---|---|---|
| | | Courtney Gans, Scott Wilkens for the plaintiffs and Ethan Kanter, Jessica Strokus, and William Kanellis for the defendants. ) (KB) (Entered: 07/21/2025) |
| 07/21/2025 | 226 | NOTICE by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America re 225 Bench Trial - Completed,,, *of Opposition to Plaintiffs' Request to Admit Deposition Testimony of Andrew Veprek and Stuart Wilson under Rule 32(a)(3)* (Kanter, Ethan) (Entered: 07/21/2025) |
| 07/22/2025 | 227 | Response by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers to 226 Notice (Other), *(in support of deposition transcript designations for two State Department officials)*. (Wilkens, Scott) (Entered: 07/22/2025) |
| 07/28/2025 | 228 | MOTION for Leave to File *Surreply In Opposition to Plaintiffs' Motion to Designate Deposition Transcripts* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A - Surreply In Opposition to Plaintiffs' Motion to Designate Deposition Transcripts)(Kanter, Ethan) (Entered: 07/28/2025) |
| 07/29/2025 | 229 | Judge William G. Young: ELECTRONIC ORDER entered granting 228 MOTION for Leave to File Surreply ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (MAP) (Entered: 07/29/2025) |
| 07/29/2025 | 230 | *Surreply (Leave to File Granted July 29, 2025)* Response by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America to 227 Response, 226 Notice (Other), *Surreply in Opposition to Plaintiffs' Motion to Designate Deposition Transcripts*. (Kanter, Ethan) (Entered: 07/29/2025) |
| 08/04/2025 | 231 | Transcript of Bench Trial Day 1 - Volume 1 held on July 7, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 232 | Transcript of Bench Trial Day 1 - Volume 2 held on July 7, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 233 | Transcript of Bench Trial Day 1 - Volume 3 held on July 7, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 234 | Transcript of Bench Trial Day 2 - Volume 1 held on July 8, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and |

| | | |
|---|---|---|
| | | Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 235 | Transcript of Bench Trial Day 2 - Volume 2 held on July 8, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 236 | Transcript of Bench Trial Day 3 - Volume 1 held on July 9, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 237 | Transcript of Bench Trial Day 3 - Volume 2 held on July 9, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 238 | Transcript of Bench Trial Day 4 - Volume 1 held on July 10, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 239 | Transcript of Bench Trial Day 4 - Volume 2 held on July 10, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 240 | Transcript of Bench Trial Day 5 - Volume 1 held on July 11, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 241 | Transcript of Bench Trial Day 5 - Volume 2 held on July 11, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 242 | Transcript of Bench Trial Day 6 held on July 14, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due |

JA69

Case: 26-1141    Document: 00118473955    Page: 73    Date Filed: 07/09/2026    Entry ID: 6824646

| | | 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
|---|---|---|
| 08/04/2025 | 243 | Transcript of Bench Trial Day 7 - Volume 1 held on July 15, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 244 | Transcript of Bench Trial Day 7 - Volume 2 held on July 15, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 245 | Transcript of Bench Trial Day 7 held on July 17, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 246 | Transcript of Bench Trial Day 9 - Volume 1 held on July 18, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 247 | Transcript of Bench Trial Day 9 - Volume 2 held on July 18, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 248 | Transcript of Bench Trial held on July 21, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 249 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 250 | Assented to MOTION to Seal Document *Plaintiffs Proposed Findings of Fact and Requested Rulings of Law* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Text of Proposed Order Text of Proposed Order)(Krishnan, Ramya) (Entered: 08/04/2025) |

JA70

Case: 26-1141    Document: 00118473955    Page: 74    Date Filed: 07/09/2026    Entry ID: 6824646

| | | |
|---|---|---|
| 08/04/2025 | 251 | MOTION to Seal by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 08/04/2025) |
| 08/04/2025 | 252 | SEALED Proposed Findings of Fact and Requested Rulings of Law by All Plaintiffs. (KB) (Entered: 08/05/2025) |
| 08/04/2025 | 253 | SEALED Post-trial Proposed Findings of Fact and Conclusions of Law filed by All Defendants. (KB) (Entered: 08/05/2025) |
| 08/05/2025 | 254 | Proposed Findings of Fact by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Krishnan, Ramya) (Entered: 08/05/2025) |
| 08/05/2025 | 255 | Proposed Findings of Fact by All Defendants. (Kanter, Ethan) (Entered: 08/05/2025) |
| 08/29/2025 | 256 | MOTION to Strike 252 Sealed document, 254 Proposed Findings of Fact, by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanellis, William) (Entered: 08/29/2025) |
| 08/29/2025 | 257 | Opposition re 256 MOTION to Strike 252 Sealed document, 254 Proposed Findings of Fact, filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Nevins, Talya) (Entered: 08/29/2025) |
| 09/05/2025 | 258 | MOTION to Withdraw as Attorney *(Unopposed)* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers.(Busch, Jackson) (Entered: 09/05/2025) |
| 09/10/2025 | 259 | Judge William G. Young: ELECTRONIC ORDER entered granting 258 Motion to Withdraw as Attorney. Attorney Jackson Thomas Busch terminated (MAP) (Entered: 09/10/2025) |
| 09/11/2025 | 260 | Judge William G. Young: ELECTRONIC ORDER entered re 250 Assented to MOTION to Seal Document Plaintiffs Proposed Findings of Fact and Requested Rulings of Law by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. ; 251 MOTION to Seal by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Allowed. Such seal shall be lifted upon the filing of this Court's findings and rulings. (KB) (Entered: 09/11/2025) |
| 09/30/2025 | 261 | Judge William G. Young: ORDER entered. FINDINGS OF FACT AND RULINGS OF LAW, PURSUANT TO FED. R. CIV. P. 52(A) (Sonnenberg, Elizabeth) (Entered: 09/30/2025) |
| 10/02/2025 | 262 | MOTION to Withdraw as Attorney *(Unopposed)* by American Association of University Professors, American Association of University Professors at New York University, |

JA71

| | | American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers.(Nevins, Talya) (Entered: 10/02/2025) |
|---|---|---|
| 10/03/2025 | 263 | Judge William G. Young: ELECTRONIC ORDER entered granting 262 Motion to Withdraw as Attorney. Attorney Talya Nevins terminated (MAP) (Entered: 10/03/2025) |
| 10/03/2025 | 264 | MOTION to Intervene by K.L. Smith.(MAP) (Entered: 10/03/2025) |
| 10/03/2025 | 265 | Request for Waiver of Consultation by K.L. Smith. (MAP) (Entered: 10/03/2025) |
| 10/03/2025 | 267 | Letter from Zach Montague (The New York Times) Requesting Access to Trial Exhibits. (KB) (Entered: 10/09/2025) |
| 10/08/2025 | 266 | Letter from David Bralow (General Counsel) Shawn Musgrave (Newsroom Counsel/Correspondent) The Intercept Media, Inc. Requesting Access to Trial Exhibits and Provisionally Sealed Pleadings. (MAP) (Entered: 10/08/2025) |
| 10/10/2025 | 268 | MOTION to Stay *response deadline for motion to intervene and any to-be-ordered deadline to respond to letters requesting certain documents be unsealed* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, United States of America.(Kanter, Ethan) (Entered: 10/10/2025) |
| 10/14/2025 | 269 | Judge William G. Young: ELECTRONIC ORDER entered granting 268 MOTION to Stay response deadline for motion to intervene and any to-be-ordered deadline to respond to letters requesting certain documents be unsealed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, United States of America. (KB) (Entered: 10/14/2025) |
| 10/14/2025 | 270 | MOTION to Intervene and MOTION to Disqualify Judge Young by Joshua Hall. (Attachments: # 1 Cover Letter)(MAP) (Entered: 10/14/2025) |
| 10/23/2025 | 271 | NOTICE of Unavailability and Supplement to Motion to Intervene by K.L. Smith (Attachments: # 1 Exhibit A)(MAP) (Entered: 10/23/2025) |
| 10/30/2025 | 272 | Letter and Request from James Murray. (Attachments: # 1 Exhibit)(MAP) (Entered: 10/30/2025) |
| 11/07/2025 | 273 | MOTION for Leave to Appear Pro Hac Vice for admission of Raya Koreh Filing fee: $ 125, receipt number AMADC-11347027 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 11/07/2025) |
| 11/10/2025 | 274 | Judge William G. Young: ELECTRONIC ORDER entered granting 273 Motion for Leave to Appear Pro Hac Vice Added Raya Koreh.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm. |

| | | A Notice of Appearance must be entered on the docket by the newly admitted attorney. (MAP) (Entered: 11/10/2025) |
|---|---|---|
| 11/10/2025 | 275 | MOTION to Intervene *and For Access to Trial Exhibits and Provisionally Sealed Pleadings* by Boston Globe Media Partners, LLC.(Thomas, Samuel) (Entered: 11/10/2025) |
| 11/10/2025 | 276 | MEMORANDUM in Support re 275 MOTION to Intervene *and For Access to Trial Exhibits and Provisionally Sealed Pleadings* filed by Boston Globe Media Partners, LLC. (Thomas, Samuel) (Entered: 11/10/2025) |
| 11/10/2025 | 277 | MOTION *for Remedies Against Defendants* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of R. Krishnan, # 3 Exhibit A to Declaration, # 4 Exhibit B to Declaration, # 5 Exhibit C to Declaration, # 6 Exhibit D to Declaration)(Krishnan, Ramya) (Entered: 11/10/2025) |
| 11/12/2025 | 278 | NOTICE of Appearance by Raya Koreh on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers (Koreh, Raya) (Entered: 11/12/2025) |
| 11/13/2025 | 279 | ELECTRONIC NOTICE Setting Hearing on Motion 277 MOTION *for Remedies Against Defendants* : Motion Hearing set for 12/15/2025 11:00 AM in Courtroom 18 (Remote only) before Judge William G. Young. This hearing will be conducted by video conference. Counsel of record will receive a video conference invite at the email registered in CM/ECF. If you have technical or compatibility issues with the technology, please notify the courtroom deputy of the session as soon as possible. Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html. For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here. (KB) (Entered: 11/13/2025) |
| 11/18/2025 | 280 | MOTION for Extension of Time to December 5, 2025 to File Response/Reply as to 277 MOTION *for Remedies Against Defendants* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 11/18/2025) |
| 11/19/2025 | 281 | Judge William G. Young: ELECTRONIC ORDER entered **granting** 280 MOTION for Extension of Time to December 5, 2025 to File Response/Reply as to 277 MOTION for Remedies Against Defendants by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Responses due by 12/5/2025. (KB) (Entered: 11/19/2025) |

JA73

| 11/24/2025 | 282 | CORPORATE DISCLOSURE STATEMENT by Boston Globe Media Partners, LLC identifying Corporate Parent Algonquin Acquisition Company, LLC for Boston Globe Media Partners, LLC.. (Thomas, Samuel) (Entered: 11/24/2025) |
|---|---|---|
| 11/24/2025 | 283 | MOTION to Intervene *and Join Boston Globe's Motion for Access to Trial Exhibits and Provisionally Sealed Pleadings* by The New York Times Company.(Thomas, Samuel) (Entered: 11/24/2025) |
| 11/24/2025 | 284 | CORPORATE DISCLOSURE STATEMENT by The New York Times Company. (Thomas, Samuel) (Entered: 11/24/2025) |
| 11/26/2025 | 285 | MOTION for Extension of Time to December 12, 2025 to File Response/Reply *to motions to intervene and unseal documents* by Department of Homeland Security, Department of State, Todd Lyons, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 11/26/2025) |
| 12/03/2025 | 286 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 285 Motion for Extension of Time to File Response/Reply re 275 MOTION to Intervene *and For Access to Trial Exhibits and Provisionally Sealed Pleadings*, 283 MOTION to Intervene *and Join Boston Globe's Motion for Access to Trial Exhibits and Provisionally Sealed Pleadings* Responses due by 12/12/2025 (MAP) (Entered: 12/03/2025) |
| 12/03/2025 | 287 | ELECTRONIC NOTICE Setting Hearing on Motion 275 MOTION to Intervene *and For Access to Trial Exhibits and Provisionally Sealed Pleadings*, 283 MOTION to Intervene *and Join Boston Globe's Motion for Access to Trial Exhibits and Provisionally Sealed Pleadings* : Motion Hearing set for 12/15/2025 11:00 AM in Courtroom 18 (Remote only) before Judge William G. Young. (The motions will be heard at the same hearing as #277 Motion for Remedies against Defendants. )<br><br>This hearing will be conducted by video conference. Counsel of record will receive a video conference invite at the email registered in CM/ECF. If you have technical or compatibility issues with the technology, please notify the courtroom deputy of the session as soon as possible.<br><br>Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.<br><br>For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here.<br><br>(KB) (Entered: 12/03/2025) |
| 12/04/2025 | 288 | MOTION to Intervene *and Unseal* by Intercept Media, Inc., The Center for Investigative Reporting.(Bertsche, Robert) (Entered: 12/04/2025) |
| 12/04/2025 | 289 | MOTION to Intervene *and Unseal* by Intercept Media, Inc., The Center for Investigative Reporting.(Bertsche, Robert) (Entered: 12/04/2025) |
| 12/04/2025 | 290 | MEMORANDUM in Support re 288 MOTION to Intervene *and Unseal* filed by Intercept Media, Inc., The Center for Investigative Reporting. (Bertsche, Robert) (Entered: 12/04/2025) |
| 12/04/2025 | 291 | CORPORATE DISCLOSURE STATEMENT by Intercept Media, Inc., The Center for Investigative Reporting. (Bertsche, Robert) (Entered: 12/04/2025) |
| 12/04/2025 | 292 | MOTION for Leave to Appear Pro Hac Vice for admission of Renee M. Griffin Filing fee: $ 125, receipt number AMADC-11395465 by Intercept Media, Inc., The Center for |

Investigative Reporting.(Bertsche, Robert) (Entered: 12/04/2025)

| 12/05/2025 | 293 | Opposition re 277 MOTION *for Remedies Against Defendants* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Kanter, Ethan) (Entered: 12/05/2025) |
| --- | --- | --- |
| 12/11/2025 | 294 | NOTICE of Appearance by Jesse Busen on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Busen, Jesse) (Entered: 12/11/2025) |
| 12/11/2025 | 295 | ELECTRONIC NOTICE Cancelling Hearing. The Motion Hearing set for 12/15/2025 is cancelled and will be rescheduled at a date to be determined. (KB) (Entered: 12/11/2025) |
| 12/12/2025 | 296 | RESPONSE to Motion re 275 MOTION to Intervene *and For Access to Trial Exhibits and Provisionally Sealed Pleadings*, 283 MOTION to Intervene *and Join Boston Globe's Motion for Access to Trial Exhibits and Provisionally Sealed Pleadings*, 289 MOTION to Intervene *and Unseal*, 288 MOTION to Intervene *and Unseal* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Busen, Jesse) (Entered: 12/12/2025) |
| 12/15/2025 | 297 | ELECTRONIC NOTICE Resetting Hearing on Motions: 288 MOTION to Intervene *and Unseal*, 275 MOTION to Intervene *and For Access to Trial Exhibits and Provisionally Sealed Pleadings*, 289 MOTION to Intervene *and Unseal*, 277 MOTION *for Remedies Against Defendants*, 283 MOTION to Intervene *and Join Boston Globe's Motion for Access to Trial Exhibits and Provisionally Sealed Pleadings* : Motion Hearing set for 1/5/2026 02:00 PM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. **This Hearing will occur in person with remote access provided to the public and media.**<br><br>Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.<br><br>For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here.<br><br>(KB) (Entered: 12/15/2025) |
| 12/16/2025 | 298 | MOTION to Continue Hearing on Plaintiffs Motion for Remedies Against Defendants to January 14, 15, or 16, 2026 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Attachments: # 1 Proposed Order)(Krishnan, Ramya) (Entered: 12/16/2025) |
| 12/17/2025 | 299 | Judge William G. Young: ELECTRONIC ORDER entered **granting** 298 MOTION to Continue Hearing on Plaintiffs Motion for Remedies Against Defendants to January 14, 15, or 16, 2026 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (KB) (Entered: 12/17/2025) |
| 12/17/2025 | 300 | ELECTRONIC NOTICE Resetting Hearing on Motions. Motion Hearing originally set for 1/5/2026 is rescheduled to 1/15/2026 02:30 PM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. **This Hearing will occur in person with remote access provided to the public and media.** |

JA75

| | | |
|---|---|---|
| | | Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.<br><br>For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here.(KB) (Entered: 12/17/2025) |
| 12/19/2025 | 301 | NOTICE of Withdrawal of Appearance by Julia Lum (Lum, Julia) (Entered: 12/19/2025) |
| 12/19/2025 | 302 | MOTION for Leave to File *Reply Brief in Support of Motion to Intervene and Unseal* by Intercept Media, Inc., The Center for Investigative Reporting.(Bertsche, Robert) (Entered: 12/19/2025) |
| 12/19/2025 | 303 | REPLY to Response to 302 MOTION for Leave to File *Reply Brief in Support of Motion to Intervene and Unseal*, 289 MOTION to Intervene *and Unseal* filed by Intercept Media, Inc., The Center for Investigative Reporting. (Bertsche, Robert) (Entered: 12/19/2025) |
| 01/07/2026 | 304 | MOTION to Withdraw as Attorney by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanellis, William) (Entered: 01/07/2026) |
| 01/14/2026 | 305 | NOTICE of Appearance by Lindsay M Murphy on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Murphy, Lindsay) (Entered: 01/14/2026) |
| 01/15/2026 | 306 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 1/15/2026. Court hears argument on # 277 MOTION for Remedies Against Defendants. Court addresses the parties and makes ruling. Plaintiffs to submit proposed judgment as discussed by the Court by noon Tuesday, 1/20/2026. Government to file any objection by noon Wednesday, 1/21/2026. The Court intends to enter the judgment on Thursday 1/22/2026. Government may make redactions as discussed by Thursday, 1/22/2026. Court hears argument on # 275 MOTION to Intervene and For Access to Trial Exhibits and Provisionally Sealed Pleadings by Boston Globe Media Partners, LLC, # 283 MOTION to Intervene and Join Boston Globe's Motion for Access to Trial Exhibits and Provisionally Sealed Pleadings by The New York Times Company, # 288 MOTION to Intervene and Unseal by Intercept Media, Inc., The Center for Investigative Reporting, # 289 MOTION to Intervene and Unseal by Intercept Media, Inc., The Center for Investigative Reporting. Defendants ask for stay of release of documents until an appeal can be sought. Court declines to enter stay. Court allows # 275 , # 283 , # 288 and # 289 Motions to intervene. Present sealing of documents to remain in effect. The Court intends to release all documents when judgment enters. Court allows # 304 MOTION to Withdraw as Attorney. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexander Abdo, Noam Biale, Alexandra Conlon, Ramya Krishnan, Jameel Jaffer, Scott Wilkens, Xiangnong Wang for the plaintiffs and Ethan Kanter, Lindsay Murphy, Paul Stone, Victoria Santora and Jessica Strokus, for the defendants and Samuel Thomas and Renee Griffin for intervenors ) (KB) Modified on 1/21/2026 to correct date (KB). (Entered: 01/16/2026) |
| 01/15/2026 | 307 | Judge William G. Young: ELECTRONIC ORDER entered granting 292 Motion for Leave to Appear Pro Hac Vice Added Renee M. Griffin.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under** |

JA76

**ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions
https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

(KB) (Entered: 01/16/2026)

| 01/20/2026 | 308 | NOTICE by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers (Attachments: # 1 Proposed Judgment as Discussed by the Court)(Krishnan, Ramya) (Entered: 01/20/2026) |
|---|---|---|
| 01/21/2026 | 309 | Response to Plaintiffs' Notice Concerning Proposed Remedies by Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanter, Ethan) Modified on 1/22/2026 (MAP). (Additional attachment(s) added on 1/22/2026: # 1 Exhibit A) (MAP). (Main Document 309 replaced on 1/22/2026) (MAP). (Entered: 01/21/2026) |
| 01/21/2026 | 310 | Transcript of Remedies Hearing held on January 15, 2026, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 2/11/2026. Redacted Transcript Deadline set for 2/23/2026. Release of Transcript Restriction set for 4/21/2026. (DRK) (Entered: 01/21/2026) |
| 01/21/2026 | 311 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 01/21/2026) |
| 01/22/2026 | 312 | Judge William G. Young: ELECTRONIC ORDER entered finding as moot 270 MOTION to Intervene by Joshua Hall; denying 270 Motion to Disqualify Judge by Joshua Hall; terminating 302 Motion for Leave to File Document ; denying 105 Motion to Seal. ; terminating 152 Motion for Reconsideration ; terminating 154 Motion in Limine; terminating 161 Motion to Correct; terminating 168 Motion to Seal. ; terminating 171 Motion for Leave to File Document ; terminating 195 Motion to Compel; terminating 197 Motion for Leave to File Document ; terminating 211 Motion to Compel; terminating 256 Motion to Strike ; denying as moot 264 Motion to Intervene by K.L. Smith. (KB) (Entered: 01/22/2026) |
| 01/22/2026 | 313 | Judge William G. Young: ORDER entered. ANNOTATED JUDGMENT (KB) (Entered: 01/22/2026) |
| 01/22/2026 | 314 | Judge William G. Young: ORDER entered. MEMORANDUM AND ORDER(KB) (Entered: 01/22/2026) |
| 01/22/2026 | 315 | TRIAL EXHIBITS (Main Document: Exhibits 1-29, Attachments: # 1 Exhibits 30-45, # 2 Exhibits 46-52, # 3 Exhibits 53-64, # 4 Exhibits 65-68, # 5 Exhibits 69-83, # 6 Exhibits 94-132, # 7 Exhibits 133-168, # 8 Exhibits 169-178, # 9 Exhibits 179-193, # 10 Exhibits 194, # 11 Exhibits 195-204, # 12 Exhibits 205-218, # 13 Exhibits 219-231, # 14 Exhibits 223-231, # 15 Exhibits 232-236, # 16 Exhibits 237-241, # 17 Exhibits 242-246, # 18 Exhibits 247-250, # 19 Exhibit HO)(KB) (Entered: 01/22/2026) |

JA77

| 02/09/2026 | 316 | NOTICE OF APPEAL as to 313 Judgment by Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Fee Status: US Government.<br><br>NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf.** US District Court Clerk to deliver official record to Court of Appeals by 3/2/2026. (Kanter, Ethan) (Entered: 02/09/2026) |
|---|---|---|
| 02/09/2026 | 317 | MOTION to Stay *Pending Appeal* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit Agudelo Declaration)(Kanter, Ethan) (Entered: 02/09/2026) |
| 02/09/2026 | 318 | NOTICE OF APPEAL as to 313 Judgment by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Fee Status: US Government.<br><br>NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf.** US District Court Clerk to deliver official record to Court of Appeals by 3/2/2026. (Kanter, Ethan) (Entered: 02/09/2026) |
| 02/10/2026 | 319 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re 316 Notice of Appeal. (MAP) (Entered: 02/10/2026) |
| 02/10/2026 | 320 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re 318 Notice of Appeal. (MAP) (Entered: 02/10/2026) |
| 02/10/2026 | 321 | USCA Case Number 26-1141 for 316 Notice of Appeal, filed by Kristi Noem, Marco Rubio, United States of America, Todd Lyons, Donald J. Trump. (MAP) (Entered: 02/10/2026) |
| 02/10/2026 | 322 | RESPONSE to Motion re 317 MOTION to Stay *Pending Appeal* filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. (Krishnan, Ramya) (Entered: 02/10/2026) |
| 02/11/2026 | 323 | ELECTRONIC NOTICE Setting Hearing on Motion 317 MOTION to Stay *Pending Appeal* : Motion Hearing set for 2/26/2026 02:00 PM in Courtroom 18 (In person with remote access provided to the media and public) before Judge William G. Young. Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.<br><br>For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here.<br><br>(KB) (Entered: 02/11/2026) |

JA78

| 02/24/2026 | 324 | NOTICE OF CROSS APPEAL as to 313 Judgment by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors-Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors-American Federation of Teachers. ( Filing fee: $ 605, receipt number AMADC-11568361 (Fee Status: Filing Fee paid)) NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/efiling.htm.** US District Court Clerk to deliver official record to Court of Appeals by 3/16/2026. (Krishnan, Ramya) (Entered: 02/24/2026) |
| --- | --- | --- |
| 02/24/2026 | 325 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re 324 Notice of Cross Appeal. (MAP) (Entered: 02/24/2026) |
| 02/24/2026 | 326 | USCA Case Number 26-1195 for 324 Notice of Cross Appeal, filed by American Association of University Professors-Harvard Faculty Chapter, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association, American Association of University Professors, American Association of University Professors at New York University. (MAP) (Entered: 02/24/2026) |
| 02/26/2026 | 327 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 2/26/2026 re 317 MOTION to Stay *Pending Appeal* filed by Kristi Noem, Department of Homeland Security, Department of State, Marco Rubio, United States of America, Todd Lyons, Donald J. Trump. Court heard argument on the motion. Court took the matter under advisement. Written order to enter. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Jameel Jaffer and Ramya Krishnan (by video) for plaintiffs and Ethan Kanter, Jessica Strokus, Lindsay Murphy, Paul Stone, and Victoria Santora for defendants) (KB) (Entered: 02/26/2026) |
| 03/02/2026 | 328 | Transcript of Motion Hearing held on February 26, 2026, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 3/23/2026. Redacted Transcript Deadline set for 4/2/2026. Release of Transcript Restriction set for 6/1/2026. (DRK) (Entered: 03/02/2026) |
| 03/02/2026 | 329 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 03/02/2026) |
| 03/11/2026 | 330 | Judge William G. Young: ORDER entered. MEMORANDUM AND ORDER With the exception of staying one portion of the Sanction as set forth above, the Public Officials have not met their burden on the Nken factors. The Public Officials' motion, ECF No. 317 , is therefore ALLOWED in part and DENIED in part as set forth above. SO ORDERED. (Young, William) (Entered: 03/11/2026) |

JA79

| 04/07/2026 | 331 | ORDER of USCA as to 316 Notice of Appeal, filed by Kristi L. Noem, Marco Rubio, United States of America, Todd Lyons, Donald J. Trump, 324 Notice of Cross Appeal, filed by American Association of University Professors-Harvard Faculty Chapter, Rutgers American Association of University Professors-American Federation of Teachers, Middle East Studies Association, American Association of University Professors, American Association of University Professors at New York University (MAP) (Entered: 04/07/2026) |
| 04/22/2026 | 332 | NOTICE of Withdrawal of Appearance by Ethan B. Kanter (Kanter, Ethan) (Entered: 04/22/2026) |
| 04/28/2026 | 333 | Copy of Amicus Brief Sent to the First Circuit Court of Appeals by Dr. James Murray (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Cover Letter) (MAP) (Entered: 04/29/2026) |

<table>
<tr><td colspan="4" align="center">**PACER Service Center**</td></tr>
<tr><td colspan="4" align="center">**Transaction Receipt**</td></tr>
<tr><td colspan="4" align="center">05/04/2026 12:17:12</td></tr>
<tr><td>**PACER Login:**</td><td>jlbusen3988</td><td>**Client Code:**</td><td></td></tr>
<tr><td>**Description:**</td><td>Docket Report</td><td>**Search Criteria:**</td><td>1:25-cv-10685-WGY</td></tr>
<tr><td>**Billable Pages:**</td><td>30</td><td>**Cost:**</td><td>3.00</td></tr>
</table>

JA80

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CLERK'S CERTIFICATE AND APPEALS COVER SHEET**

**ABBREVIATED ELECTRONIC RECORD**

Case Caption:  American Association of University Professors et al v. Rubio et al

District Court Number:  25cv10685-WGY

Fee:  Paid?  Yes _____  No _____  Government filer __X__  *In Forma Pauperis* Yes _____  No _____

Motions Pending  Yes __X__ No _____          Sealed documents  Yes __X__ No _____
*If yes, document #*  _____317_____          *If yes, document #*  153,162,186,209,214,252,253

*Ex parte* documents  Yes _____ No __X__          Transcripts  Yes __X__ No _____
*If yes, document #*  _____          *If yes, document #*  75,87,102,115,165,231-248,310

Notice of Appeal filed by: Plaintiff/Petitioner _____  Defendant/Respondent __X__  Other: _____

Appeal from:

#313 Judgment

Other information:

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

#313 and #316

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal # ___316___ filed on __February 9, 2026__.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on __February 10, 2026__.

**ROBERT M. FARRELL**
Clerk of Court

/s/Matthew A. Paine
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

JA81

APPEAL

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: <u>1:25−cv−10685−WGY</u>

American Association of University Professors et al v. Rubio et al

Assigned to: Judge William G. Young

Case in other court:  USCA − First Circuit, 25−01658

Cause: 28:1331 Fed. Question

Date Filed: 03/25/2025
Date Terminated: 01/26/2026
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

## <u>Plaintiff</u>

**American Association of University Professors**

represented by **Ahilan Arulanantham**
American Civil Liberties Union of Southern California
1313 West 8th Street
Los Angeles, CA 90017
213−977−5211
Fax: 213−977−5297
Email: <u>arulanantham@law.ucla.edu</u>
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
Sher Tremonte LLP
90 Broad Street
23rd Floor
New York, NY 10004
212−202−2603
Fax: 212−202−4156
Email: <u>mtremonte@shertremonte.com</u>
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
Sher Tremonte LLP
90 Broad Street
Ste 23rd Floor
New York, NY 10004
212−202−2600
Email: <u>nbiale@shertremonte.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
Knight First Amendment Institute at Columbia University
475 Riverside Drive

JA82

1

Ste 302
New York, NY 10115
646−745−8502
Email: alex.abdo@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
Sher Tremonte LLP
90 Broad Street
23rd Floor
New York, NY 10004
212−202−2600
Email: aconlon@shertremonte.com
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646−745−8500
Email: carrie.decell@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Courtney Gans**
Sher Tremonte LLP
90 Broad Street
23rd Floor
New York, NY 10004
212−540−0675
Email: cgans@shertremonte.com
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
Zimmer, Citron & Clarke LLP
130 Bishop Allen Dr.
Cambridge, MA 02139
617−676−9421
Email: dzimmer@zimmercitronclarke.com
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**
Zimmer, Citron & Clarke LLP
130 Bishop Allen Drive
Cambridge, MA 02139
518−637−1311
Email: edwina@zimmercitronclarke.com
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**
Knight First Amendment Institute at

JA83

2

Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646–745–8500
Email: jackson.busch@nytimes.com
*TERMINATED: 09/10/2025*
*ATTORNEY TO BE NOTICED*

**Jameel Jaffer**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646–745–8503
Email: jameel.jaffer@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Ramya Krishnan**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646–745–8500
Email: ramya.krishnan@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Raya Koreh**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646–745–8500
Email: raya.koreh@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Scott B. Wilkens**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646–745–8500
Email: scott.wilkens@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Stephany Kim**
Knight First Amendment Institute at
Columbia University

JA84

3

475 Riverside Drive
Ste 302
New York, NY 10115
646–745–8500
Email: stephany.kim@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Talya Nevins**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646–745–8500
Email: talya.nevins@knightcolumbia.org
*TERMINATED: 10/03/2025*
*ATTORNEY TO BE NOTICED*

**Xiangnong Wang**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
503–206–2936
Email: george.wang@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**American Association of University Professors–Harvard Faculty Chapter**    represented by    **Ahilan Arulanantham**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
(See above for address)

JA85

4

*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney Gans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**
(See above for address)
*TERMINATED: 09/10/2025*
*ATTORNEY TO BE NOTICED*

**Jameel Jaffer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ramya Krishnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Raya Koreh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott B. Wilkens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephany Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Talya Nevins**
(See above for address)
*TERMINATED: 10/03/2025*
*ATTORNEY TO BE NOTICED*

**Xiangnong Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

# JA86

**Plaintiff**

American Association of University
Professors at New York University

represented by **Ahilan Arulanantham**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney Gans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**
(See above for address)
*TERMINATED: 09/10/2025*
*ATTORNEY TO BE NOTICED*

**Jameel Jaffer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ramya Krishnan**

JA87

6

(See above for address)
*ATTORNEY TO BE NOTICED*

**Raya Koreh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott B. Wilkens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephany Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Talya Nevins**
(See above for address)
*TERMINATED: 10/03/2025*
*ATTORNEY TO BE NOTICED*

**Xiangnong Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rutgers American Association of University Professors–American Federation of Teachers**    represented by    **Ahilan Arulanantham**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
(See above for address)

JA88

7

*ATTORNEY TO BE NOTICED*

**Courtney Gans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**
(See above for address)
*TERMINATED: 09/10/2025*
*ATTORNEY TO BE NOTICED*

**Jameel Jaffer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ramya Krishnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Raya Koreh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott B. Wilkens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephany Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Talya Nevins**
(See above for address)
*TERMINATED: 10/03/2025*
*ATTORNEY TO BE NOTICED*

**Xiangnong Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
Salahi PC
505 Montgomery St.
Ste 11th Floor

<span style="color:red">JA89</span>

8

San Francisco, CA 94111
415–236–2352
Email: yaman@salahilaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Middle East Studies Association**          represented by    **Ahilan Arulanantham**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney Gans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**
(See above for address)
*TERMINATED: 09/10/2025*
*ATTORNEY TO BE NOTICED*

JA90

9

**Jameel Jaffer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ramya Krishnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Raya Koreh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott B. Wilkens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephany Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Talya Nevins**
(See above for address)
*TERMINATED: 10/03/2025*
*ATTORNEY TO BE NOTICED*

**Xiangnong Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Marco Rubio**                            represented by    **Ethan B. Kanter**
*in his official capacity as Secretary of*                  DOJ–Civ
*State*                                                     P.O. 878
                                                           Ben Franklin Station
                                                           Washington, DC 20044
                                                           202–616–9123
                                                           Email: ethan.kanter@usdoj.gov
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Harry Graver**
                                                           DOJ–Civ
                                                           950 Pennsylvania Avenue NW
                                                           Washington, DC 20530
                                                           202–514–2000
                                                           Email: harry.graver@usdoj.gov
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Jesse Busen**
                                                           DOJ–Civ

JA91

10

Office of Immigration Litigation
Poc Agostinho, Jean
1100 L St., N.W.
8142
Washington, DC 20530
202–307–0340
Email: jesse.busen@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
DOJ–Civ
P.O Box 878
Ben Franklin Station
Washington, DC 20044
202–616–8779
Email: jessica.d.strokus@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
P.O. Box 878, Ben Franklin Station
Washington, DC 20001
202–616–4018
Email: lindsay.m.murphy@usdoj.gov
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
DOJ–Civ
Poc Agostinho, Jean
1100 L St., N.W.
8142
Washington, DC 20530
202–307–0340
Email: nancy.safavi@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
U.S. Dept. of Justice, Civil Division,
Office of Immigration
Ben Franklin Station
P.O. Box 878
Washington, DC 20044
202–405–9647
Email: paul.f.stone@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA 02210
617–748–3100

JA92

11

Fax: 617–748–3971
Email: rayford.farquhar@usdoj.gov
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
DOJ–USAO
1 Courthouse Way
Ste 9200
Boston, MA 02210
617–748–7104
Email: shawna.yen@usdoj.gov
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
DOJ–Civ
Office of Immigration Litigation
PO Box 878
Ben Franklin Station
Washington, DC 20044
202–616–5573
Email: victoria.m.santora@usdoj.gov
*ATTORNEY TO BE NOTICED*

**William Kanellis**
DOJ–Civ
Commercial Litigation Branch
1100 L St NW
Ste 10140
Washington, DC 20530
202–251–4937
Email: william.kanellis@usdoj.gov
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Department of State**                    represented by **Ethan B. Kanter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Busen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

JA93

12

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Kristi Noem**<br>*in her official capacity as Secretary of*<br>*Homeland Security* | represented by | **Ethan B. Kanter**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Busen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)

JA94

13

*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Department of Homeland Security**          represented by          **Ethan B. Kanter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Busen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

JA95

14

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Todd Lyons**
*in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*

represented by **Ethan B. Kanter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Busen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

JA96

15

Paul F. Stone
(See above for address)
*ATTORNEY TO BE NOTICED*

Rayford A. Farquhar
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

Shawna Yen
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

Victoria M Santora
(See above for address)
*ATTORNEY TO BE NOTICED*

William Kanellis
(See above for address)
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Donald J. Trump**                              represented by **Ethan B. Kanter**
*in his official capacity as President of the*                    (See above for address)
*United States*                                                   *ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Busen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)

JA97

16

*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States of America**          represented by   **Ethan B. Kanter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Busen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**

JA98

17

(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **Council of UC Faculty Associations** | represented by | **Joshua M. Daniels**<br>The Law Office of Joshua M. Daniels<br>P.O. Box 300765<br>Jamaica Plain, MA 02130<br>617–942–2190<br>Email: jdaniels@danielsappeals.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Arthur Liou**
Leonard Carder, LLP
1999 Harrison Street
Ste 2700
Oakland, CA 94612
510–272–0169
Fax: 510–272–0174
Email: aliou@leonardcarder.com
*ATTORNEY TO BE NOTICED*

**Julia Lum**
Leonard Carder, LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612
510–272–0169
Email: jlum@leonardcarder.com
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
Leonard Carder, LLP
1999 Harrison Street
Suite 2700
Oakland, CA 94612

JA99

18

510–272–0169
Fax: 510–272–0174
Email: psaltzman@leonardcarder.com
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
Leonard Carder, LLP
1999 Harrison Street
Suite 2700
Oakland, CA 94612
510–272–0169
Fax: 510–272–0174
Email: pmonrad@leonardcarder.com
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Berkeley Faculty Association**          represented by  **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Davis Faculty Association**          represented by  **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**

(See above for address)  
*TERMINATED: 12/29/2025*  
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Philip Monrad**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Amicus**

**Irvine Faculty Association**          represented by  **Arthur Liou**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Julia Lum**  
(See above for address)  
*TERMINATED: 12/29/2025*  
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Philip Monrad**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Amicus**

**UC Merced Faculty Association**          represented by  **Arthur Liou**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

<p style="text-align:center">JA101</p>

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Riverside Faculty Association**               represented by   **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**San Diego Faculty Association**               represented by   **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

<span style="color:red">JA102</span>

21

Julia Lum
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

Peter W Saltzman
(See above for address)
*ATTORNEY TO BE NOTICED*

Philip Monrad
(See above for address)
*ATTORNEY TO BE NOTICED*

Yaman Salahi
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**UCSF Faculty Association**                represented by   **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

Joshua M. Daniels
(See above for address)
*ATTORNEY TO BE NOTICED*

Julia Lum
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

Peter W Saltzman
(See above for address)
*ATTORNEY TO BE NOTICED*

Philip Monrad
(See above for address)
*ATTORNEY TO BE NOTICED*

Yaman Salahi
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**UC Santa Barbara Faculty Association**      represented by   **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

Joshua M. Daniels
(See above for address)

*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Amicus</u>**

**University of California Los Angeles Faculty Association**                represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan B. Kanter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Amicus</u>**

**Santa Cruz Faculty Association**                represented by

# JA104

23

**Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **University CouncilAmerican Federation of Teachers Local 1474** | represented by | **Arthur Liou**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

JA105

**Boston University AAUP Chapter**     represented by   **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Brown University Chapter of the**     represented by   **Arthur Liou**
**AAUP**                                                (See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

<span style="color:red">JA106</span>

25

**Concerned Stanford Faculty**                represented by  **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Dartmouth College Chapter of the**          represented by  **Arthur Liou**
**AAUP**                                                     (See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

JA107

26

**Del Mar College Chapter of the
AAUP–AFT**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Massachusetts Institute of Technology
Chapter of the AAUP**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

JA108

27

| **AAUP Princeton** | represented by | **Arthur Liou**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| --- | --- | --- |
| | | **Joshua M. Daniels**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Julia Lum**<br>(See above for address)<br>*TERMINATED: 12/29/2025*<br>*ATTORNEY TO BE NOTICED* |
| | | **Peter W Saltzman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Philip Monrad**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Yaman Salahi**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Amicus**

| **Rice University Advocacy Chapter of the AAUP** | represented by | **Arthur Liou**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| --- | --- | --- |
| | | **Joshua M. Daniels**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Julia Lum**<br>(See above for address)<br>*TERMINATED: 12/29/2025*<br>*ATTORNEY TO BE NOTICED* |
| | | **Peter W Saltzman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Philip Monrad**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Yaman Salahi**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Amicus**

JA109

28

**Tufts University Chapter of the AAUP**    represented by   **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**University of Houston Chapter of the**    represented by   **Arthur Liou**
**AAUP**                                                  (See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

# JA110

**John Hopkins University Chapter of the AAUP**

    represented by   **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**University of Minnesota Twin Cities Chapter of the AAUP**

    represented by   **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

<div align="center">

# JA111

</div>

**Northwestern University Chapter of the AAUP**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

## Amicus

**University of Dallas Chapter of the AAUP**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

## Amicus

JA112

**AAUP Advocacy Chapter at the University of Texas at Austin**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**AAUP Advocacy Chapter at the University of Texas at Dallas**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

JA113

**Yale University Chapter of the AAUP**    represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Wesleyan University Chapter of the AAUP**    represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

JA114

33

**Commonwealth of Massachusetts**          represented by   **David Rassoul Rangaviz**
                                                            Massachusetts Attorney General's Office
                                                            Civil Rights Division
                                                            1 Ashburton Place
                                                            Boston, MA 02108
                                                            617–963–2816
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Amicus**

**The Presidents Alliance on Higher**      represented by   **Joel Anderson Fleming**
**Education and Immigration**                               Equity Litigation Group LLP
                                                            1 Washington Mall #1307
                                                            Boston, MA 02108
                                                            617–388–0622
                                                            Email: jfleming@equitylitigation.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Lauren G. Milgroom**
                                                            Equity Litigation Group LLP
                                                            1 Washington Mall
                                                            #1307
                                                            Boston, MA 02108
                                                            617–475–0039
                                                            Email: lmilgroom@equitylitigation.com
                                                            *ATTORNEY TO BE NOTICED*

V.

**Intervenor**

**K.L. Smith**                             represented by   **K.L. Smith**
                                                            3649 Evergreen Parkway
                                                            #504
                                                            Evergreen, CO 80437–0504
                                                            (720)–404–5383
                                                            PRO SE

**Intervenor**

**Boston Globe Media Partners, LLC**       represented by   **Samuel D. Thomas**
                                                            Morgan Lewis
                                                            One Federal Street
                                                            Floor 14
                                                            Ste 1419
                                                            Boston, MA 02110
                                                            774–263–0309
                                                            Email: tsamueldavid@gmail.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Intervenor**

JA115

**The New York Times Company**                 represented by   **Samuel D. Thomas**
(See above for address)
*ATTORNEY TO BE NOTICED*


**Intervenor**

**Intercept Media, Inc.**                 represented by   **Renee M. Griffin**
Reporters Committee for Freedom of the
Press
1156 15th St NW
Suite 1020
Washington, DC 20005
202−800−3247
Email: rgriffin@rcfp.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert A. Bertsche**
Klaris Law PLLC
6 Liberty Square #2752
Boston, MA 02109
857−303−6938
Email: rob.bertsche@klarislaw.com
*ATTORNEY TO BE NOTICED*


**Intervenor**

**The Center for Investigative Reporting**                 represented by   **Renee M. Griffin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert A. Bertsche**
(See above for address)
*ATTORNEY TO BE NOTICED*


Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 03/25/2025 | 1 | COMPLAINT against All Defendants Filing fee: $ 405, receipt number AMADC−10910511 (Fee Status: Filing Fee paid), filed by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Civil Cover Sheet, # 2 Category Form)(Clarke, Edwina) (Entered: 03/25/2025) |
| 03/25/2025 | 2 | Proposed Document(s) submitted by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association |

| | | |
|---|---|---|
| | | of University Professors–American Federation of Teachers, Middle East Studies Association. Document received: Requests for Summonses. (Attachments: # 1 Request for Summons, # 2 Request for Summons, # 3 Request for Summons, # 4 Request for Summons, # 5 Request for Summons, # 6 Request for Summons, # 7 Request for Summons)(Clarke, Edwina) (Entered: 03/25/2025) |
| 03/25/2025 | 3 | ELECTRONIC NOTICE of Case Assignment. Judge William G. Young assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Jessica D. Hedges. (SEC) (Entered: 03/25/2025) |
| 03/25/2025 | 4 | Summons Issued as to All Defendants. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (JKK) (Entered: 03/25/2025) |
| 03/26/2025 | 5 | MOTION for Leave to Appear Pro Hac Vice for admission of Ramya Krishnan Filing fee: $ 125, receipt number AMADC–10913799 by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 6 | MOTION for Leave to Appear Pro Hac Vice for admission of Carrie DeCell Filing fee: $ 125, receipt number AMADC–10913838 by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 7 | MOTION for Leave to Appear Pro Hac Vice for admission of Alex Abdo Filing fee: $ 125, receipt number AMADC–10913861 by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 8 | MOTION for Leave to Appear Pro Hac Vice for admission of Jameel Jaffer Filing fee: $ 125, receipt number AMADC–10913880 by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 9 | MOTION for Leave to Appear Pro Hac Vice for admission of Xiangnong Wang Filing fee: $ 125, receipt number AMADC–10913909 by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 10 | MOTION for Leave to Appear Pro Hac Vice for admission of Jackson Busch Filing fee: $ 125, receipt number AMADC–10913924 by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association |

JA117

| | | |
|---|---|---|
| | | of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 11 | Judge William G. Young: ELECTRONIC ORDER entered granting 5 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch. **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm. A Notice of Appearance must be entered on the docket by the newly admitted attorney. ; granting 6 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch. **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm. A Notice of Appearance must be entered on the docket by the newly admitted attorney. ; granting 7 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch. **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm. A Notice of Appearance must be entered on the docket by the newly admitted attorney. ; granting 8 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch. |

**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

; granting 9 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch.

**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

; granting 10 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch.

**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

(MAP) (Entered: 03/26/2025)

| 04/01/2025 | 12 | NOTICE of Appearance by Ramya Krishnan on behalf of American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association (Krishnan, Ramya) (Entered: 04/01/2025) |
| 04/01/2025 | 13 | MOTION for Preliminary Injunction , MOTION to Expedite *Briefing* ( Responses due by 4/15/2025) by American Association of University Professors, American Association of |

<span style="color:red; font-size:2em;">JA119</span>

38

| | | University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association.(Krishnan, Ramya) (Entered: 04/01/2025) |
|---|---|---|
| 04/01/2025 | 14 | MEMORANDUM in Support re 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing* filed by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration of Veena Dubal, # 2 Declaration of Asli U. Bali, # 3 Declaration of Ramya Krishnan, # 4 Exhibit A to Krishnan Declaration, # 5 Exhibit B to Krishnan Declaration, # 6 Exhibit C to Krishnan Declaration, # 7 Exhibit D to Krishnan Declaration, # 8 Exhibit E to Krishnan Declaration, # 9 Exhibit F to Krishnan Declaration, # 10 Exhibit G to Krishnan Declaration, # 11 Exhibit H to Krishnan Declaration, # 12 Exhibit I to Krishnan Declaration, # 13 Exhibit J to Krishnan Declaration, # 14 Exhibit K to Krishnan Declaration, # 15 Exhibit L to Krishnan Declaration, # 16 Exhibit M to Krishnan Declaration, # 17 Exhibit N to Krishnan Declaration, # 18 Exhibit O to Krishnan Declaration, # 19 Exhibit P to Krishnan Declaration, # 20 Exhibit Q to Krishnan Declaration, # 21 Exhibit R to Krishnan Declaration, # 22 Exhibit S to Krishnan Declaration, # 23 Exhibit T to Krishnan Declaration, # 24 Exhibit U to Krishnan Declaration, # 25 Exhibit V to Krishnan Declaration, # 26 Exhibit W to Krishnan Declaration, # 27 Exhibit X to Krishnan Declaration, # 28 Exhibit Y to Krishnan Declaration, # 29 Exhibit Z to Krishnan Declaration, # 30 Exhibit AA to Krishnan Declaration, # 31 Exhibit BB to Krishnan Declaration, # 32 Exhibit CC to Krishnan Declaration, # 33 Exhibit DD to Krishnan Declaration, # 34 Exhibit EE to Krishnan Declaration, # 35 Exhibit FF to Krishnan Declaration, # 36 Exhibit GG to Krishnan Declaration, # 37 Exhibit HH to Krishnan Declaration, # 38 Exhibit II to Krishnan Declaration)(Krishnan, Ramya) (Entered: 04/01/2025) |
| 04/02/2025 | 15 | ELECTRONIC NOTICE issued requesting PAPER courtesy copy for 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing*, 14 Memorandum in Support of Motion. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office by Attention Matthew Paine – Docket Clerk – Judge Young. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (MAP) (Entered: 04/02/2025) |
| 04/02/2025 | 16 | Judge William G. Young: ELECTRONIC ORDER entered re 13 MOTION for Preliminary Injunction, MOTION to Expedite Briefing. In view of the profound constitutional questions raised by this complaint, the public interest strongly favors prompt adjudication and expedited briefing is warranted. Accordingly, responsive briefs and affidavits shall be filed no later than noon April 21, 2025 (sooner is better) and the motion for preliminary injunction shall be heard at 10:00 a.m. in Courtroom 18 on Wednesday, April 23,2025.(KB) (Entered: 04/02/2025) |
| 04/02/2025 | 17 | ELECTRONIC NOTICE Setting Hearing on Motion 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing* : Motion Hearing set for 4/23/2025 10:00 AM in Courtroom 18 (In person only) before Judge William G. Young. Counsel for plaintiffs shall notify defense counsel of hearing date. (KB) (Entered: 04/02/2025) |
| 04/02/2025 | 18 | NOTICE of Appearance by Rayford A. Farquhar on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Farquhar, Rayford) (Entered: 04/02/2025) |
| 04/03/2025 | 19 | |

JA120

| | | NOTICE of Appearance by Caroline DeCell on behalf of American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association (DeCell, Caroline) (Entered: 04/03/2025) |
|---|---|---|
| 04/03/2025 | 20 | NOTICE of Appearance by Jameel Jaffer on behalf of American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association (Jaffer, Jameel) (Entered: 04/03/2025) |
| 04/03/2025 | 21 | NOTICE of Appearance by Alexander Abdo on behalf of American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association (Abdo, Alexander) (Entered: 04/03/2025) |
| 04/03/2025 | 22 | NOTICE of Appearance by Xiangnong Wang on behalf of American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association (Wang, Xiangnong) (Entered: 04/03/2025) |
| 04/03/2025 | 23 | NOTICE of Appearance by Jackson Thomas Busch on behalf of American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association (Busch, Jackson) (Entered: 04/03/2025) |
| 04/04/2025 | 24 | NOTICE of Appearance by Ethan B. Kanter on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Kanter, Ethan) (Entered: 04/04/2025) |
| 04/07/2025 | 25 | SUMMONS Returned Executed Marco Rubio. (Krishnan, Ramya) **Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).** (Entered: 04/07/2025) |
| 04/07/2025 | 26 | SUMMONS Returned Executed Department of State.. (Krishnan, Ramya) **Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).** (Entered: 04/07/2025) |
| 04/07/2025 | 27 | SUMMONS Returned Executed Kristi Noem (Krishnan, Ramya) **Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).** (Entered: 04/07/2025) |

| 04/07/2025 | 28 | SUMMONS Returned Executed Department of Homeland Security. (Krishnan, Ramya) **Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).** (Entered: 04/07/2025) |
|---|---|---|
| 04/07/2025 | 29 | SUMMONS Returned Executed Todd Lyons (Krishnan, Ramya) **Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).** (Entered: 04/07/2025) |
| 04/07/2025 | 30 | SUMMONS Returned Executed by American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Krishnan, Ramya) (Entered: 04/07/2025) |
| 04/08/2025 | 31 | Joint MOTION for a Briefing Schedule re 16 Order on Motion to Expedite,, by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association.(Krishnan, Ramya) (Entered: 04/08/2025) |
| 04/08/2025 | 32 | MOTION for Leave to Appear Pro Hac Vice for admission of Ahilan Arulanantham Filing fee: $ 125, receipt number AMADC–10939863 by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration of A. Arulanantham)(Clarke, Edwina) (Entered: 04/08/2025) |
| 04/08/2025 | 33 | Judge William G. Young: ELECTRONIC ORDER entered granting 32 Motion for Leave to Appear Pro Hac Vice Added Ahilan Arulanantham. **Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at https://www.mad.uscourts.gov/caseinfo/nextgen–current–pacer–accounts.htm#link–account. (MAP) (Entered: 04/08/2025) |
| 04/08/2025 | 34 | Amicus Curiae APPEARANCE entered by Joshua M. Daniels on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford |

JA122

| | | |
|---|---|---|
| | | Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP–AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Daniels, Joshua)<br><br>**Modified on 4/9/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Daniels Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen. (MAP).**<br><br>(Entered: 04/08/2025) |
| 04/08/2025 | 35 | MOTION for Leave to Appear Pro Hac Vice for admission of Yaman Salahi, Philip Monrad, Peter Saltzman, Arthur Liou, Julia Lum, Filing fee: $ 625, receipt number AMADC–10941087 by Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University CouncilAmerican Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP–AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP. (Attachments: # 1 Exhibit Exhibit A – PHV Attorney Declarations)(Daniels, Joshua) (Entered: 04/08/2025) |
| 04/08/2025 | 36 | MOTION for Leave to File *[Proposed] Amici Curiae Brief in Support of Plaintiffs' Motion for Preliminary Injunction* by Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University CouncilAmerican Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP–AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP. (Attachments: # 1 [Proposed] Amici Curiae Brief in Support of Plaintiffs' Motion for Preliminary Injunction)(Daniels, Joshua) (Entered: |

JA123

| | | 04/08/2025) |
|---|---|---|
| 04/09/2025 | 37 | Judge William G. Young: ELECTRONIC ORDER entered granting 31 Joint MOTION for a Briefing Schedule re 16 Order on Motion to Expedite,, by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (KB) (Entered: 04/09/2025) |
| 04/09/2025 | 38 | SUMMONS Returned Executed by American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Krishnan, Ramya) (Entered: 04/09/2025) |
| 04/09/2025 | 39 | Judge William G. Young: ELECTRONIC ORDER entered granting 36 MOTION for Leave to File Amici Curiae Brief; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (MAP) (Entered: 04/09/2025) |
| 04/09/2025 | 40 | Amicus Curiae APPEARANCE entered by David Rassoul Rangaviz on behalf of Commonwealth of Massachusetts. (Rangaviz, David) **Modified on 4/9/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Rangaviz Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen. (MAP).** (Entered: 04/09/2025) |
| 04/09/2025 | 41 | MOTION for Leave to File *Brief of Amici Curiae States (Unopposed)* by COMMONWEALTH OF MASSACHUSETTS.(Rangaviz, David) (Entered: 04/09/2025) |
| 04/09/2025 | 42 | Judge William G. Young: ELECTRONIC ORDER entered granting 35 Motion for Leave to Appear Pro Hac Vice Added Yaman Salahi, Philip Monrad, Peter Saltzman, Arthur Liou, and Julia Lum. **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm. A Notice of Appearance must be entered on the docket by the newly admitted attorney. (MAP) (Entered: 04/09/2025) |
| 04/09/2025 | 43 | AMICUS BRIEF filed by Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty |

| | | |
|---|---|---|
| | | Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University CouncilAmerican Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP–AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP *Leave Granted 04/09/2025*. (Daniels, Joshua) (Entered: 04/09/2025) |
| 04/09/2025 | 44 | NOTICE of Appearance by Lindsay M Murphy on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Murphy, Lindsay) (Entered: 04/09/2025) |
| 04/09/2025 | 45 | Amicus Curiae APPEARANCE entered by Lauren G. Milgroom on behalf of The Presidents Alliance on Higher Education and Immigration (Milgroom, Lauren)<br><br>**Modified on 4/9/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Milgroom Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen. (MAP).**<br><br>(Entered: 04/09/2025) |
| 04/09/2025 | 46 | MOTION for Leave to File *[Proposed] Brief of Amicus Curiae* by The Presidents Alliance on Higher Education and Immigration. (Attachments: # 1 [Proposed] Brief of Amicus Curiae The Presidents' Alliance on Higher Education and Immigration in Support of Plaintiffs' Motion for a Preliminary Injunction)(Milgroom, Lauren) (Entered: 04/09/2025) |
| 04/09/2025 | 47 | Amicus Curiae APPEARANCE entered by Joel Anderson Fleming on behalf of The Presidents Alliance on Higher Education and Immigration. (Fleming, Joel) (Entered: 04/09/2025) |
| 04/10/2025 | 48 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 41 MOTION for Leave to File Brief of Amici Curiae States (Unopposed) ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (MAP) (Entered: 04/10/2025) |
| 04/10/2025 | 49 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 46 MOTION for Leave to File of Amicus Curiae Brief; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (MAP) (Entered: 04/10/2025) |
| 04/10/2025 | 50 | AMICUS BRIEF filed by The Presidents Alliance on Higher Education and Immigration . (Milgroom, Lauren) (Entered: 04/10/2025) |
| 04/10/2025 | 51 | Amicus Curiae APPEARANCE entered by Yaman Salahi on behalf of Council of UC Faculty Associations, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los |

| | | |
|---|---|---|
| | | Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP–AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP, Rutgers American Association of University Professors–American Federation of Teachers (Salahi, Yaman)<br><br>**Modified on 4/11/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Salahi Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen. (MAP). (Entered: 04/10/2025)** |
| 04/10/2025 | 52 | MOTION for Leave to Appear Pro Hac Vice for admission of Zachary Smith Filing fee: $ 125, receipt number AMADC–10945533 by The Presidents Alliance on Higher Education and Immigration. (Attachments: # 1 Affidavit)(Milgroom, Lauren) (Entered: 04/10/2025) |
| 04/10/2025 | 53 | MOTION for Leave to Appear Pro Hac Vice for admission of Kayla Chen Filing fee: $ 125, receipt number AMADC–10945552 by The Presidents Alliance on Higher Education and Immigration. (Attachments: # 1 Affidavit)(Milgroom, Lauren) (Entered: 04/10/2025) |
| 04/10/2025 | 54 | MOTION for Leave to Appear Pro Hac Vice for admission of Andrew Dunlap Filing fee: $ 125, receipt number AMADC–10945600 by The Presidents Alliance on Higher Education and Immigration. (Attachments: # 1 Affidavit Affidavit in Support of Motion to Admit Andrew Dunlap Pro Hac Vice)(Milgroom, Lauren) (Entered: 04/10/2025) |
| 04/11/2025 | 55 | Judge William G. Young: ELECTRONIC ORDER entered granting 52 Motion for Leave to Appear Pro Hac Vice Added Zachary Smith.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>An Amicus Curiae APPEARANCE must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 04/11/2025) |
| 04/11/2025 | 56 | Judge William G. Young: ELECTRONIC ORDER entered granting 53 Motion for Leave to Appear Pro Hac Vice Added Kayla Chen.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register** |

| | | |
|---|---|---|
| | | **for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>An Amicus Curiae APPEARANCE must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 04/11/2025) |
| 04/11/2025 | 57 | Judge William G. Young: ELECTRONIC ORDER entered granting 54 Motion for Leave to Appear Pro Hac Vice Added Andrew Dunlap.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>An Amicus Curiae APPEARANCE must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 04/11/2025) |
| 04/11/2025 | 58 | Amicus Curiae APPEARANCE entered by Julia Lum on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP–AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Lum, Julia) (MAP).<br><br>**Modified on 4/13/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Lum Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen.**<br><br>(Entered: 04/11/2025) |

| 04/11/2025 | <u>59</u> | Amicus Curiae APPEARANCE entered by Arthur Liou on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP–AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Liou, Arthur)<br><br>**Modified on 4/13/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Liou Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen.**<br><br>(Entered: 04/11/2025) |
| --- | --- | --- |
| 04/11/2025 | <u>60</u> | AMICUS BRIEF filed by Commonwealth of Massachusetts *and 18 other states*. (Rangaviz, David) (Entered: 04/11/2025) |
| 04/11/2025 | <u>61</u> | Amicus Curiae APPEARANCE entered by Philip Monrad on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University CouncilAmerican Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP–AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Monrad, Philip)<br><br>**Modified on 4/13/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Monrad Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen.**<br><br>(Entered: 04/11/2025) |
| 04/11/2025 | <u>62</u> | Amicus Curiae APPEARANCE entered by Peter W Saltzman on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston |

JA128

| | | |
|---|---|---|
| | | University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP−AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Saltzman, Peter)<br><br>**Modified on 4/13/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Saltzman Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen.**<br><br>(Entered: 04/11/2025) |
| 04/14/2025 | 63 | MOTION for Leave to Appear Pro Hac Vice for admission of Talya Nevins Filing fee: $ 125, receipt number AMADC−10949148 by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration of T. Nevins)(Clarke, Edwina) (Entered: 04/14/2025) |
| 04/14/2025 | 64 | Judge William G. Young: ELECTRONIC ORDER entered granting 63 Motion for Leave to Appear Pro Hac Vice Added Talya Nevins.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 04/14/2025) |
| 04/14/2025 | 65 | MEMORANDUM in Opposition re 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing* filed by Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security. (Attachments: # 1 Exhibit Declaration, # 2 Exhibit Declaration)(Kanter, Ethan) (Entered: 04/14/2025) |
| 04/15/2025 | 66 | NOTICE of Appearance by David Jacob Zimmer on behalf of American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association (Zimmer, David) (Entered: 04/15/2025) |

| 04/15/2025 | 67 | NOTICE of Appearance by Talya Nevins on behalf of American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association (Nevins, Talya) (Entered: 04/15/2025) |
|---|---|---|
| 04/18/2025 | 68 | ~~REPLY to Response to 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing* filed by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Supplemental Declaration of R. Krishnan, # 2 Ex. A, # 3 Ex. B, # 4 Ex. C, # 5 Ex. D, # 6 Ex. E, # 7 Ex. F, # 8 Ex. G, # 9 Ex. H)(Krishnan, Ramya)~~ Modified on 4/21/2025 as Counsel filed a Corrected Version of the Reply – See ECF No. 69 (MAP). Modified on 4/21/2025 (MAP). (Entered: 04/18/2025) |
| 04/18/2025 | 69 | REPLY to Response to 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing (corrected pdf)* filed by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration of Ramya Krishnan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H)(Krishnan, Ramya) (Entered: 04/18/2025) |
| 04/21/2025 | 70 | NOTICE of Appearance by Harry Graver on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Graver, Harry) (Entered: 04/21/2025) |
| 04/23/2025 | 71 | NOTICE of Appearance by Shawna Yen on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Yen, Shawna) (Entered: 04/23/2025) |
| 04/23/2025 | 72 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 4/23/2025 re 13 MOTION for Preliminary Injunction filed by American Association of University Professors–Harvard Faculty Chapter, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association, American Association of University Professors, American Association of University Professors at New York University. The Court enters an order on # 13 Motion for Preliminary Injunction; the motion is collapsed with trial on the merits in accordance with Rule 65(a). The parties agree to treat defendants' opposition as a motion to dismiss and wish to proceed with argument today. Court hears argument on the opposition treated as a motion to dismiss. Court takes the matter under advisement. The Court will issue a written order on the motion to dismiss. If the case survives the motion, the Court will hold a prompt status conference to discuss the trial. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Ramya Krishnan, Jameel Jaffer, Talya Nevins, Caroline DeCell for plaintiffs and Harry Graver and Shawna Yen for defendants) (KB) (Entered: 04/23/2025) |
| 04/29/2025 | 73 | Judge William G. Young: ORDER entered.<br><br>MEMORANDUM AND ORDER |

| | | For the reasons stated above, the Motion to Dismiss is ALLOWED in part as to count three and DENIED in part as to counts one, two, and four.<br><br>A case management conference is set for Tuesday, May 6, 2025 at 10 a.m.<br><br>(Sonnenberg, Elizabeth) (Entered: 04/29/2025) |
|---|---|---|
| 04/29/2025 | 74 | ELECTRONIC NOTICE of Hearing. Case Management Conference set for 5/6/2025 10:00 AM in Courtroom 18 (In person only with remote access provided) before Judge William G. Young. (KB) (Entered: 04/29/2025) |
| 04/30/2025 | 75 | Transcript of Preliminary Injunction/Motion to Dismiss Hearing held on April 23, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 5/21/2025. Redacted Transcript Deadline set for 6/2/2025. Release of Transcript Restriction set for 7/29/2025. (DRK) (Entered: 04/30/2025) |
| 04/30/2025 | 76 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 04/30/2025) |
| 05/05/2025 | 77 | MOTION for Leave to Appear Pro Hac Vice for admission of Scott Wilkens Filing fee: $ 125, receipt number AMADC–10987709 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration of S. Wilkens)(Clarke, Edwina) (Entered: 05/05/2025) |
| 05/05/2025 | 78 | Judge William G. Young: ELECTRONIC ORDER entered granting 77 Motion for Leave to Appear Pro Hac Vice Added Scott Wilkens.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 05/05/2025) |
| 05/05/2025 | 79 | MOTION for Leave to Appear Pro Hac Vice for admission of Noam Biale Filing fee: $ 125, receipt number AMADC–10989695 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Delaration of N. Biale)(Clarke, Edwina) (Entered: |

| | | |
|---|---|---|
| | | 05/05/2025) |
| 05/05/2025 | 80 | MOTION for Leave to Appear Pro Hac Vice for admission of Michael Tremonte Filing fee: $ 125, receipt number AMADC–10989707 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration of M. Tremonte)(Clarke, Edwina) (Entered: 05/05/2025) |
| 05/05/2025 | 81 | Judge William G. Young: ELECTRONIC ORDER entered granting 79 Motion for Leave to Appear Pro Hac Vice Added Noam Biale. **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm. A Notice of Appearance must be entered on the docket by the newly admitted attorney. (MAP) (Entered: 05/05/2025) |
| 05/05/2025 | 82 | Judge William G. Young: ELECTRONIC ORDER entered granting 80 Motion for Leave to Appear Pro Hac Vice Added Michael Tremonte. **Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at https://www.mad.uscourts.gov/caseinfo/nextgen–current–pacer–accounts.htm#link–account. (MAP) (Entered: 05/05/2025) |
| 05/06/2025 | 83 | NOTICE of Appearance by Scott B. Wilkens on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers (Wilkens, Scott) (Entered: 05/06/2025) |
| 05/06/2025 | 84 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Case Management Conference held on 5/6/2025. Court discusses case and expectations for the bench trial. After hearing from the parties, the Court sets the bench trial for July 7, 2025 at 9:00 AM. For trials the Court generally sits from 9am– 1pm. The Court will take witnesses out of order if necessary. Defendants do not need to file a formal answer. The Court will hold a status hearing Thursday May 22, 2025, at 2:00PM in Courtroom 18 (In person only with remote access provided). (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Ramya Krishnan, Jameel Jaffer, Scott B. Wilkens, |

| | | Noam Biale, and Michael Tremonte for plaintiffs and Shawna Yen for the defendants) (KB) (Entered: 05/06/2025) |
|---|---|---|
| 05/06/2025 | 85 | NOTICE of Appearance by Noam Biale on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers (Biale, Noam) (Entered: 05/06/2025) |
| 05/06/2025 | 86 | NOTICE of Appearance by Michael Tremonte on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers (Tremonte, Michael) (Entered: 05/06/2025) |
| 05/08/2025 | 87 | Transcript of Case Management Conference held on May 6, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 5/29/2025. Redacted Transcript Deadline set for 6/9/2025. Release of Transcript Restriction set for 8/6/2025. (DRK) (Entered: 05/08/2025) |
| 05/08/2025 | 88 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 05/08/2025) |
| 05/14/2025 | 89 | ELECTRONIC NOTICE OF RESCHEDULING: Status Conference reset for 5/22/2025 02:45 PM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. **Note: change is to time only!** (KB) (Entered: 05/14/2025) |
| 05/21/2025 | 90 | NOTICE of Appearance by Lindsay M Murphy on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Murphy, Lindsay) (Entered: 05/21/2025) |
| 05/21/2025 | 91 | MOTION MOTION TO APPEAR REMOTELY AT HEARING, OR ALTERNATIVELY, STAY HEARING UNTIL COUNSEL IS AVAILABLE FOR IN–PERSON APPEARANCE by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Murphy, Lindsay) (Entered: 05/21/2025) |
| 05/21/2025 | 92 | Judge William G. Young: ELECTRONIC ORDER entered granting 91 MOTION TO APPEAR REMOTELY AT HEARING, OR ALTERNATIVELY, STAY HEARING UNTIL COUNSEL IS AVAILABLE FOR IN–PERSON APPEARANCE by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Counsel may appear remotely for the 5/22/2025 hearing. (KB) (Entered: 05/21/2025) |
| 05/21/2025 | 93 | NOTICE of Withdrawal of Appearance by Lindsay M Murphy (Murphy, Lindsay) (Entered: 05/21/2025) |
| 05/21/2025 | 94 | MOTION for Protective Order *and Motion to Dispense With Rule 65(a) Trial on the Merits* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 05/21/2025) |

| | | |
|---|---|---|
| 05/21/2025 | 95 | Letter/request (non–motion) from Noam Biale *re: status of discovery*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Biale, Noam) (Entered: 05/21/2025) |
| 05/22/2025 | 96 | NOTICE of Appearance by William Kanellis on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanellis, William) (Entered: 05/22/2025) |
| 05/22/2025 | 97 | Letter/request (non–motion) from Ramya Krishnan *re: Defendants' Motion for a Protective Order and Motion to Dispense with Rule 65(a) Trial on the Merits*. (Krishnan, Ramya) (Entered: 05/22/2025) |
| 05/22/2025 | 98 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Status Conference held on 5/22/2025. Court addresses how the case will proceed. Parties are not to file letters going forward. They may file the appropriate motion or opposition etc. The Court will consider all motions filed in this case as emergency motions and oppositions shall be filed within three business days. Defendants shall produce full administrative record as discussed by noon on Thursday, May 27th and the Court will review it. The Court sets a motion hearing on #94 MOTION for Protective Order and Motion to Dispense With Rule 65(a) Trial on the Merits for June 2, 2025 at 11am. Discovery will be produced related to five people named by plaintiffs in Court. Defendants will produce documents already produced in other cases by noon Thursday, May 29th. Parties discuss trial logistics. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Ramya Krishnan, Noam Biale, Michael Tremonte, Alexander Abdo, Jameel Jaffer, Scott B. Wilkens for plaintiffs and Ethan B. Kanter and William Kanellis for defendants) (KB) (Entered: 05/22/2025) |
| 05/22/2025 | 99 | ELECTRONIC NOTICE Setting Hearing on Motion 94 MOTION for Protective Order *and Motion to Dispense With Rule 65(a) Trial on the Merits*. Motion Hearing set for 6/2/2025 11:00 AM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.<br><br>For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here.<br><br>(KB) (Entered: 05/22/2025) |
| 05/22/2025 | 100 | MOTION for Leave to Appear Pro Hac Vice for admission of Courtney Gans Filing fee: $ 125, receipt number AMADC–11026223 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration of C. Gans)(Clarke, Edwina) (Entered: 05/22/2025) |
| 05/23/2025 | 101 | Judge William G. Young: ELECTRONIC ORDER entered granting 100 Motion for Leave to Appear Pro Hac Vice Added Courtney Gans.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under** |

| | | |
|---|---|---|
| | | **ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** |
| | | Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm. |
| | | A Notice of Appearance must be entered on the docket by the newly admitted attorney. |
| | | (MAP) (Entered: 05/23/2025) |
| 05/28/2025 | 102 | Transcript of Status Conference held on May 22, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 6/18/2025. Redacted Transcript Deadline set for 6/30/2025. Release of Transcript Restriction set for 8/26/2025. (DRK) (Entered: 05/28/2025) |
| 05/28/2025 | 103 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 05/28/2025) |
| 05/28/2025 | 104 | ELECTRONIC NOTICE Resetting Hearing on Motion 94 MOTION for Protective Order *and Motion to Dispense With Rule 65(a) Trial on the Merits* : At request of the parties the Motion Hearing is reset for 6/2/2025 12:00 PM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. **Note: change is to time only! Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.** For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here. **(KB) (Entered: 05/28/2025)** |
| 05/29/2025 | 105 | MOTION to Seal by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Text of Proposed Order)(Kanter, Ethan) (Entered: 05/29/2025) |
| 05/29/2025 | 106 | Certified Administrative Record by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanter, Ethan) Modified on 5/29/2025 (MAP). (Entered: 05/29/2025) |
| 05/29/2025 | 107 | Assented to MOTION Unopposed motion to file administrative record out of time re 106 Notice (Other) by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 05/29/2025) |
| 05/29/2025 | 108 | NOTICE of Appearance by Courtney Gans on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers (Gans, Courtney) (Entered: 05/29/2025) |
| 05/30/2025 | 109 | |

<div style="text-align:center; color:red; font-size:2em">JA135</div>

| | | NOTICE of Appearance by Paul F. Stone on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Stone, Paul) (Entered: 05/30/2025) |
|---|---|---|
| 05/30/2025 | 110 | NOTICE of Withdrawal of Appearance by Rayford A. Farquhar (Farquhar, Rayford) (Entered: 05/30/2025) |
| 06/02/2025 | 111 | Judge William G. Young ELECTRONIC ORDER entered: **allowed** 107 Motion Assented to MOTION Unopposed motion to file administrative record out of time (MAP) (Entered: 06/02/2025) |
| 06/02/2025 | 112 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 6/2/2025 re 94 MOTION for Protective Order *and Motion to Dispense With Rule 65(a) Trial on the Merits* filed by Kristi Noem, Department of Homeland Security, Department of State, Marco Rubio, Todd Lyons, United States of America, Donald J. Trump. Court hears from parties about whether they have agreed upon protective order. Plaintiffs agree to provisionally sealing admin record. Administrative record has been filed under seal. Court hears argument on the motion. Court denies the motion. The Court will proceed to trial on July 7th. Court to set final pretrial conference in late June. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexander Abdo, Caroline DeCell, Courtney Gains, for plaintiffs and Ethan Kanter, Shawna Yen, and William Kanellis for defendants) (KB) (Entered: 06/03/2025) |
| 06/03/2025 | 113 | ELECTRONIC NOTICE of Hearing. Final Pretrial Conference set for 6/26/2025 03:00 PM in Courtroom 18 (In person only with remote access provided) before Judge William G. Young. (KB) (Entered: 06/03/2025) |
| 06/04/2025 | 114 | MOTION for Protective Order *Barring Retaliation and Restricting Defendants' Use of Information Disclosed in the Course of Litigation* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Busch, Jackson) (Entered: 06/04/2025) |
| 06/05/2025 | 115 | Transcript of Motion Hearing held on June 2, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 6/26/2025. Redacted Transcript Deadline set for 7/7/2025. Release of Transcript Restriction set for 9/3/2025. (DRK) (Entered: 06/05/2025) |
| 06/05/2025 | 116 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 06/05/2025) |
| 06/07/2025 | 117 | MOTION for Protective Order *To Preclude Discovery That Contradicts Limitations Set By The Court* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Kanellis, William) (Entered: 06/07/2025) |
| 06/09/2025 | 118 | Opposition re 117 MOTION for Protective Order *To Preclude Discovery That Contradicts Limitations Set By The Court* filed by American Association of University Professors, American Association of University Professors at New York University, American |

| | | |
|---|---|---|
| | | Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration of S. Wilkens, # 2 Exhibit A to Declaration of S. Wilkens)(Wilkens, Scott) (Entered: 06/09/2025) |
| 06/09/2025 | 119 | RESPONSE to Motion re 114 MOTION for Protective Order *Barring Retaliation and Restricting Defendants' Use of Information Disclosed in the Course of Litigation* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Kanter, Ethan) (Entered: 06/09/2025) |
| 06/10/2025 | 120 | MOTION for Leave to File by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Additional attachment(s) added on 6/10/2025: # 1 Exhibit A) (MAP). (Main Document 120 replaced on 6/10/2025) (MAP). (Entered: 06/10/2025) |
| 06/10/2025 | 121 | MOTION for Leave to Appear Pro Hac Vice for admission of Alexandra Conlon Filing fee: $ 125, receipt number AMADC–11059277 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration of A. Conlon)(Clarke, Edwina) (Entered: 06/10/2025) |
| 06/10/2025 | 122 | Judge William G. Young: ELECTRONIC ORDER entered granting 121 Motion for Leave to Appear Pro Hac Vice Added Alexandra Conlon.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 06/10/2025) |
| 06/10/2025 | 123 | MOTION for Leave to File *Reply* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 [Proposed] Reply)(Busch, Jackson) (Entered: 06/10/2025) |
| 06/10/2025 | 124 | Judge William G. Young ELECTRONIC ORDER entered: 114 MOTION for Protective Order Barring Retaliation and Restricting Defendants' Use of Information Disclosed in the Course of Litigation.<br><br>**No noncitizen providing evidence shall, by reason thereof, suffer any adjustment in their immigration status.**<br><br>(MAP) (Entered: 06/10/2025) |

<div align="center">

JA137

</div>

| 06/10/2025 | 125 | Judge William G. YoungELECTRONIC ORDER entered: 117 MOTION for Protective Order To Preclude Discovery That Contradicts Limitations Set By The Court. <br><br> **The defendant's misquote the plaintiffs' discovery requests in seeking a protective order. The plaintiffs nowhere seek governmental deliberations. Nevertheless, the plaintiffs' requests are overbroad in that they seek data on 9 specific individuals. Request for production 1 is limited to the 5 individuals named in the recent hearing and the word "concerning" is substituted for the phrase "related to." In all other respects the motion for a protective order is DENIED.** <br><br> (MAP) (Entered: 06/10/2025) |
| --- | --- | --- |
| 06/10/2025 | 126 | Joint MOTION Enter Stipulation and Proposed Order Regarding Statements of Government Officials by American Association of University Professors, Middle East Studies Association. (Attachments: # 1 Text of Proposed Order, # 2 Appendix Certificate of Service)(Biale, Noam) (Entered: 06/10/2025) |
| 06/10/2025 | 127 | NOTICE of Appearance by Victoria M Santora on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Santora, Victoria) (Entered: 06/10/2025) |
| 06/11/2025 | 128 | MOTION for Protective Order *for the Production of Documents and Exchange of Confidential Information* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit A)(Wilkens, Scott) (Entered: 06/11/2025) |
| 06/11/2025 | 129 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 123 MOTION for Leave to File Reply ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (MAP) (Entered: 06/11/2025) |
| 06/11/2025 | 130 | Judge William G. Young ORDER entered: STIPULATION AND ORDER.(MAP) (Entered: 06/11/2025) |
| 06/11/2025 | 131 | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanter, Ethan) (Entered: 06/11/2025) |
| 06/11/2025 | 132 | REPLY to Response to 114 MOTION for Protective Order *Barring Retaliation and Restricting Defendants' Use of Information Disclosed in the Course of Litigation* filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Busch, Jackson) (Entered: 06/11/2025) |
| 06/11/2025 | 133 | Joint MOTION for Order by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Text of Proposed Order)(Kanter, Ethan) (Entered: 06/11/2025) |
| 06/11/2025 | 134 | NOTICE of Appearance by Alexandra Conlon on behalf of American Association of University Professors, American Association of University Professors at New York |

<div align="center">

**JA138**

</div>

| | | University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers (Conlon, Alexandra) (Entered: 06/11/2025) |
|---|---|---|
| 06/11/2025 | 135 | RESPONSE to Motion re 128 MOTION for Protective Order *for the Production of Documents and Exchange of Confidential Information* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Kanter, Ethan) (Additional attachment(s) added on 6/12/2025: # 1 Exhibit A, # 2 Exhibit B) (MAP). (Main Document 135 replaced on 6/12/2025) (MAP). (Entered: 06/11/2025) |
| 06/15/2025 | 136 | MOTION to Compel *Identity of Plaintiffs' Witnesses* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Kanellis, William) (Entered: 06/15/2025) |
| 06/16/2025 | 137 | Assented to MOTION for Protective Order by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 06/16/2025) |
| 06/16/2025 | 138 | Opposition re 136 MOTION to Compel *Identity of Plaintiffs' Witnesses* filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Declaration of N. Biale, # 2 Exhibit A to Declaration, # 3 Exhibit B to Declaration)(Abdo, Alexander) (Entered: 06/16/2025) |
| 06/17/2025 | 139 | Judge William G. Young: ELECTRONIC ORDER entered 136 MOTION to Compel Identity of Plaintiffs' Witnesses.<br><br>**Allowed. The Court has already entered a protective order to guard those giving testimony from retribution.**<br><br>(MAP) (Entered: 06/17/2025) |
| 06/17/2025 | 140 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 137 Assented to MOTION for Protective Order. (MAP) (Entered: 06/17/2025) |
| 06/18/2025 | 141 | Joint MOTION to Adjourn Deadline for Joint Pretrial Memorandum by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers.(Biale, Noam) (Entered: 06/18/2025) |
| 06/18/2025 | 142 | Judge William G. Young: ELECTRONIC ORDER entered granting 141 Joint MOTION to Adjourn Deadline for Joint Pretrial Memorandum by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers.Joint Pretrial Memorandum due June 25, 2025. (KB) (Entered: 06/18/2025) |
| 06/18/2025 | 143 | Assented to MOTION for Protective Order by American Association of University Professors, American Association of University Professors at New York University, |

| | | |
|---|---|---|
| | | American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Nevins, Talya) (Entered: 06/18/2025) |
| 06/18/2025 | 144 | Assented to MOTION to Seal Document *Motion to Compel Answers to Plaintiffs Interrogatories, the Production of Documents, and the Production of Information Improperly Withheld as Privileged* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Text of Proposed Order)(Wilkens, Scott) (Entered: 06/18/2025) |
| 06/19/2025 | 145 | Amended MOTION for Protective Order by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Nevins, Talya) (Entered: 06/19/2025) |
| 06/23/2025 | 146 | ELECTRONIC NOTICE OF RESCHEDULING: Final Pretrial Conference reset for 6/26/2025 11:30 AM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. **Note: change is to time only!** Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.<br><br>For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here.<br><br>(KB) (Entered: 06/23/2025) |
| 06/23/2025 | 147 | Judge William G. Young: ORDER entered. PROTECTIVE ORDER for the Production of Documents and Exchange of Confidential Information. (MAP) (Entered: 06/23/2025) |
| 06/23/2025 | 148 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 145 Amended MOTION for Protective Order (MAP) (Entered: 06/23/2025) |
| 06/23/2025 | 149 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 144 Assented to MOTION to Seal Document Motion to Compel Answers to Plaintiffs Interrogatories, the Production of Documents, and the Production of Information Improperly Withheld as Privileged. (MAP) (Entered: 06/23/2025) |
| 06/23/2025 | 150 | NOTICE of Appearance by Jessica Danielle Strokus on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Strokus, Jessica) (Entered: 06/23/2025) |
| 06/23/2025 | 151 | Judge William G. Young: ORDER entered granting 133 Joint MOTION for Order by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (KB) (Entered: 06/23/2025) |
| 06/23/2025 | 152 | MOTION for Reconsideration by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America, University of California Los Angeles Faculty Association.(Kanter, Ethan) (Entered: 06/23/2025) |

| | | |
|---|---|---|
| 06/24/2025 | 153 | MOTION to Compel (FILED UNDER SEAL) by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit A, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit B)(MAP) (Entered: 06/24/2025) |
| 06/24/2025 | 154 | MOTION in Limine to Preclude Introduction of Evidence Involving Factual Disputes that Should Be Resolved in the Identified Noncitizens' Litigation ( Responses due by 7/8/2025) by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A–F)(Kanter, Ethan) **Modified on 6/25/2025 to Correct Docket Text and CM/ECF Filing Event** (MAP). (Entered: 06/24/2025) |
| 06/24/2025 | 155 | MOTION to Compel *Complete Answers to Plaintiffs Interrogatories, Production of Documents, and Disclosure of Information Improperly Withheld as Privileged* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit A (Decl. of Scott Wilkens), # 2 Exhibit 1 (to Decl. of Scott Wilkens), # 3 Exhibit 2 (to Decl. of Scott Wilkens), # 4 Exhibit 3 (to Decl. of Scott Wilkens), # 5 Exhibit 4 (to Decl. of Scott Wilkens), # 6 Exhibit 5 (to Decl. of Scott Wilkens), # 7 Exhibit 6 (to Decl. of Scott Wilkens), # 8 Exhibit 7 (to Decl. of Scott Wilkens), # 9 Exhibit 8 (to Decl. of Scott Wilkens), # 10 Exhibit 9 (to Decl. of Scott Wilkens), # 11 Exhibit 10 (to Decl. of Scott Wilkens), # 12 Exhibit B)(Wilkens, Scott) (Entered: 06/24/2025) |
| 06/25/2025 | 156 | RESPONSE to Motion re 152 MOTION for Reconsideration filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit A)(Wilkens, Scott) (Entered: 06/25/2025) |
| 06/25/2025 | 157 | MOTION to Permit Remote Testimony by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration of N. Biale, # 2 Exhibit A to Declaration, # 3 Exhibit B to Declaration, # 4 Exhibit C to Declaration)(Biale, Noam) (Entered: 06/25/2025) |
| 06/25/2025 | 158 | NOTICE of Appearance by Nancy Safavi on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Safavi, Nancy) (Entered: 06/25/2025) |
| 06/25/2025 | 159 | RESPONSE to Motion re 154 MOTION in Limine to Preclude Introduction of Evidence Involving Factual Disputes that Should Be Resolved in the Identified Noncitizens' Litigation filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Abdo, Alexander) (Entered: 06/25/2025) |

<div align="center">

# JA141

</div>

| 06/25/2025 | 160 | PRETRIAL MEMORANDUM by AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, AAUP Princeton, Berkeley Faculty Association, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Commonwealth of Massachusetts, Concerned Stanford Faculty, Council of UC Faculty Associations, Dartmouth College Chapter of the AAUP, Davis Faculty Association, Del Mar College Chapter of the AAUP–AFT, Department of Homeland Security, Department of State, Irvine Faculty Association, John Hopkins University Chapter of the AAUP, Todd Lyons, Massachusetts Institute of Technology Chapter of the AAUP, Kristi Noem, Northwestern University Chapter of the AAUP, Rice University Advocacy Chapter of the AAUP, Riverside Faculty Association, Marco Rubio, San Diego Faculty Association, Santa Cruz Faculty Association, The Presidents Alliance on Higher Education and Immigration, Donald J. Trump, Tufts University Chapter of the AAUP, UC Merced Faculty Association, UC Santa Barbara Faculty Association, UCSF Faculty Association, United States of America, University CouncilAmerican Federation of Teachers Local 1474, University of California Los Angeles Faculty Association, University of Dallas Chapter of the AAUP, University of Houston Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Wesleyan University Chapter of the AAUP, Yale University Chapter of the AAUP. (Kanter, Ethan) (Entered: 06/25/2025) |
|---|---|---|
| 06/25/2025 | 161 | MOTION to Correct 160 Pretrial Memorandum,,,,, by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 06/25/2025) |
| 06/25/2025 | 162 | Plaintiffs' ADDENDUM (FILED UNDER SEAL) to 153 MOTION to Compel by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit A)(MAP) (Entered: 06/25/2025) |
| 06/26/2025 | 163 | ADDENDUM re 155 MOTION to Compel *Complete Answers to Plaintiffs Interrogatories, Production of Documents, and Disclosure of Information Improperly Withheld as Privileged* filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit A)(Wilkens, Scott) (Entered: 06/26/2025) |
| 06/26/2025 | 164 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Final Pretrial Conference held on 6/26/2025. Bench trial to commence Monday, July 7, 2025 and is expected to last nine days (The Court will not sit July 16th). The Court will sit 9:00am–1:00pm. The Court reviews joint pretrial memo with counsel and goes over trial procedures. 15 minutes per side for openings and 30 minutes per side for closings. A joint exhibit list to be prepared marking any agreed to exhibits with numbers (one joint list, not a plaintiff's exhibit list and defendant's exhibit list) and any objected to exhibits to be marked with letters (A–Z, AA, AB, AC, etc.). Court addresses parties regarding video exhibits and depositions. Parties shall submit proposed findings and rulings before the close of trial. The Court makes rulings on motions as stated on the record. The Court allows # 157 Motion to Permit Remote Testimony in part as to the one witness for plaintiffs and one witness for defendants as stated in Court. Parties to confer about anonymization. If the case were to settle counsel shall notify the Clerk. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Noam Biale, Ramya Krishnan, Scott Wilkens, Michael Tremonte, Alexander Abdo, Courtney Gans for the plaintiffs and William Kanellis, |

| | | Victoria Santora and Jessica Danielle Strokus for defendants) (KB) (Entered: 06/26/2025) |
|---|---|---|
| 06/27/2025 | 165 | Transcript of Final Pretrial held on June 26, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 7/18/2025. Redacted Transcript Deadline set for 7/28/2025. Release of Transcript Restriction set for 9/25/2025. (DRK) (Entered: 06/27/2025) |
| 06/27/2025 | 166 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 06/27/2025) |
| 06/27/2025 | 167 | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanter, Ethan) (Entered: 06/27/2025) |
| 06/27/2025 | 168 | Assented to MOTION to Seal by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 06/27/2025) |
| 06/27/2025 | 169 | MOTION to Seal Document by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Text of Proposed Order)(Krishnan, Ramya) (Entered: 06/27/2025) |
| 06/27/2025 | 170 | Opposition re 155 MOTION to Compel *Complete Answers to Plaintiffs Interrogatories, Production of Documents, and Disclosure of Information Improperly Withheld as Privileged*, 153 MOTION to Compel filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Kanter, Ethan) (Entered: 06/27/2025) |
| 06/27/2025 | 171 | MOTION for Leave to File *Defendant's Response to (153) Plaintiffs' motion to compel* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 06/27/2025) |
| 06/30/2025 | 172 | Second MOTION to Compel by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Additional attachment(s) added on 6/30/2025: # 1 Exhibit A) (MAP). (Main Document 172 replaced on 6/30/2025) (MAP). (Entered: 06/30/2025) |
| 06/30/2025 | 173 | Joint MOTION for Order to To Enter Revised Protective Order Covering Exchange of Confidential Information by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Additional attachment(s) added on 6/30/2025: # 1 Proposed Protective Order, # 2 Exhibit A) (MAP). (Main Document 173 replaced on 6/30/2025) (MAP). (Entered: 06/30/2025) |
| 06/30/2025 | 174 | Judge William G. Young: ORDER entered (KB) (Entered: 06/30/2025) |
| 06/30/2025 | 175 | RESPONSE to Motion re 172 Second MOTION to Compel filed by American Association of University Professors, American Association of University Professors at New York |

| | | University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Biale, Noam) (Entered: 06/30/2025) |
|---|---|---|
| 07/01/2025 | 176 | Judge William G. Young: ELECTRONIC ORDER entered re 172 Second MOTION to Compel by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Motion denied in light of plaintiffs' representations re providing discovery. Any inadequacy may be addressed and remedied at trial. (KB) (Entered: 07/01/2025) |
| 07/01/2025 | 177 | Judge William G. Young: ORDER entered. ADDENDUM to the PRETRIAL ORDER. (KB) (Entered: 07/01/2025) |
| 07/01/2025 | 178 | Judge William G. Young: AMENDED PROTECTIVE ORDER entered granting 173 Joint MOTION for Order to To Enter Revised Protective Order Covering Exchange of Confidential Information by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (KB) (Entered: 07/01/2025) |
| 07/01/2025 | 179 | TRIAL BRIEF *of Plaintiffs* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibits)(Krishnan, Ramya) (Entered: 07/01/2025) |
| 07/02/2025 | 180 | MOTION to Compel *Deposition of Nadje Al–Ali* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A)(Kanellis, William) (Entered: 07/02/2025) |
| 07/02/2025 | 181 | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America Submission for In Camera Ex Parte Review (Kanter, Ethan) (Entered: 07/02/2025) |
| 07/02/2025 | 182 | RESPONSE to Motion re 180 MOTION to Compel *Deposition of Nadje Al–Ali* filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit A)(Biale, Noam) (Entered: 07/02/2025) |
| 07/03/2025 | 183 | Judge William G. Young: ELECTRONIC ORDER entered 180 MOTION to Compel Deposition of Nadje Al–Ali.<br><br>**Denied. The defendants have waived their right to depose this witness.**<br><br>(MAP) (Entered: 07/03/2025) |
| 07/07/2025 | 184 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day 1 held on 7/7/2025. Parties make opening statements. Court issues sequestration order regarding witnesses. Plaintiffs call Megan Hyska. Witness sworn. Direct by plaintiffs. Cross by defendants. Re–direct. Witness steps down. Plaintiffs call Nadje Al–Ali. Witness sworn. Direct by plaintiffs. Exhibits moved into evidence: 65, 66, 67, 68, 69. Exhibit I marked for identification only. Trial to resume 7/8/2025 at 9:00 AM. Court resumes in afternoon. Government submitted documents for in camera review. Court discusses limits of law enforcement privilege and its view on what documents it would consider to be privileged. By |

| | | |
|---|---|---|
| | | Friday, July 11th at noon the defendants shall submit a detailed privilege log. The amended protective order is allowed. After discussing with the parties, the Court finds as moot # 169 Plaintiff's Motion to Seal the Pretrial Brief. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Noem Biale, Alexander Abdo, Alexandra Conlon, Ramya Krishnan, Michal Tremonte, Courtney Gans, Scott Wilkens for plaintiffs and Jessica Strokus, William Kanellis, Victoria Santora, Ethan Kanter for defendants ) (KB) (Entered: 07/07/2025) |
| 07/07/2025 | 185 | NOTICE of Withdrawal of Appearance by Shawna Yen (Yen, Shawna) (Entered: 07/07/2025) |
| 07/07/2025 | 186 | TRIAL BRIEF *of Plaintiffs* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibits 1–7, # 2 Exhibits 8–20)(Krishnan, Ramya) (Entered: 07/07/2025) |
| 07/07/2025 | 187 | ELECTRONIC NOTICE issued requesting PAPER courtesy copy for 186 Trial Brief,. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office Attention Matthew Paine – Docket Clerk – Judge Young. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (MAP) (Entered: 07/07/2025) |
| 07/08/2025 | 188 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Two held on 7/8/2025. Parties have submitted joint exhibit list (Exhibits 1–222). Court has all numbered exhibits. Plaintiffs recall Nadje Al–Ali. Court reminds witness she remains under oath. Direct testimony continues. Cross by defendants. Witness steps down. Plaintiffs call Michael Mathis. Witness sworn. Direct by plaintiffs. Cross by defendants. Witness steps down. Plaintiffs call Bernhard Nickel. Witness sworn. Direct by plaintiffs. Cross by defendants. Re–direct. Witness steps down. Plaintiffs call Sara Johnson. Witness sworn. Direct by plaintiffs. Witness steps down. Plaintiffs call Nadia Abu El–Haj. Witness sworn. Direct by plaintiffs. Trial to resume 7/9/2025 at 9:00AM. Exhibits admitted into evidence: 223, 224, 225, 226, 227. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Noem Biale, Alexander Abdo, Alexandra Conlon, Ramya Krishnan, Michal Tremonte, Courtney Gans, Scott Wilkens, Xiangnong Wang for plaintiffs and William Kanellis, Victoria Santora, Ethan Kanter for defendants)(KB) Modified on 7/9/2025 (KB). (Entered: 07/08/2025) |
| 07/08/2025 | 189 | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America *DEFENDANTS OBJECTIONS TO DISCLOSURE OF, AND ASSERTIONS OF PRIVILEGE OVER, SUBSET OF IN CAMERA DOCUMENTS IDENTIFIED BY THE COURT ON JULY 8, 2025* (Kanter, Ethan) (Entered: 07/08/2025) |
| 07/08/2025 | 190 | Second MOTION for Reconsideration re 184 Bench Trial – Begun,,,,, *order that privilege is waived* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit Notice of Sealed Submission, # 2 Exhibit Armstrong Delib Proc Declaration, # 3 Exhibit Armstrong Law Enf Priv Declaration, # 4 Exhibit Lowkowski Presidential Priv Declaration, # 5 Exhibit Privilege log)(Kanter, Ethan) (Entered: 07/08/2025) |
| 07/08/2025 | 191 | MOTION to Compel *Deposition of DSAC McCormack* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, |

| | | |
|---|---|---|
| | | Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration of N. Biale, # 2 Exhibit A to Declaration, # 3 Exhibit B to Declaration, # 4 Exhibit C to Declaration, # 5 Exhibit D to Declaration)(Biale, Noam) (Entered: 07/08/2025) |
| 07/09/2025 | 192 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Three held on 7/9/2025. Plaintiffs recall Nadia Abu El–Haj. Witness is reminded she remains under oath. Continued direct testimony. Cross by defendants. Witness steps down. Plaintiffs call Peter Hatch. Witness sworn. Direct by plaintiffs. Court hears argument on # 190 Defendants' Motion to Partially Reconsider the Court's Order. The Court reconsiders its order as to email addresses and phone numbers. The Court orders defendants to produce the subset of documents to plaintiffs by 5pm 7/9/2025 with redactions to cell phone numbers and email addresses. The documents are subject to claw back, are for Attorney's eyes only and are for use in this litigation only. Defendants make an oral motion to stay the order. The Court allows the oral motion to stay until 9:00AM on 7/10/2025. Parties address # 191 Motion to Compel Deposition. Court denies motion. Parties to work out issues relating to the deposition. Direct examination of Peter Hatch continues. Trial to resume 9:00 AM 7/10/2025. Exhibits admitted in evidence: 228, 229, 230, 231 (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Noem Biale, Alexandra Conlon, Ramya Krishnan, Courtney Gans, Xiangnong Wang, Scott B. Wilkens for plaintiffs and Jessica Strokus, William Kanellis, Victoria Santora, Ethan Kanter for defendants ) (KB) (Entered: 07/09/2025) |
| 07/09/2025 | 193 | First MOTION for Clarification re 192 Order on Motion for Reconsideration,,,,,, Order on Motion to Compel,,,,,, Bench Trial – Held,,,,, *of Court's order concerning Defendants' motion to reconsider* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A)(Kanter, Ethan) (Entered: 07/09/2025) |
| 07/10/2025 | 194 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Four held on 7/10/2025. Court addresses 193 Motion to Clarify July 9 Bench Ruling. Defendants will submit privilege log by Friday 7/11/25 at noon for the Court's review. Defendants confirm all documents in the subset have been turned over to plaintiffs per the Court order. Court will provide copies of ROA's to plaintiffs. Plaintiffs recall Peter Hatch. Court reminds the defendant he remains under oath. Continued direct by plaintiffs. Cross by defendants. Re–direct. Witness steps down. Plaintiffs call Amy Greer. Witness sworn. Direct by plaintiffs. Cross by defendants. Witness steps down. Plaintiffs will call witnesses next week and informs the Court of the schedule for witness testimony. Plaintiffs rest. Court has sidebar with counsel. Trial to resume 9:00 AM 7/11/2025. Exhibits admitted into evidence: 232, 233, 234, 235, 236, 237 (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)Attorneys present: Noem Biale, Alexandra Conlon, Ramya Krishnan, Scott B. Wilkens, Michael Tremonte, for plaintiffs and William Kanellis, Victoria Santora, Ethan Kanter for defendants ) (KB) (Entered: 07/10/2025) |
| 07/11/2025 | 195 | MOTION to Compel *and to Direct Defendants to Accept Service of Process* by American Association of University Professors, Middle East Studies Association.(Biale, Noam) (Entered: 07/11/2025) |
| 07/11/2025 | 196 | NOTICE by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America *NOTICE OF PRIVILEGE LOG FILING IN RESPONSE TO JULY 7, 2025 BENCH ORDER* (Kanter, Ethan) (Entered: 07/11/2025) |
| 07/11/2025 | 197 | |

| | | |
|---|---|---|
| | | Assented to MOTION for Leave to File *Unredacted Privilege Log Under Seal* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 07/11/2025) |
| 07/11/2025 | 198 | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America In camera submission of documents with proposed privilege redactions re 196 Notice (Other) (Kanter, Ethan) (Entered: 07/11/2025) |
| 07/11/2025 | 199 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Five held on 7/11/2025. Court addresses privileged documents. Defendants call Maureen Smith. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Defendants call John Armstrong. Witness sworn. Direct by defendants. Cross by plaintiffs. Trial to resume 7/14/2025 at 9:00am. Exhibits admitted in evidence: 238, 239. Court permits exhibits HM and HN to be received as chalks. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)Attorneys present: Noem Biale, Alexandra Conlon, Ramya Krishnan, Scott B. Wilkens, Michael Tremonte, for plaintiffs and William Kanellis, Victoria Santora, Ethan Kanter and Jessica Strokus for defendants (KB) (Entered: 07/11/2025) |
| 07/11/2025 | 200 | Judge William G. Young: ELECTRONIC ORDER entered. In view of the stay entered by the Court of Appeals, we cannot continue the cross examination of Mr. Armstrong. Accordingly, the parties shall promptly inform the Clerk whether, 1) they will fill Monday with other evidence, or 2) they'd rather skip Monday (no trial time charged) and resume on Tuesday, coming back to Mr. Armstrong at some future date once the Court of Appeals has acted. (KB) (Entered: 07/11/2025) |
| 07/12/2025 | 201 | NOTICE : Bench Trial to continue Monday, July 14, 2025 at 9:00 AM. (KB) (Entered: 07/12/2025) |
| 07/13/2025 | 202 | MOTION Additional Trial Time by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Biale, Noam) (Entered: 07/13/2025) |
| 07/14/2025 | 203 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Six held on 7/14/2025. Plaintiffs withdraw request to call Jeff Reger. Parties and the Court discuss post–trial briefs. The Court is amenable to extend the 7/18/25 deadline for filings. Parties inform the Court of the schedule for the remaining witnesses. Defendants plan to introduce deposition testimony of a witness. Plaintiffs may submit on the deposition what they think is inadmissible for the Courts review. Court addresses privileged documents and rulings. Court is in receipt of defendants detailed privilege log for review. The Court denies # 202 Motion for additional trial time. Court takes the invitation of the Court of Appeals to address the Writ of Mandamus on the record. The transcript of this hearing and a copy of the chalk H–N will be transmitted to the Court of Appeals. Trial to resume 7/15/2025 at 9:00am. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexander Abdo, Alexandra Conlon, Ramya Krishnan, Scott B. Wilkens, Michael Tremonte, for plaintiffs and William Kanellis, Ethan Kanter and Jessica Strokus for defendants (KB) (Entered: 07/14/2025) |
| 07/14/2025 | 204 | MOTION to Seal Document *Proposal for How to Proceed in Light of the First Circuits Order* by American Association of University Professors, American Association of University Professors at New York University, American Association of University |

<div align="center">

JA147

</div>

| | | Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Krishnan, Ramya) (Entered: 07/14/2025) |
|---|---|---|
| 07/14/2025 | 205 | MOTION in Limine *to Exclude Defendants' Proposed Summary Exhibits Under Federal Rule of Evidence 1006* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Wilkens, Scott) (Entered: 07/14/2025) |
| 07/14/2025 | 206 | Judge William G. Young:<br><br>TRANSMITTAL TO THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT<br><br>(Attachments: (1) Excerpt, (2) Transcript, (3) Exhibit HN)<br><br>(Sonnenberg, Elizabeth)<br><br>(Entered: 07/15/2025) |
| 07/15/2025 | 207 | Supplemental Record on Appeal transmitted to US Court of Appeals re Petition for Mandamus. Documents included: ECF No. 206 (MAP) (Entered: 07/15/2025) |
| 07/15/2025 | 208 | Judge William G. Young: ELECTRONIC ORDER entered granting 204 Motion to Seal Document Proposal for How to Proceed in Light of the First Circuits Order by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (KB) (Entered: 07/15/2025) |
| 07/15/2025 | 209 | SEALED Plaintiffs' Proposal for How to Proceed in Light of the First Circuit's Order filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit A)(KB) (Entered: 07/15/2025) |
| 07/15/2025 | 210 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Seven held on 7/15/2025. Defendants call William Crogan. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Defendants call Patrick Cunningham. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Defendants call Darren McCormack. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Defendants call Christopher Heck. Plaintiffs move to preclude testimony. Court allows witness to testify. Witness sworn. Direct by defendants. Witness steps down. Court will allow each side 45 minutes for closings. Court and the parties discuss post–trial briefs. Trial to resume Thursday 7/17/2025 at 9:00 AM. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexandra Conlon, Ramya Krishnan, Scott B. Wilkens, Michael Tremonte, Courtney Gans, for plaintiffs and William Kanellis, Ethan Kanter, Nancy Safavi, Jessica Strokus, Victoria Santora for defendants ) (KB) (Entered: 07/16/2025) |
| 07/16/2025 | 211 | |

| | | |
|---|---|---|
| | | MOTION to Compel *Additional Documents* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Biale, Noam) (Entered: 07/16/2025) |
| 07/16/2025 | 212 | MOTION for Leave to Appear Pro Hac Vice for admission of Stephany Kim Filing fee: $ 125, receipt number AMADC–11126007 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 07/16/2025) |
| 07/16/2025 | 213 | Judge William G. Young: ELECTRONIC ORDER entered granting 212 Motion for Leave to Appear Pro Hac Vice Added Stephany Kim.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 07/16/2025) |
| 07/16/2025 | 214 | MOTION to Compel *or for an Adverse Inference* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit 1)(Krishnan, Ramya) (Additional attachment(s) added on 7/16/2025: # 2 SEALED) (MAP). (Entered: 07/16/2025) |
| 07/16/2025 | 215 | MOTION to Seal Document *to Motion to Compel or for an Adverse Inference* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Krishnan, Ramya) (Entered: 07/16/2025) |
| 07/16/2025 | 217 | Redacted version of # 209 SEALED Plaintiffs' Proposal for How to Proceed in Light of the First Circuit's Order filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (KB) (Entered: 07/17/2025) |
| 07/17/2025 | 216 | Opposition re 205 MOTION in Limine *to Exclude Defendants' Proposed Summary Exhibits Under Federal Rule of Evidence 1006* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Kanter, Ethan) (Entered: 07/17/2025) |

# JA149

| 07/17/2025 | 218 | Judge William G. Young: ELECTRONIC ORDER entered granting in part and denying in part 205 MOTION in Limine to Exclude Defendants' Proposed Summary Exhibits Under Federal Rule of Evidence 1006 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (KB) (Entered: 07/17/2025) |
|---|---|---|
| 07/17/2025 | 219 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Eight held on 7/17/2025. Defendants call Mohamed Maklad. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Defendants call Andre Watson. Court hears from parties regarding Mr. Watson's testimony and the Court of Appeals stay. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Court issues rulings on motions: # 214 Motion to Compel is denied. # 215 Motion To Seal is allowed. # 211 Motion to Compel, the Court finds the documents requested are in the scope of the Court of Appeals stay and does not rule on it at this time. Court gives indicative ruling on the motion. Court hears parties on cross of witness Armstrong. Trial to resume 7/18/2025 at 9:00 AM. Final arguments will be held Monday 7/21/2025 at 10:00 AM. Parties to file proposed Findings of Fact and Rulings by Monday August 4, 2025. Exhibits admitted into evidence: 240, 241, 242, 243, 244, 245, 246. Exhibit HO received as a chalk. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexandra Conlon, Ramya Krishnan, Noam Biale, Scott Wilkens, Tayla Nevins, for plaintiffs and William Kanellis, Ethan Kanter, Jessica Strokus, for defendants ) (KB) (Entered: 07/17/2025) |
| 07/18/2025 | 220 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Nine held on 7/18/2025. Cross of John Armstrong continues. Court reminds the witness he remains under oath. Witness steps down. Plaintiffs call Venna Dubal. Witness sworn. Direct by plaintiffs. Cross by defendants. Witness steps down. Trial to resume at 9:00 AM Monday, July 21st. The parties will first address deposition designations and then final arguments will be heard. Exhibits admitted into evidence: 247,248, 249, 250. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexandra Conlon, Ramya Krishnan, Noam Biale, Xiangnong Wang, Tayla Nevins, for plaintiffs and William Kanellis, Ethan Kanter, Jessica Strokus, and Victoria Santora for defendants )(KB) (Entered: 07/18/2025) |
| 07/18/2025 | 221 | TRIAL BRIEF *Supplemental* by All Plaintiffs. (Krishnan, Ramya) (Entered: 07/18/2025) |
| 07/18/2025 | 223 | ORDER of USCA on Petition for Mandamus (25–1658): The Petition for Writ of Mandamus is DENIED. The stay previously issued by the Court is VACATED. (MAP) (Entered: 07/20/2025) |
| 07/19/2025 | 222 | NOTICE of Appearance by Stephany Kim on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers (Kim, Stephany) (Entered: 07/19/2025) |
| 07/20/2025 | 224 | RESPONSE to Motion re 214 MOTION to Compel *or for an Adverse Inference* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, The Presidents Alliance on Higher Education and Immigration, United States of America. (Murphy, Lindsay) (Entered: 07/20/2025) |
| 07/21/2025 | 225 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial completed on 7/21/2025. Deposition designations submitted to the Court. ( Andre Watson, |

| | | John Armstrong, Andrew Veprek, Stuart Wilson, Brian Shure (also Counter– Designation for Brian Shure submitted) Defendants do not object to the deposition designations of Andre Watson and John Armstrong. Record will include designations of Andre Watson and John Armstrong. Court hears argument as to the remaining deposition designations. Court takes the matter under advisement. Plaintiffs rest. Defendants rest. Parties make final arguments. Parties to file proposed Findings of Fact and Rulings by Monday August 4, 2025.(Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexander Abdo, Alexandra Conlon, Ramya Krishnan, Jameel Jaffer, Courtney Gans, Scott Wilkens for the plaintiffs and Ethan Kanter, Jessica Strokus, and William Kanellis for the defendants. ) (KB) (Entered: 07/21/2025) |
|---|---|---|
| 07/21/2025 | 226 | NOTICE by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America re 225 Bench Trial – Completed,,, *of Opposition to Plaintiffs' Request to Admit Deposition Testimony of Andrew Veprek and Stuart Wilson under Rule 32(a)(3)* (Kanter, Ethan) (Entered: 07/21/2025) |
| 07/22/2025 | 227 | Response by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers to 226 Notice (Other), *(in support of deposition transcript designations for two State Department officials).* (Wilkens, Scott) (Entered: 07/22/2025) |
| 07/28/2025 | 228 | MOTION for Leave to File *Surreply In Opposition to Plaintiffs' Motion to Designate Deposition Transcripts* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A – Surreply In Opposition to Plaintiffs' Motion to Designate Deposition Transcripts)(Kanter, Ethan) (Entered: 07/28/2025) |
| 07/29/2025 | 229 | Judge William G. Young: ELECTRONIC ORDER entered granting 228 MOTION for Leave to File Surreply ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (MAP) (Entered: 07/29/2025) |
| 07/29/2025 | 230 | *Surreply (Leave to File Granted July 29, 2025)* Response by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America to 227 Response, 226 Notice (Other), *Surreply in Opposition to Plaintiffs' Motion to Designate Deposition Transcripts.* (Kanter, Ethan) (Entered: 07/29/2025) |
| 08/04/2025 | 231 | Transcript of Bench Trial Day 1 – Volume 1 held on July 7, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 232 | Transcript of Bench Trial Day 1 – Volume 2 held on July 7, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |

| 08/04/2025 | 233 | Transcript of Bench Trial Day 1 – Volume 3 held on July 7, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
|---|---|---|
| 08/04/2025 | 234 | Transcript of Bench Trial Day 2 – Volume 1 held on July 8, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 235 | Transcript of Bench Trial Day 2 – Volume 2 held on July 8, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 236 | Transcript of Bench Trial Day 3 – Volume 1 held on July 9, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 237 | Transcript of Bench Trial Day 3 – Volume 2 held on July 9, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 238 | Transcript of Bench Trial Day 4 – Volume 1 held on July 10, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 239 | Transcript of Bench Trial Day 4 – Volume 2 held on July 10, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 240 | Transcript of Bench Trial Day 5 – Volume 1 held on July 11, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for |

JA152

| | | 11/3/2025. (DRK) (Entered: 08/04/2025) |
|---|---|---|
| 08/04/2025 | 241 | Transcript of Bench Trial Day 5 – Volume 2 held on July 11, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 242 | Transcript of Bench Trial Day 6 held on July 14, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 243 | Transcript of Bench Trial Day 7 – Volume 1 held on July 15, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 244 | Transcript of Bench Trial Day 7 – Volume 2 held on July 15, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 245 | Transcript of Bench Trial Day 7 held on July 17, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 246 | Transcript of Bench Trial Day 9 – Volume 1 held on July 18, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 247 | Transcript of Bench Trial Day 9 – Volume 2 held on July 18, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 248 | Transcript of Bench Trial held on July 21, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted |

| | | Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
|---|---|---|
| 08/04/2025 | 249 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 250 | Assented to MOTION to Seal Document *Plaintiffs Proposed Findings of Fact and Requested Rulings of Law* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Text of Proposed Order Text of Proposed Order)(Krishnan, Ramya) (Entered: 08/04/2025) |
| 08/04/2025 | 251 | MOTION to Seal by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 08/04/2025) |
| 08/04/2025 | 252 | SEALED Proposed Findings of Fact and Requested Rulings of Law by All Plaintiffs. (KB) (Entered: 08/05/2025) |
| 08/04/2025 | 253 | SEALED Post–trial Proposed Findings of Fact and Conclusions of Law filed by All Defendants. (KB) (Entered: 08/05/2025) |
| 08/05/2025 | 254 | Proposed Findings of Fact by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Krishnan, Ramya) (Entered: 08/05/2025) |
| 08/05/2025 | 255 | Proposed Findings of Fact by All Defendants. (Kanter, Ethan) (Entered: 08/05/2025) |
| 08/29/2025 | 256 | MOTION to Strike 252 Sealed document, 254 Proposed Findings of Fact, by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanellis, William) (Entered: 08/29/2025) |
| 08/29/2025 | 257 | Opposition re 256 MOTION to Strike 252 Sealed document, 254 Proposed Findings of Fact, filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Nevins, Talya) (Entered: 08/29/2025) |
| 09/05/2025 | 258 | MOTION to Withdraw as Attorney *(Unopposed)* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Busch, Jackson) (Entered: 09/05/2025) |
| 09/10/2025 | 259 | Judge William G. Young: ELECTRONIC ORDER entered granting 258 Motion to Withdraw as Attorney. Attorney Jackson Thomas Busch terminated (MAP) (Entered: 09/10/2025) |
| 09/11/2025 | 260 | |

JA154

| | | Judge William G. Young: ELECTRONIC ORDER entered re 250 Assented to MOTION to Seal Document Plaintiffs Proposed Findings of Fact and Requested Rulings of Law by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. ; 251 MOTION to Seal by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Allowed. Such seal shall be lifted upon the filing of this Court's findings and rulings. (KB) (Entered: 09/11/2025) |
|---|---|---|
| 09/30/2025 | 261 | Judge William G. Young: ORDER entered. FINDINGS OF FACT AND RULINGS OF LAW, PURSUANT TO FED. R. CIV. P. 52(A) (Sonnenberg, Elizabeth) (Entered: 09/30/2025) |
| 10/02/2025 | 262 | MOTION to Withdraw as Attorney *(Unopposed)* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Nevins, Talya) (Entered: 10/02/2025) |
| 10/03/2025 | 263 | Judge William G. Young: ELECTRONIC ORDER entered granting 262 Motion to Withdraw as Attorney. Attorney Talya Nevins terminated (MAP) (Entered: 10/03/2025) |
| 10/03/2025 | 264 | MOTION to Intervene by K.L. Smith.(MAP) (Entered: 10/03/2025) |
| 10/03/2025 | 265 | Request for Waiver of Consultation by K.L. Smith. (MAP) (Entered: 10/03/2025) |
| 10/03/2025 | 267 | Letter from Zach Montague (The New York Times) Requesting Access to Trial Exhibits. (KB) (Entered: 10/09/2025) |
| 10/08/2025 | 266 | Letter from David Bralow (General Counsel) Shawn Musgrave (Newsroom Counsel/Correspondent) The Intercept Media, Inc. Requesting Access to Trial Exhibits and Provisionally Sealed Pleadings. (MAP) (Entered: 10/08/2025) |
| 10/10/2025 | 268 | MOTION to Stay *response deadline for motion to intervene and any to−be−ordered deadline to respond to letters requesting certain documents be unsealed* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, United States of America.(Kanter, Ethan) (Entered: 10/10/2025) |
| 10/14/2025 | 269 | Judge William G. Young: ELECTRONIC ORDER entered granting 268 MOTION to Stay response deadline for motion to intervene and any to−be−ordered deadline to respond to letters requesting certain documents be unsealed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, United States of America. (KB) (Entered: 10/14/2025) |
| 10/14/2025 | 270 | MOTION to Intervene and MOTION to Disqualify Judge Young by Joshua Hall. (Attachments: # 1 Cover Letter)(MAP) (Entered: 10/14/2025) |
| 10/23/2025 | 271 | NOTICE of Unavailability and Supplement to Motion to Intervene by K.L. Smith (Attachments: # 1 Exhibit A)(MAP) (Entered: 10/23/2025) |
| 10/30/2025 | 272 | |

JA155

74

| | | |
|---|---|---|
| | | Letter and Request from James Murray. (Attachments: # 1 Exhibit)(MAP) (Entered: 10/30/2025) |
| 11/07/2025 | 273 | MOTION for Leave to Appear Pro Hac Vice for admission of Raya Koreh Filing fee: $ 125, receipt number AMADC–11347027 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 11/07/2025) |
| 11/10/2025 | 274 | Judge William G. Young: ELECTRONIC ORDER entered granting 273 Motion for Leave to Appear Pro Hac Vice Added Raya Koreh.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 11/10/2025) |
| 11/10/2025 | 275 | MOTION to Intervene *and For Access to Trial Exhibits and Provisionally Sealed Pleadings* by Boston Globe Media Partners, LLC.(Thomas, Samuel) (Entered: 11/10/2025) |
| 11/10/2025 | 276 | MEMORANDUM in Support re 275 MOTION to Intervene *and For Access to Trial Exhibits and Provisionally Sealed Pleadings* filed by Boston Globe Media Partners, LLC. (Thomas, Samuel) (Entered: 11/10/2025) |
| 11/10/2025 | 277 | MOTION *for Remedies Against Defendants* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of R. Krishnan, # 3 Exhibit A to Declaration, # 4 Exhibit B to Declaration, # 5 Exhibit C to Declaration, # 6 Exhibit D to Declaration)(Krishnan, Ramya) (Entered: 11/10/2025) |
| 11/12/2025 | 278 | NOTICE of Appearance by Raya Koreh on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers (Koreh, Raya) (Entered: 11/12/2025) |
| 11/13/2025 | 279 | ELECTRONIC NOTICE Setting Hearing on Motion 277 MOTION *for Remedies Against Defendants* : Motion Hearing set for 12/15/2025 11:00 AM in Courtroom 18 (Remote only) before Judge William G. Young.<br><br>This hearing will be conducted by video conference. Counsel of record will receive a video conference invite at the email registered in CM/ECF. If you have technical or compatibility |

JA156

75

issues with the technology, please notify the courtroom deputy of the session as soon as possible.

Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.

For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here.

(KB) (Entered: 11/13/2025)

| | | |
|---|---|---|
| 11/18/2025 | 280 | MOTION for Extension of Time to December 5, 2025 to File Response/Reply as to 277 MOTION *for Remedies Against Defendants* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 11/18/2025) |
| 11/19/2025 | 281 | Judge William G. Young: ELECTRONIC ORDER entered **granting** 280 MOTION for Extension of Time to December 5, 2025 to File Response/Reply as to 277 MOTION for Remedies Against Defendants by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Responses due by 12/5/2025. (KB) (Entered: 11/19/2025) |
| 11/24/2025 | 282 | CORPORATE DISCLOSURE STATEMENT by Boston Globe Media Partners, LLC identifying Corporate Parent Algonquin Acquisition Company, LLC for Boston Globe Media Partners, LLC.. (Thomas, Samuel) (Entered: 11/24/2025) |
| 11/24/2025 | 283 | MOTION to Intervene *and Join Boston Globe's Motion for Access to Trial Exhibits and Provisionally Sealed Pleadings* by The New York Times Company.(Thomas, Samuel) (Entered: 11/24/2025) |
| 11/24/2025 | 284 | CORPORATE DISCLOSURE STATEMENT by The New York Times Company. (Thomas, Samuel) (Entered: 11/24/2025) |
| 11/26/2025 | 285 | MOTION for Extension of Time to December 12, 2025 to File Response/Reply *to motions to intervene and unseal documents* by Department of Homeland Security, Department of State, Todd Lyons, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 11/26/2025) |
| 12/03/2025 | 286 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 285 Motion for Extension of Time to File Response/Reply re 275 MOTION to Intervene *and For Access to Trial Exhibits and Provisionally Sealed Pleadings*, 283 MOTION to Intervene *and Join Boston Globe's Motion for Access to Trial Exhibits and Provisionally Sealed Pleadings* Responses due by 12/12/2025 (MAP) (Entered: 12/03/2025) |
| 12/03/2025 | 287 | ELECTRONIC NOTICE Setting Hearing on Motion 275 MOTION to Intervene *and For Access to Trial Exhibits and Provisionally Sealed Pleadings*, 283 MOTION to Intervene *and Join Boston Globe's Motion for Access to Trial Exhibits and Provisionally Sealed Pleadings* : Motion Hearing set for 12/15/2025 11:00 AM in Courtroom 18 (Remote only) before Judge William G. Young. (The motions will be heard at the same hearing as #277 Motion for Remedies against Defendants. ) <br><br> This hearing will be conducted by video conference. Counsel of record will receive a video conference invite at the email registered in CM/ECF. If you have technical or compatibility issues with the technology, please notify the courtroom deputy of the session as soon as |

|  |  | possible. |
|---|---|---|
|  |  | Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html. |
|  |  | For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here. |
|  |  | (KB) (Entered: 12/03/2025) |
| 12/04/2025 | 288 | MOTION to Intervene *and Unseal* by Intercept Media, Inc., The Center for Investigative Reporting.(Bertsche, Robert) (Entered: 12/04/2025) |
| 12/04/2025 | 289 | MOTION to Intervene *and Unseal* by Intercept Media, Inc., The Center for Investigative Reporting.(Bertsche, Robert) (Entered: 12/04/2025) |
| 12/04/2025 | 290 | MEMORANDUM in Support re 288 MOTION to Intervene *and Unseal* filed by Intercept Media, Inc., The Center for Investigative Reporting. (Bertsche, Robert) (Entered: 12/04/2025) |
| 12/04/2025 | 291 | CORPORATE DISCLOSURE STATEMENT by Intercept Media, Inc., The Center for Investigative Reporting. (Bertsche, Robert) (Entered: 12/04/2025) |
| 12/04/2025 | 292 | MOTION for Leave to Appear Pro Hac Vice for admission of Renee M. Griffin Filing fee: $ 125, receipt number AMADC–11395465 by Intercept Media, Inc., The Center for Investigative Reporting.(Bertsche, Robert) (Entered: 12/04/2025) |
| 12/05/2025 | 293 | Opposition re 277 MOTION *for Remedies Against Defendants* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Kanter, Ethan) (Entered: 12/05/2025) |
| 12/11/2025 | 294 | NOTICE of Appearance by Jesse Busen on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Busen, Jesse) (Entered: 12/11/2025) |
| 12/11/2025 | 295 | ELECTRONIC NOTICE Cancelling Hearing. The Motion Hearing set for 12/15/2025 is cancelled and will be rescheduled at a date to be determined. (KB) (Entered: 12/11/2025) |
| 12/12/2025 | 296 | RESPONSE to Motion re 275 MOTION to Intervene *and For Access to Trial Exhibits and Provisionally Sealed Pleadings*, 283 MOTION to Intervene *and Join Boston Globe's Motion for Access to Trial Exhibits and Provisionally Sealed Pleadings*, 289 MOTION to Intervene *and Unseal*, 288 MOTION to Intervene *and Unseal* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Busen, Jesse) (Entered: 12/12/2025) |
| 12/15/2025 | 297 | ELECTRONIC NOTICE Resetting Hearing on Motions: 288 MOTION to Intervene *and Unseal*, 275 MOTION to Intervene *and For Access to Trial Exhibits and Provisionally Sealed Pleadings*, 289 MOTION to Intervene *and Unseal*, 277 MOTION *for Remedies Against Defendants*, 283 MOTION to Intervene *and Join Boston Globe's Motion for Access to Trial Exhibits and Provisionally Sealed Pleadings* : Motion Hearing set for 1/5/2026 02:00 PM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. **This Hearing will occur in person with remote access provided to the public and media.** |

JA158

| | | Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html. |
| | | |
| | | For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here. |
| | | |
| | | (KB) (Entered: 12/15/2025) |
| 12/16/2025 | 298 | MOTION to Continue Hearing on Plaintiffs Motion for Remedies Against Defendants to January 14, 15, or 16, 2026 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Proposed Order)(Krishnan, Ramya) (Entered: 12/16/2025) |
| 12/17/2025 | 299 | Judge William G. Young: ELECTRONIC ORDER entered **granting** 298 MOTION to Continue Hearing on Plaintiffs Motion for Remedies Against Defendants to January 14, 15, or 16, 2026 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (KB) (Entered: 12/17/2025) |
| 12/17/2025 | 300 | ELECTRONIC NOTICE Resetting Hearing on Motions. Motion Hearing originally set for 1/5/2026 is rescheduled to 1/15/2026 02:30 PM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. **This Hearing will occur in person with remote access provided to the public and media.** Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html. For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here.(KB) (Entered: 12/17/2025) |
| 12/19/2025 | 301 | NOTICE of Withdrawal of Appearance by Julia Lum (Lum, Julia) (Entered: 12/19/2025) |
| 12/19/2025 | 302 | MOTION for Leave to File *Reply Brief in Support of Motion to Intervene and Unseal* by Intercept Media, Inc., The Center for Investigative Reporting.(Bertsche, Robert) (Entered: 12/19/2025) |
| 12/19/2025 | 303 | REPLY to Response to 302 MOTION for Leave to File *Reply Brief in Support of Motion to Intervene and Unseal*, 289 MOTION to Intervene *and Unseal* filed by Intercept Media, Inc., The Center for Investigative Reporting. (Bertsche, Robert) (Entered: 12/19/2025) |
| 01/07/2026 | 304 | MOTION to Withdraw as Attorney by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanellis, William) (Entered: 01/07/2026) |
| 01/14/2026 | 305 | NOTICE of Appearance by Lindsay M Murphy on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Murphy, Lindsay) (Entered: 01/14/2026) |
| 01/15/2026 | 306 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 1/15/2026. Court hears argument on # 277 MOTION for Remedies Against |

| | | |
|---|---|---|
| | | Defendants. Court addresses the parties and makes ruling. Plaintiffs to submit proposed judgment as discussed by the Court by noon Tuesday, 1/20/2026. Government to file any objection by noon Wednesday, 1/21/2026. The Court intends to enter the judgment on Thursday 1/22/2026. Government may make redactions as discussed by Thursday, 1/22/2026. Court hears argument on # 275 MOTION to Intervene and For Access to Trial Exhibits and Provisionally Sealed Pleadings by Boston Globe Media Partners, LLC, # 283 MOTION to Intervene and Join Boston Globe's Motion for Access to Trial Exhibits and Provisionally Sealed Pleadings by The New York Times Company, # 288 MOTION to Intervene and Unseal by Intercept Media, Inc., The Center for Investigative Reporting, # 289 MOTION to Intervene and Unseal by Intercept Media, Inc., The Center for Investigative Reporting. Defendants ask for stay of release of documents until an appeal can be sought. Court declines to enter stay. Court allows # 275 , # 283 , # 288 and # 289 Motions to intervene. Present sealing of documents to remain in effect. The Court intends to release all documents when judgment enters. Court allows # 304 MOTION to Withdraw as Attorney. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexander Abdo, Noam Biale, Alexandra Conlon, Ramya Krishnan, Jameel Jaffer, Scott Wilkens, Xiangnong Wang for the plaintiffs and Ethan Kanter, Lindsay Murphy, Paul Stone, Victoria Santora and Jessica Strokus, for the defendants and Samuel Thomas and Renee Griffin for intervenors ) (KB) Modified on 1/21/2026 to correct date (KB). (Entered: 01/16/2026) |
| 01/15/2026 | 307 | Judge William G. Young: ELECTRONIC ORDER entered granting 292 Motion for Leave to Appear Pro Hac Vice Added Renee M. Griffin.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(KB) (Entered: 01/16/2026) |
| 01/20/2026 | 308 | NOTICE by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers (Attachments: # 1 Proposed Judgment as Discussed by the Court)(Krishnan, Ramya) (Entered: 01/20/2026) |
| 01/21/2026 | 309 | Response to Plaintiffs' Notice Concerning Proposed Remedies by Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanter, Ethan) Modified on 1/22/2026 (MAP). (Additional attachment(s) added on 1/22/2026: # 1 Exhibit A) (MAP). (Main Document 309 replaced on 1/22/2026) (MAP). (Entered: 01/21/2026) |
| 01/21/2026 | 310 | Transcript of Remedies Hearing held on January 15, 2026, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 2/11/2026. Redacted Transcript Deadline set for 2/23/2026. Release of Transcript Restriction set for |

| | | 4/21/2026. (DRK) (Entered: 01/21/2026) |
|---|---|---|
| 01/21/2026 | 311 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 01/21/2026) |
| 01/22/2026 | 312 | Judge William G. Young: ELECTRONIC ORDER entered finding as moot 270 MOTION to Intervene by Joshua Hall; denying 270 Motion to Disqualify Judge by Joshua Hall; terminating 302 Motion for Leave to File Document ; denying 105 Motion to Seal. ; terminating 152 Motion for Reconsideration ; terminating 154 Motion in Limine; terminating 161 Motion to Correct; terminating 168 Motion to Seal. ; terminating 171 Motion for Leave to File Document ; terminating 195 Motion to Compel; terminating 197 Motion for Leave to File Document ; terminating 211 Motion to Compel; terminating 256 Motion to Strike ; denying as moot 264 Motion to Intervene by K.L. Smith. (KB) (Entered: 01/22/2026) |
| 01/22/2026 | 313 | Judge William G. Young: ORDER entered. ANNOTATED JUDGMENT (KB) (Entered: 01/22/2026) |
| 01/22/2026 | 314 | Judge William G. Young: ORDER entered. MEMORANDUM AND ORDER(KB) (Entered: 01/22/2026) |
| 01/22/2026 | 315 | TRIAL EXHIBITS (Main Document: Exhibits 1–29, Attachments: # 1 Exhibits 30–45, # 2 Exhibits 46–52, # 3 Exhibits 53–64, # 4 Exhibits 65–68, # 5 Exhibits 69–83, # 6 Exhibits 94–132, # 7 Exhibits 133–168, # 8 Exhibits 169–178, # 9 Exhibits 179–193, # 10 Exhibits 194, # 11 Exhibits 195–204, # 12 Exhibits 205–218, # 13 Exhibits 219–231, # 14 Exhibits 223–231, # 15 Exhibits 232–236, # 16 Exhibits 237–241, # 17 Exhibits 242–246, # 18 Exhibits 247–250, # 19 Exhibit HO)(KB) (Entered: 01/22/2026) |
| 02/09/2026 | 316 | NOTICE OF APPEAL as to 313 Judgment by Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Fee Status: US Government.<br><br>NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf. US District Court Clerk to deliver official record to Court of Appeals by 3/2/2026. (Kanter, Ethan) (Entered: 02/09/2026)** |
| 02/09/2026 | 317 | MOTION to Stay *Pending Appeal* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit Agudelo Declaration)(Kanter, Ethan) (Entered: 02/09/2026) |
| 02/09/2026 | 318 | NOTICE OF APPEAL as to 313 Judgment by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Fee Status: US Government.<br><br>NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf. US District** |

|  |  | Court Clerk to deliver official record to Court of Appeals by 3/2/2026. (Kanter, Ethan) (Entered: 02/09/2026) |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS -- HARVARD FACULTY CHAPTER, AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS AT NEW YORK UNIVERSITY, RUTGERS AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS-AMERICAN FEDERATION OF TEACHERS, and MIDDLE EAST STUDIES ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE, KRISTI NOEM, in her official capacity as Secretary of Homeland Security, and the DEPARTMENT OF HOMELAND SECURITY, TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, DONALD J. TRUMP, in his official Capacity as President of the United States, and UNITED STATES OF AMERICA, <br><br> Defendants. | CIVIL ACTION NO. 25-10685-WGY |

YOUNG, D.J.                                          January 22, 2026

**ANNOTATED JUDGMENT**

This Court, upon a full hearing and nine-day bench trial,

ECF Nos. 231-248, entry of findings of facts and rulings of law,

JA163

82

<u>American Ass'n of Univ. Professors</u> v. <u>Rubio</u>, 802 F. Supp. 3d 120 (D. Mass. 2025)("AAUP"), and a hearing on the appropriate remedy, ECF Nos. 306, 310, hereby **ORDERS, ADJUDGES, and DECREES:**

### I.    Judgment

Judgment shall enter in favor of the Plaintiffs against the Defendants on Counts I and IV of the Complaint as follows:

### II.    Declaration of Rights

This Court ruled that the Plaintiffs American Association of University Professors ("AAUP") and their associate chapters, and the Middle East Studies Association ("MESA") "have shown by clear and convincing evidence that Secretaries Noem and Rubio have intentionally and in concert implemented Executive Orders in 14161 and 14188 a viewpoint-discriminatory way to chill protected speech" that "violated the First Amendment." <u>AAUP</u>, 802 F. Supp. 3d at 175. Further, "the Public Officials' threats to continue detaining, deporting, and revoking visas based on political speech serves as circumstantial evidence that such enforcement exists, is viewpoint discriminatory, and has objectively chilled the Plaintiffs' speech." <u>Id.</u> The "enforcement policy also violates the APA because, for the same reasons, it is contrary to constitutional right. It is also arbitrary or capricious because it reverses prior policy without reasoned explanation or consideration of reliance interests, and is based on statutes that have never been used in this way."

[2]

Id.  Indeed, "[t]his Court credits the testimony of AAUP and MESA members that the enforcement policy . . . objectively chills their speech."  Id. at 179.  The Court therefore declares, for the reasons set forth in its findings, that that the "enforcement policy" and its implementation: (1) violates the First Amendment right of freedom of speech set out in the Constitution of the United States, and (2) the Administrative Procedure Act.

### III. Order of Vacatur

Pursuant to 5 U.S.C. § 706(2), the Court declares that the Public Officials' enforcement policy and the implementation thereof as set forth in the findings is **OF NO EFFECT, VOID, ILLEGAL, SET ASIDE, AND VACATED.**[1]

### IV.  Sanction

In view of the concerted action of the highest Cabinet Officials of the Executive Branch deliberately to violate the First Amendment right of Free Speech of the Plaintiffs' non-

---

[1] In Trump v. CASA, Inc., the Supreme Court expressly did not decide "the distinct question whether the Administrative Procedure Act authorizes federal courts to vacate federal agency action."  145 S. Ct. 2540, 2554 n.10 (2025).  Since CASA, courts have held that vacatur is an available remedy, distinct from injunctive relief.  See Ass'n of Am. Universities v. Dep't of Def., No. CV 25-11740-BEM, 2025 WL 2899765, at *27 (D. Mass. Oct. 10, 2025) (Murphy, J.); Make the Rd. New York v. Noem, No. 25-5320, 2025 WL 3563313, at *17 (D.C. Cir. Nov. 22, 2025) ("When an agency's action is unlawful, vacatur is the normal remedy.") (quoting Bridgeport Hosp. v. Becerra, 108 F.4th 882, 890 (D.C. Cir. 2024)).

[3]

JA165

citizen members, the Court, pursuant to its broad equitable powers of remediation, imposes the following remedial sanction to protect certain of the Plaintiffs' non-citizen members from any retribution for the free exercise of their constitutional rights.

A.   Any non-citizen member of the plaintiffs AAUP or MESA, who was a member on or after **March 25, 2025** and continued as a member through **September 30, 2025** ("Sanction Plaintiff")[2], shall have a right to institute a proceeding ("Sanction Action") in the United States District Court in which the Sanction Plaintiff resided at the time such Sanction Plaintiff suffered an adverse

_____

[2] Relief is limited pursuant to CASA to these Sanction Plaintiffs as they constitute the group within the plaintiff organizations who both had the courage to stand as part of such organizations' legal action and suffered the constitutional deprivation. See CASA, 145 S. Ct. at 2557. The actual effect of the Public Officials' unconstitutional misconduct is, of course, much broader. See Stanford Daily Publishing Corporation v. Rubio, No. 25-CV-06618-NW, 2026 WL 125241, at *3 (N.D. Cal. Jan. 16, 2026) (Wise, J.) (denying motion to dismiss similar claims as those made by non-citizen members in this action); Note, CASA's Complete Relief Paradox, 139 Harv. L. Rev. 646, 668 (2025) ("The nature of the right does not warrant nonparty **relief** even if it allows nonparty benefits); Lincoln Caplan, The Kingmaker?, Havard Magazine, Nov.-Dec. 2025) 21, 29, 70 (quoting Jackson, J. concurring in Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 655 (1952) ("With all its defects, delays and inconveniences, men have discovered no technique for long preserving free government except that the Executive be under the law, and that the law be made by parliamentary deliberations. Such institutions may be destined to pass away. But it is the duty of the Court to be last, not first, to give them up.")).

[4]

immigration action changing such Sanction Plaintiff's immigration status from what it was on January 20, 2025.[3]

B.   In such action, the Sanction Plaintiff shall prove by a fair preponderance of the evidence that said Sanction Plaintiff was a member of AAUP or MESA as set forth above in par. IV.A.  Upon such proof, it shall be presumed that the alteration in immigration status is in retribution for the exercise during the course of the present case of their First Amendment rights.

C.   Such proof is conclusive and voids the alteration in immigration status unless the government proves[4] by clear and convincing evidence that:

---

[3]   See Appendix for illustrative potential examples.

[4]   In light of the Defendants' intentional abridgement of Constitutional rights, this Court advises that the government ought not avail itself of the Deliberative Process Privilege as to such alteration of immigration status prior to the commencement of the Sanction Action.  The reason for such advice is that, upon reflection, this Court gave the Defendants far too much latitude in asserting such privilege throughout the course of the trial herein, in derogation of the truth.  The Government Misconduct exception to the Deliberative Process Privilege should thus be presumed.  See Texaco Puerto Rico, Inc. v. Dep't of Consumer Affs., 60 F.3d 867, 885 (1st Cir. 1995) ("The [deliberative process] privilege 'is a qualified one,' FTC v. Warner Communications Inc., 742 F.2d 1156, 1161 (9th Cir.1984), and 'is not absolute.' First Eastern Corp. v. Mainwaring, 21 F.3d 465, 468 n. 5 (D.C. Cir. 1994"); Edward J. Imwinkelried, The Government Misconduct Exception to the Deliberative Process Privilege, 65 S.D. L. REV. 76, 90 (2020).

[5]

1.   the Sanction Plaintiff's immigration status has expired by its own terms or any expansion thereof;

2.   the Sanction Plaintiff was convicted after September 30, 2025[5] of **any** crime as to which trial by jury was their right under federal or state law; or

3.   there is an **APPROPRIATE** reason under governing immigration law that the Sanction Plaintiff's immigration status should be altered.[6]

D.   Upon the moment of commencement of any Sanction Action by the filing a complaint, the Sanction Plaintiff's removal from the United States is automatically **STAYED** during the pendency of the Sanction Action.   The United States bears the burden

---

[5]   This limitation is necessary to avoid vindictive evasion of this judgment by dredging up some by gone conviction in retribution for participation in the present action.

[6]   "Appropriate" in this context is intended to guarantee, for example, the Sanction Plaintiff's ability to challenge the constitutionality of such governing immigration law. See, e.g., Khalil v. Trump, 786 F. Supp. 3d 871 (D.N.J. 2025), rev'd on other grounds Khalil v. President, No. 25-2162, 2026 WL 111933 (3d Cir. Jan. 15, 2026). See also Michael Kagan, When Immigrants Speak: The Precarious Status of Non-Citizen Speech Under the First Amendment, 57 B.C. L. Rev. 1237, 1284 (2016); Gregory P. Magarian, Centering Noncitizens' Free Speech, 56 Ga. L. Rev. 1563, 1590 (2022); Katherine Shaw, Beyond the Bully Pulpit: Presidential Speech in the Courts, 96 Tex. L. Rev. 71, 138 (2017) ("[W]here the conduct in question is executive action, statements by executive branch officials supply the most relevant evidence of intent"); Note, Protecting Noncitizens' Liberty When the Executive Seeks to Punish, 139 Harv. L. Rev. 799 (2026).

[6]

JA168

affirmatively to ascertain and determine whether such person has filed a Sanction Action in the United States District Courts.[7]

E.    The Court recommends that an advisory jury be empaneled to assist the court in deciding factual issues.[8]

### V.    Jurisdiction

The Court retains jurisdiction to enforce or modify this Annotated Judgment.  The Court shall not retain jurisdiction over any Sanction Action, should any there be, which shall be subject to the jurisdiction of the appropriate United States District Judge presiding in such Sanction Action.


**SO ORDERED.**

---

[7]  The reason for this burden-shift is to prevent the apparent present practice of whisking non-citizens out of the district to avoid jurisdiction.  The burden is minimal: all the United States need do is check the Sanction Plaintiff's name on PACER in the district of residence to determine whether a Sanction Action has been filed.

This stay is akin to those temporary stays presently in effect in many district courts.  See, e.g., United States v. Russell, 797 F. Supp. 3d 552 (D. Md. 2025).  It in no way derogates from the precedential effect of Khalil v. President, No. 25-2162, 2026 WL 111933 (3d Cir. Jan. 15, 2026) within the Third Circuit, as it has no bearing on administrative immigration proceedings.

[8]  The moral effect of a jury verdict cannot be overstated. The American Jury is the most robust and vital expression of direct democracy extent in the world today.  The people's participation in this act of government is long overdue.

[7]

JA169

88

> Freedom is a fragile thing and it's
> never more than one generation
> away from extinction.  It is not
> ours by way of inheritance; it must
> be fought for and defended
> in every generation, for it comes
> only once to a people.[9]

President Ronald Reagan, Inaugural Address as Governor of the

State of California (January 5, 1967).

WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[10]

---

[9]  https://www.reaganlibrary.gov/archives/speech/january-5-1967-inaugural-address-public-ceremony.

[10] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents.  Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 47 years.

[8]

JA170

**APPENDIX**

I have two hypotheticals here.  And you'll understand now these are hypotheticals.  I am going to make reference to real-life events, but they are not of record in this case, and I personally don't know and I'm expressing no opinion on any of that.

[L]et's say people resident in the United States, noncitizens from Venezuela, have temporary protected status.  And I don't know that.  But let's say the President were to revoke that temporary protected status.  And that one of these Venezuelans is a member of -- because they're a teaching assistant or a graduate student, they're a member of the American Association of University Professors, within the appropriate time period, and she says, "Wait a minute, I'm in this class, you can't revoke it."  And then the government -- and neither of the other two [exemptions] apply, her visa is perfectly valid, she hasn't been convicted of  any crime, and .  . .  the government says, "No, come on,  that's ridiculous."

Now Venezuela has nothing to do with the events that gave rise to this lawsuit . . . But the government's got to prove it [i.e. that the Presidential action in no way constituted retribution].  And that's part of the sanction.

[9]

JA171

Let me give you another situation closer to our case or I think harder for the government to prove.

I read somewhere . . . in the wake of the tragic and horrific assassination of Charlie Kirk, that because certain noncitizens said something about that event, the Department of State had something to say about their visas. And I remembered, when I saw that, I said, "Well that's our case."

So what are they doing? If it's just speech -- it may be repulsive speech or disgusting speech, but if it's just speech. Well the Department of State can't do that. And again this is a hypothetical. [B]ut let's say that happened, we'll assume that happened. And then the person comes in and says, "I'm a member of this class, you can't do that to me."

Well again, the government's going to have to prove that their reason was not in fact in retribution . . . and in addition, my second, that it's an appropriate exercise of governmental power.

AAUP v. Rubio, No. 25-10685 WGY (D. Mass. January 15, 2026), Transcript of hearing on remedy 17-19, ECF No. 310.

[10]

JA172

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

AMERICAN ASSOCIATIONS OF
UNIVERSITY PROFESSORS, ET AL.,

*Plaintiffs,*

v.

MARCO RUBIO, in his official capacity as
Secretary of State, and the DEPARTMENT OF
STATE, ET AL.,

*Defendants.*

No. 1:25-cv-10685-WGY

---

## **NOTICE OF APPEAL**

Notice is hereby given that all Defendants in the above-named matter hereby appeal to the United States Court of Appeals for the First Circuit from the Final Judgment entered in this action on January 22, 2026. ECF No. 313.

Respectfully Submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

*Ethan B. Kanter*

ETHAN B. KANTER
*Chief, National Security Unit*
*Office of Immigration Litigation*
*Civil Division, U.S. Department of Justice*
*P.O. Box 878, Ben Franklin Station*
*Washington, D.C. 20001*

PAUL F. STONE
*Deputy Chief, National Security Unit*
*Office of Immigration Litigation*

LINDSAY M. MURPHY
*Deputy Chief, National Security Unit*
*Office of Immigration Litigation*

Dated:  February 9, 2026

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: February 9, 2026

By: *Ethan B. Kanter*
ETHAN B. KANTER
*Chief, National Security Unit*
*Office of Immigration Litigation*
*Civil Division, U.S. Department of Justice*
*P.O. Box 878, Ben Franklin Station*
*Washington, D.C. 20001*

JA175

# United States Court of Appeals
## For the First Circuit

No. 26-1141

AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS; AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS - HARVARD FACULTY CHAPTER; AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, at New York University; RUTGERS AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS-AMERICAN FEDERATION OF TEACHERS; MIDDLE EAST STUDIES ASSOCIATION,

Plaintiffs - Appellees,

BOSTON GLOBE MEDIA PARTNERS, LLC; NEW YORK TIMES; INTERCEPT MEDIA, INC.; CENTER FOR INVESTIGATIVE REPORTING,

Plaintiffs,

v.

MARCO RUBIO, in the official capacity as Secretary of State; U.S. DEPARTMENT OF STATE; KRISTI NOEM, in the official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, in the official capacity as Acting Director of U.S. Immigration and Customs Enforcement; DONALD J. TRUMP, in the official capacity as President of the United States; UNITED STATES,

Defendants - Appellants.

### CASE OPENING NOTICE

Issued: February 19, 2026

The above-captioned appeal was docketed in this court today pursuant to Rule 12 of the Federal Rules of Appellate Procedure. The above case number and caption (unless modified or amended as reflected in the heading of future court notices or orders) should be used on all papers subsequently submitted to this court. If any party disagrees with the clerk's office's designation of the parties on appeal, it must file a motion to amend the caption with any supporting documentation attached. Absent an order granting such a motion, the parties are directed to use the above caption on all pleadings related to this case.

Appellant must complete and return the following forms to the clerk's office by **March 5, 2026** to be deemed timely filed:

JA176

- [Appearance Form](#)
- [Transcript Report/Order Form](#) (Please carefully read the instructions for completing and filing this form.)
- [Docketing Statement](#)

These forms are available on the court's website at www.ca1.uscourts.gov, under "Forms & Notices." Failure to comply with the deadlines set by the court may result in dismissal of the appeal for lack of diligent prosecution. See 1st Cir. R. 3.0, 10.0, and 45.0.

Upon confirmation by the circuit clerk that the record is complete either because no hearing was held, no transcript is necessary, or the transcript is on file, the clerk's office will set the briefing schedule and forward a scheduling notice to the parties.

Unless the appellant was already determined to be in forma pauperis in the underlying district court action, or was determined to be financially unable to obtain an adequate defense in a criminal case, see Fed. R. App. P. 24(a)(3), a filing fee is due within seven days of filing the notice of appeal. An appellant not already determined to be indigent, who seeks to appeal in forma pauperis, must file a motion and financial affidavit in the district court in compliance with Fed. R. App. P. 24. For an appellant not already determined to be indigent, failure to pay the filing fee or file a motion seeking in forma pauperis status with the district court within fourteen days of the date of this notice, may result in the appeal being dismissed for lack of prosecution. 1st Cir. R. 3.0(b).

An appearance form should be completed and returned immediately by any attorney who wishes to file pleadings in this court. 1st Cir. R. 12.0(a) and 46.0(a)(2). Any attorney who has not been admitted to practice before the First Circuit Court of Appeals must submit an application and fee for admission using the court's Case Management/Electronic Case Files ("CM/ECF") system prior to filing an appearance form. 1st Cir. R. 46.0(a). *Pro se* parties are not required to file an appearance form.

Dockets, opinions, rules, forms, attorney admission applications, the court calendar and general notices can be obtained from the court's website at www.ca1.uscourts.gov. Your attention is called specifically to the notice(s) listed below:

- [Notice to Counsel and Pro Se Litigants](#)
- [Transcript Notice](#)

If you wish to inquire about your case by telephone, please contact the case manager at the direct extension listed below.

Anastasia Dubrovsky, Clerk

JA177

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210
Case Manager:  Alistair - (617) 748-4664

# United States Court of Appeals
## For the First Circuit

---

**NOTICE OF ELECTRONIC AVAILABILITY OF CASE INFORMATION**

The First Circuit has implemented the Federal Judiciary's Case Management/Electronic Case Files System ("CM/ECF") which permits documents to be filed electronically. In addition, most documents filed in paper are scanned and attached to the docket. In social security and immigration cases, members of the general public have remote electronic access through PACER only to opinions, orders, judgments or other dispositions of the court. Otherwise, public filings on the court's docket are remotely available to the general public through PACER. Accordingly, parties should not include in their public filings (including attachments or appendices) information that is too private or sensitive to be posted on the internet.

Specifically, Fed. R. App. P. 25(a)(5), Fed. R. Bank. P. 9037, Fed. R. Civ. P. 5.2 and Fed. R. Cr. P. 49.1 require that parties not include, or partially redact where inclusion is necessary, the following personal data identifiers from documents filed with the court <u>unless an exemption applies</u>:

- **Social Security or Taxpayer Identification Numbers.** If an individual's social security or taxpayer identification number must be included, only the last four digits of that number should be used.
- **Names of Minor Children.** If the involvement of a minor child must be mentioned, only the initials of that child should be used.
- **Dates of Birth.** If an individual's date of birth must be included, only the year should be used.
- **Financial Account Numbers.** If financial account numbers are relevant, only the last four digits of these numbers should be used.
- **Home Addresses in Criminal Cases.** If a home address must be included, only the city and state should be listed.

<u>See also</u> 1st Cir. R. 25.0(m).

If the caption of the case contains any of the personal data identifiers listed above, the parties should file a motion to amend caption to redact the identifier.

Parties should exercise caution in including other sensitive personal data in their filings, such as personal identifying numbers, medical records, employment history, individual financial information, proprietary or trade secret information, information regarding an individual's cooperation with the government, information regarding the victim of any criminal activity, national security information, and sensitive security information as described in 49 U.S.C. § 114.

Attorneys are urged to share this notice with their clients so that an informed decision can be made about inclusion of sensitive information. The clerk will not review filings for redaction.

JA179

Filers are advised that it is the experience of this court that failure to comply with redaction requirements is most apt to occur in attachments, addenda, or appendices, and, thus, special attention should be given to them. For further information, including a list of exemptions from the redaction requirement, see http://www.privacy.uscourts.gov/.

# United States Court of Appeals
## For the First Circuit

---

**NOTICE TO COUNSEL REGARDING
MANDATORY REGISTRATION AND TRAINING
FOR ELECTRONIC FILING (CM/ECF)**

On August 21, 2017, the U.S. Court of Appeals for the First Circuit upgraded its CM/ECF system to NextGen CM/ECF, the latest iteration of the electronic case filing system. Use of the electronic filing system is mandatory for attorneys. If you intend to file documents and/or receive notice of docket activity in this case, please ensure you have completed the following steps:

- **Obtain a NextGen account.** Attorneys who had an e-filing account in this court prior to August 21, 2017 are required to update their legacy account in order to file documents in the NextGen system. Attorneys who have never had an e-filing account in this court must register for an account at www.pacer.gov. For information on updating your legacy account or registering for a new account, go to the court's website at www.ca1.uscourts.gov and select *E-Filing (Information)*.

- **Apply for admission to the bar of this court.** Attorneys who wish to e-file must be a member of the bar of this court. For information on attorney admissions, go to the court's website at www.ca1.uscourts.gov and select *Attorney Admissions* under the *Attorney & Litigants* tab. Bar admission is not required for attorneys who wish to receive notice of docket activity, but do not intend to e-file.

- **Review Local Rule 25.** For information on Loc. R. 25.0, which sets forth the rules governing electronic filing, go to the court's website at www.ca1.uscourts.gov and select *First Circuit Rulebook* under the *Rules & Procedures* tab.

JA181

# United States Court of Appeals
## For the First Circuit

---

**ORDER OF COURT**

Entered: February 9, 2021

In response to recent disclosures of wide-spread breaches of both private sector and government computer systems, the Court has adopted new security procedures to protect any highly sensitive document (HSD) filed with the Court that, if improperly disclosed, could cause harm to the United States, the Federal Judiciary, litigants, or others.

HSDs are documents containing information that is likely to be of interest to the intelligence service of a foreign government and the use or disclosure of such information by a hostile foreign government would likely cause significant harm to the United States or its interests. Examples of HSDs include unclassified sealed documents involving national security, foreign sovereign interests, criminal activity related to cybersecurity or terrorism, investigation of public officials, and extremely sensitive commercial information likely to be of interest to foreign powers.

The following types of sealed documents, if they do not fall into one of the categories above, typically will not qualify as HSDs: (1) presentence reports and related documents; (2) pleadings related to cooperation in criminal cases; (3) Social Security records; (4) administrative immigration records; and (5) most sealed documents in civil cases.

The designation of a document as highly sensitive is typically made by the district court or originating agency. Documents that have previously been designated by the district court or an agency as highly sensitive will ordinarily be treated in the same manner by this court. See 1st Cir. R. 11.0(c)(1).

If a document qualifies as an HSD as that term is described above, a filer is required to file a motion to treat that document as an HSD. The movant must serve the motion and the proposed HSD on all other parties by mail with proof of service under Fed. R. App. P. 25(d)(1). The motion and each proposed HSD should be conspicuously marked as a "HIGHLY SENSITIVE DOCUMENT" and placed inside an envelope marked "HIGHLY SENSITIVE." The motion to treat a document as an HSD should be filed contemporaneously with the filing of a motion to seal the document and should be filed in paper format only under the procedures and requirements of 1st Cir. R. 11.0(c). The motion must set forth in detail why the proposed document constitutes a highly sensitive document under the criteria set out in this order, including the specific grounds for asserting that the document contains information that is likely to be of interest to the intelligence service of a foreign government and the use or disclosure of such information by a hostile foreign government would likely cause significant harm to the United States or its interests. Conclusory assertions will not be deemed a sufficient basis for filing a motion to treat a sealed document as an HSD. If a filer believes that a previously filed document in an ongoing case before

<span style="color:red">JA182</span>

the court qualifies as an HSD, a motion to treat the sealed document as an HSD may be filed. There is no need to file such a motion in a closed case.


/s/ Jeffrey R. Howard
Jeffrey R. Howard
Chief Judge


cc:

Alexander Abdo, Ahilan T. Arulanantham, Tasha J. Bahal, Robert A. Bertsche, Noam Biale, Jonathan T. Burke, Jesse Lloyd Busen, Edwina Bullard Clarke, Alexandra Conlon, Joshua M. Daniels, Caroline DeCell, Joel Anderson Fleming, Brett M. Gannon, Courtney Gans, Harry Graver, Renee M. Griffin, Jameel Jaffer, Ethan B. Kanter, Stephany Kim, Raya Koreh, Ramya Krishnan, Arthur Liou, Donald Campbell Lockhart, Elizabeth D. Matos, Lauren Godles, Milgroom, Philip Monrad, Benjamin Mark Moss, David Rassoul Rangaviz, Nancy Naseem, Safavi, Yaman Salahi, Peter W. Saltzman, Victoria M. Santora, K. L. Smith, Paul F. Stone, Jessica Danielle Strokus, Samuel David Thomas, Michael Tremonte, David Ureña, Xiangnong Wang, Scott B. Wilkens, David Zimmer

# United States Court of Appeals
## For the First Circuit

---

**NOTICE TO ALL CM/ECF USERS REGARDING
"NATIVE" PDF REQUIREMENT**

All documents filed electronically with the court must be submitted as "native" Portable Document ("PDF") files. <u>See</u> 1st Cir R. 25.0. A **native PDF file** is created by electronically converting a word processing document to PDF using Adobe Acrobat or similar software. A **scanned PDF file** is created by putting a paper document through an optical scanner. Use a scanner ONLY if you do not have access to an electronic version of the document that would enable you to prepare a native PDF file. If you fail to file a document in the correct format, you will be asked to resubmit it.

JA184

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

### CLERK'S CERTIFICATE AND APPEALS COVER SHEET

### ABBREVIATED ELECTRONIC RECORD

Case Caption: American Association of University Professors et al v. Rubio et al

District Court Number: 25cv10685-WGY

Fee:   Paid?  Yes __X__ No ____  Government filer ____  *In Forma Pauperis* Yes ____  No ____

Motions Pending       Yes __X__ No ____            Sealed documents     Yes __X__ No ____
*If yes, document #*    317                             *If yes, document #*    153,162,186,209,214,252,253

*Ex parte* documents   Yes ____ No __X__            Transcripts          Yes __X__ No ____
*If yes, document #*    _____              *If yes, document #*    75,87,102,115,165,231-248,310

Notice of Appeal filed by: Plaintiff/Petitioner __X__   Defendant/Respondent ____   Other: ____

Appeal from:

### #313 Judgment
Other information:

### ***Cross Notice of Appeal***

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

### #313 and #324
with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal # ___324___ filed on February 24, 2026_____.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on February 24, 2026___.


**ROBERT M. FARRELL**
Clerk of Court


/s/Matthew A. Paine_____
Deputy Clerk


COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

# JA185

APPEAL

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: <u>1:25–cv–10685–WGY</u>

American Association of University Professors et al v. Rubio et al

Assigned to: Judge William G. Young

Case in other court:  USCA – First Circuit, 25–01658

USCA – First Circuit, 26–01141

Cause: 28:1331 Fed. Question

Date Filed: 03/25/2025

Date Terminated: 01/26/2026

Jury Demand: None

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

**American Association of University Professors**

represented by **Ahilan Arulanantham**
American Civil Liberties Union of Southern California
1313 West 8th Street
Los Angeles, CA 90017
213–977–5211
Fax: 213–977–5297
Email: <u>arulanantham@law.ucla.edu</u>
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
Sher Tremonte LLP
90 Broad Street
23rd Floor
New York, NY 10004
212–202–2603
Fax: 212–202–4156
Email: <u>mtremonte@shertremonte.com</u>
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
Sher Tremonte LLP
90 Broad Street
Ste 23rd Floor
New York, NY 10004
212–202–2600
Email: <u>nbiale@shertremonte.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
Knight First Amendment Institute at Columbia University

JA186

1

475 Riverside Drive
Ste 302
New York, NY 10115
646–745–8502
Email: alex.abdo@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
Sher Tremonte LLP
90 Broad Street
23rd Floor
New York, NY 10004
212–202–2600
Email: aconlon@shertremonte.com
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646–745–8500
Email: carrie.decell@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Courtney Gans**
Sher Tremonte LLP
90 Broad Street
23rd Floor
New York, NY 10004
212–540–0675
Email: cgans@shertremonte.com
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
Zimmer, Citron & Clarke LLP
130 Bishop Allen Dr.
Cambridge, MA 02139
617–676–9421
Email: dzimmer@zimmercitronclarke.com
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**
Zimmer, Citron & Clarke LLP
130 Bishop Allen Drive
Cambridge, MA 02139
518–637–1311
Email: edwina@zimmercitronclarke.com
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**

JA187

Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646–745–8500
Email: jackson.busch@nytimes.com
*TERMINATED: 09/10/2025*
*ATTORNEY TO BE NOTICED*

**Jameel Jaffer**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646–745–8503
Email: jameel.jaffer@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Ramya Krishnan**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646–745–8500
Email: ramya.krishnan@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Raya Koreh**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646–745–8500
Email: raya.koreh@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Scott B. Wilkens**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646–745–8500
Email: scott.wilkens@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Stephany Kim**
Knight First Amendment Institute at

JA188

3

Columbia University
475 Riverside Drive
Ste 302
New York, NY 10115
646−745−8500
Email: stephany.kim@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Talya Nevins**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646−745−8500
Email: talya.nevins@knightcolumbia.org
*TERMINATED: 10/03/2025*
*ATTORNEY TO BE NOTICED*

**Xiangnong Wang**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
503−206−2936
Email: george.wang@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**American Association of University Professors−Harvard Faculty Chapter**          represented by **Ahilan Arulanantham**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**

JA189

4

(See above for address)
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney Gans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**
(See above for address)
*TERMINATED: 09/10/2025*
*ATTORNEY TO BE NOTICED*

**Jameel Jaffer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ramya Krishnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Raya Koreh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott B. Wilkens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephany Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Talya Nevins**
(See above for address)
*TERMINATED: 10/03/2025*
*ATTORNEY TO BE NOTICED*

**Xiangnong Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

JA190

**<u>Plaintiff</u>**

**American Association of University**
**Professors at New York University**

represented by   **Ahilan Arulanantham**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney Gans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**
(See above for address)
*TERMINATED: 09/10/2025*
*ATTORNEY TO BE NOTICED*

**Jameel Jaffer**
(See above for address)
*ATTORNEY TO BE NOTICED*

JA191

6

**Ramya Krishnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Raya Koreh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott B. Wilkens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephany Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Talya Nevins**
(See above for address)
*TERMINATED: 10/03/2025*
*ATTORNEY TO BE NOTICED*

**Xiangnong Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rutgers American Association of**
**University Professors–American**
**Federation of Teachers**

represented by **Ahilan Arulanantham**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**

JA192

7

(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney Gans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**
(See above for address)
*TERMINATED: 09/10/2025*
*ATTORNEY TO BE NOTICED*

**Jameel Jaffer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ramya Krishnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Raya Koreh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott B. Wilkens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephany Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Talya Nevins**
(See above for address)
*TERMINATED: 10/03/2025*
*ATTORNEY TO BE NOTICED*

**Xiangnong Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
Salahi PC
505 Montgomery St.

JA193

Ste 11th Floor
San Francisco, CA 94111
415−236−2352
Email: yaman@salahilaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Middle East Studies Association** | represented by | **Ahilan Arulanantham**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney Gans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**
(See above for address)
*TERMINATED: 09/10/2025*
*ATTORNEY TO BE NOTICED*

JA194

Jameel Jaffer
(See above for address)
*ATTORNEY TO BE NOTICED*

Ramya Krishnan
(See above for address)
*ATTORNEY TO BE NOTICED*

Raya Koreh
(See above for address)
*ATTORNEY TO BE NOTICED*

Scott B. Wilkens
(See above for address)
*ATTORNEY TO BE NOTICED*

Stephany Kim
(See above for address)
*ATTORNEY TO BE NOTICED*

Talya Nevins
(See above for address)
*TERMINATED: 10/03/2025*
*ATTORNEY TO BE NOTICED*

Xiangnong Wang
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Marco Rubio**                              represented by   **Ethan B. Kanter**
*in his official capacity as Secretary of*                   DOJ–Civ
*State*                                                       P.O. 878
                                                             Ben Franklin Station
                                                             Washington, DC 20044
                                                             202–616–9123
                                                             Email: ethan.kanter@usdoj.gov
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Harry Graver**
                                                             DOJ–Civ
                                                             950 Pennsylvania Avenue NW
                                                             Washington, DC 20530
                                                             202–514–2000
                                                             Email: harry.graver@usdoj.gov
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Jesse Busen**

JA195

10

DOJ–Civ
Office of Immigration Litigation
Poc Agostinho, Jean
1100 L St., N.W.
8142
Washington, DC 20530
202–307–0340
Email: jesse.busen@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
DOJ–Civ
P.O Box 878
Ben Franklin Station
Washington, DC 20044
202–616–8779
Email: jessica.d.strokus@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
P.O. Box 878, Ben Franklin Station
Washington, DC 20001
202–616–4018
Email: lindsay.m.murphy@usdoj.gov
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
DOJ–Civ
Poc Agostinho, Jean
1100 L St., N.W.
8142
Washington, DC 20530
202–307–0340
Email: nancy.safavi@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
U.S. Dept. of Justice, Civil Division,
Office of Immigration
Ben Franklin Station
P.O. Box 878
Washington, DC 20044
202–405–9647
Email: paul.f.stone@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA 02210

JA196

617−748−3100
Fax: 617−748−3971
Email: rayford.farquhar@usdoj.gov
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
DOJ−USAO
1 Courthouse Way
Ste 9200
Boston, MA 02210
617−748−7104
Email: shawna.yen@usdoj.gov
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
DOJ−Civ
Office of Immigration Litigation
PO Box 878
Ben Franklin Station
Washington, DC 20044
202−616−5573
Email: victoria.m.santora@usdoj.gov
*ATTORNEY TO BE NOTICED*

**William Kanellis**
DOJ−Civ
Commercial Litigation Branch
1100 L St NW
Ste 10140
Washington, DC 20530
202−251−4937
Email: william.kanellis@usdoj.gov
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Department of State**                           represented by   **Ethan B. Kanter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Busen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)

<span style="color:red">JA197</span>

12

*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kristi Noem**                                    represented by    **Ethan B. Kanter**
*in her official capacity as Secretary of*                            (See above for address)
*Homeland Security*                                                   *ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Busen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**

JA198

13

(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Department of Homeland Security**            represented by    **Ethan B. Kanter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Busen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

# JA199

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Todd Lyons**                                    represented by    **Ethan B. Kanter**
*in his official capacity as Acting Director*                        (See above for address)
*of U.S. Immigration and Customs*                                    *ATTORNEY TO BE NOTICED*
*Enforcement*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Busen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)

JA200

15

*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Donald J. Trump**
*in his official capacity as President of the*
*United States*

represented by **Ethan B. Kanter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Busen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**

JA201

(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States of America**                    represented by    **Ethan B. Kanter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Busen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

JA202

17

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*TERMINATED: 01/15/2026*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Council of UC Faculty Associations**    represented by    **Joshua M. Daniels**
The Law Office of Joshua M. Daniels
P.O. Box 300765
Jamaica Plain, MA 02130
617–942–2190
Email: jdaniels@danielsappeals.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arthur Liou**
Leonard Carder, LLP
1999 Harrison Street
Ste 2700
Oakland, CA 94612
510–272–0169
Fax: 510–272–0174
Email: aliou@leonardcarder.com
*ATTORNEY TO BE NOTICED*

**Julia Lum**
Leonard Carder, LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612
510–272–0169
Email: jlum@leonardcarder.com
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
Leonard Carder, LLP
1999 Harrison Street
Suite 2700

JA203

18

Oakland, CA 94612
510–272–0169
Fax: 510–272–0174
Email: psaltzman@leonardcarder.com
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
Leonard Carder, LLP
1999 Harrison Street
Suite 2700
Oakland, CA 94612
510–272–0169
Fax: 510–272–0174
Email: pmonrad@leonardcarder.com
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Berkeley Faculty Association**          represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Davis Faculty Association**          represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Irvine Faculty Association**     represented by     **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**UC Merced Faculty Association**     represented by     **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

JA205

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Riverside Faculty Association**          represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**San Diego Faculty Association**          represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**UCSF Faculty Association**                    represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**UC Santa Barbara Faculty Association**        represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**University of California Los Angeles
Faculty Association**　　represented by　**Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan B. Kanter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

JA208

23

**Santa Cruz Faculty Association**                    represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**University CouncilAmerican**                    represented by **Arthur Liou**
**Federation of Teachers Local 1474**                    (See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

JA209

24

**Boston University AAUP Chapter**                represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Brown University Chapter of the**                represented by    **Arthur Liou**
**AAUP**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

JA210

25

**Concerned Stanford Faculty**                represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Dartmouth College Chapter of the**              represented by    **Arthur Liou**
**AAUP**                                                            (See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

<span style="color:red">JA211</span>

26

**Del Mar College Chapter of the AAUP–AFT**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Massachusetts Institute of Technology Chapter of the AAUP**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

JA212

27

**AAUP Princeton**                                    represented by **Arthur Liou**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Joshua M. Daniels**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Julia Lum**
                                                                     (See above for address)
                                                                     *TERMINATED: 12/29/2025*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Peter W Saltzman**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Philip Monrad**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Yaman Salahi**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Amicus**

**Rice University Advocacy Chapter of**         represented by **Arthur Liou**
**the AAUP**                                                     (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Joshua M. Daniels**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Julia Lum**
                                                                 (See above for address)
                                                                 *TERMINATED: 12/29/2025*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Peter W Saltzman**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Philip Monrad**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Yaman Salahi**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

**Amicus**

JA213

**Tufts University Chapter of the AAUP**    represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**University of Houston Chapter of the AAUP**    represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

JA214

**John Hopkins University Chapter of the AAUP**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**University of Minnesota Twin Cities Chapter of the AAUP**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

JA215

30

**Northwestern University Chapter of the AAUP**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**University of Dallas Chapter of the AAUP**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

JA216

**AAUP Advocacy Chapter at the University of Texas at Austin**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**AAUP Advocacy Chapter at the University of Texas at Dallas**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

JA217

32

**Yale University Chapter of the AAUP**    represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Wesleyan University Chapter of the AAUP**    represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*TERMINATED: 12/29/2025*
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

JA218

33

| | | |
|---|---|---|
| **Commonwealth of Massachusetts** | represented by | **David Rassoul Rangaviz**<br>Massachusetts Attorney General's Office<br>Civil Rights Division<br>1 Ashburton Place<br>Boston, MA 02108<br>617–963–2816<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **The Presidents Alliance on Higher Education and Immigration** | represented by | **Joel Anderson Fleming**<br>Equity Litigation Group LLP<br>1 Washington Mall #1307<br>Boston, MA 02108<br>617–388–0622<br>Email: jfleming@equitylitigation.com<br>*ATTORNEY TO BE NOTICED* |
| | | **Lauren G. Milgroom**<br>Equity Litigation Group LLP<br>1 Washington Mall<br>#1307<br>Boston, MA 02108<br>617–475–0039<br>Email: lmilgroom@equitylitigation.com<br>*ATTORNEY TO BE NOTICED* |

V.

**Intervenor**

| | | |
|---|---|---|
| **K.L. Smith** | represented by | **K.L. Smith**<br>3649 Evergreen Parkway<br>#504<br>Evergreen, CO 80437–0504<br>(720)–404–5383<br>PRO SE |

**Intervenor**

| | | |
|---|---|---|
| **Boston Globe Media Partners, LLC** | represented by | **Samuel D. Thomas**<br>Morgan Lewis<br>One Federal Street<br>Floor 14<br>Ste 1419<br>Boston, MA 02110<br>774–263–0309<br>Email: tsamueldavid@gmail.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Intervenor**

JA219

**The New York Times Company**  represented by  **Samuel D. Thomas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Intercept Media, Inc.**  represented by  **Renee M. Griffin**
Reporters Committee for Freedom of the
Press
1156 15th St NW
Suite 1020
Washington, DC 20005
202−800−3247
Email: rgriffin@rcfp.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert A. Bertsche**
Klaris Law PLLC
6 Liberty Square #2752
Boston, MA 02109
857−303−6938
Email: rob.bertsche@klarislaw.com
*ATTORNEY TO BE NOTICED*

**Intervenor**

**The Center for Investigative Reporting**  represented by  **Renee M. Griffin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert A. Bertsche**
(See above for address)
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 03/25/2025 | 1 | COMPLAINT against All Defendants Filing fee: $ 405, receipt number AMADC−10910511 (Fee Status: Filing Fee paid), filed by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Civil Cover Sheet, # 2 Category Form)(Clarke, Edwina) (Entered: 03/25/2025) |
| 03/25/2025 | 2 | Proposed Document(s) submitted by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association |

<div style="text-align: center; color: red; font-size: 2em;">JA220</div>

35

| | | of University Professors–American Federation of Teachers, Middle East Studies Association. Document received: Requests for Summonses. (Attachments: # 1 Request for Summons, # 2 Request for Summons, # 3 Request for Summons, # 4 Request for Summons, # 5 Request for Summons, # 6 Request for Summons, # 7 Request for Summons)(Clarke, Edwina) (Entered: 03/25/2025) |
|---|---|---|
| 03/25/2025 | 3 | ELECTRONIC NOTICE of Case Assignment. Judge William G. Young assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Jessica D. Hedges. (SEC) (Entered: 03/25/2025) |
| 03/25/2025 | 4 | Summons Issued as to All Defendants. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (JKK) (Entered: 03/25/2025) |
| 03/26/2025 | 5 | MOTION for Leave to Appear Pro Hac Vice for admission of Ramya Krishnan Filing fee: $ 125, receipt number AMADC–10913799 by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 6 | MOTION for Leave to Appear Pro Hac Vice for admission of Carrie DeCell Filing fee: $ 125, receipt number AMADC–10913838 by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 7 | MOTION for Leave to Appear Pro Hac Vice for admission of Alex Abdo Filing fee: $ 125, receipt number AMADC–10913861 by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 8 | MOTION for Leave to Appear Pro Hac Vice for admission of Jameel Jaffer Filing fee: $ 125, receipt number AMADC–10913880 by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 9 | MOTION for Leave to Appear Pro Hac Vice for admission of Xiangnong Wang Filing fee: $ 125, receipt number AMADC–10913909 by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 10 | MOTION for Leave to Appear Pro Hac Vice for admission of Jackson Busch Filing fee: $ 125, receipt number AMADC–10913924 by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association |

JA221

| | | of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
|---|---|---|
| 03/26/2025 | 11 | Judge William G. Young: ELECTRONIC ORDER entered granting 5 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>; granting 6 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>; granting 7 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>; granting 8 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch. |

**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

; granting 9 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch.

**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

; granting 10 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch.

**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

(MAP) (Entered: 03/26/2025)

| | | |
|---|---|---|
| 04/01/2025 | 12 | NOTICE of Appearance by Ramya Krishnan on behalf of American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association (Krishnan, Ramya) (Entered: 04/01/2025) |
| 04/01/2025 | 13 | MOTION for Preliminary Injunction , MOTION to Expedite *Briefing* ( Responses due by 4/15/2025) by American Association of University Professors, American Association of |

<span style="color:red">JA223</span>

38

| | | |
|---|---|---|
| | | University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association.(Krishnan, Ramya) (Entered: 04/01/2025) |
| 04/01/2025 | 14 | MEMORANDUM in Support re 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing* filed by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration of Veena Dubal, # 2 Declaration of Asli U. Bali, # 3 Declaration of Ramya Krishnan, # 4 Exhibit A to Krishnan Declaration, # 5 Exhibit B to Krishnan Declaration, # 6 Exhibit C to Krishnan Declaration, # 7 Exhibit D to Krishnan Declaration, # 8 Exhibit E to Krishnan Declaration, # 9 Exhibit F to Krishnan Declaration, # 10 Exhibit G to Krishnan Declaration, # 11 Exhibit H to Krishnan Declaration, # 12 Exhibit I to Krishnan Declaration, # 13 Exhibit J to Krishnan Declaration, # 14 Exhibit K to Krishnan Declaration, # 15 Exhibit L to Krishnan Declaration, # 16 Exhibit M to Krishnan Declaration, # 17 Exhibit N to Krishnan Declaration, # 18 Exhibit O to Krishnan Declaration, # 19 Exhibit P to Krishnan Declaration, # 20 Exhibit Q to Krishnan Declaration, # 21 Exhibit R to Krishnan Declaration, # 22 Exhibit S to Krishnan Declaration, # 23 Exhibit T to Krishnan Declaration, # 24 Exhibit U to Krishnan Declaration, # 25 Exhibit V to Krishnan Declaration, # 26 Exhibit W to Krishnan Declaration, # 27 Exhibit X to Krishnan Declaration, # 28 Exhibit Y to Krishnan Declaration, # 29 Exhibit Z to Krishnan Declaration, # 30 Exhibit AA to Krishnan Declaration, # 31 Exhibit BB to Krishnan Declaration, # 32 Exhibit CC to Krishnan Declaration, # 33 Exhibit DD to Krishnan Declaration, # 34 Exhibit EE to Krishnan Declaration, # 35 Exhibit FF to Krishnan Declaration, # 36 Exhibit GG to Krishnan Declaration, # 37 Exhibit HH to Krishnan Declaration, # 38 Exhibit II to Krishnan Declaration)(Krishnan, Ramya) (Entered: 04/01/2025) |
| 04/02/2025 | 15 | ELECTRONIC NOTICE issued requesting PAPER courtesy copy for 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing*, 14 Memorandum in Support of Motion. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office by Attention Matthew Paine – Docket Clerk – Judge Young. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (MAP) (Entered: 04/02/2025) |
| 04/02/2025 | 16 | Judge William G. Young: ELECTRONIC ORDER entered re 13 MOTION for Preliminary Injunction, MOTION to Expedite Briefing. In view of the profound constitutional questions raised by this complaint, the public interest strongly favors prompt adjudication and expedited briefing is warranted. Accordingly, responsive briefs and affidavits shall be filed no later than noon April 21, 2025 (sooner is better) and the motion for preliminary injunction shall be heard at 10:00 a.m. in Courtroom 18 on Wednesday, April 23,2025.(KB) (Entered: 04/02/2025) |
| 04/02/2025 | 17 | ELECTRONIC NOTICE Setting Hearing on Motion 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing* : Motion Hearing set for 4/23/2025 10:00 AM in Courtroom 18 (In person only) before Judge William G. Young. Counsel for plaintiffs shall notify defense counsel of hearing date. (KB) (Entered: 04/02/2025) |
| 04/02/2025 | 18 | NOTICE of Appearance by Rayford A. Farquhar on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Farquhar, Rayford) (Entered: 04/02/2025) |
| 04/03/2025 | 19 | |

| | | NOTICE of Appearance by Caroline DeCell on behalf of American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association (DeCell, Caroline) (Entered: 04/03/2025) |
|---|---|---|
| 04/03/2025 | 20 | NOTICE of Appearance by Jameel Jaffer on behalf of American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association (Jaffer, Jameel) (Entered: 04/03/2025) |
| 04/03/2025 | 21 | NOTICE of Appearance by Alexander Abdo on behalf of American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association (Abdo, Alexander) (Entered: 04/03/2025) |
| 04/03/2025 | 22 | NOTICE of Appearance by Xiangnong Wang on behalf of American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association (Wang, Xiangnong) (Entered: 04/03/2025) |
| 04/03/2025 | 23 | NOTICE of Appearance by Jackson Thomas Busch on behalf of American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association (Busch, Jackson) (Entered: 04/03/2025) |
| 04/04/2025 | 24 | NOTICE of Appearance by Ethan B. Kanter on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Kanter, Ethan) (Entered: 04/04/2025) |
| 04/07/2025 | 25 | SUMMONS Returned Executed Marco Rubio. (Krishnan, Ramya) **Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).** (Entered: 04/07/2025) |
| 04/07/2025 | 26 | SUMMONS Returned Executed Department of State.. (Krishnan, Ramya) **Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).** (Entered: 04/07/2025) |
| 04/07/2025 | 27 | SUMMONS Returned Executed Kristi Noem (Krishnan, Ramya) **Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).** (Entered: 04/07/2025) |

| | | |
|---|---|---|
| 04/07/2025 | 28 | SUMMONS Returned Executed Department of Homeland Security. (Krishnan, Ramya)<br><br>**Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).**<br><br>(Entered: 04/07/2025) |
| 04/07/2025 | 29 | SUMMONS Returned Executed Todd Lyons (Krishnan, Ramya)<br><br>**Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).**<br><br>(Entered: 04/07/2025) |
| 04/07/2025 | 30 | SUMMONS Returned Executed by American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Krishnan, Ramya) (Entered: 04/07/2025) |
| 04/08/2025 | 31 | Joint MOTION for a Briefing Schedule re 16 Order on Motion to Expedite,, by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association.(Krishnan, Ramya) (Entered: 04/08/2025) |
| 04/08/2025 | 32 | MOTION for Leave to Appear Pro Hac Vice for admission of Ahilan Arulanantham Filing fee: $ 125, receipt number AMADC–10939863 by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration of A. Arulanantham)(Clarke, Edwina) (Entered: 04/08/2025) |
| 04/08/2025 | 33 | Judge William G. Young: ELECTRONIC ORDER entered granting 32 Motion for Leave to Appear Pro Hac Vice Added Ahilan Arulanantham.<br><br>**Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at https://www.mad.uscourts.gov/caseinfo/nextgen–current–pacer–accounts.htm#link–account.<br><br>(MAP) (Entered: 04/08/2025) |
| 04/08/2025 | 34 | Amicus Curiae APPEARANCE entered by Joshua M. Daniels on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford |

JA226

| | | |
|---|---|---|
| | | Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP–AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Daniels, Joshua)<br><br>**Modified on 4/9/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Daniels Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen. (MAP).**<br><br>(Entered: 04/08/2025) |
| 04/08/2025 | 35 | MOTION for Leave to Appear Pro Hac Vice for admission of Yaman Salahi, Philip Monrad, Peter Saltzman, Arthur Liou, Julia Lum, Filing fee: $ 625, receipt number AMADC–10941087 by Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University CouncilAmerican Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP–AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP. (Attachments: # 1 Exhibit Exhibit A – PHV Attorney Declarations)(Daniels, Joshua) (Entered: 04/08/2025) |
| 04/08/2025 | 36 | MOTION for Leave to File *[Proposed] Amici Curiae Brief in Support of Plaintiffs' Motion for Preliminary Injunction* by Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University CouncilAmerican Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP–AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP. (Attachments: # 1 [Proposed] Amici Curiae Brief in Support of Plaintiffs' Motion for Preliminary Injunction)(Daniels, Joshua) (Entered: |

<span style="color:red">JA227</span>

| | | 04/08/2025) |
|---|---|---|
| 04/09/2025 | 37 | Judge William G. Young: ELECTRONIC ORDER entered granting 31 Joint MOTION for a Briefing Schedule re 16 Order on Motion to Expedite,, by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (KB) (Entered: 04/09/2025) |
| 04/09/2025 | 38 | SUMMONS Returned Executed by American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Krishnan, Ramya) (Entered: 04/09/2025) |
| 04/09/2025 | 39 | Judge William G. Young: ELECTRONIC ORDER entered granting 36 MOTION for Leave to File Amici Curiae Brief; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (MAP) (Entered: 04/09/2025) |
| 04/09/2025 | 40 | Amicus Curiae APPEARANCE entered by David Rassoul Rangaviz on behalf of Commonwealth of Massachusetts. (Rangaviz, David)<br><br>**Modified on 4/9/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Rangaviz Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen. (MAP).**<br><br>(Entered: 04/09/2025) |
| 04/09/2025 | 41 | MOTION for Leave to File *Brief of Amici Curiae States (Unopposed)* by COMMONWEALTH OF MASSACHUSETTS.(Rangaviz, David) (Entered: 04/09/2025) |
| 04/09/2025 | 42 | Judge William G. Young: ELECTRONIC ORDER entered granting 35 Motion for Leave to Appear Pro Hac Vice Added Yaman Salahi, Philip Monrad, Peter Saltzman, Arthur Liou, and Julia Lum.<br><br><span style="color:red">**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**</span><br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 04/09/2025) |
| 04/09/2025 | 43 | AMICUS BRIEF filed by Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty |

| | | Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University CouncilAmerican Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP–AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP *Leave Granted 04/09/2025*. (Daniels, Joshua) (Entered: 04/09/2025) |
|---|---|---|
| 04/09/2025 | 44 | NOTICE of Appearance by Lindsay M Murphy on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Murphy, Lindsay) (Entered: 04/09/2025) |
| 04/09/2025 | 45 | Amicus Curiae APPEARANCE entered by Lauren G. Milgroom on behalf of The Presidents Alliance on Higher Education and Immigration (Milgroom, Lauren)<br><br>**Modified on 4/9/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Milgroom Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen. (MAP).**<br><br>(Entered: 04/09/2025) |
| 04/09/2025 | 46 | MOTION for Leave to File *[Proposed] Brief of Amicus Curiae* by The Presidents Alliance on Higher Education and Immigration. (Attachments: # 1 [Proposed] Brief of Amicus Curiae The Presidents' Alliance on Higher Education and Immigration in Support of Plaintiffs' Motion for a Preliminary Injunction)(Milgroom, Lauren) (Entered: 04/09/2025) |
| 04/09/2025 | 47 | Amicus Curiae APPEARANCE entered by Joel Anderson Fleming on behalf of The Presidents Alliance on Higher Education and Immigration. (Fleming, Joel) (Entered: 04/09/2025) |
| 04/10/2025 | 48 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 41 MOTION for Leave to File Brief of Amici Curiae States (Unopposed) ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (MAP) (Entered: 04/10/2025) |
| 04/10/2025 | 49 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 46 MOTION for Leave to File of Amicus Curiae Brief; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (MAP) (Entered: 04/10/2025) |
| 04/10/2025 | 50 | AMICUS BRIEF filed by The Presidents Alliance on Higher Education and Immigration . (Milgroom, Lauren) (Entered: 04/10/2025) |
| 04/10/2025 | 51 | Amicus Curiae APPEARANCE entered by Yaman Salahi on behalf of Council of UC Faculty Associations, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los |

Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP–AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP, Rutgers American Association of University Professors–American Federation of Teachers (Salahi, Yaman)

**Modified on 4/11/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Salahi Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen. (MAP). (Entered: 04/10/2025)**

| Date | No. | Description |
|------|-----|-------------|
| 04/10/2025 | 52 | MOTION for Leave to Appear Pro Hac Vice for admission of Zachary Smith Filing fee: $ 125, receipt number AMADC–10945533 by The Presidents Alliance on Higher Education and Immigration. (Attachments: # 1 Affidavit)(Milgroom, Lauren) (Entered: 04/10/2025) |
| 04/10/2025 | 53 | MOTION for Leave to Appear Pro Hac Vice for admission of Kayla Chen Filing fee: $ 125, receipt number AMADC–10945552 by The Presidents Alliance on Higher Education and Immigration. (Attachments: # 1 Affidavit)(Milgroom, Lauren) (Entered: 04/10/2025) |
| 04/10/2025 | 54 | MOTION for Leave to Appear Pro Hac Vice for admission of Andrew Dunlap Filing fee: $ 125, receipt number AMADC–10945600 by The Presidents Alliance on Higher Education and Immigration. (Attachments: # 1 Affidavit Affidavit in Support of Motion to Admit Andrew Dunlap Pro Hac Vice)(Milgroom, Lauren) (Entered: 04/10/2025) |
| 04/11/2025 | 55 | Judge William G. Young: ELECTRONIC ORDER entered granting 52 Motion for Leave to Appear Pro Hac Vice Added Zachary Smith.<br><br>**<span style="color:red">Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at <u>https://pacer.uscourts.gov/register–account</u>. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.</span>**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>An Amicus Curiae APPEARANCE must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 04/11/2025) |
| 04/11/2025 | 56 | Judge William G. Young: ELECTRONIC ORDER entered granting 53 Motion for Leave to Appear Pro Hac Vice Added Kayla Chen.<br><br>**<span style="color:red">Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register</span>** |

**for a PACER account, go the Pacer website at
https://pacer.uscourts.gov/register–account. You must put the docket number under
ADDITIONAL FILER INFORMATION on your form when registering or it will be
rejected.**

Pro Hac Vice Admission Request Instructions
https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.

An Amicus Curiae APPEARANCE must be entered on the docket by the newly admitted
attorney.

(MAP) (Entered: 04/11/2025)

| 04/11/2025 | 57 | Judge William G. Young: ELECTRONIC ORDER entered granting <u>54</u> Motion for Leave to Appear Pro Hac Vice Added Andrew Dunlap. <br><br> **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** <br><br> Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm. <br><br> An Amicus Curiae APPEARANCE must be entered on the docket by the newly admitted attorney. <br><br> (MAP) (Entered: 04/11/2025) |
| 04/11/2025 | <u>58</u> | Amicus Curiae APPEARANCE entered by Julia Lum on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP–AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Lum, Julia) (MAP). <br><br> **Modified on 4/13/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Lum Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen.** <br><br> (Entered: 04/11/2025) |

<div align="center">

## JA231

</div>

| 04/11/2025 | 59 | Amicus Curiae APPEARANCE entered by Arthur Liou on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP–AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Liou, Arthur)<br><br>**Modified on 4/13/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Liou Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen.**<br><br>(Entered: 04/11/2025) |
| --- | --- | --- |
| 04/11/2025 | 60 | AMICUS BRIEF filed by Commonwealth of Massachusetts *and 18 other states*. (Rangaviz, David) (Entered: 04/11/2025) |
| 04/11/2025 | 61 | Amicus Curiae APPEARANCE entered by Philip Monrad on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University CouncilAmerican Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP–AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Monrad, Philip)<br><br>**Modified on 4/13/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Monrad Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen.**<br><br>(Entered: 04/11/2025) |
| 04/11/2025 | 62 | Amicus Curiae APPEARANCE entered by Peter W Saltzman on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston |

<span style="color:red">JA232</span>

47

| | | University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP–AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Saltzman, Peter)<br><br>**Modified on 4/13/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Saltzman Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen.**<br><br>(Entered: 04/11/2025) |
|---|---|---|
| 04/14/2025 | 63 | MOTION for Leave to Appear Pro Hac Vice for admission of Talya Nevins Filing fee: $ 125, receipt number AMADC–10949148 by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration of T. Nevins)(Clarke, Edwina) (Entered: 04/14/2025) |
| 04/14/2025 | 64 | Judge William G. Young: ELECTRONIC ORDER entered granting 63 Motion for Leave to Appear Pro Hac Vice Added Talya Nevins.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 04/14/2025) |
| 04/14/2025 | 65 | MEMORANDUM in Opposition re 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing* filed by Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security. (Attachments: # 1 Exhibit Declaration, # 2 Exhibit Declaration)(Kanter, Ethan) (Entered: 04/14/2025) |
| 04/15/2025 | 66 | NOTICE of Appearance by David Jacob Zimmer on behalf of American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association (Zimmer, David) (Entered: 04/15/2025) |

| 04/15/2025 | 67 | NOTICE of Appearance by Talya Nevins on behalf of American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association (Nevins, Talya) (Entered: 04/15/2025) |
|---|---|---|
| 04/18/2025 | 68 | ~~REPLY to Response to 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing* filed by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Supplemental Declaration of R. Krishnan, # 2 Ex. A, # 3 Ex. B, # 4 Ex. C, # 5 Ex. D, # 6 Ex. E, # 7 Ex. F, # 8 Ex. G, # 9 Ex. H)(Krishnan, Ramya)~~ Modified on 4/21/2025 as Counsel filed a Corrected Version of the Reply – See ECF No. 69 (MAP). Modified on 4/21/2025 (MAP). (Entered: 04/18/2025) |
| 04/18/2025 | 69 | REPLY to Response to 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing (corrected pdf)* filed by American Association of University Professors, American Association of University Professors–Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration of Ramya Krishnan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H)(Krishnan, Ramya) (Entered: 04/18/2025) |
| 04/21/2025 | 70 | NOTICE of Appearance by Harry Graver on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Graver, Harry) (Entered: 04/21/2025) |
| 04/23/2025 | 71 | NOTICE of Appearance by Shawna Yen on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Yen, Shawna) (Entered: 04/23/2025) |
| 04/23/2025 | 72 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 4/23/2025 re 13 MOTION for Preliminary Injunction filed by American Association of University Professors–Harvard Faculty Chapter, Rutgers American Association of University Professors–American Federation of Teachers, Middle East Studies Association, American Association of University Professors, American Association of University Professors at New York University. The Court enters an order on # 13 Motion for Preliminary Injunction; the motion is collapsed with trial on the merits in accordance with Rule 65(a). The parties agree to treat defendants' opposition as a motion to dismiss and wish to proceed with argument today. Court hears argument on the opposition treated as a motion to dismiss. Court takes the matter under advisement. The Court will issue a written order on the motion to dismiss. If the case survives the motion, the Court will hold a prompt status conference to discuss the trial. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Ramya Krishnan, Jameel Jaffer, Talya Nevins, Caroline DeCell for plaintiffs and Harry Graver and Shawna Yen for defendants) (KB) (Entered: 04/23/2025) |
| 04/29/2025 | 73 | Judge William G. Young: ORDER entered. MEMORANDUM AND ORDER |

| | | |
|---|---|---|
| | | For the reasons stated above, the Motion to Dismiss is ALLOWED in part as to count three and DENIED in part as to counts one, two, and four.<br><br>A case management conference is set for Tuesday, May 6, 2025 at 10 a.m.<br><br>(Sonnenberg, Elizabeth) (Entered: 04/29/2025) |
| 04/29/2025 | 74 | ELECTRONIC NOTICE of Hearing. Case Management Conference set for 5/6/2025 10:00 AM in Courtroom 18 (In person only with remote access provided) before Judge William G. Young. (KB) (Entered: 04/29/2025) |
| 04/30/2025 | 75 | Transcript of Preliminary Injunction/Motion to Dismiss Hearing held on April 23, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 5/21/2025. Redacted Transcript Deadline set for 6/2/2025. Release of Transcript Restriction set for 7/29/2025. (DRK) (Entered: 04/30/2025) |
| 04/30/2025 | 76 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 04/30/2025) |
| 05/05/2025 | 77 | MOTION for Leave to Appear Pro Hac Vice for admission of Scott Wilkens Filing fee: $ 125, receipt number AMADC–10987709 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration of S. Wilkens)(Clarke, Edwina) (Entered: 05/05/2025) |
| 05/05/2025 | 78 | Judge William G. Young: ELECTRONIC ORDER entered granting 77 Motion for Leave to Appear Pro Hac Vice Added Scott Wilkens.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 05/05/2025) |
| 05/05/2025 | 79 | MOTION for Leave to Appear Pro Hac Vice for admission of Noam Biale Filing fee: $ 125, receipt number AMADC–10989695 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Delaration of N. Biale)(Clarke, Edwina) (Entered: |

<div align="center">JA235</div>

| | | | |
|---|---|---|---|
| | | | 05/05/2025) |
| 05/05/2025 | 80 | | MOTION for Leave to Appear Pro Hac Vice for admission of Michael Tremonte Filing fee: $ 125, receipt number AMADC–10989707 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration of M. Tremonte)(Clarke, Edwina) (Entered: 05/05/2025) |
| 05/05/2025 | 81 | | Judge William G. Young: ELECTRONIC ORDER entered granting 79 Motion for Leave to Appear Pro Hac Vice Added Noam Biale. <br><br> **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** <br><br> Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm. <br><br> A Notice of Appearance must be entered on the docket by the newly admitted attorney. <br><br> (MAP) (Entered: 05/05/2025) |
| 05/05/2025 | 82 | | Judge William G. Young: ELECTRONIC ORDER entered granting 80 Motion for Leave to Appear Pro Hac Vice Added Michael Tremonte. <br><br> **Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at https://www.mad.uscourts.gov/caseinfo/nextgen–current–pacer–accounts.htm#link–account. <br><br> (MAP) (Entered: 05/05/2025) |
| 05/06/2025 | 83 | | NOTICE of Appearance by Scott B. Wilkens on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers (Wilkens, Scott) (Entered: 05/06/2025) |
| 05/06/2025 | 84 | | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Case Management Conference held on 5/6/2025. Court discusses case and expectations for the bench trial. After hearing from the parties, the Court sets the bench trial for July 7, 2025 at 9:00 AM. For trials the Court generally sits from 9am– 1pm. The Court will take witnesses out of order if necessary. Defendants do not need to file a formal answer. The Court will hold a status hearing Thursday May 22, 2025, at 2:00PM in Courtroom 18 (In person only with remote access provided). (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Ramya Krishnan, Jameel Jaffer, Scott B. Wilkens, |

| | | Noam Biale, and Michael Tremonte for plaintiffs and Shawna Yen for the defendants) (KB) (Entered: 05/06/2025) |
|---|---|---|
| 05/06/2025 | 85 | NOTICE of Appearance by Noam Biale on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers (Biale, Noam) (Entered: 05/06/2025) |
| 05/06/2025 | 86 | NOTICE of Appearance by Michael Tremonte on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers (Tremonte, Michael) (Entered: 05/06/2025) |
| 05/08/2025 | 87 | Transcript of Case Management Conference held on May 6, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 5/29/2025. Redacted Transcript Deadline set for 6/9/2025. Release of Transcript Restriction set for 8/6/2025. (DRK) (Entered: 05/08/2025) |
| 05/08/2025 | 88 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 05/08/2025) |
| 05/14/2025 | 89 | ELECTRONIC NOTICE OF RESCHEDULING: Status Conference reset for 5/22/2025 02:45 PM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. **Note: change is to time only!** (KB) (Entered: 05/14/2025) |
| 05/21/2025 | 90 | NOTICE of Appearance by Lindsay M Murphy on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Murphy, Lindsay) (Entered: 05/21/2025) |
| 05/21/2025 | 91 | MOTION MOTION TO APPEAR REMOTELY AT HEARING, OR ALTERNATIVELY, STAY HEARING UNTIL COUNSEL IS AVAILABLE FOR IN–PERSON APPEARANCE by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Murphy, Lindsay) (Entered: 05/21/2025) |
| 05/21/2025 | 92 | Judge William G. Young: ELECTRONIC ORDER entered granting 91 MOTION TO APPEAR REMOTELY AT HEARING, OR ALTERNATIVELY, STAY HEARING UNTIL COUNSEL IS AVAILABLE FOR IN–PERSON APPEARANCE by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Counsel may appear remotely for the 5/22/2025 hearing. (KB) (Entered: 05/21/2025) |
| 05/21/2025 | 93 | NOTICE of Withdrawal of Appearance by Lindsay M Murphy (Murphy, Lindsay) (Entered: 05/21/2025) |
| 05/21/2025 | 94 | MOTION for Protective Order *and Motion to Dispense With Rule 65(a) Trial on the Merits* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 05/21/2025) |

| 05/21/2025 | 95 | Letter/request (non–motion) from Noam Biale *re: status of discovery*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Biale, Noam) (Entered: 05/21/2025) |
|---|---|---|
| 05/22/2025 | 96 | NOTICE of Appearance by William Kanellis on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanellis, William) (Entered: 05/22/2025) |
| 05/22/2025 | 97 | Letter/request (non–motion) from Ramya Krishnan *re: Defendants' Motion for a Protective Order and Motion to Dispense with Rule 65(a) Trial on the Merits*. (Krishnan, Ramya) (Entered: 05/22/2025) |
| 05/22/2025 | 98 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Status Conference held on 5/22/2025. Court addresses how the case will proceed. Parties are not to file letters going forward. They may file the appropriate motion or opposition etc. The Court will consider all motions filed in this case as emergency motions and oppositions shall be filed within three business days. Defendants shall produce full administrative record as discussed by noon on Thursday, May 27th and the Court will review it. The Court sets a motion hearing on #94 MOTION for Protective Order and Motion to Dispense With Rule 65(a) Trial on the Merits for June 2, 2025 at 11am. Discovery will be produced related to five people named by plaintiffs in Court. Defendants will produce documents already produced in other cases by noon Thursday, May 29th. Parties discuss trial logistics. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Ramya Krishnan, Noam Biale, Michael Tremonte, Alexander Abdo, Jameel Jaffer, Scott B. Wilkens for plaintiffs and Ethan B. Kanter and William Kanellis for defendants) (KB) (Entered: 05/22/2025) |
| 05/22/2025 | 99 | ELECTRONIC NOTICE Setting Hearing on Motion 94 MOTION for Protective Order *and Motion to Dispense With Rule 65(a) Trial on the Merits*. Motion Hearing set for 6/2/2025 11:00 AM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.<br><br>For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here.<br><br>(KB) (Entered: 05/22/2025) |
| 05/22/2025 | 100 | MOTION for Leave to Appear Pro Hac Vice for admission of Courtney Gans Filing fee: $ 125, receipt number AMADC–11026223 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration of C. Gans)(Clarke, Edwina) (Entered: 05/22/2025) |
| 05/23/2025 | 101 | Judge William G. Young: ELECTRONIC ORDER entered granting 100 Motion for Leave to Appear Pro Hac Vice Added Courtney Gans.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under** |

JA238

| | | |
|---|---|---|
| | | **ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 05/23/2025) |
| 05/28/2025 | 102 | Transcript of Status Conference held on May 22, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 6/18/2025. Redacted Transcript Deadline set for 6/30/2025. Release of Transcript Restriction set for 8/26/2025. (DRK) (Entered: 05/28/2025) |
| 05/28/2025 | 103 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 05/28/2025) |
| 05/28/2025 | 104 | ELECTRONIC NOTICE Resetting Hearing on Motion 94 MOTION for Protective Order *and Motion to Dispense With Rule 65(a) Trial on the Merits* : At request of the parties the Motion Hearing is reset for 6/2/2025 12:00 PM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. **Note: change is to time only! Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.**<br><br>For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here.<br><br>**(KB) (Entered: 05/28/2025)** |
| 05/29/2025 | 105 | MOTION to Seal by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Text of Proposed Order)(Kanter, Ethan) (Entered: 05/29/2025) |
| 05/29/2025 | 106 | Certified Administrative Record by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanter, Ethan) Modified on 5/29/2025 (MAP). (Entered: 05/29/2025) |
| 05/29/2025 | 107 | Assented to MOTION Unopposed motion to file administrative record out of time re 106 Notice (Other) by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 05/29/2025) |
| 05/29/2025 | 108 | NOTICE of Appearance by Courtney Gans on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers (Gans, Courtney) (Entered: 05/29/2025) |
| 05/30/2025 | 109 | |

<div align="center">

# JA239

</div>

| | | NOTICE of Appearance by Paul F. Stone on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Stone, Paul) (Entered: 05/30/2025) |
|---|---|---|
| 05/30/2025 | 110 | NOTICE of Withdrawal of Appearance by Rayford A. Farquhar (Farquhar, Rayford) (Entered: 05/30/2025) |
| 06/02/2025 | 111 | Judge William G. Young ELECTRONIC ORDER entered: **allowed** 107 Motion Assented to MOTION Unopposed motion to file administrative record out of time (MAP) (Entered: 06/02/2025) |
| 06/02/2025 | 112 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 6/2/2025 re 94 MOTION for Protective Order *and Motion to Dispense With Rule 65(a) Trial on the Merits* filed by Kristi Noem, Department of Homeland Security, Department of State, Marco Rubio, Todd Lyons, United States of America, Donald J. Trump. Court hears from parties about whether they have agreed upon protective order. Plaintiffs agree to provisionally sealing admin record. Administrative record has been filed under seal. Court hears argument on the motion. Court denies the motion. The Court will proceed to trial on July 7th. Court to set final pretrial conference in late June. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexander Abdo, Caroline DeCell, Courtney Gains, for plaintiffs and Ethan Kanter, Shawna Yen, and William Kanellis for defendants) (KB) (Entered: 06/03/2025) |
| 06/03/2025 | 113 | ELECTRONIC NOTICE of Hearing. Final Pretrial Conference set for 6/26/2025 03:00 PM in Courtroom 18 (In person only with remote access provided) before Judge William G. Young. (KB) (Entered: 06/03/2025) |
| 06/04/2025 | 114 | MOTION for Protective Order *Barring Retaliation and Restricting Defendants' Use of Information Disclosed in the Course of Litigation* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Busch, Jackson) (Entered: 06/04/2025) |
| 06/05/2025 | 115 | Transcript of Motion Hearing held on June 2, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 6/26/2025. Redacted Transcript Deadline set for 7/7/2025. Release of Transcript Restriction set for 9/3/2025. (DRK) (Entered: 06/05/2025) |
| 06/05/2025 | 116 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 06/05/2025) |
| 06/07/2025 | 117 | MOTION for Protective Order *To Preclude Discovery That Contradicts Limitations Set By The Court* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Kanellis, William) (Entered: 06/07/2025) |
| 06/09/2025 | 118 | Opposition re 117 MOTION for Protective Order *To Preclude Discovery That Contradicts Limitations Set By The Court* filed by American Association of University Professors, American Association of University Professors at New York University, American |

| | | Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration of S. Wilkens, # 2 Exhibit A to Declaration of S. Wilkens)(Wilkens, Scott) (Entered: 06/09/2025) |
|------------|-----|---|
| 06/09/2025 | 119 | RESPONSE to Motion re 114 MOTION for Protective Order *Barring Retaliation and Restricting Defendants' Use of Information Disclosed in the Course of Litigation* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Kanter, Ethan) (Entered: 06/09/2025) |
| 06/10/2025 | 120 | MOTION for Leave to File by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Additional attachment(s) added on 6/10/2025: # 1 Exhibit A) (MAP). (Main Document 120 replaced on 6/10/2025) (MAP). (Entered: 06/10/2025) |
| 06/10/2025 | 121 | MOTION for Leave to Appear Pro Hac Vice for admission of Alexandra Conlon Filing fee: $ 125, receipt number AMADC–11059277 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration of A. Conlon)(Clarke, Edwina) (Entered: 06/10/2025) |
| 06/10/2025 | 122 | Judge William G. Young: ELECTRONIC ORDER entered granting 121 Motion for Leave to Appear Pro Hac Vice Added Alexandra Conlon.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 06/10/2025) |
| 06/10/2025 | 123 | MOTION for Leave to File *Reply* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 [Proposed] Reply)(Busch, Jackson) (Entered: 06/10/2025) |
| 06/10/2025 | 124 | Judge William G. Young ELECTRONIC ORDER entered: 114 MOTION for Protective Order Barring Retaliation and Restricting Defendants' Use of Information Disclosed in the Course of Litigation.<br><br>**No noncitizen providing evidence shall, by reason thereof, suffer any adjustment in their immigration status.**<br><br>(MAP) (Entered: 06/10/2025) |

## JA241

| 06/10/2025 | 125 | Judge William G. YoungELECTRONIC ORDER entered: 117 MOTION for Protective Order To Preclude Discovery That Contradicts Limitations Set By The Court. **The defendant's misquote the plaintiffs' discovery requests in seeking a protective order. The plaintiffs nowhere seek governmental deliberations. Nevertheless, the plaintiffs' requests are overbroad in that they seek data on 9 specific individuals. Request for production 1 is limited to the 5 individuals named in the recent hearing and the word "concerning" is substituted for the phrase "related to." In all other respects the motion for a protective order is DENIED.** (MAP) (Entered: 06/10/2025) |
|---|---|---|
| 06/10/2025 | 126 | Joint MOTION Enter Stipulation and Proposed Order Regarding Statements of Government Officials by American Association of University Professors, Middle East Studies Association. (Attachments: # 1 Text of Proposed Order, # 2 Appendix Certificate of Service)(Biale, Noam) (Entered: 06/10/2025) |
| 06/10/2025 | 127 | NOTICE of Appearance by Victoria M Santora on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Santora, Victoria) (Entered: 06/10/2025) |
| 06/11/2025 | 128 | MOTION for Protective Order *for the Production of Documents and Exchange of Confidential Information* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit A)(Wilkens, Scott) (Entered: 06/11/2025) |
| 06/11/2025 | 129 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 123 MOTION for Leave to File Reply ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (MAP) (Entered: 06/11/2025) |
| 06/11/2025 | 130 | Judge William G. Young ORDER entered: STIPULATION AND ORDER.(MAP) (Entered: 06/11/2025) |
| 06/11/2025 | 131 | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanter, Ethan) (Entered: 06/11/2025) |
| 06/11/2025 | 132 | REPLY to Response to 114 MOTION for Protective Order *Barring Retaliation and Restricting Defendants' Use of Information Disclosed in the Course of Litigation* filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Busch, Jackson) (Entered: 06/11/2025) |
| 06/11/2025 | 133 | Joint MOTION for Order by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Text of Proposed Order)(Kanter, Ethan) (Entered: 06/11/2025) |
| 06/11/2025 | 134 | NOTICE of Appearance by Alexandra Conlon on behalf of American Association of University Professors, American Association of University Professors at New York |

| | | University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers (Conlon, Alexandra) (Entered: 06/11/2025) |
|---|---|---|
| 06/11/2025 | 135 | RESPONSE to Motion re 128 MOTION for Protective Order *for the Production of Documents and Exchange of Confidential Information* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Kanter, Ethan) (Additional attachment(s) added on 6/12/2025: # 1 Exhibit A, # 2 Exhibit B) (MAP). (Main Document 135 replaced on 6/12/2025) (MAP). (Entered: 06/11/2025) |
| 06/15/2025 | 136 | MOTION to Compel *Identity of Plaintiffs' Witnesses* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Kanellis, William) (Entered: 06/15/2025) |
| 06/16/2025 | 137 | Assented to MOTION for Protective Order by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 06/16/2025) |
| 06/16/2025 | 138 | Opposition re 136 MOTION to Compel *Identity of Plaintiffs' Witnesses* filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration of N. Biale, # 2 Exhibit A to Declaration, # 3 Exhibit B to Declaration)(Abdo, Alexander) (Entered: 06/16/2025) |
| 06/17/2025 | 139 | Judge William G. Young: ELECTRONIC ORDER entered 136 MOTION to Compel Identity of Plaintiffs' Witnesses.<br><br>**Allowed. The Court has already entered a protective order to guard those giving testimony from retribution.**<br><br>(MAP) (Entered: 06/17/2025) |
| 06/17/2025 | 140 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 137 Assented to MOTION for Protective Order. (MAP) (Entered: 06/17/2025) |
| 06/18/2025 | 141 | Joint MOTION to Adjourn Deadline for Joint Pretrial Memorandum by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Biale, Noam) (Entered: 06/18/2025) |
| 06/18/2025 | 142 | Judge William G. Young: ELECTRONIC ORDER entered granting 141 Joint MOTION to Adjourn Deadline for Joint Pretrial Memorandum by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.Joint Pretrial Memorandum due June 25, 2025. (KB) (Entered: 06/18/2025) |
| 06/18/2025 | 143 | Assented to MOTION for Protective Order by American Association of University Professors, American Association of University Professors at New York University, |

| | | American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Nevins, Talya) (Entered: 06/18/2025) |
|---|---|---|
| 06/18/2025 | 144 | Assented to MOTION to Seal Document *Motion to Compel Answers to Plaintiffs Interrogatories, the Production of Documents, and the Production of Information Improperly Withheld as Privileged* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Text of Proposed Order)(Wilkens, Scott) (Entered: 06/18/2025) |
| 06/19/2025 | 145 | Amended MOTION for Protective Order by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Nevins, Talya) (Entered: 06/19/2025) |
| 06/23/2025 | 146 | ELECTRONIC NOTICE OF RESCHEDULING: Final Pretrial Conference reset for 6/26/2025 11:30 AM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. **Note: change is to time only!** Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.<br><br>For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here.<br><br>(KB) (Entered: 06/23/2025) |
| 06/23/2025 | 147 | Judge William G. Young: ORDER entered. PROTECTIVE ORDER for the Production of Documents and Exchange of Confidential Information. (MAP) (Entered: 06/23/2025) |
| 06/23/2025 | 148 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 145 Amended MOTION for Protective Order (MAP) (Entered: 06/23/2025) |
| 06/23/2025 | 149 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 144 Assented to MOTION to Seal Document Motion to Compel Answers to Plaintiffs Interrogatories, the Production of Documents, and the Production of Information Improperly Withheld as Privileged. (MAP) (Entered: 06/23/2025) |
| 06/23/2025 | 150 | NOTICE of Appearance by Jessica Danielle Strokus on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Strokus, Jessica) (Entered: 06/23/2025) |
| 06/23/2025 | 151 | Judge William G. Young: ORDER entered granting 133 Joint MOTION for Order by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (KB) (Entered: 06/23/2025) |
| 06/23/2025 | 152 | MOTION for Reconsideration by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America, University of California Los Angeles Faculty Association.(Kanter, Ethan) (Entered: 06/23/2025) |

| 06/24/2025 | 153 | MOTION to Compel (FILED UNDER SEAL) by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit A, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit B)(MAP) (Entered: 06/24/2025) |
| --- | --- | --- |
| 06/24/2025 | 154 | MOTION in Limine to Preclude Introduction of Evidence Involving Factual Disputes that Should Be Resolved in the Identified Noncitizens' Litigation ( Responses due by 7/8/2025) by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A–F)(Kanter, Ethan) **Modified on 6/25/2025 to Correct Docket Text and CM/ECF Filing Event** (MAP). (Entered: 06/24/2025) |
| 06/24/2025 | 155 | MOTION to Compel *Complete Answers to Plaintiffs Interrogatories, Production of Documents, and Disclosure of Information Improperly Withheld as Privileged* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit A (Decl. of Scott Wilkens), # 2 Exhibit 1 (to Decl. of Scott Wilkens), # 3 Exhibit 2 (to Decl. of Scott Wilkens), # 4 Exhibit 3 (to Decl. of Scott Wilkens), # 5 Exhibit 4 (to Decl. of Scott Wilkens), # 6 Exhibit 5 (to Decl. of Scott Wilkens), # 7 Exhibit 6 (to Decl. of Scott Wilkens), # 8 Exhibit 7 (to Decl. of Scott Wilkens), # 9 Exhibit 8 (to Decl. of Scott Wilkens), # 10 Exhibit 9 (to Decl. of Scott Wilkens), # 11 Exhibit 10 (to Decl. of Scott Wilkens), # 12 Exhibit B)(Wilkens, Scott) (Entered: 06/24/2025) |
| 06/25/2025 | 156 | RESPONSE to Motion re 152 MOTION for Reconsideration filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit A)(Wilkens, Scott) (Entered: 06/25/2025) |
| 06/25/2025 | 157 | MOTION to Permit Remote Testimony by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration of N. Biale, # 2 Exhibit A to Declaration, # 3 Exhibit B to Declaration, # 4 Exhibit C to Declaration)(Biale, Noam) (Entered: 06/25/2025) |
| 06/25/2025 | 158 | NOTICE of Appearance by Nancy Safavi on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Safavi, Nancy) (Entered: 06/25/2025) |
| 06/25/2025 | 159 | RESPONSE to Motion re 154 MOTION in Limine to Preclude Introduction of Evidence Involving Factual Disputes that Should Be Resolved in the Identified Noncitizens' Litigation filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Abdo, Alexander) (Entered: 06/25/2025) |

<div align="center">

JA245

</div>

| 06/25/2025 | 160 | PRETRIAL MEMORANDUM by AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, AAUP Princeton, Berkeley Faculty Association, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Commonwealth of Massachusetts, Concerned Stanford Faculty, Council of UC Faculty Associations, Dartmouth College Chapter of the AAUP, Davis Faculty Association, Del Mar College Chapter of the AAUP–AFT, Department of Homeland Security, Department of State, Irvine Faculty Association, John Hopkins University Chapter of the AAUP, Todd Lyons, Massachusetts Institute of Technology Chapter of the AAUP, Kristi Noem, Northwestern University Chapter of the AAUP, Rice University Advocacy Chapter of the AAUP, Riverside Faculty Association, Marco Rubio, San Diego Faculty Association, Santa Cruz Faculty Association, The Presidents Alliance on Higher Education and Immigration, Donald J. Trump, Tufts University Chapter of the AAUP, UC Merced Faculty Association, UC Santa Barbara Faculty Association, UCSF Faculty Association, United States of America, University CouncilAmerican Federation of Teachers Local 1474, University of California Los Angeles Faculty Association, University of Dallas Chapter of the AAUP, University of Houston Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Wesleyan University Chapter of the AAUP, Yale University Chapter of the AAUP. (Kanter, Ethan) (Entered: 06/25/2025) |
| --- | --- | --- |
| 06/25/2025 | 161 | MOTION to Correct 160 Pretrial Memorandum,,,,, by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 06/25/2025) |
| 06/25/2025 | 162 | Plaintiffs' ADDENDUM (FILED UNDER SEAL) to 153 MOTION to Compel by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit A)(MAP) (Entered: 06/25/2025) |
| 06/26/2025 | 163 | ADDENDUM re 155 MOTION to Compel *Complete Answers to Plaintiffs Interrogatories, Production of Documents, and Disclosure of Information Improperly Withheld as Privileged* filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit A)(Wilkens, Scott) (Entered: 06/26/2025) |
| 06/26/2025 | 164 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Final Pretrial Conference held on 6/26/2025. Bench trial to commence Monday, July 7, 2025 and is expected to last nine days (The Court will not sit July 16th). The Court will sit 9:00am–1:00pm. The Court reviews joint pretrial memo with counsel and goes over trial procedures. 15 minutes per side for openings and 30 minutes per side for closings. A joint exhibit list to be prepared marking any agreed to exhibits with numbers (one joint list, not a plaintiff's exhibit list and defendant's exhibit list) and any objected to exhibits to be marked with letters (A–Z, AA, AB, AC, etc.). Court addresses parties regarding video exhibits and depositions. Parties shall submit proposed findings and rulings before the close of trial. The Court makes rulings on motions as stated on the record. The Court allows # 157 Motion to Permit Remote Testimony in part as to the one witness for plaintiffs and one witness for defendants as stated in Court. Parties to confer about anonymization. If the case were to settle counsel shall notify the Clerk. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Noam Biale, Ramya Krishnan, Scott Wilkens, Michael Tremonte, Alexander Abdo, Courtney Gans for the plaintiffs and William Kanellis, |

| | | Victoria Santora and Jessica Danielle Strokus for defendants) (KB) (Entered: 06/26/2025) |
|---|---|---|
| 06/27/2025 | 165 | Transcript of Final Pretrial held on June 26, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 7/18/2025. Redacted Transcript Deadline set for 7/28/2025. Release of Transcript Restriction set for 9/25/2025. (DRK) (Entered: 06/27/2025) |
| 06/27/2025 | 166 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 06/27/2025) |
| 06/27/2025 | 167 | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanter, Ethan) (Entered: 06/27/2025) |
| 06/27/2025 | 168 | Assented to MOTION to Seal by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 06/27/2025) |
| 06/27/2025 | 169 | MOTION to Seal Document by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Text of Proposed Order)(Krishnan, Ramya) (Entered: 06/27/2025) |
| 06/27/2025 | 170 | Opposition re 155 MOTION to Compel *Complete Answers to Plaintiffs Interrogatories, Production of Documents, and Disclosure of Information Improperly Withheld as Privileged*, 153 MOTION to Compel filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Kanter, Ethan) (Entered: 06/27/2025) |
| 06/27/2025 | 171 | MOTION for Leave to File *Defendant's Response to (153) Plaintiffs' motion to compel* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 06/27/2025) |
| 06/30/2025 | 172 | Second MOTION to Compel by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Additional attachment(s) added on 6/30/2025: # 1 Exhibit A) (MAP). (Main Document 172 replaced on 6/30/2025) (MAP). (Entered: 06/30/2025) |
| 06/30/2025 | 173 | Joint MOTION for Order to To Enter Revised Protective Order Covering Exchange of Confidential Information by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Additional attachment(s) added on 6/30/2025: # 1 Proposed Protective Order, # 2 Exhibit A) (MAP). (Main Document 173 replaced on 6/30/2025) (MAP). (Entered: 06/30/2025) |
| 06/30/2025 | 174 | Judge William G. Young: ORDER entered (KB) (Entered: 06/30/2025) |
| 06/30/2025 | 175 | RESPONSE to Motion re 172 Second MOTION to Compel filed by American Association of University Professors, American Association of University Professors at New York |

JA247

| | | University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Biale, Noam) (Entered: 06/30/2025) |
|---|---|---|
| 07/01/2025 | 176 | Judge William G. Young: ELECTRONIC ORDER entered re 172 Second MOTION to Compel by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Motion denied in light of plaintiffs' representations re providing discovery. Any inadequacy may be addressed and remedied at trial. (KB) (Entered: 07/01/2025) |
| 07/01/2025 | 177 | Judge William G. Young: ORDER entered. ADDENDUM to the PRETRIAL ORDER. (KB) (Entered: 07/01/2025) |
| 07/01/2025 | 178 | Judge William G. Young: AMENDED PROTECTIVE ORDER entered granting 173 Joint MOTION for Order to To Enter Revised Protective Order Covering Exchange of Confidential Information by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (KB) (Entered: 07/01/2025) |
| 07/01/2025 | 179 | TRIAL BRIEF *of Plaintiffs* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibits)(Krishnan, Ramya) (Entered: 07/01/2025) |
| 07/02/2025 | 180 | MOTION to Compel *Deposition of Nadje Al–Ali* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A)(Kanellis, William) (Entered: 07/02/2025) |
| 07/02/2025 | 181 | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America Submission for In Camera Ex Parte Review (Kanter, Ethan) (Entered: 07/02/2025) |
| 07/02/2025 | 182 | RESPONSE to Motion re 180 MOTION to Compel *Deposition of Nadje Al–Ali* filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit A)(Biale, Noam) (Entered: 07/02/2025) |
| 07/03/2025 | 183 | Judge William G. Young: ELECTRONIC ORDER entered 180 MOTION to Compel Deposition of Nadje Al–Ali. **Denied. The defendants have waived their right to depose this witness.** (MAP) (Entered: 07/03/2025) |
| 07/07/2025 | 184 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day 1 held on 7/7/2025. Parties make opening statements. Court issues sequestration order regarding witnesses. Plaintiffs call Megan Hyska. Witness sworn. Direct by plaintiffs. Cross by defendants. Re–direct. Witness steps down. Plaintiffs call Nadje Al–Ali. Witness sworn. Direct by plaintiffs. Exhibits moved into evidence: 65, 66, 67, 68, 69. Exhibit I marked for identification only. Trial to resume 7/8/2025 at 9:00 AM. Court resumes in afternoon. Government submitted documents for in camera review. Court discusses limits of law enforcement privilege and its view on what documents it would consider to be privileged. By |

JA248

| | | Friday, July 11th at noon the defendants shall submit a detailed privilege log. The amended protective order is allowed. After discussing with the parties, the Court finds as moot # 169 Plaintiff's Motion to Seal the Pretrial Brief. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Noem Biale, Alexander Abdo, Alexandra Conlon, Ramya Krishnan, Michal Tremonte, Courtney Gans, Scott Wilkens for plaintiffs and Jessica Strokus, William Kanellis, Victoria Santora, Ethan Kanter for defendants ) (KB) (Entered: 07/07/2025) |
|---|---|---|
| 07/07/2025 | 185 | NOTICE of Withdrawal of Appearance by Shawna Yen (Yen, Shawna) (Entered: 07/07/2025) |
| 07/07/2025 | 186 | TRIAL BRIEF *of Plaintiffs* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibits 1–7, # 2 Exhibits 8–20)(Krishnan, Ramya) (Entered: 07/07/2025) |
| 07/07/2025 | 187 | ELECTRONIC NOTICE issued requesting PAPER courtesy copy for 186 Trial Brief,. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office Attention Matthew Paine – Docket Clerk – Judge Young. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (MAP) (Entered: 07/07/2025) |
| 07/08/2025 | 188 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Two held on 7/8/2025. Parties have submitted joint exhibit list (Exhibits 1–222). Court has all numbered exhibits. Plaintiffs recall Nadje Al–Ali. Court reminds witness she remains under oath. Direct testimony continues. Cross by defendants. Witness steps down. Plaintiffs call Michael Mathis. Witness sworn. Direct by plaintiffs. Cross by defendants. Witness steps down. Plaintiffs call Bernhard Nickel. Witness sworn. Direct by plaintiffs. Cross by defendants. Re–direct. Witness steps down. Plaintiffs call Sara Johnson. Witness sworn. Direct by plaintiffs. Witness steps down. Plaintiffs call Nadia Abu El–Haj. Witness sworn. Direct by plaintiffs. Trial to resume 7/9/2025 at 9:00AM. Exhibits admitted into evidence: 223, 224, 225, 226, 227. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Noem Biale, Alexander Abdo, Alexandra Conlon, Ramya Krishnan, Michal Tremonte, Courtney Gans, Scott Wilkens, Xiangnong Wang for plaintiffs and William Kanellis, Victoria Santora, Ethan Kanter for defendants)(KB) Modified on 7/9/2025 (KB). (Entered: 07/08/2025) |
| 07/08/2025 | 189 | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America *DEFENDANTS OBJECTIONS TO DISCLOSURE OF, AND ASSERTIONS OF PRIVILEGE OVER, SUBSET OF IN CAMERA DOCUMENTS IDENTIFIED BY THE COURT ON JULY 8, 2025* (Kanter, Ethan) (Entered: 07/08/2025) |
| 07/08/2025 | 190 | Second MOTION for Reconsideration re 184 Bench Trial – Begun,,,,, *order that privilege is waived* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit Notice of Sealed Submission, # 2 Exhibit Armstrong Delib Proc Declaration, # 3 Exhibit Armstrong Law Enf Priv Declaration, # 4 Exhibit Lowkowski Presidential Priv Declaration, # 5 Exhibit Privilege log)(Kanter, Ethan) (Entered: 07/08/2025) |
| 07/08/2025 | 191 | MOTION to Compel *Deposition of DSAC McCormack* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, |

| | | |
|---|---|---|
| | | Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration of N. Biale, # 2 Exhibit A to Declaration, # 3 Exhibit B to Declaration, # 4 Exhibit C to Declaration, # 5 Exhibit D to Declaration)(Biale, Noam) (Entered: 07/08/2025) |
| 07/09/2025 | 192 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Three held on 7/9/2025. Plaintiffs recall Nadia Abu El–Haj. Witness is reminded she remains under oath. Continued direct testimony. Cross by defendants. Witness steps down. Plaintiffs call Peter Hatch. Witness sworn. Direct by plaintiffs. Court hears argument on # 190 Defendants' Motion to Partially Reconsider the Court's Order. The Court reconsiders its order as to email addresses and phone numbers. The Court orders defendants to produce the subset of documents to plaintiffs by 5pm 7/9/2025 with redactions to cell phone numbers and email addresses. The documents are subject to claw back, are for Attorney's eyes only and are for use in this litigation only. Defendants make an oral motion to stay the order. The Court allows the oral motion to stay until 9:00AM on 7/10/2025. Parties address # 191 Motion to Compel Deposition. Court denies motion. Parties to work out issues relating to the deposition. Direct examination of Peter Hatch continues. Trial to resume 9:00 AM 7/10/2025. Exhibits admitted in evidence: 228, 229, 230, 231 (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Noem Biale, Alexandra Conlon, Ramya Krishnan, Courtney Gans, Xiangnong Wang, Scott B. Wilkens for plaintiffs and Jessica Strokus, William Kanellis, Victoria Santora, Ethan Kanter for defendants ) (KB) (Entered: 07/09/2025) |
| 07/09/2025 | 193 | First MOTION for Clarification re 192 Order on Motion for Reconsideration,,,,,, Order on Motion to Compel,,,,,, Bench Trial – Held,,,,, *of Court's order concerning Defendants' motion to reconsider* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A)(Kanter, Ethan) (Entered: 07/09/2025) |
| 07/10/2025 | 194 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Four held on 7/10/2025. Court addresses 193 Motion to Clarify July 9 Bench Ruling. Defendants will submit privilege log by Friday 7/11/25 at noon for the Court's review. Defendants confirm all documents in the subset have been turned over to plaintiffs per the Court order. Court will provide copies of ROA's to plaintiffs. Plaintiffs recall Peter Hatch. Court reminds the defendant he remains under oath. Continued direct by plaintiffs. Cross by defendants. Re–direct. Witness steps down. Plaintiffs call Amy Greer. Witness sworn. Direct by plaintiffs. Cross by defendants. Witness steps down. Plaintiffs will call witnesses next week and informs the Court of the schedule for witness testimony. Plaintiffs rest. Court has sidebar with counsel. Trial to resume 9:00 AM 7/11/2025. Exhibits admitted into evidence: 232, 233, 234, 235, 236, 237 (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)Attorneys present: Noem Biale, Alexandra Conlon, Ramya Krishnan, Scott B. Wilkens, Michael Tremonte, for plaintiffs and William Kanellis, Victoria Santora, Ethan Kanter for defendants ) (KB) (Entered: 07/10/2025) |
| 07/11/2025 | 195 | MOTION to Compel *and to Direct Defendants to Accept Service of Process* by American Association of University Professors, Middle East Studies Association.(Biale, Noam) (Entered: 07/11/2025) |
| 07/11/2025 | 196 | NOTICE by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America *NOTICE OF PRIVILEGE LOG FILING IN RESPONSE TO JULY 7, 2025 BENCH ORDER* (Kanter, Ethan) (Entered: 07/11/2025) |
| 07/11/2025 | 197 | |

| | | | |
|---|---|---|---|
| | | | Assented to MOTION for Leave to File *Unredacted Privilege Log Under Seal* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 07/11/2025) |
| 07/11/2025 | 198 | | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America In camera submission of documents with proposed privilege redactions re 196 Notice (Other) (Kanter, Ethan) (Entered: 07/11/2025) |
| 07/11/2025 | 199 | | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Five held on 7/11/2025. Court addresses privileged documents. Defendants call Maureen Smith. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Defendants call John Armstrong. Witness sworn. Direct by defendants. Cross by plaintiffs. Trial to resume 7/14/2025 at 9:00am. Exhibits admitted in evidence: 238, 239. Court permits exhibits HM and HN to be received as chalks. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)Attorneys present: Noem Biale, Alexandra Conlon, Ramya Krishnan, Scott B. Wilkens, Michael Tremonte, for plaintiffs and William Kanellis, Victoria Santora, Ethan Kanter and Jessica Strokus for defendants (KB) (Entered: 07/11/2025) |
| 07/11/2025 | 200 | | Judge William G. Young: ELECTRONIC ORDER entered. In view of the stay entered by the Court of Appeals, we cannot continue the cross examination of Mr. Armstrong. Accordingly, the parties shall promptly inform the Clerk whether, 1) they will fill Monday with other evidence, or 2) they'd rather skip Monday (no trial time charged) and resume on Tuesday, coming back to Mr. Armstrong at some future date once the Court of Appeals has acted. (KB) (Entered: 07/11/2025) |
| 07/12/2025 | 201 | | NOTICE : Bench Trial to continue Monday, July 14, 2025 at 9:00 AM. (KB) (Entered: 07/12/2025) |
| 07/13/2025 | 202 | | MOTION Additional Trial Time by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Biale, Noam) (Entered: 07/13/2025) |
| 07/14/2025 | 203 | | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Six held on 7/14/2025. Plaintiffs withdraw request to call Jeff Reger. Parties and the Court discuss post–trial briefs. The Court is amenable to extend the 7/18/25 deadline for filings. Parties inform the Court of the schedule for the remaining witnesses. Defendants plan to introduce deposition testimony of a witness. Plaintiffs may submit on the deposition what they think is inadmissible for the Courts review. Court addresses privileged documents and rulings. Court is in receipt of defendants detailed privilege log for review. The Court denies # 202 Motion for additional trial time. Court takes the invitation of the Court of Appeals to address the Writ of Mandamus on the record. The transcript of this hearing and a copy of the chalk H–N will be transmitted to the Court of Appeals. Trial to resume 7/15/2025 at 9:00am. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexander Abdo, Alexandra Conlon, Ramya Krishnan, Scott B. Wilkens, Michael Tremonte, for plaintiffs and William Kanellis, Ethan Kanter and Jessica Strokus for defendants (KB) (Entered: 07/14/2025) |
| 07/14/2025 | 204 | | MOTION to Seal Document *Proposal for How to Proceed in Light of the First Circuits Order* by American Association of University Professors, American Association of University Professors at New York University, American Association of University |

| | | |
|---|---|---|
| | | Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Krishnan, Ramya) (Entered: 07/14/2025) |
| 07/14/2025 | 205 | MOTION in Limine *to Exclude Defendants' Proposed Summary Exhibits Under Federal Rule of Evidence 1006* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Wilkens, Scott) (Entered: 07/14/2025) |
| 07/14/2025 | 206 | Judge William G. Young: <br><br>TRANSMITTAL TO THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT <br><br>(Attachments: (1) Excerpt, (2) Transcript, (3) Exhibit HN) <br><br>(Sonnenberg, Elizabeth) <br><br>(Entered: 07/15/2025) |
| 07/15/2025 | 207 | Supplemental Record on Appeal transmitted to US Court of Appeals re Petition for Mandamus. Documents included: ECF No. 206 (MAP) (Entered: 07/15/2025) |
| 07/15/2025 | 208 | Judge William G. Young: ELECTRONIC ORDER entered granting 204 Motion to Seal Document Proposal for How to Proceed in Light of the First Circuits Order by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (KB) (Entered: 07/15/2025) |
| 07/15/2025 | 209 | SEALED Plaintiffs' Proposal for How to Proceed in Light of the First Circuit's Order filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit A)(KB) (Entered: 07/15/2025) |
| 07/15/2025 | 210 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Seven held on 7/15/2025. Defendants call William Crogan. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Defendants call Patrick Cunningham. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Defendants call Darren McCormack. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Defendants call Christopher Heck. Plaintiffs move to preclude testimony. Court allows witness to testify. Witness sworn. Direct by defendants. Witness steps down. Court will allow each side 45 minutes for closings. Court and the parties discuss post–trial briefs. Trial to resume Thursday 7/17/2025 at 9:00 AM. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexandra Conlon, Ramya Krishnan, Scott B. Wilkens, Michael Tremonte, Courtney Gans, for plaintiffs and William Kanellis, Ethan Kanter, Nancy Safavi, Jessica Strokus, Victoria Santora for defendants ) (KB) (Entered: 07/16/2025) |
| 07/16/2025 | 211 | |

| | | MOTION to Compel *Additional Documents* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Biale, Noam) (Entered: 07/16/2025) |
|---|---|---|
| 07/16/2025 | 212 | MOTION for Leave to Appear Pro Hac Vice for admission of Stephany Kim Filing fee: $ 125, receipt number AMADC–11126007 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 07/16/2025) |
| 07/16/2025 | 213 | Judge William G. Young: ELECTRONIC ORDER entered granting 212 Motion for Leave to Appear Pro Hac Vice Added Stephany Kim.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 07/16/2025) |
| 07/16/2025 | 214 | MOTION to Compel *or for an Adverse Inference* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Exhibit 1)(Krishnan, Ramya) (Additional attachment(s) added on 7/16/2025: # 2 SEALED) (MAP). (Entered: 07/16/2025) |
| 07/16/2025 | 215 | MOTION to Seal Document *to Motion to Compel or for an Adverse Inference* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Krishnan, Ramya) (Entered: 07/16/2025) |
| 07/16/2025 | 217 | Redacted version of # 209 SEALED Plaintiffs' Proposal for How to Proceed in Light of the First Circuit's Order filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (KB) (Entered: 07/17/2025) |
| 07/17/2025 | 216 | Opposition re 205 MOTION in Limine *to Exclude Defendants' Proposed Summary Exhibits Under Federal Rule of Evidence 1006* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Kanter, Ethan) (Entered: 07/17/2025) |

JA253

| 07/17/2025 | 218 | Judge William G. Young: ELECTRONIC ORDER entered granting in part and denying in part 205 MOTION in Limine to Exclude Defendants' Proposed Summary Exhibits Under Federal Rule of Evidence 1006 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (KB) (Entered: 07/17/2025) |
|---|---|---|
| 07/17/2025 | 219 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Eight held on 7/17/2025. Defendants call Mohamed Maklad. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Defendants call Andre Watson. Court hears from parties regarding Mr. Watson's testimony and the Court of Appeals stay. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Court issues rulings on motions: # 214 Motion to Compel is denied. # 215 Motion To Seal is allowed. # 211 Motion to Compel, the Court finds the documents requested are in the scope of the Court of Appeals stay and does not rule on it at this time. Court gives indicative ruling on the motion. Court hears parties on cross of witness Armstrong. Trial to resume 7/18/2025 at 9:00 AM. Final arguments will be held Monday 7/21/2025 at 10:00 AM. Parties to file proposed Findings of Fact and Rulings by Monday August 4, 2025. Exhibits admitted into evidence: 240, 241, 242, 243, 244, 245, 246. Exhibit HO received as a chalk. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexandra Conlon, Ramya Krishnan, Noam Biale, Scott Wilkens, Tayla Nevins, for plaintiffs and William Kanellis, Ethan Kanter, Jessica Strokus, for defendants ) (KB) (Entered: 07/17/2025) |
| 07/18/2025 | 220 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Nine held on 7/18/2025. Cross of John Armstrong continues. Court reminds the witness he remains under oath. Witness steps down. Plaintiffs call Venna Dubal. Witness sworn. Direct by plaintiffs. Cross by defendants. Witness steps down. Trial to resume at 9:00 AM Monday, July 21st. The parties will first address deposition designations and then final arguments will be heard. Exhibits admitted into evidence: 247,248, 249, 250. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexandra Conlon, Ramya Krishnan, Noam Biale, Xiangnong Wang, Tayla Nevins, for plaintiffs and William Kanellis, Ethan Kanter, Jessica Strokus, and Victoria Santora for defendants )(KB) (Entered: 07/18/2025) |
| 07/18/2025 | 221 | TRIAL BRIEF *Supplemental* by All Plaintiffs. (Krishnan, Ramya) (Entered: 07/18/2025) |
| 07/18/2025 | 223 | ORDER of USCA on Petition for Mandamus (25–1658): The Petition for Writ of Mandamus is DENIED. The stay previously issued by the Court is VACATED. (MAP) (Entered: 07/20/2025) |
| 07/19/2025 | 222 | NOTICE of Appearance by Stephany Kim on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers (Kim, Stephany) (Entered: 07/19/2025) |
| 07/20/2025 | 224 | RESPONSE to Motion re 214 MOTION to Compel *or for an Adverse Inference* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, The Presidents Alliance on Higher Education and Immigration, United States of America. (Murphy, Lindsay) (Entered: 07/20/2025) |
| 07/21/2025 | 225 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial completed on 7/21/2025. Deposition designations submitted to the Court. ( Andre Watson, |

<div align="center">JA254</div>

| | | John Armstrong, Andrew Veprek, Stuart Wilson, Brian Shure (also Counter– Designation for Brian Shure submitted) Defendants do not object to the deposition designations of Andre Watson and John Armstrong. Record will include designations of Andre Watson and John Armstrong. Court hears argument as to the remaining deposition designations. Court takes the matter under advisement. Plaintiffs rest. Defendants rest. Parties make final arguments. Parties to file proposed Findings of Fact and Rulings by Monday August 4, 2025.(Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexander Abdo, Alexandra Conlon, Ramya Krishnan, Jameel Jaffer, Courtney Gans, Scott Wilkens for the plaintiffs and Ethan Kanter, Jessica Strokus, and William Kanellis for the defendants. ) (KB) (Entered: 07/21/2025) |
|---|---|---|
| 07/21/2025 | 226 | NOTICE by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America re 225 Bench Trial – Completed,,, *of Opposition to Plaintiffs' Request to Admit Deposition Testimony of Andrew Veprek and Stuart Wilson under Rule 32(a)(3)* (Kanter, Ethan) (Entered: 07/21/2025) |
| 07/22/2025 | 227 | Response by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers to 226 Notice (Other), *(in support of deposition transcript designations for two State Department officials).* (Wilkens, Scott) (Entered: 07/22/2025) |
| 07/28/2025 | 228 | MOTION for Leave to File *Surreply In Opposition to Plaintiffs' Motion to Designate Deposition Transcripts* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A – Surreply In Opposition to Plaintiffs' Motion to Designate Deposition Transcripts)(Kanter, Ethan) (Entered: 07/28/2025) |
| 07/29/2025 | 229 | Judge William G. Young: ELECTRONIC ORDER entered granting 228 MOTION for Leave to File Surreply ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (MAP) (Entered: 07/29/2025) |
| 07/29/2025 | 230 | *Surreply (Leave to File Granted July 29, 2025)* Response by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America to 227 Response, 226 Notice (Other), *Surreply in Opposition to Plaintiffs' Motion to Designate Deposition Transcripts*. (Kanter, Ethan) (Entered: 07/29/2025) |
| 08/04/2025 | 231 | Transcript of Bench Trial Day 1 – Volume 1 held on July 7, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 232 | Transcript of Bench Trial Day 1 – Volume 2 held on July 7, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |

| 08/04/2025 | 233 | Transcript of Bench Trial Day 1 – Volume 3 held on July 7, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
|---|---|---|
| 08/04/2025 | 234 | Transcript of Bench Trial Day 2 – Volume 1 held on July 8, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 235 | Transcript of Bench Trial Day 2 – Volume 2 held on July 8, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 236 | Transcript of Bench Trial Day 3 – Volume 1 held on July 9, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 237 | Transcript of Bench Trial Day 3 – Volume 2 held on July 9, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 238 | Transcript of Bench Trial Day 4 – Volume 1 held on July 10, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 239 | Transcript of Bench Trial Day 4 – Volume 2 held on July 10, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 240 | Transcript of Bench Trial Day 5 – Volume 1 held on July 11, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for |

| | | 11/3/2025. (DRK) (Entered: 08/04/2025) |
|---|---|---|
| 08/04/2025 | 241 | Transcript of Bench Trial Day 5 – Volume 2 held on July 11, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 242 | Transcript of Bench Trial Day 6 held on July 14, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 243 | Transcript of Bench Trial Day 7 – Volume 1 held on July 15, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 244 | Transcript of Bench Trial Day 7 – Volume 2 held on July 15, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 245 | Transcript of Bench Trial Day 7 held on July 17, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 246 | Transcript of Bench Trial Day 9 – Volume 1 held on July 18, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 247 | Transcript of Bench Trial Day 9 – Volume 2 held on July 18, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 8/25/2025. Redacted Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 248 | Transcript of Bench Trial held on July 21, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 8/25/2025. Redacted |

<span style="color:red">JA257</span>

| | | Transcript Deadline set for 9/4/2025. Release of Transcript Restriction set for 11/3/2025. (DRK) (Entered: 08/04/2025) |
|---|---|---|
| 08/04/2025 | 249 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 08/04/2025) |
| 08/04/2025 | 250 | Assented to MOTION to Seal Document *Plaintiffs Proposed Findings of Fact and Requested Rulings of Law* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Text of Proposed Order Text of Proposed Order)(Krishnan, Ramya) (Entered: 08/04/2025) |
| 08/04/2025 | 251 | MOTION to Seal by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 08/04/2025) |
| 08/04/2025 | 252 | SEALED Proposed Findings of Fact and Requested Rulings of Law by All Plaintiffs. (KB) (Entered: 08/05/2025) |
| 08/04/2025 | 253 | SEALED Post–trial Proposed Findings of Fact and Conclusions of Law filed by All Defendants. (KB) (Entered: 08/05/2025) |
| 08/05/2025 | 254 | Proposed Findings of Fact by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Krishnan, Ramya) (Entered: 08/05/2025) |
| 08/05/2025 | 255 | Proposed Findings of Fact by All Defendants. (Kanter, Ethan) (Entered: 08/05/2025) |
| 08/29/2025 | 256 | MOTION to Strike 252 Sealed document, 254 Proposed Findings of Fact, by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanellis, William) (Entered: 08/29/2025) |
| 08/29/2025 | 257 | Opposition re 256 MOTION to Strike 252 Sealed document, 254 Proposed Findings of Fact, filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Nevins, Talya) (Entered: 08/29/2025) |
| 09/05/2025 | 258 | MOTION to Withdraw as Attorney *(Unopposed)* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Busch, Jackson) (Entered: 09/05/2025) |
| 09/10/2025 | 259 | Judge William G. Young: ELECTRONIC ORDER entered granting 258 Motion to Withdraw as Attorney. Attorney Jackson Thomas Busch terminated (MAP) (Entered: 09/10/2025) |
| 09/11/2025 | 260 | |

## JA258

| | | |
|---|---|---|
| | | Judge William G. Young: ELECTRONIC ORDER entered re 250 Assented to MOTION to Seal Document Plaintiffs Proposed Findings of Fact and Requested Rulings of Law by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. ; 251 MOTION to Seal by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Allowed. Such seal shall be lifted upon the filing of this Court's findings and rulings. (KB) (Entered: 09/11/2025) |
| 09/30/2025 | 261 | Judge William G. Young: ORDER entered.<br><br>FINDINGS OF FACT AND RULINGS OF LAW, PURSUANT TO FED. R. CIV. P. 52(A)<br><br>(Sonnenberg, Elizabeth)<br><br>(Entered: 09/30/2025) |
| 10/02/2025 | 262 | MOTION to Withdraw as Attorney *(Unopposed)* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers.(Nevins, Talya) (Entered: 10/02/2025) |
| 10/03/2025 | 263 | Judge William G. Young: ELECTRONIC ORDER entered granting 262 Motion to Withdraw as Attorney. Attorney Talya Nevins terminated (MAP) (Entered: 10/03/2025) |
| 10/03/2025 | 264 | MOTION to Intervene by K.L. Smith.(MAP) (Entered: 10/03/2025) |
| 10/03/2025 | 265 | Request for Waiver of Consultation by K.L. Smith. (MAP) (Entered: 10/03/2025) |
| 10/03/2025 | 267 | Letter from Zach Montague (The New York Times) Requesting Access to Trial Exhibits. (KB) (Entered: 10/09/2025) |
| 10/08/2025 | 266 | Letter from David Bralow (General Counsel) Shawn Musgrave (Newsroom Counsel/Correspondent) The Intercept Media, Inc. Requesting Access to Trial Exhibits and Provisionally Sealed Pleadings. (MAP) (Entered: 10/08/2025) |
| 10/10/2025 | 268 | MOTION to Stay *response deadline for motion to intervene and any to−be−ordered deadline to respond to letters requesting certain documents be unsealed* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, United States of America.(Kanter, Ethan) (Entered: 10/10/2025) |
| 10/14/2025 | 269 | Judge William G. Young: ELECTRONIC ORDER entered granting 268 MOTION to Stay response deadline for motion to intervene and any to−be−ordered deadline to respond to letters requesting certain documents be unsealed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, United States of America. (KB) (Entered: 10/14/2025) |
| 10/14/2025 | 270 | MOTION to Intervene and MOTION to Disqualify Judge Young by Joshua Hall. (Attachments: # 1 Cover Letter)(MAP) (Entered: 10/14/2025) |
| 10/23/2025 | 271 | NOTICE of Unavailability and Supplement to Motion to Intervene by K.L. Smith (Attachments: # 1 Exhibit A)(MAP) (Entered: 10/23/2025) |
| 10/30/2025 | 272 | |

| | | Letter and Request from James Murray. (Attachments: # 1 Exhibit)(MAP) (Entered: 10/30/2025) |
|---|---|---|
| 11/07/2025 | 273 | MOTION for Leave to Appear Pro Hac Vice for admission of Raya Koreh Filing fee: $ 125, receipt number AMADC–11347027 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 11/07/2025) |
| 11/10/2025 | 274 | Judge William G. Young: ELECTRONIC ORDER entered granting 273 Motion for Leave to Appear Pro Hac Vice Added Raya Koreh.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 11/10/2025) |
| 11/10/2025 | 275 | MOTION to Intervene *and For Access to Trial Exhibits and Provisionally Sealed Pleadings* by Boston Globe Media Partners, LLC.(Thomas, Samuel) (Entered: 11/10/2025) |
| 11/10/2025 | 276 | MEMORANDUM in Support re 275 MOTION to Intervene *and For Access to Trial Exhibits and Provisionally Sealed Pleadings* filed by Boston Globe Media Partners, LLC. (Thomas, Samuel) (Entered: 11/10/2025) |
| 11/10/2025 | 277 | MOTION *for Remedies Against Defendants* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of R. Krishnan, # 3 Exhibit A to Declaration, # 4 Exhibit B to Declaration, # 5 Exhibit C to Declaration, # 6 Exhibit D to Declaration)(Krishnan, Ramya) (Entered: 11/10/2025) |
| 11/12/2025 | 278 | NOTICE of Appearance by Raya Koreh on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers (Koreh, Raya) (Entered: 11/12/2025) |
| 11/13/2025 | 279 | ELECTRONIC NOTICE Setting Hearing on Motion 277 MOTION *for Remedies Against Defendants* : Motion Hearing set for 12/15/2025 11:00 AM in Courtroom 18 (Remote only) before Judge William G. Young.<br><br>This hearing will be conducted by video conference. Counsel of record will receive a video conference invite at the email registered in CM/ECF. If you have technical or compatibility |

issues with the technology, please notify the courtroom deputy of the session as soon as possible.

Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.

For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here.

(KB) (Entered: 11/13/2025)

| | | |
|---|---|---|
| 11/18/2025 | 280 | MOTION for Extension of Time to December 5, 2025 to File Response/Reply as to 277 MOTION *for Remedies Against Defendants* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 11/18/2025) |
| 11/19/2025 | 281 | Judge William G. Young: ELECTRONIC ORDER entered **granting** 280 MOTION for Extension of Time to December 5, 2025 to File Response/Reply as to 277 MOTION for Remedies Against Defendants by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Responses due by 12/5/2025. (KB) (Entered: 11/19/2025) |
| 11/24/2025 | 282 | CORPORATE DISCLOSURE STATEMENT by Boston Globe Media Partners, LLC identifying Corporate Parent Algonquin Acquisition Company, LLC for Boston Globe Media Partners, LLC.. (Thomas, Samuel) (Entered: 11/24/2025) |
| 11/24/2025 | 283 | MOTION to Intervene *and Join Boston Globe's Motion for Access to Trial Exhibits and Provisionally Sealed Pleadings* by The New York Times Company.(Thomas, Samuel) (Entered: 11/24/2025) |
| 11/24/2025 | 284 | CORPORATE DISCLOSURE STATEMENT by The New York Times Company. (Thomas, Samuel) (Entered: 11/24/2025) |
| 11/26/2025 | 285 | MOTION for Extension of Time to December 12, 2025 to File Response/Reply *to motions to intervene and unseal documents* by Department of Homeland Security, Department of State, Todd Lyons, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 11/26/2025) |
| 12/03/2025 | 286 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 285 Motion for Extension of Time to File Response/Reply re 275 MOTION to Intervene *and For Access to Trial Exhibits and Provisionally Sealed Pleadings*, 283 MOTION to Intervene *and Join Boston Globe's Motion for Access to Trial Exhibits and Provisionally Sealed Pleadings* Responses due by 12/12/2025 (MAP) (Entered: 12/03/2025) |
| 12/03/2025 | 287 | ELECTRONIC NOTICE Setting Hearing on Motion 275 MOTION to Intervene *and For Access to Trial Exhibits and Provisionally Sealed Pleadings*, 283 MOTION to Intervene *and Join Boston Globe's Motion for Access to Trial Exhibits and Provisionally Sealed Pleadings* : Motion Hearing set for 12/15/2025 11:00 AM in Courtroom 18 (Remote only) before Judge William G. Young. (The motions will be heard at the same hearing as #277 Motion for Remedies against Defendants. ) |
| | | This hearing will be conducted by video conference. Counsel of record will receive a video conference invite at the email registered in CM/ECF. If you have technical or compatibility issues with the technology, please notify the courtroom deputy of the session as soon as |

<span style="color:red">JA261</span>

| | | |
|---|---|---|
| | | possible. |
| | | Audio access to the hearing may be available to the media and public. Please check the <u>Court schedule</u>. In order to gain access to the hearing, you must sign up at the following address: <u>https://forms.mad.uscourts.gov/courtlist.html</u>. |
| | | For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on <u>www.mad.uscourts.gov</u> or contact the session <u>here</u>. |
| | | (KB) (Entered: 12/03/2025) |
| 12/04/2025 | <u>288</u> | MOTION to Intervene *and Unseal* by Intercept Media, Inc., The Center for Investigative Reporting.(Bertsche, Robert) (Entered: 12/04/2025) |
| 12/04/2025 | <u>289</u> | MOTION to Intervene *and Unseal* by Intercept Media, Inc., The Center for Investigative Reporting.(Bertsche, Robert) (Entered: 12/04/2025) |
| 12/04/2025 | <u>290</u> | MEMORANDUM in Support re <u>288</u> MOTION to Intervene *and Unseal* filed by Intercept Media, Inc., The Center for Investigative Reporting. (Bertsche, Robert) (Entered: 12/04/2025) |
| 12/04/2025 | <u>291</u> | CORPORATE DISCLOSURE STATEMENT by Intercept Media, Inc., The Center for Investigative Reporting. (Bertsche, Robert) (Entered: 12/04/2025) |
| 12/04/2025 | <u>292</u> | MOTION for Leave to Appear Pro Hac Vice for admission of Renee M. Griffin Filing fee: $ 125, receipt number AMADC–11395465 by Intercept Media, Inc., The Center for Investigative Reporting.(Bertsche, Robert) (Entered: 12/04/2025) |
| 12/05/2025 | <u>293</u> | Opposition re <u>277</u> MOTION *for Remedies Against Defendants* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Kanter, Ethan) (Entered: 12/05/2025) |
| 12/11/2025 | <u>294</u> | NOTICE of Appearance by Jesse Busen on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Busen, Jesse) (Entered: 12/11/2025) |
| 12/11/2025 | 295 | ELECTRONIC NOTICE Cancelling Hearing. The Motion Hearing set for 12/15/2025 is cancelled and will be rescheduled at a date to be determined. (KB) (Entered: 12/11/2025) |
| 12/12/2025 | <u>296</u> | RESPONSE to Motion re <u>275</u> MOTION to Intervene *and For Access to Trial Exhibits and Provisionally Sealed Pleadings*, <u>283</u> MOTION to Intervene *and Join Boston Globe's Motion for Access to Trial Exhibits and Provisionally Sealed Pleadings*, <u>289</u> MOTION to Intervene *and Unseal*, <u>288</u> MOTION to Intervene *and Unseal* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Busen, Jesse) (Entered: 12/12/2025) |
| 12/15/2025 | 297 | ELECTRONIC NOTICE Resetting Hearing on Motions: <u>288</u> MOTION to Intervene *and Unseal*, <u>275</u> MOTION to Intervene *and For Access to Trial Exhibits and Provisionally Sealed Pleadings*, <u>289</u> MOTION to Intervene *and Unseal*, <u>277</u> MOTION *for Remedies Against Defendants*, <u>283</u> MOTION to Intervene *and Join Boston Globe's Motion for Access to Trial Exhibits and Provisionally Sealed Pleadings* : Motion Hearing set for 1/5/2026 02:00 PM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. **This Hearing will occur in person with remote access provided to the public and media.** |

<span style="color:red">JA262</span>

| | | Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.<br><br>For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here.<br><br>(KB) (Entered: 12/15/2025) |
|---|---|---|
| 12/16/2025 | 298 | MOTION to Continue Hearing on Plaintiffs Motion for Remedies Against Defendants to January 14, 15, or 16, 2026 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Attachments: # 1 Proposed Order)(Krishnan, Ramya) (Entered: 12/16/2025) |
| 12/17/2025 | 299 | Judge William G. Young: ELECTRONIC ORDER entered **granting** 298 MOTION to Continue Hearing on Plaintiffs Motion for Remedies Against Defendants to January 14, 15, or 16, 2026 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (KB) (Entered: 12/17/2025) |
| 12/17/2025 | 300 | ELECTRONIC NOTICE Resetting Hearing on Motions. Motion Hearing originally set for 1/5/2026 is rescheduled to 1/15/2026 02:30 PM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. **This Hearing will occur in person with remote access provided to the public and media.**<br>Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.<br>For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here.(KB) (Entered: 12/17/2025) |
| 12/19/2025 | 301 | NOTICE of Withdrawal of Appearance by Julia Lum (Lum, Julia) (Entered: 12/19/2025) |
| 12/19/2025 | 302 | MOTION for Leave to File *Reply Brief in Support of Motion to Intervene and Unseal* by Intercept Media, Inc., The Center for Investigative Reporting.(Bertsche, Robert) (Entered: 12/19/2025) |
| 12/19/2025 | 303 | REPLY to Response to 302 MOTION for Leave to File *Reply Brief in Support of Motion to Intervene and Unseal*, 289 MOTION to Intervene *and Unseal* filed by Intercept Media, Inc., The Center for Investigative Reporting. (Bertsche, Robert) (Entered: 12/19/2025) |
| 01/07/2026 | 304 | MOTION to Withdraw as Attorney by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanellis, William) (Entered: 01/07/2026) |
| 01/14/2026 | 305 | NOTICE of Appearance by Lindsay M Murphy on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Murphy, Lindsay) (Entered: 01/14/2026) |
| 01/15/2026 | 306 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 1/15/2026. Court hears argument on # 277 MOTION for Remedies Against |

| | | |
|---|---|---|
| | | Defendants. Court addresses the parties and makes ruling. Plaintiffs to submit proposed judgment as discussed by the Court by noon Tuesday, 1/20/2026. Government to file any objection by noon Wednesday, 1/21/2026. The Court intends to enter the judgment on Thursday 1/22/2026. Government may make redactions as discussed by Thursday, 1/22/2026. Court hears argument on # 275 MOTION to Intervene and For Access to Trial Exhibits and Provisionally Sealed Pleadings by Boston Globe Media Partners, LLC, # 283 MOTION to Intervene and Join Boston Globe's Motion for Access to Trial Exhibits and Provisionally Sealed Pleadings by The New York Times Company, # 288 MOTION to Intervene and Unseal by Intercept Media, Inc., The Center for Investigative Reporting, # 289 MOTION to Intervene and Unseal by Intercept Media, Inc., The Center for Investigative Reporting. Defendants ask for stay of release of documents until an appeal can be sought. Court declines to enter stay. Court allows # 275 , # 283 , # 288 and # 289 Motions to intervene. Present sealing of documents to remain in effect. The Court intends to release all documents when judgment enters. Court allows # 304 MOTION to Withdraw as Attorney. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexander Abdo, Noam Biale, Alexandra Conlon, Ramya Krishnan, Jameel Jaffer, Scott Wilkens, Xiangnong Wang for the plaintiffs and Ethan Kanter, Lindsay Murphy, Paul Stone, Victoria Santora and Jessica Strokus, for the defendants and Samuel Thomas and Renee Griffin for intervenors ) (KB) Modified on 1/21/2026 to correct date (KB). (Entered: 01/16/2026) |
| 01/15/2026 | 307 | Judge William G. Young: ELECTRONIC ORDER entered granting 292 Motion for Leave to Appear Pro Hac Vice Added Renee M. Griffin.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(KB) (Entered: 01/16/2026) |
| 01/20/2026 | 308 | NOTICE by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers (Attachments: # 1 Proposed Judgment as Discussed by the Court)(Krishnan, Ramya) (Entered: 01/20/2026) |
| 01/21/2026 | 309 | Response to Plaintiffs' Notice Concerning Proposed Remedies by Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanter, Ethan) Modified on 1/22/2026 (MAP). (Additional attachment(s) added on 1/22/2026: # 1 Exhibit A) (MAP). (Main Document 309 replaced on 1/22/2026) (MAP). (Entered: 01/21/2026) |
| 01/21/2026 | 310 | Transcript of Remedies Hearing held on January 15, 2026, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 2/11/2026. Redacted Transcript Deadline set for 2/23/2026. Release of Transcript Restriction set for |

| | | 4/21/2026. (DRK) (Entered: 01/21/2026) |
|---|---|---|
| 01/21/2026 | 311 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 01/21/2026) |
| 01/22/2026 | 312 | Judge William G. Young: ELECTRONIC ORDER entered finding as moot 270 MOTION to Intervene by Joshua Hall; denying 270 Motion to Disqualify Judge by Joshua Hall; terminating 302 Motion for Leave to File Document ; denying 105 Motion to Seal. ; terminating 152 Motion for Reconsideration ; terminating 154 Motion in Limine; terminating 161 Motion to Correct; terminating 168 Motion to Seal. ; terminating 171 Motion for Leave to File Document ; terminating 195 Motion to Compel; terminating 197 Motion for Leave to File Document ; terminating 211 Motion to Compel; terminating 256 Motion to Strike ; denying as moot 264 Motion to Intervene by K.L. Smith. (KB) (Entered: 01/22/2026) |
| 01/22/2026 | 313 | Judge William G. Young: ORDER entered. ANNOTATED JUDGMENT (KB) (Entered: 01/22/2026) |
| 01/22/2026 | 314 | Judge William G. Young: ORDER entered. MEMORANDUM AND ORDER(KB) (Entered: 01/22/2026) |
| 01/22/2026 | 315 | TRIAL EXHIBITS (Main Document: Exhibits 1–29, Attachments: # 1 Exhibits 30–45, # 2 Exhibits 46–52, # 3 Exhibits 53–64, # 4 Exhibits 65–68, # 5 Exhibits 69–83, # 6 Exhibits 94–132, # 7 Exhibits 133–168, # 8 Exhibits 169–178, # 9 Exhibits 179–193, # 10 Exhibits 194, # 11 Exhibits 195–204, # 12 Exhibits 205–218, # 13 Exhibits 219–231, # 14 Exhibits 223–231, # 15 Exhibits 232–236, # 16 Exhibits 237–241, # 17 Exhibits 242–246, # 18 Exhibits 247–250, # 19 Exhibit HO)(KB) (Entered: 01/22/2026) |
| 02/09/2026 | 316 | NOTICE OF APPEAL as to 313 Judgment by Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Fee Status: US Government. <br><br> NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf. US District Court Clerk to deliver official record to Court of Appeals by 3/2/2026. (Kanter, Ethan) (Entered: 02/09/2026)** |
| 02/09/2026 | 317 | MOTION to Stay *Pending Appeal* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit Agudelo Declaration)(Kanter, Ethan) (Entered: 02/09/2026) |
| 02/09/2026 | 318 | NOTICE OF APPEAL as to 313 Judgment by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Fee Status: US Government. <br><br> NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf. US District** |

JA265

| | | |
|---|---|---|
| | | **Court Clerk to deliver official record to Court of Appeals by 3/2/2026. (Kanter, Ethan) (Entered: 02/09/2026)** |
| 02/10/2026 | 319 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re 316 Notice of Appeal. (MAP) (Entered: 02/10/2026) |
| 02/10/2026 | 320 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re 318 Notice of Appeal. (MAP) (Entered: 02/10/2026) |
| 02/10/2026 | 321 | USCA Case Number 26–1141 for 316 Notice of Appeal, filed by Kristi Noem, Marco Rubio, United States of America, Todd Lyons, Donald J. Trump. (MAP) (Entered: 02/10/2026) |
| 02/10/2026 | 322 | RESPONSE to Motion re 317 MOTION to Stay *Pending Appeal* filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. (Krishnan, Ramya) (Entered: 02/10/2026) |
| 02/11/2026 | 323 | ELECTRONIC NOTICE Setting Hearing on Motion 317 MOTION to Stay *Pending Appeal* : Motion Hearing set for 2/26/2026 02:00 PM in Courtroom 18 (In person with remote access provided to the media and public) before Judge William G. Young. Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html. <br><br>For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here. <br><br>(KB) (Entered: 02/11/2026) |
| 02/24/2026 | 324 | NOTICE OF CROSS APPEAL as to 313 Judgment by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors–Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors–American Federation of Teachers. ( Filing fee: $ 605, receipt number AMADC–11568361 (Fee Status: Filing Fee paid)) NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/efiling.htm. US District Court Clerk to deliver official record to Court of Appeals by 3/16/2026. (Krishnan, Ramya) (Entered: 02/24/2026)** |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
AMERICAN ASSOCIATION OF       )
UNIVERSITY PROFESSORS,        )
AMERICAN ASSOCIATION OF       )
UNIVERSITY PROFESSORS -- HARVARD )
FACULTY CHAPTER,              )
AMERICAN ASSOCIATION OF       )
UNIVERSITY PROFESSORS AT NEW  )
YORK UNIVERSITY,              )
RUTGERS AMERICAN ASSOCIATION OF )
UNIVERSITY PROFESSORS-AMERICAN )
FEDERATION OF TEACHERS, and   )    CIVIL ACTION NO.
MIDDLE EAST STUDIES ASSOCIATION, )  25-10685-WGY
                              )
          Plaintiffs,         )
              v.              )
                              )
MARCO RUBIO, in his official  )
capacity as Secretary of State, )
and the DEPARTMENT OF STATE,  )
KRISTI NOEM, in her official  )
capacity as Secretary of Homeland )
Security, and the             )
DEPARTMENT OF HOMELAND SECURITY, )
TODD LYONS, in his official   )
capacity as Acting Director of )
U.S. Immigration and          )
Customs Enforcement,          )
DONALD J. TRUMP, in his official )
Capacity as President of      )
the United States, and        )
UNITED STATES OF AMERICA,     )
                              )
          Defendants.         )
_____  )
```

YOUNG, D.J.                                    January 22, 2026

**ANNOTATED JUDGMENT**

This Court, upon a full hearing and nine-day bench trial,

ECF Nos. 231-248, entry of findings of facts and rulings of law,

JA267

American Ass'n of Univ. Professors v. Rubio, 802 F. Supp. 3d 120 (D. Mass. 2025)("AAUP"), and a hearing on the appropriate remedy, ECF Nos. 306, 310, hereby **ORDERS, ADJUDGES, and DECREES**:

### I.    Judgment

Judgment shall enter in favor of the Plaintiffs against the Defendants on Counts I and IV of the Complaint as follows:

### II.   Declaration of Rights

This Court ruled that the Plaintiffs American Association of University Professors ("AAUP") and their associate chapters, and the Middle East Studies Association ("MESA") "have shown by clear and convincing evidence that Secretaries Noem and Rubio have intentionally and in concert implemented Executive Orders in 14161 and 14188 a viewpoint-discriminatory way to chill protected speech" that "violated the First Amendment." AAUP, 802 F. Supp. 3d at 175.  Further, "the Public Officials' threats to continue detaining, deporting, and revoking visas based on political speech serves as circumstantial evidence that such enforcement exists, is viewpoint discriminatory, and has objectively chilled the Plaintiffs' speech." Id.  The "enforcement policy also violates the APA because, for the same reasons, it is contrary to constitutional right.  It is also arbitrary or capricious because it reverses prior policy without reasoned explanation or consideration of reliance interests, and is based on statutes that have never been used in this way."

[2]

JA268

Id.  Indeed, "[t]his Court credits the testimony of AAUP and MESA members that the enforcement policy . . . objectively chills their speech." Id. at 179.  The Court therefore declares, for the reasons set forth in its findings, that that the "enforcement policy" and its implementation: (1) violates the First Amendment right of freedom of speech set out in the Constitution of the United States, and (2) the Administrative Procedure Act.

### III. Order of Vacatur

Pursuant to 5 U.S.C. § 706(2), the Court declares that the Public Officials' enforcement policy and the implementation thereof as set forth in the findings is **OF NO EFFECT, VOID, ILLEGAL, SET ASIDE, AND VACATED.**[1]

### IV.  Sanction

In view of the concerted action of the highest Cabinet Officials of the Executive Branch deliberately to violate the First Amendment right of Free Speech of the Plaintiffs' non-

---

[1] In Trump v. CASA, Inc., the Supreme Court expressly did not decide "the distinct question whether the Administrative Procedure Act authorizes federal courts to vacate federal agency action."  145 S. Ct. 2540, 2554 n.10 (2025).  Since CASA, courts have held that vacatur is an available remedy, distinct from injunctive relief.  See Ass'n of Am. Universities v. Dep't of Def., No. CV 25-11740-BEM, 2025 WL 2899765, at *27 (D. Mass. Oct. 10, 2025) (Murphy, J.); Make the Rd. New York v. Noem, No. 25-5320, 2025 WL 3563313, at *17 (D.C. Cir. Nov. 22, 2025) ("When an agency's action is unlawful, vacatur is the normal remedy.") (quoting Bridgeport Hosp. v. Becerra, 108 F.4th 882, 890 (D.C. Cir. 2024)).

[3]

JA269

citizen members, the Court, pursuant to its broad equitable powers of remediation, imposes the following remedial sanction to protect certain of the Plaintiffs' non-citizen members from any retribution for the free exercise of their constitutional rights.

A.    Any non-citizen member of the plaintiffs AAUP or MESA, who was a member on or after **March 25, 2025** and continued as a member through **September 30, 2025** ("Sanction Plaintiff")[2], shall have a right to institute a proceeding ("Sanction Action") in the United States District Court in which the Sanction Plaintiff resided at the time such Sanction Plaintiff suffered an adverse

---

[2] Relief is limited pursuant to CASA to these Sanction Plaintiffs as they constitute the group within the plaintiff organizations who both had the courage to stand as part of such organizations' legal action and suffered the constitutional deprivation. See CASA, 145 S. Ct. at 2557. The actual effect of the Public Officials' unconstitutional misconduct is, of course, much broader. See Stanford Daily Publishing Corporation v. Rubio, No. 25-CV-06618-NW, 2026 WL 125241, at *3 (N.D. Cal. Jan. 16, 2026) (Wise, J.) (denying motion to dismiss similar claims as those made by non-citizen members in this action); Note, CASA's Complete Relief Paradox, 139 Harv. L. Rev. 646, 668 (2025) ("The nature of the right does not warrant nonparty **relief** even if it allows nonparty benefits); Lincoln Caplan, The Kingmaker?, Havard Magazine, Nov.-Dec. 2025) 21, 29, 70 (quoting Jackson, J. concurring in Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 655 (1952) ("With all its defects, delays and inconveniences, men have discovered no technique for long preserving free government except that the Executive be under the law, and that the law be made by parliamentary deliberations.  Such institutions may be destined to pass away. But it is the duty of the Court to be last, not first, to give them up.")).

[4]

immigration action changing such Sanction Plaintiff's immigration status from what it was on January 20, 2025.[3]

B.    In such action, the Sanction Plaintiff shall prove by a fair preponderance of the evidence that said Sanction Plaintiff was a member of AAUP or MESA as set forth above in par. IV.A.  Upon such proof, it shall be presumed that the alteration in immigration status is in retribution for the exercise during the course of the present case of their First Amendment rights.

C.    Such proof is conclusive and voids the alteration in immigration status unless the government proves[4] by clear and convincing evidence that:

---

[3]  See Appendix for illustrative potential examples.

[4]  In light of the Defendants' intentional abridgement of Constitutional rights, this Court advises that the government ought not avail itself of the Deliberative Process Privilege as to such alteration of immigration status prior to the commencement of the Sanction Action.  The reason for such advice is that, upon reflection, this Court gave the Defendants far too much latitude in asserting such privilege throughout the course of the trial herein, in derogation of the truth.  The Government Misconduct exception to the Deliberative Process Privilege should thus be presumed.  See Texaco Puerto Rico, Inc. v. Dep't of Consumer Affs., 60 F.3d 867, 885 (1st Cir. 1995) ("The [deliberative process] privilege 'is a qualified one,' FTC v. Warner Communications Inc., 742 F.2d 1156, 1161 (9th Cir.1984), and 'is not absolute.' First Eastern Corp. v. Mainwaring, 21 F.3d 465, 468 n. 5 (D.C. Cir. 1994"); Edward J. Imwinkelried, The Government Misconduct Exception to the Deliberative Process Privilege, 65 S.D. L. REV. 76, 90 (2020).

[5]

1.    the Sanction Plaintiff's immigration status has expired by its own terms or any expansion thereof;

2.    the Sanction Plaintiff was convicted after September 30, 2025[5] of **any** crime as to which trial by jury was their right under federal or state law; or

3.    there is an **APPROPRIATE** reason under governing immigration law that the Sanction Plaintiff's immigration status should be altered.[6]

D.    Upon the moment of commencement of any Sanction Action by the filing a complaint, the Sanction Plaintiff's removal from the United States is automatically **STAYED** during the pendency of the Sanction Action.    The United States bears the burden

---

[5]  This limitation is necessary to avoid vindictive evasion of this judgment by dredging up some by gone conviction in retribution for participation in the present action.

[6]  "Appropriate" in this context is intended to guarantee, for example, the Sanction Plaintiff's ability to challenge the constitutionality of such governing immigration law. See, e.g., Khalil v. Trump, 786 F. Supp. 3d 871 (D.N.J. 2025), rev'd on other grounds Khalil v. President, No. 25-2162, 2026 WL 111933 (3d Cir. Jan. 15, 2026). See also Michael Kagan, When Immigrants Speak: The Precarious Status of Non-Citizen Speech Under the First Amendment, 57 B.C. L. Rev. 1237, 1284 (2016); Gregory P. Magarian, Centering Noncitizens' Free Speech, 56 Ga. L. Rev. 1563, 1590 (2022); Katherine Shaw, Beyond the Bully Pulpit: Presidential Speech in the Courts, 96 Tex. L. Rev. 71, 138 (2017)("[W]here the conduct in question is executive action, statements by executive branch officials supply the most relevant evidence of intent"); Note, Protecting Noncitizens Liberty When the Executive Seeks to Punish, 139 Harv. L. Rev. 799 (2026).

JA272

affirmatively to ascertain and determine whether such person has filed a Sanction Action in the United States District Courts.[7]

E.    The Court recommends that an advisory jury be empaneled to assist the court in deciding factual issues.[8]

### V.    Jurisdiction

The Court retains jurisdiction to enforce or modify this Annotated Judgment.  The Court shall not retain jurisdiction over any Sanction Action, should any there be, which shall be subject to the jurisdiction of the appropriate United States District Judge presiding in such Sanction Action.


**SO ORDERED.**

---

[7]  The reason for this burden-shift is to prevent the apparent present practice of whisking non-citizens out of the district to avoid jurisdiction.  The burden is minimal: all the United States need do is check the Sanction Plaintiff's name on PACER in the district of residence to determine whether a Sanction Action has been filed.

This stay is akin to those temporary stays presently in effect in many district courts.  See, e.g., United States v. Russell, 797 F. Supp. 3d 552 (D. Md. 2025).  It in no way derogates from the precedential effect of Khalil v. President, No. 25-2162, 2026 WL 111933 (3d Cir. Jan. 15, 2026) within the Third Circuit, as it has no bearing on administrative immigration proceedings.

[8]  The moral effect of a jury verdict cannot be overstated. The American Jury is the most robust and vital expression of direct democracy extent in the world today.  The people's participation in this act of government is long overdue.

[7]

JA273

> Freedom is a fragile thing and it's
> never more than one generation
> away from extinction.  It is not
> ours by way of inheritance; it must
> be fought for and defended
> in every generation, for it comes
> only once to a people.[9]

President Ronald Reagan, Inaugural Address as Governor of the

State of California (January 5, 1967).


William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[10]

---

[9] https://www.reaganlibrary.gov/archives/speech/january-5-1967-inaugural-address-public-ceremony.

[10] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents.  Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 47 years.

[8]

<span style="color:red">JA274</span>

**APPENDIX**

I have two hypotheticals here. And you'll understand now these are hypotheticals. I am going to make reference to real-life events, but they are not of record in this case, and I personally don't know and I'm expressing no opinion on any of that.

[L]et's say people resident in the United States, noncitizens from Venezuela, have temporary protected status. And I don't know that. But let's say the President were to revoke that temporary protected status. And that one of these Venezuelans is a member of -- because they're a teaching assistant or a graduate student, they're a member of the American Association of University Professors, within the appropriate time period, and she says, "Wait a minute, I'm in this class, you can't revoke it." And then the government -- and neither of the other two [exemptions] apply, her visa is perfectly valid, she hasn't been convicted of any crime, and . . . the government says, "No, come on, that's ridiculous."

Now Venezuela has nothing to do with the events that gave rise to this lawsuit . . . But the government's got to prove it [i.e. that the Presidential action in no way constituted retribution]. And that's part of the sanction.

[9]

JA275

Let me give you another situation closer to our case or I think harder for the government to prove.

I read somewhere . . . in the wake of the tragic and horrific assassination of Charlie Kirk, that because certain noncitizens said something about that event, the Department of State had something to say about their visas.  And I remembered, when I saw that, I said, "Well that's our case."

So what are they doing?  If it's just speech -- it may be repulsive speech or disgusting speech, but if it's just speech. Well the Department of State can't do that.  And again this is a hypothetical.  [B]ut let's say that happened, we'll assume that happened.  And then the person comes in and says, "I'm a member of this class, you can't do that to me."

Well again, the government's going to have to prove that their reason was not in fact in retribution . . . and in addition, my second, that it's an appropriate exercise of governmental power.

AAUP v. Rubio, No. 25-10685 WGY (D. Mass. January 15, 2026), Transcript of hearing on remedy 17-19, ECF No. 310.

[10]

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

AMERICAN ASSOCIATION OF UNIVERSITY
PROFESSORS, ET AL.,

               Plaintiffs,

      v.

MARCO RUBIO, ET AL.,

               Defendants.

Case No. 1:25-cv-10685 (WGY)

## NOTICE OF CROSS-APPEAL

Notice is hereby given that Plaintiffs appeal to the United States Court of Appeals for the

First Circuit from this Court's Final Judgment entered on January 22, 2026 (ECF No. 313).

Defendants have filed a notice of appeal (ECF No. 316), which was docketed in the Court

of Appeals on February 19, 2026, *see* No. 26-1141(1st Cir.).

February 24, 2026

Edwina Clarke (BBO 699702)
David Zimmer (BBO 692715)
Zimmer, Citron & Clarke, LLP
130 Bishop Allen Drive
Cambridge, MA 02139
(617) 676-9423
edwina@zimmercitronclarke.com

Noam Biale
Michael Tremonte
Alexandra Conlon
Courtney Gans
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603

Respectfully submitted,

/s/ Ramya Krishnan
Ramya Krishnan
Xiangnong Wang
Stephany Kim
Raya Koreh
Carrie DeCell
Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
ramya.krishnan@knightcolumbia.org

1



mtremonte@shertremonte.com
nbiale@shertremonte.com

Ahilan T. Arulanantham (SBN 237841)
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

*Counsel for Plaintiffs*

2

# United States Court of Appeals
## For the First Circuit

No. 26-1195

AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS; AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS - HARVARD FACULTY CHAPTER; MIDDLE EAST STUDIES ASSOCIATION; RUTGERS AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS-AMERICAN FEDERATION OF TEACHERS; AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS AT NEW YORK UNIVERSITY,

Plaintiffs - Appellants,

BOSTON GLOBE MEDIA PARTNERS, LLC; NEW YORK TIMES, Company; INTERCEPT MEDIA, INC.; CENTER FOR INVESTIGATIVE REPORTING,

Plaintiffs,

v.

KRISTI NOEM, in the official capacity as Secretary of Homeland Security; MARCO RUBIO, in the official capacity as Secretary of State; DONALD J. TRUMP, in the official capacity as President of the United States; US DEPARTMENT OF STATE; US DEPT. OF HOMELAND SECURITY; UNITED STATES; TODD M. LYONS, in the official capacity as Acting Director of U.S. Immigration and Customs Enforcement,

Defendants - Appellees.

### CASE OPENING NOTICE

Issued: February 24, 2026

The above-captioned appeal was docketed in this court today pursuant to Rule 12 of the Federal Rules of Appellate Procedure. The above case number and caption (unless modified or amended as reflected in the heading of future court notices or orders) should be used on all papers subsequently submitted to this court. If any party disagrees with the clerk's office's designation of the parties on appeal, it must file a motion to amend the caption with any supporting documentation attached. Absent an order granting such a motion, the parties are directed to use the above caption on all pleadings related to this case.

Appellant must complete and return the following forms to the clerk's office by **March 10, 2026** to be deemed timely filed:

JA279

- [Appearance Form](#)
- [Transcript Report/Order Form](#) (Please carefully read the instructions for completing and filing this form.)
- [Docketing Statement](#)

These forms are available on the court's website at www.ca1.uscourts.gov, under "Forms & Notices." Failure to comply with the deadlines set by the court may result in dismissal of the appeal for lack of diligent prosecution. See 1st Cir. R. 3.0, 10.0, and 45.0.

Upon confirmation by the circuit clerk that the record is complete either because no hearing was held, no transcript is necessary, or the transcript is on file, the clerk's office will set the briefing schedule and forward a scheduling notice to the parties.

Unless the appellant was already determined to be in forma pauperis in the underlying district court action, or was determined to be financially unable to obtain an adequate defense in a criminal case, see Fed. R. App. P. 24(a)(3), a filing fee is due within seven days of filing the notice of appeal. An appellant not already determined to be indigent, who seeks to appeal in forma pauperis, must file a motion and financial affidavit in the district court in compliance with Fed. R. App. P. 24. For an appellant not already determined to be indigent, failure to pay the filing fee or file a motion seeking in forma pauperis status with the district court within fourteen days of the date of this notice, may result in the appeal being dismissed for lack of prosecution. 1st Cir. R. 3.0(b).

An appearance form should be completed and returned immediately by any attorney who wishes to file pleadings in this court. 1st Cir. R. 12.0(a) and 46.0(a)(2). Any attorney who has not been admitted to practice before the First Circuit Court of Appeals must submit an application and fee for admission using the court's Case Management/Electronic Case Files ("CM/ECF") system prior to filing an appearance form. 1st Cir. R. 46.0(a). *Pro se* parties are not required to file an appearance form.

Dockets, opinions, rules, forms, attorney admission applications, the court calendar and general notices can be obtained from the court's website at www.ca1.uscourts.gov. Your attention is called specifically to the notice(s) listed below:

- [Notice to Counsel and Pro Se Litigants](#)
- [Transcript Notice](#)

If you wish to inquire about your case by telephone, please contact the case manager at the direct extension listed below.

Anastasia Dubrovsky, Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
John Joseph Moakley
United States Courthouse

JA280

1 Courthouse Way, Suite 2500
Boston, MA 02210
Case Manager:  Alistair - (617) 748-4664

# United States Court of Appeals
## For the First Circuit

---

### NOTICE OF ELECTRONIC AVAILABILITY OF CASE INFORMATION

The First Circuit has implemented the Federal Judiciary's Case Management/Electronic Case Files System ("CM/ECF") which permits documents to be filed electronically. In addition, most documents filed in paper are scanned and attached to the docket. In social security and immigration cases, members of the general public have remote electronic access through PACER only to opinions, orders, judgments or other dispositions of the court. Otherwise, public filings on the court's docket are remotely available to the general public through PACER. Accordingly, parties should not include in their public filings (including attachments or appendices) information that is too private or sensitive to be posted on the internet.

Specifically, Fed. R. App. P. 25(a)(5), Fed. R. Bank. P. 9037, Fed. R. Civ. P. 5.2 and Fed. R. Cr. P. 49.1 require that parties not include, or partially redact where inclusion is necessary, the following personal data identifiers from documents filed with the court <u>unless an exemption applies</u>:

- **Social Security or Taxpayer Identification Numbers.** If an individual's social security or taxpayer identification number must be included, only the last four digits of that number should be used.
- **Names of Minor Children.** If the involvement of a minor child must be mentioned, only the initials of that child should be used.
- **Dates of Birth.** If an individual's date of birth must be included, only the year should be used.
- **Financial Account Numbers.** If financial account numbers are relevant, only the last four digits of these numbers should be used.
- **Home Addresses in Criminal Cases.** If a home address must be included, only the city and state should be listed.

<u>See also</u> 1st Cir. R. 25.0(m).

If the caption of the case contains any of the personal data identifiers listed above, the parties should file a motion to amend caption to redact the identifier.

Parties should exercise caution in including other sensitive personal data in their filings, such as personal identifying numbers, medical records, employment history, individual financial information, proprietary or trade secret information, information regarding an individual's cooperation with the government, information regarding the victim of any criminal activity, national security information, and sensitive security information as described in 49 U.S.C. § 114.

Attorneys are urged to share this notice with their clients so that an informed decision can be made about inclusion of sensitive information. The clerk will not review filings for redaction.

JA282

Filers are advised that it is the experience of this court that failure to comply with redaction requirements is most apt to occur in attachments, addenda, or appendices, and, thus, special attention should be given to them. For further information, including a list of exemptions from the redaction requirement, see http://www.privacy.uscourts.gov/.

JA283

# United States Court of Appeals
## For the First Circuit

---

**NOTICE TO COUNSEL REGARDING
MANDATORY REGISTRATION AND TRAINING
FOR ELECTRONIC FILING (CM/ECF)**

On August 21, 2017, the U.S. Court of Appeals for the First Circuit upgraded its CM/ECF system to NextGen CM/ECF, the latest iteration of the electronic case filing system. Use of the electronic filing system is mandatory for attorneys. If you intend to file documents and/or receive notice of docket activity in this case, please ensure you have completed the following steps:

- **Obtain a NextGen account.** Attorneys who had an e-filing account in this court prior to August 21, 2017 are required to update their legacy account in order to file documents in the NextGen system. Attorneys who have never had an e-filing account in this court must register for an account at www.pacer.gov. For information on updating your legacy account or registering for a new account, go to the court's website at www.ca1.uscourts.gov and select *E-Filing (Information)*.

- **Apply for admission to the bar of this court.** Attorneys who wish to e-file must be a member of the bar of this court. For information on attorney admissions, go to the court's website at www.ca1.uscourts.gov and select *Attorney Admissions* under the *Attorney & Litigants* tab. Bar admission is not required for attorneys who wish to receive notice of docket activity, but do not intend to e-file.

- **Review Local Rule 25.** For information on Loc. R. 25.0, which sets forth the rules governing electronic filing, go to the court's website at www.ca1.uscourts.gov and select *First Circuit Rulebook* under the *Rules & Procedures* tab.

JA284

# United States Court of Appeals
## For the First Circuit

---

### ORDER OF COURT

Entered: February 9, 2021

In response to recent disclosures of wide-spread breaches of both private sector and government computer systems, the Court has adopted new security procedures to protect any highly sensitive document (HSD) filed with the Court that, if improperly disclosed, could cause harm to the United States, the Federal Judiciary, litigants, or others.

HSDs are documents containing information that is likely to be of interest to the intelligence service of a foreign government and the use or disclosure of such information by a hostile foreign government would likely cause significant harm to the United States or its interests. Examples of HSDs include unclassified sealed documents involving national security, foreign sovereign interests, criminal activity related to cybersecurity or terrorism, investigation of public officials, and extremely sensitive commercial information likely to be of interest to foreign powers.

The following types of sealed documents, if they do not fall into one of the categories above, typically will <u>not</u> qualify as HSDs: (1) presentence reports and related documents; (2) pleadings related to cooperation in criminal cases; (3) Social Security records; (4) administrative immigration records; and (5) most sealed documents in civil cases.

The designation of a document as highly sensitive is typically made by the district court or originating agency. Documents that have previously been designated by the district court or an agency as highly sensitive will ordinarily be treated in the same manner by this court. <u>See</u> 1st Cir. R. 11.0(c)(1).

If a document qualifies as an HSD as that term is described above, a filer is required to file a motion to treat that document as an HSD. The movant must serve the motion and the proposed HSD on all other parties by mail with proof of service under Fed. R. App. P. 25(d)(1). The motion and each proposed HSD should be conspicuously marked as a "HIGHLY SENSITIVE DOCUMENT" and placed inside an envelope marked "HIGHLY SENSITIVE." The motion to treat a document as an HSD should be filed contemporaneously with the filing of a motion to seal the document and should be filed in paper format only under the procedures and requirements of 1st Cir. R. 11.0(c). The motion must set forth in detail why the proposed document constitutes a highly sensitive document under the criteria set out in this order, including the specific grounds for asserting that the document contains information that is likely to be of interest to the intelligence service of a foreign government and the use or disclosure of such information by a hostile foreign government would likely cause significant harm to the United States or its interests. Conclusory assertions will not be deemed a sufficient basis for filing a motion to treat a sealed document as an HSD. If a filer believes that a previously filed document in an ongoing case before

<span style="color:red">JA285</span>

the court qualifies as an HSD, a motion to treat the sealed document as an HSD may be filed. There is no need to file such a motion in a closed case.


/s/ Jeffrey R. Howard
Jeffrey R. Howard
Chief Judge


cc:

Alexander Abdo, Ahilan T. Arulanantham, Tasha J. Bahal, Robert A. Bertsche, Noam Biale, Jonathan T. Burke, Jesse Lloyd Busen, Edwina Bullard Clarke, Alexandra Conlon, Joshua M. Daniels, Caroline DeCell, Joel Anderson Fleming, Brett M. Gannon, Courtney Gans, Harry Graver, Renee M. Griffin, Jameel Jaffer, Ethan B. Kanter, Stephany Kim, Raya Koreh, Ramya Krishnan, Arthur Liou, Donald Campbell Lockhart, Elizabeth D. Matos, Lauren Godles Milgroom, Philip Monrad, Benjamin Mark Moss, David Rassoul Rangaviz, Nancy Naseem Safavi, Yaman Salahi, Peter W. Saltzman, Victoria M. Santora, K. L. Smith, Paul F. Stone, Jessica Danielle Strokus, Samuel David Thomas, Michael Tremonte, David Ureña, Xiangnong Wang, Scott B. Wilkens, David Zimmer, Ahilan Arulananth

# United States Court of Appeals
## For the First Circuit

---

**NOTICE TO ALL CM/ECF USERS REGARDING
"NATIVE" PDF REQUIREMENT**

All documents filed electronically with the court must be submitted as "native" Portable Document ("PDF") files. <u>See</u> 1st Cir R. 25.0. A **native PDF file** is created by electronically converting a word processing document to PDF using Adobe Acrobat or similar software. A **scanned PDF file** is created by putting a paper document through an optical scanner. Use a scanner ONLY if you do not have access to an electronic version of the document that would enable you to prepare a native PDF file. If you fail to file a document in the correct format, you will be asked to resubmit it.

JA287

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS,<br><br>AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS-HARVARD FACULTY CHAPTER,<br><br>AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS AT NEW YORK UNIVERSITY,<br><br>RUTGERS AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS-AMERICAN FEDERATION OF TEACHERS, and<br><br>MIDDLE EAST STUDIES ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE,<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, and the DEPARTMENT OF HOMELAND SECURITY,<br><br>TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, and<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | Civil Action No. 1:25-cv-10685 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

JA288

# INTRODUCTION

1.      Implementing executive orders issued by President Trump in January, the defendant agencies have announced that they intend to carry out large-scale arrests, detentions, and deportations of noncitizen students and faculty who participate in pro-Palestinian protests and other related expression and association (the "ideological-deportation policy"). The defendant agencies arrested Mahmoud Khalil, a recent Columbia University graduate and a legal permanent resident, pursuant to this policy earlier this month; they revoked the visas of at least four others, one of whom fled to Canada in fear of arrest; they supplied universities with the names of other students they intend to target under the policy; and they launched new social media surveillance programs aimed at identifying still others. After federal agents seized Khalil in the lobby of his university-owned student housing, President Trump warned: "This is the first arrest of many to come."

2.      While President Trump and other administration officials have described pro-Palestinian campus protests as "pro-Hamas," they have stretched that label beyond the breaking point to encompass any speech supportive of Palestinian human rights or critical of Israel's military actions in Gaza. They have left no doubt that their new policy entails the arrest, detention, and deportation of noncitizen students and faculty for constitutionally protected speech and association. In an interview twelve days ago on NPR's *Morning Edition*, Deputy Secretary of Homeland Security Troy Edgar responded this way to questions from journalist Michel Martin about the arrest of Mahmoud Khalil:

> **Edgar:** This is a person that came in under a visa. And again, the secretary of state at any point can take a look and evaluate that visa and decide if they want to revoke it.

> **Martin:** He's a legal permanent resident. I have to keep insisting on that. He is a legal permanent resident. So what is the standard? Is any criticism of the Israeli government a deportable offense?

JA289

**Edgar:** Like I said, I think that at this point when he entered into the country on a student visa, at any point we can go through and evaluate what his status is.

**Martin:** Is any criticism of the United States government a deportable offense?

**Edgar:** Like I said, if you go through the process and you're a student and you're here on a visa and you go through it, at any point . . .

**Martin:** Is any criticism of the government a deportable offense?

**Edgar:** Let me put it this way, Michel, imagine if he came in and filled out the form and said, "I want a student visa." They asked him, "What are you going to do here?" And he says, "I'm going to go and protest." We would have never let him into the country.

3. By design, the agencies' policy has created a climate of repression and fear on university campuses. Out of fear that they might be arrested and deported for lawful expression and association, some noncitizen students and faculty have stopped attending public protests or resigned from campus groups that engage in political advocacy. Others have declined opportunities to publish commentary and scholarship, stopped contributing to classroom discussions, or deleted past work from online databases and websites. Many now hesitate to address political issues on social media, or even in private texts. The agencies' policy, in other words, is accomplishing its purpose: it is terrorizing students and faculty for their exercise of First Amendment rights in the past, intimidating them from exercising those rights now, and silencing political viewpoints that the government disfavors.

4. Plaintiffs are associations whose members include thousands of faculty and students at universities across the country. They commence this action because the ideological-deportation policy, and the repressive climate it has engendered, has far-reaching implications for the expressive and associational rights of their U.S. citizen members, and for Plaintiffs themselves. The policy prevents or impedes Plaintiffs' U.S. citizen members from hearing from, and associating with, their noncitizen students and colleagues. It makes it practically impossible for

JA290

them to organize with those students and colleagues and to participate in political expression alongside them. It also makes it more difficult for them to benefit from those individuals' insights and scholarship and to collaborate with them on academic projects. Plaintiffs themselves have also been harmed because they are no longer able to learn from and engage with noncitizen members to the extent they once did, and because they have had to divert resources from other projects to address the all-too-real possibility that their noncitizen members will be arrested, imprisoned, and deported for exercising rights that the Constitution guarantees.

5. The First Amendment protects the rights of Plaintiffs and their U.S. citizen members to hear from, and associate with, noncitizen students and faculty. Because the ideological-deportation policy abridges these rights without adequate justification, the policy is unconstitutional. Plaintiffs respectfully request that the Court declare that the policy violates the First and Fifth Amendments, as well as the Administrative Procedure Act, and enjoin Defendants from further implementation of it. They also seek a declaration that Defendants' campaign of coercive threats to arrest, detain, and deport noncitizen students and faculty based on their pro-Palestinian expression and association violates the First Amendment.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331, 5 U.S.C. § 702, the First and Fifth Amendments, and Article III of the U.S. Constitution.

7. The Court has authority to issue the requested relief pursuant to 5 U.S.C. § 706(2), 28 U.S.C. §§ 2201–2202, Rules 57 and 65 of the Federal Rules of Civil Procedure, and the Court's inherent equitable powers. The Court has authority to award costs and attorneys' fees pursuant to 28 U.S.C. § 2412.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1).

4

## PLAINTIFFS

9.      Plaintiff American Association of University Professors ("AAUP") is a nonprofit membership association and labor union of faculty, graduate students, and other academic professionals with chapters at colleges and universities throughout the country. The AAUP's mission is to advance academic freedom and shared governance; to define fundamental professional values and standards for higher education; to promote the economic security of faculty, academic professionals, graduate students, postdoctoral fellows, and all those engaged in teaching and research in higher education; to help the higher education community organize to accomplish their goals; and to ensure higher education's contribution to the common good. Founded in 1915, the AAUP has helped to shape American higher education by developing the standards and procedures that maintain quality in education and academic freedom in the country's colleges and universities. The AAUP is headquartered in Washington, DC.

10.      Plaintiff AAUP-Harvard Faculty Chapter ("Harvard-AAUP") is a nonprofit membership association of faculty across Harvard University's many departments and schools, and it is a chapter of the AAUP. Harvard-AAUP advocates for meaningful and democratic shared university governance, for academic freedom, and for the economic security of those who perform the institution's core instructional work. Harvard-AAUP is headquartered in Cambridge, Massachusetts.

11.      Plaintiff AAUP at New York University ("NYU-AAUP") is a membership association of faculty across NYU's many schools and campuses, and it is a chapter of the AAUP. NYU-AAUP is focused on defending academic freedom, encouraging participation in university governance, and advancing the interests of NYU faculty, students, and staff. NYU-AAUP is headquartered in New York City, New York.

12. Plaintiff Rutgers AAUP-American Federation of Teachers ("Rutgers AAUP-AFT") is a membership association representing more than 5,000 full-time faculty, graduate workers, postdoctoral associates, and Education Opportunity Fund counselors at Rutgers University, and it is a chapter of the AAUP. Rutgers AAUP-AFT is one of the oldest higher education unions in the country, negotiating collective bargaining agreements for full-time faculty since 1970 and graduate workers since 1972. Rutgers AAUP-AFT's mission includes promoting the well-being of its unit members; protecting and improving the university's teaching, research, and service activities as a public good; promoting the development of the intellectual capacities and economic interests of students, the public, and workers at the university; advancing academic freedom and shared governance within the university; and building community and labor coalitions to achieve educational and economic justice. Rutgers AAUP-AFT is headquartered in New Brunswick, New Jersey.

13. Plaintiff Middle East Studies Association ("MESA") is a 501(c)(3) nonprofit membership association of scholars, educators, and those interested in the study of the Middle East (including Southwest Asia, the Arab world, and North Africa). MESA's mission is to foster the study of the Middle East; to promote high standards of scholarship and teaching; and to encourage public understanding of the region and its peoples through programs, publications, and services that enhance education, further intellectual exchange, recognize professional distinction, and defend academic freedom. MESA is incorporated in Arizona and its principal place of business is in Washington, DC.

**DEFENDANTS**

14. Defendant U.S. Department of State is a cabinet-level department of the Executive Branch of the federal government and is an "agency" within the meaning of 5 U.S.C. § 551(1).

6

15. Defendant Marco Rubio is the Secretary of State and has ultimate authority over the operations of the State Department. In that capacity and through his agents, Defendant Rubio has broad authority over the operation and enforcement of the immigration laws. Defendant Rubio and the department he leads have adopted and begun implementing the ideological-deportation policy. Defendant Rubio is sued in his official capacity.

16. Defendant U.S. Department of Homeland Security ("DHS") is a cabinet-level department of the Executive Branch of the federal government and is an "agency" within the meaning of 5 U.S.C. § 551(1). DHS includes various component agencies, including U.S. Immigration Customs and Enforcement ("ICE").

17. Defendant Kristi Noem is the Secretary of Homeland Security and has ultimate authority over DHS. In that capacity and through her agents, Defendant Noem has broad authority over the operation and enforcement of the immigration laws. Defendant Noem and the department she leads have adopted and begun implementing the ideological-deportation policy. Defendant Noem is sued in her official capacity.

18. Defendant Todd Lyons is the Acting Director of ICE and has authority over the operations of ICE. In that capacity and through his agents, Defendant Lyons has broad authority over the operation and enforcement of the immigration laws. Defendant Lyons and the agency he leads have adopted and begun implementing the ideological-deportation policy. Defendant Lyons is sued in his official capacity.

19. Defendant Donald J. Trump is President of the United States. He issued Executive Order 14,161 and Executive Order 14,188 (together, the "Executive Orders"), which the defendant agencies have cited as the basis for the ideological-deportation policy. He is sued in his official capacity.

7

JA294

20. Defendant United States of America includes all other government agencies and departments responsible for the promulgation and implementation of the ideological-deportation policy.

<p align="center">**FACTUAL BACKGROUND**</p>

<p align="center">*The 2023 and 2024 Campus Protests*</p>

21. Following the Hamas-led attacks on Israel of October 7, 2023, and Israel's subsequent bombing and invasion of Gaza, students and faculty organized protests on campuses across the United States. Many of the pro-Palestinian protests included calls for a ceasefire and for humanitarian aid to displaced or wounded Palestinians. Others centered on calls for institutional divestment from Israel. Many included criticism or condemnation of Israel's campaign in Gaza; and some included denunciations of Zionism. Others featured calls for a "free Palestine" and included chants—such as "from the river to the sea, Palestine will be free" and "intifada revolution"—that protesters said were calls for liberation and justice but that some listeners interpreted as calls for discrimination or violence. A small minority of protesters and counter-protesters engaged in violence and property damage, but the protests were overwhelmingly peaceful, even when they violated universities' rules.

22. The pro-Palestinian protests on campus took different forms. They included teach-ins, sit-ins, walk-outs, marches, exhibitions, vigils, encampments, and in some instances the occupation of buildings. On April 17, 2024, student protesters at Columbia University erected a "Gaza Solidarity Encampment" on the university's Morningside campus, and more than one hundred solidarity encampments were established at universities across the United States in the weeks thereafter. Some universities eventually persuaded student protesters to dismantle their encampments; others immediately called in the police. At Columbia University, police arrested more than a hundred students in an effort to clear the encampment on April 18, 2024, the day after

<p align="center">8</p>

<p align="center" style="color:red">JA295</p>

the encampment was established. Later, after a smaller group of protesters broke into and occupied Hamilton Hall—a building that students had also occupied in earlier protests relating to the Vietnam War and Apartheid South Africa—Columbia's administration called in the police again.

23. The students and faculty who participated in the pro-Palestinian protests on campus came from diverse backgrounds and held a wide range of political views. Some protesters viewed their participation as an extension of an American protest tradition, encompassing the anti-war and anti-apartheid protests of the 1960s, 70s, and 80s. Some protesters were Palestinians whose family members had been killed in or displaced by the war. Some protesters were Jewish, and many of them joined the protests to express their opposition to what they viewed as the displacement and even genocide of Palestinians in their name. While most of the protesters were likely U.S. citizens, many foreign citizens with visas or green cards joined the protests, and sometimes even led them.

24. Despite the diversity of the protesters and the wide range of views they expressed, President Trump repeatedly characterized the protests as "pro-Hamas," "pro-terrorist," "antisemitic," and "anti-American" during his 2024 campaign. He also promised that, if elected, he would deport the noncitizen students and faculty who had participated in the protests. At an event in May 2024, for example, he told donors to his campaign: "One thing I do is, any student that protests, I throw them out of the country. You know, there are a lot of foreign students. As soon as they hear that, they're going to behave."

***The Executive Orders***

25. The defendant agencies adopted the ideological-deportation policy challenged here to implement two executive orders that President Trump issued shortly after taking office. President Trump issued Executive Order No. 14,161, titled "Protecting the United States from Foreign Terrorists and Other National Security and Public Safety Threats," on January 20, 2025.

9

JA296

He issued Executive Order No. 14,188, titled "Additional Measures to Combat Anti-Semitism," on January 29, 2025.

26. Executive Order 14,161 states that it is the policy of the United States to protect its citizens from noncitizens who "espouse hateful ideology," and to ensure that noncitizens who are already present in the United States "do not bear hostile attitudes towards its citizens, culture, government, institutions, or founding principles" and "do not advocate for, aid, or support designated foreign terrorists and other threats to [America's] national security." The order directs the Secretary of State, in coordination with the Attorney General, the Secretary of Homeland Security, and the Director of National Intelligence, to promptly "vet and screen" all noncitizens who are already inside the United States "to the maximum degree possible."

27. Executive Order 14,188 states that it is the policy of the United States "to combat anti-Semitism vigorously, using all available and appropriate legal tools, to prosecute, remove, or otherwise hold to account the perpetrators of unlawful anti-Semitic harassment and violence." It reaffirms Executive Order 13,899, issued during the first Trump administration, which adopted a definition of antisemitism that encompasses constitutionally protected criticism of Israel and Israeli policies. (The definition encompasses, for example, speech that claims that Israel "is a racist endeavor," speech that holds Israel to standards "not expected or demanded of any other democratic nation," and speech that compares contemporary Israeli policies to those of the Nazis.) The order directs the head of each executive department or agency, within 60 days, to submit a report to the President "identifying all civil and criminal authorities or actions within the jurisdiction of that agency" that might be used "to curb or combat anti-Semitism." It also directs the Secretary of State, the Secretary of Education, and the Secretary of Homeland Security to include in their reports "recommendations for familiarizing institutions of higher education with

JA297

the grounds for inadmissibility under 8 U.S.C. § 1182(a)(3) so that such institutions may monitor for and report activities by alien students and staff relevant to those grounds and for ensuring that such reports about aliens lead, as appropriate and consistent with applicable law, to investigations and, if warranted, actions to remove such aliens."

28.     The "grounds for inadmissibility under 8 U.S.C. § 1182(a)(3)" are the security and related grounds of inadmissibility, including various terrorism- and foreign policy–related provisions, 8 U.S.C. § 1882(a)(3)(B), (a)(3)(C), which also serve as grounds for deportation, *see* 8 U.S.C. § 1227(a)(4)(B), (C). Under the terrorism-related provisions, noncitizens who have engaged in or incited terrorist activity are inadmissible to the country, *id.* § 1182(a)(3)(B)(i)(I), (III); the same is true of noncitizens who "endorse[] or espouse[] terrorist activity or persuade[] others to endorse or espouse terrorist activity or support a terrorist organization," *id.* § 1182(a)(3)(B)(i)(VII), or who are representatives of "a political, social, or other group that endorses or espouses terrorist activity," *id.* § 1182(a)(3)(B)(i)(IV)(bb) (together, the "endorse or espouse" provisions). The foreign policy provision renders inadmissible any noncitizen "whose entry or proposed activities in the United States the Secretary of State has reasonable ground to believe would have potentially serious adverse foreign policy consequences for the United States." *Id.* § 1182(a)(3)(C)(i). This provision also states, however, that individuals may not be excluded based on "past, current, or expected beliefs, statements, or associations [that] would be lawful within the United States" unless "the Secretary of State personally determines that the [noncitizen]'s admission would compromise a compelling United States foreign policy interest," *id.* § 1182(a)(3)(C)(iii), and provides timely notice of that determination to Congress, *id.* § 1182(a)(3)(C)(iv).

11

JA298

29. After President Trump signed Executive Order 14,188, the White House released a fact sheet about the order "promis[ing]" to "Deport Hamas Sympathizers and Revoke Student Visas." The fact sheet included this warning from the President:

> To all the resident aliens who joined in the pro-jihadist protests, we put you on notice: come 2025, we will find you, and we will deport you. I will also quickly cancel the student visas of all Hamas sympathizers on college campuses, which have been infested with radicalism like never before.

### *The Ideological-Deportation Policy*

30. To implement the two executive orders described above, the defendant agencies adopted the ideological-deportation policy challenged here, announcing that they intend to carry out large-scale arrests, detentions, and deportations of noncitizen students and faculty who participate in pro-Palestinian protests and other related expression and association. Pursuant to this policy, they arrested Mahmoud Khalil, a recent Columbia University graduate and a legal permanent resident, earlier this month; they revoked the visas of at least four others, one of whom fled to Canada in fear of arrest; they supplied universities with the names of other students they intend to target under the policy; and they launched new social media surveillance programs aimed at identifying still others.

31. On March 6, 2025, Secretary of State Rubio posted to X: "Those who support designated terrorist organizations, including Hamas, threaten our national security. The United States has zero tolerance for foreign visitors who support terrorists. Violators of U.S. law—including international students—face visa denial or revocation, and deportation." A news report published that same day revealed that the State Department had already launched a new social media surveillance program, called "Catch and Revoke," to identify noncitizen students for deportation pursuant to the new policy of ideological deportation. According to senior State Department officials cited by *Axios*, the program involves "AI-assisted reviews of tens of

12

thousands of student visa holders' social media accounts" to find "evidence of alleged terrorist sympathies expressed after Hamas' [October 7] attack on Israel." According to the report, "[i]f officials find a social media post from a foreign national that appears to endorse the [October 7] attack on Israel and looks 'pro-Hamas,' . . . that could be grounds for visa revocation."

32.     Two days later, on March 8, 2025, ICE agents arrested Mahmoud Khalil, a 30-year-old legal permanent resident and recent Columbia graduate, at his Columbia University student housing. The agents initially told Khalil that they were detaining him because his student visa had been revoked by the State Department, but when Khalil's lawyer informed the agents that Khalil was a green card holder, the agents responded that the State Department had revoked Khalil's green card, too. The deportation notice later filed by the government cites the foreign policy provision and states: "The Secretary of State has determined that your presence or activities in the United States would have serious adverse foreign policy consequences for the United States."

33.     Khalil has not been charged with any crime, and an administration official stated to *The Free Press* that "[t]he allegation here is not that he was breaking the law." Instead, the administration has made clear that it arrested Khalil because of his role in organizing protests that the administration characterizes as pro-Hamas. In a post made to X on March 9, 2025, DHS asserted that Khalil had led activities "aligned to" Hamas, and that ICE had arrested Khalil "in support of President Trump's executive orders prohibiting anti-Semitism, and in coordination with the Department of State." At a news briefing on March 11, 2025, Press Secretary Karoline Leavitt stated that "Mahmoud Khalil was an individual who was given the privilege of coming to this country to study at one of our nation's finest universities and colleges. And he took advantage of that opportunity, of that privilege by siding with terrorists." She asserted that "pro-Hamas

13

propaganda" fliers had been distributed at a protest that Khalil had led, though she did not provide any evidence that Khalil had produced, distributed, or even known about them.

34.     When Deputy Secretary of Homeland Security Troy Edgar appeared on NPR's *Morning Edition* two days later, he indicated even more clearly that the government had targeted Khalil for deportation based on his political speech. Edgar initially stated that the State Department revoked Khalil's green card "for supporting a terrorist type organization," namely Hamas. But when asked to clarify how Khalil had supported Hamas, Edgar pointed to his involvement in pro-Palestinian protests generally: "Well, I think you can see it on TV, right? This is somebody that we've invited and allowed the student to come into the country, and he's put himself in the middle of the process of basically pro-Palestinian activity." When asked if that meant any criticism of Israel or the United States is "a deportable offense," he said: "Let me put it this way, . . . imagine if he came in and filled out the form and said, 'I want a student visa.' They asked him, 'What are you going to do here?' And he says, 'I'm going to go and protest.' We would have never let him into the country."

35.     On March 17, 2025, after Khalil had challenged the State Department's decision to revoke his green card on the basis of his speech, ICE filed an additional (and transparently pretextual) justification for the State Department's decision. This additional charge alleged that Khalil had, at the time of his adjustment of status in March 2024, sought to procure an immigration benefit by fraud because he failed to disclose that he was "a member" of the United Nations Relief and Works Agency for Palestine Refugees ("UNWRA") and Columbia University Apartheid Divest ("CUAD"), and that he had continued working for the British government.

36.     The State Department has revoked the visas of at least four other students and faculty pursuant to the ideological-deportation policy.

14
<span style="color:red">JA301</span>

37. On March 5, 2025, the State Department revoked the student visa of Ranjani Srinivasan, an Indian national, doctoral student at Columbia University, and Adjunct Assistant Professor of Urban Planning at NYU's Robert F. Wagner Graduate School of Public Service, also under the foreign policy provision. Three federal immigration agents showed up at her apartment looking for her two days later, but she did not open the door. They showed up again the following night, just hours before Khalil was arrested, but she was not home because, fearing arrest, she had already fled the United States for Canada. On March 13, 2025, agents returned to her home with a judicial warrant. DHS released a statement characterizing Srinivasan as a terrorist sympathizer and accused her of advocating violence and being "involved in activities supporting Hamas," but the agency has not provided any evidence for its allegations, and Srinivasan disputes them. Srinivasan appears to be active, however, in protesting what she believes to be human rights violations in Gaza, and in December 2023 she signed an open letter published by the Society of Architectural Historians in support of "Palestinian liberation."

38. On March 8, 2025, ICE signed an arrest warrant for Yunseo Chung, a 21-year-old legal permanent resident and Columbia University student who has lived in the United States since she was seven. A few days earlier, Ms. Chung protested outside a Barnard College building where pro-Palestinian student demonstrators were holding a sit-in. She was arrested by police officers, given a desk ticket by the New York City Police Department for "obstruction of governmental administration," and released. On March 10, a federal law enforcement official advised Ms. Chung's attorney that her legal permanent resident status had been revoked. On March 13, federal law enforcement agents executed a judicial search warrant at Ms. Chung's dormitory. The warrant appears to have been issued in connection with an investigation of Columbia University for an alleged violation of the federal harboring statute.

15

JA302

39. On March 17, 2025, ICE arrested Badar Khan Suri, an Indian national and postdoctoral fellow at the Alwaleed Bin Talal Center for Muslim-Christian Understanding, which is part of Georgetown University's School of Foreign Service. Suri's student visa was revoked pursuant to the foreign policy provision. In a statement given to *Fox News*, DHS asserted that Suri had "spread[] Hamas propaganda," "promot[ed] antisemitism on social media," and had "close connections to a known or suspected terrorist, who is a senior advisor to Hamas." Suri has no criminal record and has not been charged with a crime. DHS's allegations appear to reference the fact that Suri's father-in-law, Ahmed Yousef, is a former advisor to Ismael Haniyeh, the Hamas leader assassinated by Israel last year in Iran. But Yousef left his position in the Hamas-run government in Gaza more than a decade ago and has publicly criticized Hamas's decision to attack Israel on October 7, 2023. DHS has not alleged that Suri himself has taken any action on behalf of Hamas.

40. On March 21, 2025, the Justice Department wrote to counsel for Momodou Taal, a student visa holder and doctoral candidate in Africana Studies at Cornell University, to convey ICE's intention to serve a deportation notice on Taal and request that Taal voluntarily "surrender to ICE custody." Taal is a prominent and outspoken pro-Palestinian advocate. The Justice Department wrote to Taal's lawyers after Taal sought a temporary restraining order to enjoin DHS from attempting to detain, remove, or otherwise enforce the Executive Orders against him, and while that application remained pending. In response to that application, the government informed the court that the State Department had revoked Taal's student visa.

41. Defendants and other administration officials have made clear that they intend to target other foreign students and faculty for arrest, detention, and deportation under the policy.

42.     On March 9, 2025, the Secretary of State shared a news story about Khalil's arrest on X and warned: "We will be revoking the visas and/or green cards of Hamas supporters in America so they can be deported." The same day, DHS posted to X: "ICE and the Department of State are committed to enforcing President Trump's executive orders and to protecting U.S. national security."

43.     The next day, President Trump posted on Truth Social:

Following my previously signed Executive Orders, ICE proudly apprehended and detained Mahmoud Khalil, a Radical Foreign Pro-Hamas Student on the campus of Columbia University. This is the first arrest of many to come. We know there are more students at Columbia and other Universities across the Country who have engaged in pro-terrorist, anti-Semitic, anti-American activity, and the Trump Administration will not tolerate it. Many are not students, they are paid agitators. We will find, apprehend, and deport these terrorist sympathizers from our country — never to return again. If you support terrorism, including the slaughtering of innocent men, women, and children, your presence is contrary to our national and foreign policy interests, and you are not welcome here. We expect every one of America's Colleges and Universities to comply. Thank you!

44.     The White House Press Secretary Karoline Leavitt reiterated this message at the news briefing she gave on March 11, 2025. When asked how many arrests the administration planned to make, she said that she did not have an estimate, but that DHS "is actively working on it." She stated that DHS had gathered "very good intel" "at the direction of the President's executive order, which made it very clear . . . that engaging . . . in anti-American, anti-Semitic, pro-Hamas protests will not be tolerated." This intelligence was, she said, aimed at "identify[ing] individuals on our nation's colleges and universities, on our college campuses who have engaged in such behavior and activity, and especially illegal activity." She also added that "Columbia University has been given the names of other individuals who have engaged in pro-Hamas activity, and they are refusing to help DHS identify those individuals on campus." She concluded: "We expect all America's colleges and universities to comply with this administration's policy."

17

JA304

45. On March 12, 2025, the *New York Times* reported that "[i]nvestigators from a branch of [ICE] that typically focuses on human traffickers and drug smugglers [had] scoured the internet for social media posts and videos that the administration could argue showed sympathy toward Hamas" and "handed over reports on multiple protesters to the State Department."

46. On March 13, 2025, Vice President J.D. Vance gave an interview on Fox News in which he commented on Khalil's arrest, stating: "This is not fundamentally about free speech. And to me, yes, it's about national security, but it's also more importantly about who do we as an American public decide gets to join our national community. And if the Secretary of State and the President decide this person shouldn't be in America, and they have no legal right to stay here, it's as simple as that." Asked whether he saw "more such deportations happening," he said "I think we'll certainly see some people who get deported on student visas if we determine that it's not in the best interests of the United States to have them in our country, so yeah, I don't know how high that number is going to be, but you're going to see more people."

47. On March 16, 2025, Secretary of State Rubio gave an interview on CBS's *Face the Nation* in which he promised that the administration would continue enforcing its policy of ideological deportation: "[W]e're going to do more. In fact, every day now we're approving visa revocations, and, if that visa led to a green card, the green card process as well."

### *A Climate of Fear and Repression for Noncitizen Students and Faculty*

48. The ideological-deportation policy has created a climate of fear and repression on university campuses across the country and forced many noncitizen students and faculty into silence. Out of fear that pro-Palestinian expression might lead to arrest, detention, and deportation, many noncitizen students and faculty are no longer willing to participate in, or even attend, public political protests. Some have stepped back from leadership roles and participation in groups that engage in advocacy related to Israel and Palestine. Some are abstaining from public writing or

18

JA305

scholarship that they would otherwise have pursued. Others have attempted to purge their earlier public writings, including online articles, blog posts, and social media posts. Some students have stopped contributing to classroom discussions of Israel and Palestine; others are skipping class altogether. Some faculty have even fled their cities of residence, effectively forced to abandon their academic communities.

49.     The chill on university campuses flows directly from the policy challenged here, as well as from Defendants' threats to arrest, detain, and deport noncitizen students and faculty based on their lawful expressive and associational activities.

50.     Plaintiffs all have noncitizen faculty and student members who have been compelled to curtail their exercise of expressive and associational rights in the ways described above. Some of these members are described below. These individuals have been anonymized because they fear that their connection to this lawsuit could lead to them being targeted for arrest, detention, and deportation. Some noncitizen members interviewed by undersigned counsel were too fearful even to have their experiences described anonymously.

51.     **AAUP Member A.** AAUP Member A is a legal permanent resident, a member of the AAUP, and a lecturer at a university in the Northeast whose research interests include race and migration.

52.     Before the administration adopted the ideological-deportation policy, AAUP Member A regularly posted on social media and engaged in other public advocacy on issues related to Israel and Palestine. Because of the policy, however, and the fear that they will be targeted for deportation based on their writing and advocacy, AAUP Member A has taken down previously published social media posts about Israel and Palestine and stopped assigning materials about Palestine in the courses they teach.

19

<span style="color:red">JA306</span>

53. They have also been chilled from engaging in peaceful political protest and assembly. AAUP Member A previously participated in pro-Palestinian protests and public demonstrations regularly and still wishes to gather with others to engage in pro-Palestinian speech and advocacy. They no longer participate in these activities because of the fear that they will be arrested and deported for doing so.

54. **AAUP Member B.** AAUP Member B is a legal permanent resident, a member of the AAUP, and a professor at a university in the Northeast.

55. Although AAUP Member B's academic work has obvious relevance to issues relating to Israel and Palestine, they have decided to forgo opportunities to write about these issues due to concerns that they may face immigration consequences stemming from the policy. They also decided against teaching a class they have offered in the past because the class syllabus would necessarily have included materials related to Palestine. AAUP Member B made this decision out of concern that including that material would put them at risk of deportation under the policy.

56. AAUP Member B has also been chilled from associating with AAUP colleagues. AAUP Member B has worked for over a year with university faculty across the United States, including other AAUP members, on a national organization addressing the concerns of Jewish faculty, including on issues related to Israel and Palestine. Due to the ideological-deportation policy, AAUP Member B no longer feels comfortable having their name associated with the prospective organization or doing any public-facing work for the prospective organization.

57. AAUP Member B has also been chilled from engaging in peaceful political protest and assembly. They previously participated in pro-ceasefire protests and other public demonstrations but no longer do so because of the fear that their lawful advocacy will lead to arrest and deportation.

20

JA307

58. **AAUP Member C.** AAUP Member C is a legal permanent resident, a member of the AAUP, and a professor at a university in the Northeast.

59. Before the administration adopted the ideological-deportation policy, AAUP Member C regularly published their writing and participated in public advocacy on issues related to academic freedom. Now, due to fears that they will be targeted for deportation based on that writing and advocacy, AAUP Member C has felt compelled to remove previously published writing and scholarship from the internet, and to turn down opportunities to speak at academic talks and other public-facing events that they would otherwise have accepted.

60. The individual has also been chilled from associating with colleagues at their local AAUP chapter. AAUP Member C values the ability to engage in collective action with other chapter members, but because they fear that public association with the chapter could expose them to deportation, they have forgone leadership opportunities within the chapter, reduced their participation in the chapter's public-facing work, and declined to participate in political organizing with the chapter.

61. AAUP Member C has also been chilled from engaging in peaceful political protest and assembly. Although they would like to gather with others to engage in pro-Palestinian advocacy, they no longer do so out of fear of arrest and deportation for lawful political speech.

62. **AAUP Member D.** AAUP Member D is a legal permanent resident, a member of the AAUP, and a professor at a university in the Northeast.

63. AAUP Member D recently withdrew from presenting on a topic related to Israel and Palestine at an academic conference out of concern that this could expose them to deportation under the policy. Also due to the concern about the policy, they have stopped traveling abroad for academic conferences.

21

JA308

64.     The individual has also been chilled from associating with colleagues at their local AAUP chapter and colleagues nationally. AAUP Member D no longer signs their name to open letters that their colleagues circulate—including open letters related to Israel and Palestine—for fear of being targeted for deportation. For the same reason, they have also ruled out pursuing a leadership position at their local AAUP chapter.

65.     The individual has also been chilled from engaging in peaceful political protest and assembly. AAUP Member D wishes to gather with others to engage in pro-Palestinian speech and advocacy, but now fears that they will be deported for doing so. They do not plan to attend future protests, but, if they do attend, they intend to wear a mask and other clothing to obscure their identity.

66.     **AAUP member E.** AAUP Member E is a legal permanent resident, a member of the AAUP, and a professor in at a university in the Northeast. As a noncitizen, AAUP Member E was already hesitant to speak about political issues on social media. The ideological-deportation policy has made them reluctant to participate in protests and to engage in expressive or associational activities that require them to disclose their name. As a result of the policy, AAUP Member E no longer feels that they can safely exercise their free speech rights in the United States and will be spending most of the Spring semester outside of the country. Although they are able to conduct research abroad, an extended stay would substantially disrupt their professional activities and daily life.

67.     **MESA Member A.** MESA Member A is a legal permanent resident, a member of MESA, and a professor at a university in the southern United States whose research interests include topics related to Israel and Palestine.

22

JA309

68. Before the administration adopted the ideological-deportation policy, MESA Member A regularly posted on social media about Israel and Palestine, including on topics related to their area of academic expertise, and engaged in other public advocacy on issues related to Israel and Palestine. Other MESA members followed MESA Member A on social media and frequently engaged with their posts. Because of the policy, however, and the fear that they will be targeted for deportation based on their writing and advocacy, MESA Member A has significantly reduced their engagement on social media, and feels compelled to self-censor when posting about Israel and Palestine.

69. The policy has also interfered with MESA Member A's academic research and writing. Out of concern that their current immigration status could be revoked at any moment based on their past expressive activity, MESA Member A now refrains from traveling internationally. This has prevented them from engaging in key aspects of their research, including conducting interviews with people abroad and accessing research materials that are available only abroad. It has disrupted MESA Member A's ability to conduct research for a new book project that relies on those methods. MESA Member A also had to cancel plans to travel to academic conferences in Europe that they otherwise would have attended, preventing them from associating with their colleagues, including other MESA members.

70. They have also been chilled from engaging in peaceful political protest and assembly. MESA Member A previously participated in pro-Palestinian protests and public demonstrations regularly and still wishes to gather with others to engage in pro-Palestinian speech and advocacy. They no longer participate in these activities because of fear that they will be arrested and deported for doing so.

JA310

71.     **MESA Member B.** MESA Member B is a legal permanent resident, a member of MESA and the AAUP, and a professor at a university in the Northeast whose research interests include gender studies and Middle East studies.

72.     Before the administration adopted the ideological-deportation policy, MESA Member B regularly organized workshops, teach-ins, and meetings related to Palestine and shared information about Palestine-related events on social media. Now, due to fears that these activities could lead to deportation, they have declined opportunities to chair academic committees, refrained from publishing work related to Palestine, stopped going to protests or demonstrations, and taken down all their social media posts about events related to Palestine.

73.     MESA Member B has also forgone research grants and opportunities that would have required them to travel to the Middle East, due to the risk of being denied reentry based on their pro-Palestinian expression and association. This has harmed their ability to pursue their scholarship, which requires traveling abroad to interview people and attend cultural events that are the subject of their research.

74.     **Noncitizen Student A.** Noncitizen Student A is a student visa holder and a graduate student who studies history and has been involved in pro-Palestinian advocacy at a university in the Northeast. They have worked closely with members of their local AAUP chapter in academic and political settings.

75.     Before the administration adopted the ideological-deportation policy, Noncitizen Student A regularly posted on social media, including about their academic work related to Israel and Palestine. Following the policy, however, Noncitizen Student A deleted their account on the social media platform X out of concern that their posts related to Palestine would make them a target for ideological deportation. They used their X account primarily for academic purposes; X

JA311

had been an important forum for them to publicize their academic work, to learn about research findings and opportunities in their discipline, and to network with other scholars, including members of the AAUP, their local AAUP chapter, and MESA. They also removed information about the content of their work from university-hosted websites.

76.     Noncitizen Student A has also been chilled from associating publicly with their peers and colleagues, including members of the AAUP, their local AAUP chapter, and MESA. Because of the ideological-deportation policy, they have declined to give speeches at campus protests and stayed away from rallies where law enforcement could be present; decided to pull out of a film screening and panel discussion related to indigenous studies that they had previously agreed to moderate; and cancelled their plans to attend a conference at which they had planned to speak on a panel about pro-Palestinian student movements.

### *Expressive and Associational Harms to Plaintiffs and their U.S. Citizen Members*

77.     The chill resulting from the ideological-deportation policy has caused significant harm to Plaintiffs and their U.S. citizen members.

### Plaintiffs

78.     **<u>AAUP.</u>** Founded in 1915, the AAUP is one of the nation's oldest and largest membership associations and is dedicated to the advancement of higher education and academic freedom. Today, the AAUP has over 44,000 members, including faculty, graduate students, and other academic professionals based at universities across the country. These members are the lifeblood of the organization. The AAUP's leadership operates through a democratic process of engaging with its members in developing its positions and priorities and carrying out its initiatives. Throughout the year, the AAUP hosts in-person and virtual gatherings to facilitate discussions with its members about pressing topics in higher education and academic freedom. The gatherings

JA312

often draw hundreds of members. The leadership relies on these conversations in making virtually every decision of substance about the organization's work.

79. The ideological-deportation policy has dramatically undermined the AAUP's ability to pursue its mission by deterring noncitizen members from participating in AAUP events. Many noncitizen members have also stayed away from AAUP gatherings over the last few weeks, particularly those that touch upon the Trump administration's efforts to deport pro-Palestinian students and to investigate universities for their handling of campus protests over the last eighteen months. The AAUP has heard directly from some of these noncitizen members, who explained that their decisions to disengage were based on fear. Noncitizen members who have nonetheless attended recent AAUP events on these topics have generally been silent. All of this has deprived the AAUP of the input of a significant segment of its membership, undermining the ability of the organization to learn from those members and represent their interests in the organization's policymaking, report writing, and public advocacy.

80. For example, the AAUP recently hosted the first of a series of member gatherings to discuss the destruction of schools in Gaza. The purpose of the series was to inform the AAUP's position on and advocacy relating to the allegation that Israel has engaged in "scholasticide." Crucial to that purpose was hearing from a diverse range of the AAUP's membership, but some noncitizen members did not attend out of fear that the government might target them for their association with the event, and most of the noncitizen members who did appear kept their videos off and voices muted. The AAUP has had similar experiences with a range of other events, including conversations organized to allow discussion of academic freedom and Israel and Palestine, and an event last week at Columbia University directed at students and focused on the Trump administration's attacks on the university and how the AAUP should respond.

JA313

81. The ideological-deportation policy has also required the AAUP to divert resources that it would otherwise devote to its mission. Its leadership has spent a significant percentage of its time counseling its noncitizen members on the risks of deportation for participating in pro-Palestinian protests and connecting noncitizen members with immigration attorneys. At the same time, the policy has caused many noncitizen leaders at AAUP chapters to step back from leadership positions and public appearances out of fear that they will be labeled as pro-Hamas or pro-terrorist and targeted for deportation on that basis.

82. **Harvard-AAUP.** Harvard-AAUP is a membership association of Harvard faculty and researchers, with approximately 70 members, that advocates for meaningful and democratic shared university governance, academic freedom, and the economic security of those who perform the university's core instructional work. Harvard-AAUP seeks to advance that mission through organizing, advocacy, and coalition-building at Harvard, as well as by working with other AAUP chapters and the AAUP on issues of broad concern across the higher education sector.

83. The ideological-deportation policy has impaired Harvard-AAUP's ability to pursue its mission by deterring noncitizen faculty and students from joining Harvard-AAUP. Harvard-AAUP has learned that some noncitizens who would have been eligible to become members of Harvard-AAUP have declined to join the organization out of fear that their membership and association with Harvard-AAUP could put them at risk of deportation. The participation of noncitizen members in Harvard-AAUP is uniquely important to the organization's mission. Given the large population of international faculty and students within the Harvard University community, noncitizen member participation contributes to Harvard-AAUP's strategic decision-making, event planning, recruiting, and engagement with the university. The ideological-deportation policy has deprived Harvard-AAUP of opportunities to hear from and associate with

27

JA314

an important segment of the community it serves, undermining the ability of the organization to learn from those prospective members and to represent their interests in pursuing the organization's goals.

84. The ideological-deportation policy has also diverted the resources and attention that the Harvard-AAUP would otherwise use to focus on its core mission. Prior to the policy, Harvard-AAUP focused primarily on promoting more robust shared governance at the university, advancing the economic justice and institutional security of academic workers, and preserving academic freedom. Now, Harvard-AAUP devotes significant attention to advising and engaging the concerns of noncitizens on Harvard's campus who fear immigration consequences stemming from the ideological-deportation policy. For instance, Harvard-AAUP has worked with other groups at Harvard to organize information security trainings to help members of the university community protect against potential surveillance of their expressive activities online.

85. **NYU-AAUP.** NYU-AAUP is a membership association made up of faculty across NYU's schools and campuses, with over 100 individual members. NYU-AAUP is dedicated to defending academic freedom at NYU and throughout the academy, encouraging participation in shared governance at NYU, and advancing the professional interests of NYU faculty and researchers. To fulfill its mission, NYU-AAUP holds two full membership meetings a semester, where members communicate and collaborate with one another on addressing important issues in higher education. Throughout the year, NYU-AAUP also hosts events open to the broader NYU community focused on advancing academic freedom. As a reflection of NYU's large population of international and noncitizen faculty and students, NYU-AAUP's membership includes many noncitizen members, who play a vital role in fulfilling NYU-AAUP's goals.

JA315

86.     The ideological-deportation policy has impaired NYU-AAUP's ability to advocate for its interests in concert with noncitizen faculty and students at NYU. For example, members of NYU-AAUP recently delivered a petition to the NYU administration urging the university to drop disciplinary charges against students who had engaged in pro-Palestinian activism. NYU-AAUP members felt the need to remove the names of all the signatories from the petition due to concerns that noncitizen signatories, including both faculty and students, could be targeted for deportation or visa revocation based on their decision to participate. The NYU administration discounted the petition in part because it lacked the names of the signatories. This undermined NYU-AAUP's ability to effectively advocate before the NYU administration, one of the organization's primary missions.

87.     The ideological-deportation policy has also required NYU-AAUP to divert resources that it would otherwise have used to pursue its core mission. NYU-AAUP's primary goals are to advance academic freedom and better facilitate faculty-university relations at NYU. But since the policy began, NYU-AAUP has been forced to devote increasing attention and resources to addressing the potential immigration consequences of the policy for noncitizen faculty and students. For example, NYU-AAUP is devoting resources to preparing "know your rights" materials related to immigration enforcement on NYU's campus. NYU-AAUP members and others in the NYU community have asked NYU-AAUP for immigration consultations, and it now often falls on NYU-AAUP to connect and guide members through NYU's immigration resources. Additionally, the policy has had an impact on the content of NYU-AAUP's events. For instance, NYU-AAUP recently hosted a faculty town hall to discuss the state of the university. The organizers of the event intended to spend much of the event discussing how federal funding freezes and executive orders targeting diversity, equity, and inclusion programs would impact life at NYU.

29

In the end, a significant part of the town hall focused on the threat of deportation noncitizen faculty and students face under the policy.

88. **Rutgers AAUP-AFT.** Rutgers AAUP-AFT is a union representing more than 5,000 full-time faculty, graduate workers, postdoctoral associates, and Education Opportunity Fund counselors at Rutgers University. Rutgers AAUP-AFT is one of the oldest higher education unions in the country. It is also a chapter of the AAUP.

89. The ideological-deportation policy has undermined Rutgers AAUP-AFT's ability to represent all bargaining unit members. Rutgers AAUP-AFT's research, pedagogy, and outreach depend on creating academic and community spaces where all members of its community, whether citizen or noncitizen, can fully participate. Noncitizen members, however, have shared with leadership that they are concerned that engaging on some research topics, such as racism and Israel and Palestine, could expose them to deportation. Many have also refrained from speaking out publicly or taking political action on these topics within the union because of the threat of deportation. Some noncitizen bargaining unit members have also expressed fears about joining the union because they are concerned it could invite targeting. When noncitizens do not join or speak out in the union, it becomes more difficult for Rutgers AAUP-AFT to represent the needs and priorities of all bargaining unit members, including by involving all union members in union leadership and decision making.

90. The ideological-deportation policy has also required Rutgers AAUP-AFT to divert resources it would otherwise dedicate to its mission. Rutgers AAUP-AFT has had to devote time and resources to support noncitizen members who fear deportation, including by spending time organizing trainings, finding legal support for individual members, and engaging with university management to ensure that the university is taking appropriate action.

30

JA317

91. **MESA.** MESA is a 501(c)(3) non-profit membership association that fosters the study of the Middle East, promotes high standards of scholarship and teaching, and encourages public understanding of the region and its peoples. Today, MESA has over 2,000 individual members, including faculty and students at universities across the country. MESA provides its members with programs, publications, and services that enhance research and education, recognize professional distinction, and defend academic freedom. MESA hosts an annual meeting that is the premiere conference for scholars who research the Middle East. The conference, which is the largest such gathering in the world, consists of four days of academic programming, professional development, job market interviews, networking, and special events. For MESA's members, the annual meeting is a critical forum for scholarship, intellectual exchange, and pedagogical innovation. MESA also publishes the *International Journal of Middle East Studies*, the leading peer-reviewed scholarly journal on the region, the *MESA Review of Middle East Studies*, a biannual newsletter, and frequent advocacy letters.

92. The ideological-deportation policy has substantially harmed MESA's ability to pursue its mission by deterring noncitizen scholars of the Middle East from joining MESA or participating in MESA's events. A substantial portion of MESA's members are interested in studying the Middle East because of their own personal or family background in the region, which makes them invaluable members of MESA's academic community. Due to their personal connections, heritage, and language skills, these members are often the most effective ethnographers and most skilled archival researchers working in the discipline. Many of these members are also noncitizens who, due to fears of being targeted for deportation based on the content of their scholarship, have scaled back their participation in MESA's events and projects. This chill has undermined MESA's core function as a scholarly association that facilitates the

31

JA318

exchange of pedagogical insights, academic expertise, and novel research between its members and advocates for their academic freedom.

93. For example, noncitizen members of MESA have expressed concern about attending MESA's annual meeting, which is scheduled to take place in November 2025 in Washington, DC, for fear that their attendance at the conference will expose them to the attention of immigration authorities. As described above, MESA's annual meeting is a landmark conference in the discipline and is MESA's marquee event. Each year, MESA solicits paper proposals for the conference by mid-February. This year, after the administration's adoption of the ideological-deportation policy, a number of scholars who would usually submit proposals informed MESA that they were unable to meet the deadline, or afraid of attending the meeting, due to its location. In particular, international members outside of the United States expressed fears that they would be denied entry or harassed because of the policy of ideological deportation. Noncitizen members also reported being overwhelmed and unable to focus on making medium-term plans because of their fear that their scholarship and speech about the Middle East might become the basis for targeting by the government. Because submissions at the initial deadline were almost 40 percent below where they should have been, based on past meetings in Washington, DC, MESA granted an across-the-board extension. After MESA extended the deadline, there was still a sharp drop in the number of submissions compared to prior years. At present, participation in the 2025 annual meeting is projected to fall 10 percent below the expected level. Due to its members' fears of ideological deportation, including harassment by officials based on their scholarly activities, MESA's annual meeting will have lower attendance, garner fewer contributions to the scholarly field, and provide a less effective opportunity for intellectual exchange. Moreover, members' reports of self-censorship in research and scholarship for fear of being targeted by the government

JA319

is expected to depress participation in the meeting and reduce submissions to MESA's publications, particularly concerning Israel and Palestine.

94. The ideological-deportation policy has also required MESA to divert resources it would otherwise devote to its mission. The annual meeting is a key recruitment vehicle for MESA, and reduced attendance means fewer dues-paying MESA members. MESA's leadership, staff, and volunteer faculty now spend more time and energy responding to crises stemming from the policy than on scholarship. For example, MESA's Committee on Academic Freedom and MESA's Task Force on Civil and Human Rights have both been inundated with requests for assistance from noncitizen members who fear ideological deportation. Before the policy, these advocacy committees addressed each member's request for assistance individually. Now, they spend time developing triage criteria for prioritizing certain requests. MESA leadership has worked to develop new and different programming, such as know your rights workshops and meetings with legal services groups, that would not typically fall under the purview of a scholarly association. Because so many MESA members are fearful of ideological deportation, MESA is beginning a new monthly message to provide members with resources and information about MESA's response to the policy. As a result, MESA has far fewer resources available for its regular academic programming.

<u>Plaintiffs' Members</u>

95. **<u>Aslı Bâli.</u>** Aslı Bâli is a professor of law at Yale Law School. Bâli's scholarship and teaching focus on international human rights law and comparative constitutional law. She is a U.S. citizen, a member of the AAUP and MESA, and the president of MESA.

96. The ideological-deportation policy has harmed Bâli's ability to hear from and engage with her noncitizen colleagues and students. As the president of MESA, Bâli is receiving a cascade of requests for advice and assistance from noncitizen students and colleagues who fear

33

that they will be targeted for deportation based on their speech. Many of these individuals have deleted their social media profiles, removed online references to their involvement in campus groups that have supported Palestinian rights, and taken down previously public writing about Palestine. One noncitizen colleague is considering declining an offer to chair their department out of concern that they might be limited in what they could say or do in the role without making themselves a target for deportation. Bâli has lost the benefit of these colleagues' and students' participation in events and programming and is no longer able to freely communicate with them about their views and opinions.

97.    The policy has also limited Bâli's ability to associate with noncitizen members of the AAUP and MESA, and it has undermined her academic work. Because of her noncitizen colleagues' fears of ideological deportation, Bâli now hesitates to approach noncitizens to be co-authors, which harms her ability to produce scholarly work. Additionally, Bâli recently felt she had to propose moving the participation of some colleagues in a conference scheduled to take place in April at Yale Law School entirely online because of concerns for the safety of noncitizen participants. This change would mean that participants will no longer be together in the same space to mingle and discuss ideas, which significantly reduces the value of an academic conference.

98.    **Beth Baron.** Beth Baron is a distinguished professor of History at the City University of New York. Baron's scholarship focuses on the history of medicine in Egypt. She is a U.S. citizen and a member of MESA.

99.    The ideological-deportation policy has harmed Baron's ability to receive information from her noncitizen students. Several of Baron's noncitizen students, some of whom are members of MESA, are now afraid to travel abroad to visit archives and libraries that have historical sources critical to their research because they fear they will not be allowed back into the

34

JA321

country. This fear of travel due to the policy significantly limits the set of topics Baron's students can research or write about, which diminishes her own, and her department's, ability to benefit from these students' work. Baron has also heard from noncitizen students who have removed content from their social media accounts, taken down images and content from websites, and who are self-censoring in their teaching, especially on topics related to Israel and Palestine and U.S. foreign policy. These students have taken these actions out of a fear that their speech could lead to them being targeted for deportation. Baron has been deprived of these students' insights and experiences, which she otherwise would have valued engaging with.

100. The policy has also limited Baron's ability to associate and assemble with noncitizen colleagues and students. Baron recently attended an academic event related to Palestine that was accessible only in-person because the organizers decided not to allow people to access the event remotely, out of fear that doing so would expose noncitizen participants to deportation. Prior to the policy, Baron attended anti-war demonstrations with noncitizen students and colleagues. Now, many of those individuals have stopped attending protests because they are afraid of being deported.

101. **Patricia Dailey.** Patricia Dailey is an associate professor of English and Comparative Literature at Columbia University. She specializes in medieval literature and critical theory. Dailey is a U.S. citizen and a member of the AAUP.

102. The ideological-deportation policy has harmed Dailey's ability to hear perspectives she values as a member of her university community, and to associate with other members of the AAUP. Dailey was a member of an independent and long-running online community made up of Columbia faculty and staff, including other AAUP members. The goal of this community was to share information about the university and facilitate collective organizing. Dailey relied on the

35

JA322

community to engage with other members of the Columbia community, including AAUP members, and to stay informed about university-related topics as well as political issues, including issues related to Israel and Palestine. Fearing that the community's content about Israel and Palestine could now jeopardize the immigration status of noncitizen members, however, the organizer of the online community, who is a noncitizen, recently decided to delete it. As a result, Dailey has lost access to views and information she found valuable, and she is no longer able to engage with other AAUP members as she once did.

103. **Nadia Abu El-Haj.** Nadia Abu El-Haj is a professor of anthropology at Barnard College, Columbia University and the Co-Director of the Center for Palestine Studies ("CPS") at Columbia University. Abu El-Haj's scholarship focuses on Zionism, Israel, and Palestine. She is a U.S. citizen and a member of MESA and the AAUP.

104. The ideological-deportation policy has harmed Abu El-Haj's ability to hear from and associate with her noncitizen colleagues and students. One of her noncitizen students, who previously contributed to many events on campus and posted useful updates from Arabic language news reports on social media, has now ceased participating in events and deleted their social media accounts for fear of losing their student visa. Another noncitizen student, who was once a leading pro-Palestinian voice on campus, has stopped speaking publicly and has gone into hiding since Khalil's arrest, out of fear that ICE might arrest or detain them. In response to her noncitizen students' and colleagues' concerns about ICE raids at campus events, Abu El-Haj cancelled a CPS event that was scheduled to take place in February. She is considering cancelling another upcoming CPS event for the same reason. The policy has thus impaired Abu El-Haj's ability to learn from and meet with these students and to host CPS events.

36

JA323

105. **Noura Erakat.** Noura Erakat is a professor of Africana studies and Criminal Justice at Rutgers University. Her research and teaching focus on international law, including human rights law. She is a U.S. citizen and a member of MESA.

106. The ideological-deportation policy has harmed Erakat's ability to hear from her noncitizen colleagues and students. Noncitizen colleagues with whom Erakat collaborates closely have paused work on ongoing projects related to Palestine out of concern that they will be targeted for ideological deportation. One colleague, for example, paused their contributions to a legal research project that they are drafting in collaboration with Erakat after learning of Khalil's arrest. Erakat has also observed that noncitizens students are less willing to speak in class and in public about Palestine or related issues, even if those issues relate to their personal experiences. Because her scholarship relies on narratives from conflict zones, her work suffers when noncitizens are chilled from sharing their experiences.

107. **Joseph Howley.** Joseph Howley is an associate professor of Classics and the Paul Brooke Program Chair for Literature Humanities at Columbia. Howley's current scholarship and teaching focus on the history of the book and Greek and Latin literature, among other topics. He is a U.S. citizen and a member of the AAUP.

108. The ideological-deportation policy has limited Howley's ability to hear from and engage with his noncitizen colleagues and students, and it has undermined his teaching. As program chair of the year-long Literature Humanities course in Columbia's Core Curriculum, Howley supervises graduate students who instruct weekly seminars with undergraduate students to discuss significant works from a range of perspectives across time and cultures. In his regular teaching sessions with instructors, he has observed that many noncitizen instructors have stopped attending in recent weeks, and that those who do attend are preoccupied with fears of deportation

37

JA324

and unable to focus on the course material. One noncitizen instructor told Howley they feared deportation based on their attendance merely as a bystander at a protest last year. Howley has also heard from noncitizen colleagues that are considering not teaching topics related to Israel and Palestine or political activism that they might otherwise have taught.

109. The policy has also harmed Howley's right to assemble with his noncitizen colleagues and students to engage in public advocacy. Howley joined other faculty and staff members in de-escalation efforts outside the Columbia solidarity encampment in April 2024. Following the police sweep of the encampment on April 18, he appeared alongside Mahmoud Khalil and other speakers at an emergency press conference, to criticize the school president's decision to have police arrest students at the encampment. On April 22, Howley joined hundreds of citizen and noncitizen faculty at Columbia in a walkout protesting that same decision. But when he spoke at a press conference convened by the AAUP following Khalil's arrest this month, he was backed only by citizen members of faculty and staff. He understood that noncitizen members who previously would have joined him were too afraid to do so now, given the threat of deportation under the policy. It is now much more difficult for Howley to coordinate de-escalation efforts with noncitizen colleagues, including one who is now afraid to move freely around the Columbia campus and surrounding neighborhood.

110. **Maya Jasanoff.** Maya Jasanoff is a professor of History at Harvard. Jasanoff's scholarship and teaching focus on the history of the British empire. She is a U.S. citizen and a member of Harvard-AAUP and the AAUP.

111. The ideological-deportation policy has harmed Jasanoff's ability to hear from her noncitizen colleagues and students. She has recently observed that noncitizen colleagues and students are reluctant to speak publicly about politics and world affairs out of concern that they

38

JA325

will be targeted for ideological deportation. The silencing of noncitizen colleagues and students directly impacts Jasanoff's work. Because she studies the British empire, which covered nearly a quarter of the globe at its peak, she relies on the perspectives of students and colleagues from around the world to inform her scholarship and teaching.

112. **Lauren Kaminsky.** Lauren Kaminsky is an associate senior lecturer and the director of studies for the Committee on Degrees in History and Literature at Harvard. Kaminsky's scholarship and teaching focus on European history. She is a U.S. citizen and a member of Harvard-AAUP and the AAUP.

113. The ideological-deportation policy has harmed Kaminsky's ability to hear from, as well as associate and assemble with, her noncitizen colleagues and students. She has observed that noncitizen colleagues—even those who previously felt secure in their immigration status—have recently refrained from teaching classes or speaking publicly on increasingly politicized topics, including Palestine, and noncitizen colleagues and students have recently refrained from writing on these topics. Kaminsky is also aware of several noncitizens who have declined to join Harvard-AAUP in recent weeks out of fear that their membership could put them at risk. She has observed that noncitizen colleagues have been less willing to attend political gatherings in recent weeks.

114. **Rebecca Karl.** Rebecca Karl is a professor of History at NYU. Karl's research and teaching focus on modern Chinese history, as well as the history of social theory, feminism, Mao Zedong Thought and Marxism, and global revolution. Karl is a U.S. citizen, a member of the AAUP, and a former president and now member-at-large of NYU-AAUP.

115. The ideological-deportation policy has limited Karl's ability to hear and engage with perspectives and scholarship she values. As a student of and researcher on histories of repressive regimes, Karl is interested in the multiple ways in which marginalized people

JA326

understand their lives and worlds. As a Jew, she is particularly interested in the history of antisemitism and Zionism and has helped organize educational events at NYU on those topics. In doing so, she has sought out and engaged with the views of citizen and noncitizen colleagues. Following the adoption of the policy, however, some noncitizen colleagues have been forced to take down research and scholarly work that was previously available online, and have ceased speaking publicly about issues related to Israel and Palestine; others have declined public speaking opportunities.

116. The policy has undermined Karl's ability to assemble with noncitizen faculty and students to engage in public advocacy. Over the last year and a half, Karl has regularly engaged in pro-Palestinian protests and public advocacy at NYU. Since the implementation of the policy, however, Karl has noticed a significant decrease in the participation of noncitizen faculty and students in pro-Palestinian expression, including petition-signing and public letter signing.

117. **Chenjerai Kumanyika.** Chenjerai Kumanyika is an assistant professor at NYU's Arthur L. Carter Journalism Institute. He specializes in using audio journalism to critically investigate the way Americans understand issues such as race, the Civil War, and policing. He is also the Peabody Award–winning host of the *Empire City* podcast, which focuses on the history of the New York Police Department. Kumanyika is a U.S. citizen, a member of the AAUP and NYU-AAUP, and an elected at-large council member of the AAUP.

118. The ideological-deportation policy has limited Kumanyika's ability to hear and engage with perspectives and scholarship critical to his work. Kumanyika has collaborated in his research and scholarship with scholars across the university working on interdisciplinary initiatives that address issues of inequality and justice in the U.S. and transnationally. These scholars include noncitizens who have concerns about the public visibility of their research and scholarship because

40

JA327

of the ideological-deportation policy. Some of these scholars have removed research and scholarship from the internet because they fear this research and scholarship could expose them to deportation.

119. **David Kurnick.** David Kurnick is a professor of English at Rutgers University. His research and teaching interests include the history and theory of the novel, narrative theory, and sexuality and gender, with an emphasis on the nineteenth century. He is a U.S. citizen and a member of the AAUP and Rutgers AAUP-AFT.

120. The ideological-deportation policy has limited Kurnick's ability to associate with his noncitizen colleagues and students. Several graduate and undergraduate students that Kurnick associates with have informed him that they have decided to refrain from signing anything related to Israel and Palestine, and to refrain from participating in any pro-Palestinian marches or demonstrations, out of fear of being targeted for deportation. Kurnick has also abstained from any public discussion of matters relating to Israel and Palestine with his noncitizen students. Instead, he has limited his communications with noncitizen students to in-person conversations. Kurnick is also responsible for the English Department's graduate admissions process this year, and some admitted students outside the U.S. have expressed hesitation about coming to study inside the United States because of concerns that the ideological-deportation policy would force them to self-censor.

121. **Zachary Lockman.** Zachary Lockman is a professor of Middle Eastern and Islamic Studies and of History at NYU. His research and teaching focus on the modern history of the Middle East. He is a U.S. citizen and a member of the AAUP, NYU-AAUP, and MESA. He chairs the subcommittee of MESA's Committee on Academic Freedom that seeks to address threats to academic freedom in the United States and Canada.

JA328

122.    The ideological-deportation policy has harmed Lockman's ability to hear from and engage with his noncitizen colleagues and students. Lockman relies on the perspectives of noncitizen colleagues and students to enrich his work in Middle East studies. Some of his noncitizen colleagues in MESA have recently declined invitations to speak at academic events, however, due to concern that increased visibility could lead to their deportation. Others have censored their syllabi for the same reason. Lockman has also observed that noncitizen students are less willing to speak in class and in public about Palestine or related issues, even if those issues relate to their countries of origin. And he is aware of noncitizen graduate students who have altered their research plans to avoid international travel because they fear having their visas or green cards revoked based on their pro-Palestinian expression or association. As a result, Lockman and his colleagues are deprived of the results of this research.

123.    **Vasuki Nesiah.** Vasuki Nesiah is a professor of practice at NYU's Gallatin School of Individualized Study, and faculty director of the Gallatin Global Fellowship in Human Rights. Nesiah's scholarship and teaching focus on human rights and international law. She is a U.S. citizen and a member of the AAUP and NYU-AAUP.

124.    The ideological-deportation policy has limited Nesiah's ability to hear from and engage with her noncitizen colleagues and students, and it has undermined her teaching. Prior to the policy's adoption, Nesiah frequently talked with noncitizen colleagues about Israel and Palestine and academic freedom to discuss these and other sensitive issues. Since the policy's implementation, Nesiah's noncitizen colleagues have become increasingly unwilling to discuss these topics in public or private. In a recent academic panel that Nesiah participated in, for example, the panel was simply advertised as a conversation without the names of the panelists or their institutional affiliations because another panelist feared retaliation under the policy. These

JA329

measures reduced attendance and hindered the dialogue and sharing of research that is critical to Nesiah's academic work. Similarly, many of her noncitizen colleagues who live outside of the United States are now unwilling to attend academic events inside the country for fear that they will be detained and deported. For instance, several colleagues who typically attend the Law and Society Association Annual Meeting (to be held in Chicago in May 2025) have informed her that they will not attend for this reason. Because her field of international law is particularly engaged with the work of scholars who live abroad, these withdrawals hamper Nesiah's research. The policy has also chilled student discussion on campus, with many noncitizen students now avoiding the topic of Israel and Palestine out of fear that they will be targeted for deportation if they discuss it. Some noncitizen students have also expressed concern about even showing up to class, and there have been conversations among her colleagues about conducting classes over Zoom, which Nesiah considers to be a poor substitute for in-person teaching.

125.    The policy has also limited Nesiah's ability to associate with noncitizen colleagues. For example, a noncitizen colleague who had signed an open letter related to academic freedom that Nesiah and her colleagues had recently organized asked that their name be removed from the letter, because they feared that signing the letter would make them a target for deportation under the policy.

126.    **Sonya Posmentier.** Sonya Posmentier is an associate professor of English at NYU and the director of graduate studies in the NYU English department. Her research and teaching interests include African American and Black Diasporic literature and culture, poetry and poetics, and abolition. She is a U.S. citizen, a member of the AAUP and NYU-AAUP, and a member of NYU-AAUP's executive committee.

43

JA330

127.    The ideological-deportation policy has limited Posmentier's ability to hear and engage with perspectives and scholarship critical to her work. For example, Posmentier had planned to attend a conference concerning Israel and Palestine to hear a noncitizen scholar deliver a talk in their area of expertise, but that individual was forced to pull out of the conference due to a fear of deportation under the policy. As a result, Posmentier missed an opportunity to engage with and learn from that scholar, distorting Posmentier's academic community, which depends on the exchange of ideas and information between scholars. In addition, the NYU chapter of a pro-Palestinian faculty group recently removed all videos of teach-ins and public-facing events since October 2023 out of a fear that leaving the videos up would expose noncitizen colleagues featured in the videos to deportation. These videos focus on a range of topics, including definitions of antisemitism, the global university, and scholasticide. The removal of these videos prevents Posmentier and many others from listening to and learning from those conversations, as well as using them as a resource in research and teaching.

128.    The policy has limited Posmentier's ability to associate with her noncitizen colleagues and students. Posmentier has been working with her students on a collaborative publication about abolition movements that addresses the intersection of the incarceration of Black and Brown Americans, immigrant detention in the United States, the war in Gaza and the Israeli occupation, and the criminalization of pro-Palestinian protest on university campuses. The group had planned to publish and distribute the publication and hold a launch event including readings and performance. In consultation with her students, however, Posmentier has decided not to move forward with this plan because of student fears that it could lead to noncitizen contributors to being targeted for deportation. This deprives the entire department of the contributors' many valuable insights.

JA331

129. **Judith Surkis.** Judith Surkis is a professor of History at Rutgers University and Director of Graduate Studies in the History Department. She specializes in Modern European History, with an emphasis on France and the French Empire, gender and sexuality, and intellectual, cultural, and legal history. She is a U.S. citizen and a member of the AAUP and Rutgers AAUP-AFT.

130. The ideological-deportation policy has limited Surkis's ability to associate with her noncitizen colleagues and students. As a member of Rutgers Faculty for Justice in Palestine, she has witnessed a radical decline in public engagement by noncitizen students and faculty on the question of Palestine since the announcement of the ideological-deportation policy. She has also noticed that noncitizen faculty are more hesitant to speak about or even attend events that address Palestine. The inability of noncitizen students and faculty to freely participate in these events deprives Surkis of their experiences and insights.

131. The policy has also forced Surkis to modify how she advises noncitizen graduate students in her department. Surkis previously encouraged students to travel abroad to conduct the necessary field research to write their seminar papers, devise their dissertation topics, and ultimately write their dissertations. Now, she is reluctant to recommend that they travel for their studies, because she fears some of these students may be denied re-entry, detained, and even stripped of their visas on return.

132. **Kirsten Weld.** Kirsten Weld is a professor of History at Harvard. Weld's research focuses on modern Latin America and explores struggles over inequality, justice, historical memory, and social inclusion. She is a U.S. citizen and a member of the AAUP and Harvard-AAUP. She also serves as Harvard-AAUP's president.

45

JA332

133.    Weld has observed that following the administration's adoption of the ideological-deportation policy, many noncitizen students, staff, and faculty colleagues, particularly those who had been involved in pro-Palestinian organizing, have retreated from ordinary university life. Rather than engaging with the university community and participating in educational and developmental activities, noncitizen students, staff, and faculty have devoted significant attention and resources to preparing for potential immigration consequences that may result from their past expressive activities. Additionally, some noncitizen students who had previously spoken or written publicly about Israel and Palestine have now ceased participating publicly on those issues out of fear that doing so will lead to deportation. Weld valued hearing from noncitizen students on these topics, and is now deprived of receiving the speech of those who have been chilled by the policy.

## CAUSES OF ACTION

### COUNT I
### The ideological-deportation policy
### violates the First Amendment

134.    The ideological-deportation policy violates the First Amendment because it entails the arrest, detention, and deportation of noncitizen students and faculty on the basis of, or in retaliation for, their political viewpoints; because it burdens the rights of Plaintiffs and their U.S. citizen members to hear from, and associate with, those noncitizen students and faculty; and because the policy is not narrowly tailored to any compelling governmental interest.

135.    To the extent Defendants rely on the security and related grounds of inadmissibility, including the endorse and espouse and foreign policy provisions, as the basis for carrying out the policy, those provisions violate the First Amendment as applied for substantially the same reasons.

JA333

## COUNT II
**Defendants' threats to punish constitutionally protected speech
violate the First Amendment**

136.    Defendants' threats to arrest, detain, and deport noncitizen students and faculty based on their political viewpoints violates the First Amendment because the threats are coercive and would chill individuals of ordinary firmness from exercising their expressive and associational rights.

## COUNT III
**The ideological-deportation policy
violates the Fifth Amendment**

137.    The ideological-deportation policy violates the Fifth Amendment because it invites arbitrary and discriminatory enforcement.

138.    To the extent Defendants rely on the security and related grounds of inadmissibility, including the endorse and espouse and foreign policy provisions, as the basis for carrying out the policy, those provisions violate the Fifth Amendment as applied because they invite arbitrary and discriminatory enforcement; and because they fail to give noncitizen students and faculty fair warning as to what speech and association the government believes to be grounds for arrest, detention, and deportation.

## COUNT IV
**The ideological-deportation policy
violates the APA**

139.    The ideological-deportation policy violates the APA because it is arbitrary, capricious, an abuse of discretion, and contrary to constitutional right, and because it exceeds Defendants' statutory authority. 5 U.S.C. § 706(2)(A)–(C).

## REQUEST FOR RELIEF

Plaintiffs respectfully request that this Court:

JA334

A.    Declare that the ideological-deportation policy violates the First and Fifth Amendments and the APA, and set the policy aside.

B.    Enjoin Defendants from implementing or enforcing the ideological-deportation policy—including, without limitation, through investigation, surveillance, arrest, detention, deportation, or any other adverse action.

C.    Declare that Defendants' threats to arrest, detain, and deport noncitizen students and faculty based on their political viewpoints violates the First Amendment, and enjoin Defendants from continuing to make those threats.

D.    To the extent Defendants rely on the security and related grounds of inadmissibility, including the endorse and espouse and foreign policy provisions, as the basis for carrying out the policy, declare that those provisions violate the First and Fifth Amendments as applied, and enjoin Defendants from applying those provisions.

E.    Award Plaintiffs reasonable costs and attorneys' fees incurred in this action.

F.    Grant such other and further relief as the Court may deem just and proper.

March 25, 2025                          Respectfully submitted,

 /s/ Edwina Clarke                       /s/ Ramya Krishnan
Edwina Clarke, BBO 699702               Ramya Krishnan*
Zimmer, Citron & Clarke, LLP            Carrie DeCell*
130 Bishop Allen Drive                  Xiangnong Wang*
Cambridge, MA 02139                     Talya Nevins**
(617) 676-9423                          Jackson Busch*
edwina@zimmercitronclarke.com           Alex Abdo*
                                        Jameel Jaffer*
                                        Knight First Amendment Institute
                                          at Columbia University
                                        475 Riverside Drive, Suite 302
                                        New York, NY 10115
                                        (646) 745-8500

48

JA335

ramya.krishnan@knightcolumbia.org

Ahilan T. Arulanantham* (SBN 237841)
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

*Counsel for Plaintiffs*

\**pro hac vice* application forthcoming
\*\*admission to the bar pending

49

JA336

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS (Boston)

No. 1:25-cv-10685-WGY
Volume 1, Page 1 to 78

AMERICAN ASSOCIATION of UNIVERSITY PROFESSORS, et al,
          Plaintiffs

vs.

MARCO RUBIO, in his official capacity as
Secretary of State, et al,
          Defendants

* * * * * * * *

For Bench Trial Before:
Judge William G. Young

United States District Court
District of Massachusetts (Boston.)
One Courthouse Way
Boston, Massachusetts 02210
Monday, July 7, 2025

* * * * * * *

REPORTER: RICHARD H. ROMANOW, RPR
Official Court Reporter
United States District Court
One Courthouse Way, Room 5510, Boston, MA 02210
rhr3tubas@aol.com

JA337

2

A P P E A R A N C E S


RAMYA KRISHNAN, ESQ.
CAROLINE DeCELL, ESQ.
ALEXANDER ABDO, ESQ.
SCOTT B. WILKENS, ESQ.
    Knight First Amendment Institute at Columbia
    University
    475 Riverside Drive, Suite 302
    New York, NY 10115
    (646) 745-8500
    E-mail: Ramya.krishnan@knightcolumbia.org
and
COURTNEY GANS, ESQ.
NOAM BIALE, ESQ.
    Sher Tremonte LLP
    90 Broad Street, 23rd Floor
    New York, NY 10004
    (212) 540-0675
    Email: Cgans@shertremonte.com
    For Plaintiffs


ETHAN B. KANTER, ESQ.
WILLIAM KANELLIS, ESQ.
VICTORIA M. SANTORA, ESQ.
JESSICA STROKUS, ESQ.
    DOJ-Civ
    P.O. 878
    Ben Franklin Station
    Washington, DC 20044
    (202) 616-9123
    Email: Ethan.kanter@usdoj.gov
and
SHAWNA YEN, ESQ.
    United States Attorney's Office
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    Email: Shawna.yen@usdoj.gov
    For Defendants

JA338

I N D E X

OPENING STATEMENT BY MS. KRISHNAN................    5

OPENING STATEMENT BY MS. SANTORA.................   16

| WITNESS | DIRECT | CROSS | REDIRECT | RECROSS |
|---------|--------|-------|----------|---------|

MEGAN HYSKA

  By Mr. Biale          29

  By Mr. Kanellis

E X H I B I T S

        EXHIBIT 65..............................   50

        EXHIBIT 66..............................   60

        EXHIBIT 67..............................   69

JA339

          P R O C E E D I N G S

          (Begins, 9:00 a.m.)

          THE COURT:  Good morning.  We have, um, or I have authorized zoom access for this proceeding.  That being so, let me say that the rules of court remain in full and effect, and that is that there is no taping, streaming, rebroadcast, screen shots, or other transcription of these proceedings, and you must keep your microphone muted.  If you don't keep your microphone muted, we will, um, in essence turn you off.

          Now I'm told that there's various housekeeping matters.  Housekeeping matters will wait until 2:00 this afternoon, I want to get going on the trial as scheduled.  Though I have some rulings to be made, which I think ought be made once we've have the openings.

          Since there are many participants in the case, I'll ask you, when you speak for the first time, if you wouldn't introduce yourself, that way the Court Reporter will pick you up, and as, um, if you speak more than once as the trial goes on, we'll have your name, rather than have everyone introduce themselves at this time.

          As I said, we'll, um, start, if you wish, with brief openings, not to exceed 15 minutes.  And I'll hear the plaintiff if they wish to open.

          MS. KRISHNAN:  Good morning, your Honor, Ramya

Krishnan for the plaintiffs.  I'm just going to head over to the podium to deliver the opening statement.

OPENING STATEMENT BY MS. KRISHNAN:

Plaintiffs challenge a government policy of deporting noncitizens and students -- noncitizen students and faculty based on their pro-Palestinian advocacy.  Not since **Mikaviera** have immigrants been the target of such intense repression of lawful political speech.  The policy creates a codicia of the university communities and it is at war with the First Amendment.

The First Amendment forecloses viewpoint discrimination, it forecloses government retaliation, and it forecloses government threats meant to coerce silence.  Over the course of the trial, plaintiffs will demonstrate first that defendants adopted a policy of ideological deportation, that is a policy of revoking visas and green cards of noncitizens engaged in pro-Palestinian advocacy, and of arresting, detaining, and deporting them.  Second, plaintiffs will show that the policies imposed real and serious burdens on plaintiffs' members and plaintiffs themselves.

Plaintiffs will prove that the policy exists by presenting, among other things, public statements of government officials.  In those statements officials

describe the policy, they even boast about it.  The evidence will show moreover that these statements are taken seriously by the employees tasked with implementing the policy and by the noncitizens forced to live under it.

In addition to presenting these statements, plaintiffs will provide testimony from government employees responsible for executing the policy.  Their testimony will establish that the policy began sometime in February or March, that senior leadership at the Departments of State and Homeland Security launched an operation to identify students and faculty to target, that they developed a new process to effectuate deportation of those identified, and that the agencies continued to issue new guidance to grease the policy's wheels.

Through the testimony of their witnesses, plaintiffs will establish that the policy has harmed their members as well as plaintiffs themselves.  This testimony will show how AAUP's members have been forced to self-sensor, how their citizen members have been deprived of the insights and perspectives of their noncitizen colleagues and students, and how the works and missions of these organizations have been harmed as a result, when they started the policy itself.

JA342

The evidence will show that the policy was adopted in response to the campus protests of 2023 and 2024. Thousands of students and faculty attended those protests. They had different perspectives. Some called for a cease fire, others called for institutional divestment from Israel, and still others called for cutting off U.S. support for the war.

In January, President Trump issued two executive orders that took aim at those who protested. In a White House fact sheet, the President characterized those protests as pro-Hamas and pro-jihadist and threatened those who participated in them. In the fact sheet included this morning, quote, "To all the resident aliens who joined the pro-Jihadist protest, we put you on notice, come 2025, we will find you and we will deport you. I will also quickly cancel the student visas of all Hamas sympathizers on college campuses which have been infected with radicalism like never before."

The President's threats were not merely empty words. As the evidence will show, the agencies quickly put those threats into action by adopting the policy. Defendants have already arrested and detained nearly a dozen nonstudents pursuant to the policy and they have revoked the visas of potentially hundreds more.

JA343

8

When ICE arrested Mahmoud Khalil, a recent Columbia graduate, and an outspoken advocate for Palestinian human rights, Secretary Rubio posted to X, quote, "We will be revoking the visas and green cards of Hamas supporters in America so they can be deported.

In a litany of statements made since, officials have referenced and reaffirmed the policy.  They have also made clear that they deem a broad spectrum of pro-Palestinian and antiwar speech to be pro-Hamas and antisemitic.

For instance, when asked on NPI's Morning Edition how Mr. Khalil had supported Hamas, the Deputy Secretary of Homeland Security responded, quote, "Well I think you can see it on TV, right?  This is somebody we've invited, and he's put himself in the middle of the process of basically pro-Palestinian activity."  The defendants' public statements describe the policy and good evidence of its existence.  The plaintiffs will show the defendants have implemented the policy as well.

First, in February or March, the Department of Homeland Security launched an operation to identify students and faculty to target under the policy. Government officials will testify that around that time senior leaders of DHS's Homeland Security investigations began meeting to discuss revoking the visas and green

JA344

cards of student protestors.  This group called itself the "Tiger Team."  HSI's Office of Intelligence was instructed to prepare reports on student protestors.  And senior officials in HSI provided the office with the names of new protestors on a rolling basis.

The vast majority of these names came from Canary Mission, an organization that maintains public black lists of students and faculty they deem to be anti-American, anti-Israel, or antisemitic.

Some of the names came from Bayta, a group that antidefamation league has labeled as extremist because it openly harasses Muslims.  Government officials will testify that the Office of Intelligence has prepared reports on at least 100 and potentially hundreds of students as part of this operation.  These students include Mr. Khalil, as well as Mohsen Mahdawi, Rumeysa Ozturk, Yuncseo Chung, and Badar Khan Suri.

Second, DHS and the State Department have established an interagency process to deport targets identified through this operation.  Government officials will testify that once HSI's Office of Intelligence prepares a report on a student protester, it shares that report with HSI's National Security Division.  Senior officials in that division then decide whether to refer the case to the State Department.  When they make the

JA345

referral, the National Security Division will share the Office of Intelligence's report together with a letter recommending action.

In several of these cases, Secretary Rubio has made a personal determination over the INA's rarely-invoked foreign policy provision.  In other cases the State Department has acted to revoke student visas under a different provision of the INA, Section 221(i), without referencing any specific ground of deportability.  Third --

THE COURT:  Let me interrupt, and your opening flags it.  There is this statute, it's been on the books for sometime.  Congress has empowered the Secretary personally to revoke visas if, in the Secretary's determination, the presence of the individual embarrasses the foreign policy of the United States. Now -- and from my preparation for the trial, it appears that at least in some cases, if not all, the public officials have relied upon that provision to take action.

How do you deal with that?  That's awful, isn't it?

MS. KRISHNAN:  It is, your Honor.  And I'd start by noting this, which is that the policy that we challenge is effectuated by relying on a variety of the

JA346

provisions of the INA.  It is true that in many of these cases Secretary Rubio has invoked the foreign policy provision to which your Honor refers.  In many other cases, including student visas, it's relied on different provisions of the INA, including Section 221(i).  But as regard to the foreign policy provision, whatever Congress intended as to its scope, the First Amendment prohibits the government from deporting noncitizen students and faculty based on their political viewpoint, which is what the government is doing here.

THE COURT:  But my problem -- and you're right to address this right at the beginning, my problem is that the -- that the statute empowers the Secretary of State to take various actions.  Your point is that if those actions are ideologically based, he can't do it?  How do I harmonize the two?

MS. KRISHNAN:  It is possible that the foreign policy provision has some narrow applications that are constitutionally permissible.  For example, if the government sought so deport a foreign government official based on speech activities that would otherwise be lawful.  The budget for the history of this provision shows that Congress intended its scope to be narrow.

THE COURT:  Well that gets me to my second -- and I just throw it out now, and I recognize I've

JA347

interrupted you. Your, um, litigants here, um, are you asking me to declare that the conduct of these public officials, including the Secretary of State, is unconstitutional as applied notwithstanding this statute, is what you're saying?

MS. KRISHNAN: That is correct.

THE COURT: Then I've got this problem. If that's what you're asking, you people -- your litigants, your clients, they're not -- they haven't challenged it, have they?

MS. KRISHNAN: But to be clear, your Honor, we do not challenge the foreign policy provision -- the constitutionality of the foreign policy provision directly, what we challenge is the policy of relying on a variety of INA provisions in order to deport noncitizen students and faculty based on their political viewpoints.

THE COURT: Thank you. About 3 more minutes.

MS. KRISHNAN: Third, the State Department -- and this goes to the policy's implementation. Third, the State Department has issued and continues to issue formal guidance to effectuate the policy.

For example, on February 28th, Secretary Rubio issued a cable titled "Catch and Revoke," providing that a visa should be revoked if a visa holder engages in

activities that are inconsistent with their visa status. Later cables, together with the defendants' own public statements, made clear that the State Department deems pro-Palestinian advocacy to be inconsistent with holding a student visa, and also a basis for finding that noncitizens have endorsed or espoused terrorist activity or that their presence here compromises U.S. foreign policy, both of which are grounds of deportability under the INA.  But the most powerful evidence of the policy's existence is the way in which defendants have enforced it.

Despite this Court's clear orders, defendants have produced very little about the targeted -- the five targeted noncitizens as to which this Court has allowed discovery.  But the evidence we will present is unambiguous.  It will show that in each case the government retaliated against -- constitutionally protected advocacy.

In the cases of Khalil, Mahdawi, Chung, and Khan Suri, the government relied on the foreign policy provision to which we've just discussed.  In each case Secretary Rubio made the personal determination required by that provision of the INA citing the individual's constitutionally protected expression.

In Ms. Ozturk's case, the State Department relied

JA349

on a different provision of the INA, Section 221(i). But in her case too the government justified its decision by pointing to lawful advocacy, mainly an Op-ed she co-wrote in Tufts Daily criticizing her school's failure to disclose its investments and divest in companies in Israel.

Defendants' public statements confirm that the government sought to deport these noncitizens in retaliation for their speech. They also established that the defendants campaign of retaliation extends far more broadly than these five individuals. And remarks delivered to the press on March 28th, for example, Secretary Rubio confirmed that all but a few of the Trump administration's then 300 student visa, quote, "related to pro-Palestinian protests." Defendants have made clear that further revocations and arrests are to come.

THE COURT:  Your time is about up, and I am going to keep time.  We need to get this case through in the allotted time.

MS. KRISHNAN:  Okay, thank you, your Honor.

THE COURT:  Thank you.

Does the defense wish to open now or reserve?

MS. SANTORA:  Thank you, your Honor, we'd like to open now.

JA350

THE COURT:  And you may.  But if you would first introduce yourself.

MS. SANTORA:  Good morning, may it please the Court, Victoria Santora appearing on behalf of defendants.

THE COURT:  And I'm going to start with one question for you, Ms. Santora.

Do the public officials, defendants here, agree that a noncitizen lawfully in the United States has the same constitutional rights under the First Amendment as a citizen?

MS. SANTORA:  Individuals within the United States have certain rights under the First Amendment.  We'll argue, your Honor, and the evidence will show that the government is not revoking Visas or deporting noncitizens.

THE COURT:  No, no, you need to answer my question.  I'll respect whatever answer you give me, but I'll need an answer.  The same rights as a citizen?  I mean it may be that they don't, that's a possibility.  And this statute, that I pressed the plaintiffs on, bears on that.  But I just want to know going in, what's the position of the public officials here?

MS. SANTORA:  So our position would be that the First Amendment does refer to "persons," um, and that

JA351

people in the United States share the same rights under the First Amendment.

THE COURT:  Thank you, that's an answer.  And I'll hold you to that.  And please go ahead.

OPENING STATEMENT BY MS. SANTORA:

Your Honor, plaintiffs claim their speech is chilled and their organizations are harmed because the government is revoking visas and deporting noncitizens on the basis of protected speech.  The government, they say, has created and is deploying what they describe as an "ideological deportation policy."  At this trial the evidence will show that none of that is reality.  The plaintiffs' case is grounded in speculation and supposition, it's a theory, it's an idea, it's conjecture.  And it falls far short of meeting the steep burden the plaintiffs face here.

The plaintiffs ask the Court to apply a traditional First Amendment retaliation analysis.  But because of the issues that play in this case, national security, foreign policy, immigration enforcement, and enforcement discretion, this case is far from a traditional First Amendment retaliation case.

In this case, plaintiffs must first show that the alleged policy they challenge has no legitimate cause or

JA352

objective.  Because the evidence will show that the government is enforcing the immigration laws lawfully and justifiably, plaintiffs will fail to clear that high hurdle.  Even if they did, to prove retaliatory conduct that they allegedly fear, plaintiffs must show, one, engagement in a protected activity, two, an adverse action taken again them, and, three, a causal link between the two.

Your Honor, plaintiffs in this case are institutions.  They claim that they, and their noncitizen members have been injured by an alleged policy.  But the reality is, and the evidence will show, that the government has taken no adverse action against any institutional plaintiff or noncitizen involved in this case.

The evidence will undermine all claims that these institutions and people have been adversely affected in any way.  Where's the harm?  The harm is essential to prove the plaintiffs' case?  It's illusory.  There is simply none.

Plaintiffs will offer, as evidence of retaliation and harm, examples of other cases outside of this one where noncitizens were allegedly retaliated against for their unprotected speech.  Such evidence misses the mark because, as your Honor has recognized, we're not here to

relitigate other people's cases which are being fully litigated in other District Courts.  When we focus, as we should, on this case, on the government's policies and practices, the evidence will show that the government is acting lawfully, reasonably, and justifiably, in carrying out the law and pursuing the administration's priorities.

Not only is the retaliation entirely imagined here, the alleged chill is also.  To show chill, plaintiffs must show that speech was actually chilled.  Allegations of a subjective chill are not an adequate substitute for a claim of specific, present, objective harm or a threat of specific future harm.  Your Honor, after the hearing the evidence you will certainly find that plaintiffs have not shown specific subjective harm, present or future.  The reality is that plaintiffs will show no more than subjective chilling, which is insufficient to meet their burden.

Plaintiffs' witnesses will say that they are afraid, but the evidence will refute that and it will show that they shouldn't be.  Plaintiffs' witnesses will say that they changed their behavior, but the evidence will undermine that and it will prove there's no objectively-reasonable basis for them to have done so.  Again plaintiffs' witnesses will contend that they have

JA354

been harmed, but the evidence will demonstrate that is nothing more than a theory on which they base their entire case.

Your Honor, this week you will see that plaintiffs' witnesses are academics. You will find them impressive, you will find them intelligent, because they are. You'll learn that they work in the realm of ideas, concepts, theories, and hypotheses. But you'll see too that their case is theoretical and hypothetical. Indeed it is about things that they fear may happen. But the law requires that their case be grounded in facts, the law requires that their case be grounded in reality. It's not.

So if plaintiffs are presenting a theory, a conjecture, what's the reality? The reality is what the government will present in this trial. The work of the government witnesses in this case is grounded in reality, their work is grounded on a daily basis in the sober reality of protecting our national security. You'll see that every one of the government's witnesses has done this important work for decades. This week and next they will discuss the fact that under the law the government may revoke visas and remove noncitizens and it has wide discretion to do so. That's been the case for quite some time.

The government's evidence will show that these legal authorities have existed for decades and that their purpose is to promote safety and security. The reality is that it is the prerogative of each administration to set immigration enforcements priorities, and the government's evidence will show that this administration set immigration enforcement priorities within the confines of longstanding law. The reality is that there is no ideological deportation policy or anything like it under any other name.

Your Honor, during that trial you'll hear about two executive orders, Executive Orders 14161 and 14188, they're titled "Protecting the United States from foreign terrorists and other national security and public safety threats," and "Additional measures to combat antisemitism."

Protecting United states citizens, combatting antisemitism rigorously, these are the prerogatives of this administration, objectively-justifiable priorities. Because the evidence will confirm a longstanding need to protect Americans from foreign threats, including through visa vetting and agency prophecies addressed in Executive Order 14161.

The evidence will further confirm, as Executive Order 14188 says, that in the past two years we have

JA356

seen, quote, "an unprecedented wave of vial antisemitic discrimination, vandalism, and violence, against our citizens, especially in our schools and on our campuses. The evidence will sadly additionally confirm, as Executive Order 14188 states, "Jewish students have faced an unrelenting barrage of discrimination, denial of access to campus common areas and facilities, including libraries and classrooms, and intimidation, harassment, and physical threats and assaults." Ultimately the evidence will leave no doubt as to the necessity of the executive orders at issue in this trial.  To state the obvious, protecting national security and fighting antisemitic are worthy causes.

You'll also hear evidence concerning how the Department of Homeland Security and states have implemented these executive orders.  Later this week and next week, government officials working in those departments will testify that the executive orders have been implemented using standards and authority that has been in place for decades.  The priorities and emphasis may change, but the standards and authorities remain the same.

The government witnesses will tell you that the reality is that these tools and measures preventing noncitizens from seeking to enter our country, or

already in our country, are developing and are necessary in light of past tragedies.  The 1993 World Trade Center Bombing.  The terrorist attack of September 11th, 2001.  The 2013 bombing of the Boston Marathon.  The 2015 San Bernadino shooting.  Preventing future tragedies like these, the government officials will testify require vetting noncitizens under longstanding legal standards --

THE COURT:  About 5 more minutes.  Go ahead.

MS. SANTORA:  -- using both existing and evolving standards and methods.  The evidence will show that that is exactly what our government is doing in implementing these executive orders, no more, no less.

Within the context of these revocations and visa actions undertaken in the past 6 months, these officials will explain how their agency shared information and how they independently conduct a case-specific fact-based analysis to determine whether a noncitizen's activities rendered him or her removable or his or her visas revocable.  The officials' testimony will prove unequivocally that since the administration's inception the decision to revoke visas and to institute immigration enforcement actions have been in accordance with existing statutes, regulations, and procedures.  It will affirm the reality that there's no policy to revoke

JA358

23

visas or remove noncitizens on the basis of protected speech or any other unlawful basis.

Next week you'll hear from four senior Homeland Security investigation agents involved in four different of the administration's acts of noncitizens between March and today.  These agents will further develop the plaintiffs' theory that the government is conducting ideologically-motivated and improper arrests.  The agents will testify that their offices conduct all arrests, including the ones plaintiffs attempt to exemplify in this case according to Established HSI protocols and procedures.  By the end of this trial, your Honor, you will understand that the so-called ideological deportation policy is no more than a theory plaintiffs have conjured from a series of suppositions and speculations.

Again, conjecture, supposition, and speculation, is not evidence.  It fails to meet any burden.  The evidence presented at this trial will bear out the reality that plaintiffs are challenging nothing more than the government's lawful enforcement of the immigration laws.  The evidence will show, without question, the reality that there is no immigration enforcement strategy based on protected speech.  The evidence will show, without question, that there have

JA359

been no immigration enforcement actions based on protected speech.  The evidence will show, without question, that there is no ideological deportation policy, your Honor.

Your Honor, one more point to make, if I may?  I wanted to add one qualification to my answer to the question you posed at the beginning, I apologize if I misspoke earlier.  But I do want to say that there are nuances to the First Amendment and we will address that fully in closing.  Um --

THE COURT:  Like what?

MS. SANTORA:  I'm sorry?

THE COURT:  Like what?  What are the nuances?  I mean I understand, um -- when you say that, here's what I think.  Political speech is at the very core of the First Amendment.  Advertising, for instance, is not.  So that's a nuance.  But both are protected forms of speech.

MS. SANTORA:  Yes.  And the nuance is that, as I addressed in our opening statement, this context involves issues of national security, foreign policy, immigration enforcement, an enforcement --

THE COURT:  And those, you suggest, have less protection?

Now when you say "national security," you know in

World War II, the populous was urged, and for very good reason, for instance, not to disclose ship departure times and the like. We were in the middle of global war. One can understand that. But speech about our foreign policy, speech about matters of national security, I had always thought was political speech, it was of the most protected speech. And indeed, speech about our immigration policy is political speech.

The President ran on a policy of immigration enforcement, which he's attempted to carry out. And whether individuals support that or oppose that, all of that seems to me political speech. I'm just trying to find out what you meant by that?

MS. SANTORA: So our evidence will show that speech was not the basis for Visa revocations or deportation actions in this case. As you recognize, your Honor, though this case does involve the foreign policy provision of the INA, um, which addresses when an individual's activity is --

THE COURT: Well now is not the time, because we haven't heard the evidence, and you've outlined forceful evidence that I'm eager to hear. But in closing, I imagine we'll be talking about that and seeing if what is only speech can form the basis of the Secretary's determination under that statute. I'm well aware of the

statute and, um -- I tried to flag, I've got to square that statute, or maybe not, maybe I don't have to. Maybe I shouldn't, because of course they're not the people being challenged, they, um, under this statute. As pointed out, those matters are being litigated in other cases, which I express no opinion on.  None. They're not before this court.  Those determinations will be made by judges every bit as good and experienced and as thoughtful as I am.  So I'll say nothing about that.

But on the issue of whether these plaintiffs can get any relief -- and of course there would have to be a factual basis, you pointed out some of the hurdles before we get there.  I did say to plaintiffs' counsel, "Well assuming things went your way."  Well you're saying they shouldn't go that way.

You haven't talked yourself out of reliance, because I'm -- honestly, I try to be transparent, you haven't talked yourself out of relying on the statute or any of the statutes.  But I'm taking your view that, as a general matter anyway, people lawfully in the country have the same rights to free speech as citizens.  You answered "yes" to that.

Am I right on that?

MS. SANTORA:  So the question is not necessarily

based on -- the answer I think is not necessarily based on their status in this country, but it's based on again how their status relates to and comes up in this context of these provisions of the INA, which relate to --

THE COURT:  Except that -- again this is not the -- you've made your opening, I want to get to evidence now.  Except that if the Secretary says, personally, under the statute, "This person embarrasses the foreign policy of the United States," under the statute now, that's a basis for revoking their status and immediately expelling them from the United States.  What the Secretary of State had to stay about the speech of a citizen, the identical speech of a citizen counts for nothing because a citizen cannot be expelled from the United States on the Secretary's say so, but a noncitizen can.  So how those two mesh is a real problem in this case.  And I think that's all that may be said now because we need to have a factual record.  And thank you.

All right, I said I was going to rule on matters, but since we're going to talk about housekeeping at 2:00, I can postpone those rulings until then.

You may call your first witness.

MR. BIALE:  Thank you, your Honor.

The plaintiffs call Megan Hyska.

JA363

THE COURT:  And your name is?

MR. BIALE:  And my name is Noam Biale.

THE COURT:  And, Mr. Biale, thank you.

MR. KANELLIS:  Your Honor, can we first ask -- we would like the Court's exclusional rule on witnesses.

THE COURT:  Sequestration order?

MR. KANELLIS:  Yes, sir.

THE COURT:  Oh, I understand that.

(Interruption on zoom.)

THE COURT:  You're familiar with the rules of sequestration, they are, that only one witness will be in the courtroom at a time.  Counsel may talk with the witness at any time, but the witnesses are not to talk amongst themselves about the testimony that they've given.  That is the order of the Court.  Witnesses are sequestered on all parties, including the defendant public officials.

And the witness may come forward, please.

THE COURT:  Yes, we will take a short recess first.

(Shorts recess.)

THE COURT:  Please swear the witness.

(MEGAN HYSKA, sworn.)

MR. BIALE:  May I proceed?

THE COURT:  You may.

JA364

MR. BIALE:  Thank you, your Honor.


     * * * * * * * * * *

     MEGAN HYSKA

     * * * * * * * * * *


DIRECT EXAMINATION BY MR. BIALE:

Q.    Good morning, Professor Hyska.

A.    Good morning.

Q.    Where do you work?

A.    I work at Northwestern University.

Q.    And what's your position there?

A.    Assistant Professor in the Philosophy Department.

Q.    Tell us briefly about your academic work?

A.    So I'm a specialist in the philosophy of language and in some topics in social philosophy.

Q.    And within those disciplines, what are some of the topics that you studied?

A.    So I have studied and written about topics having broadly to do with political communication including questions about the nature of political propaganda, about how political communication is technologically mediated by things like social media or artificial intelligence.  I've also written about social organizing and social movements.

Q.   And why -- you mentioned political propaganda. Why is that a subject of interest for a philosopher of language?

A.   A philosopher of language might broadly be characterized as having an interest in the mechanics by which we get information across to one another.  And a question that has arisen for some people is whether political communication might preferentially use some of those mechanisms rather than others, whether propaganda, for instance, uses some of those mechanisms more than others.

Q.   Thank you.  And do you have any scholarly writings?

A.   I do.

Q.   Can you tell us about those?

A.   Sure.  So I, um, within the subject matters that I mentioned a moment ago, for instance I have a couple of articles about kind of the concept of political propaganda, I have articles on the ways that political speech and political mobilization interact with synthetic media, that is AI-generated media.  I've got some work on the nature of communication per se, and some other work on, um, the nature of social organizing and social movement.

Q.   And other than your scholarly writings, have you

JA366

written anything more public-facing?

A.    I have.

Q.    Can you tell us about those publications?

A.    So what comes to mind is two publications which were more public-facing.  One of them was an article in the "Yale Review," this would have been in the fall of 2018.  The second is an Op-Ed in the "LA Times" in 2022.

Q.    Okay.  Let's start with the article in the Yale Review.  What was the topic of that article?

A.    That article was about how, based on public discourse, Americans were conceiving of what propaganda was at that moment in time, and it also engaged with some questions about how propaganda worked alongside other tools of political coercion and control.

It engaged a little bit with an evaluation of whether the Trump administration -- and this was the first Trump administration in its first few years, it engaged a little bit with the question of the ways in which the Trump administration was then using -- using or not using some of the traditional tools in the sort of authoritarian tool box.

Q.    Okay.  And given what you just said, would you characterize that article as critical of the Trump administration?

A.    I would.

JA367

Q.    And remind us, when was that published?

A.    That was published in the fall of 2018.

Q.    Okay.  And Mr. Trump was President then?

A.    He was.

Q.    Tell us about the Op-Ed that you wrote in the Los Angeles Times?

A.    So this Op-Ed came not long after Russia's invasion of Ukraine.  The article concerned making sense of what I took to be Russia's propaganda strategies around the invasion, specifically this claim that the Kremlin was making at the time, that they invaded Ukraine so it could "denoxify" it.  That's what I discussed in the article.

Q.    Do you believe that it's important for an academic philosopher to write public-facing articles?

A.    I do.

Q.    Why?

A.    Look, academic philosophers, even those of us who like myself work at private institutions, are the beneficiaries in various more or less indirect ways of public funds, um, for that reason.  Among I think others, we have some responsibilities to kind of return the fruits of our academic labor to the public, to make them accessible.

Q.    Tell us about some of the courses that you teach

JA368

at Northwestern?

A.    I regularly teach courses in the philosophy of language, in the history of what we call the "analytic tradition," or broadly "Anglo-American philosophy."  I also teach classes in topics of social philosophy.

THE COURT:  I mean no disrespect, but so far we haven't heard anything about this case.  So let's -- maybe we could come to this case and work these out, because I am at sea.

MR. BIALE:  Yes, your Honor, and I don't mean to belabor any of this, but I do want to set up some of what we will be discussing about this case.  So let me do two more questions and then we'll dive in.

Q.    Do any of your courses touch on political issues, Professor?

A.    They do.

Q.    Can you tell us which ones and what subjects?

A.    Sure.  The one that comes to mind is that in the introduction to the philosophy of language that I standardly teach almost every year, I typically teach a unit on how the history of linguistics interaction -- history of linguistics as a discipline interacts with the history of colonialism and colonial ideas about language and the differences between languages.  So that's one.

JA369

I also -- when I've taught, for instance, a graduate seminar on language and politics in the analytic tradition, that some of the key figures in this tradition were socialists and how their socialism might inform, um, their kind of otherwise abstract theories in the philosophy of language.

Q.   Okay.  And separate from your teaching and writing, are you politically active?

A.   I am.

Q.   What have you done?

A.   So I am, for instance, a member of the Democratic Socialists of America, um, and as a member of that organization have engaged with various political campaigns around, um, for instance, housing issues, policing, and some other things.

Q.   Why is it important for, in your view, for a philosopher to be politically active?

A.   Well I mean some philosophers may differ on this but I think of philosophy as investigating some of the basic conditions of our, you know, human existence, that among those conditions is that we are born among and live among other human beings, and the wells-spring of politics as well.  And so in my own education and career as a philosopher, engaging politically has seemed like sort of an inevitable and natural outgrowth of

JA370

philosophical investigation.

Q.    Okay, now we're going to come down to earth a little bit, consistent with what the Court would like to hear.

Where were you born?

A.    Edmonton Alberta, Canada.

Q.    And what country are you a citizen?

A.    Canada.

Q.    Did you grow up in Canada?

A.    I did.

Q.    And when did you come to the United States?

A.    I moved to the United States in 2012.

Q.    Why did you decide to come here?

A.    I moved to the United States when I began, um, a graduate program in philosophy at the University of Texas at Austin.

Q.    And why did you decide to pursue graduate study in the University of -- withdrawn.

Why did you decide to pursue your graduate studies in the United States?

A.    I mean the United States has a ton of amazing research universities, um, that's why I came here.  I work at one now too, that's why I've stayed here.

Q.    And what's your current citizenship status?

A.    I am still just a citizen of Canada.

JA371

Q.    And how about your immigration status here in this country?

A.    I'm a green card holder.

Q.    When did you obtain your green card?

A.    In April of 2021.

Q.    And, um, I want to ask you, prior to this year, prior to 2025, were you planning to stay in the United States?

A.    I was.  I was planning, for instance, to go up for tenure at the end of this next academic year.  I had signed on to advise students over the next couple of years.  I was planning to stay.

Q.    Now you mentioned earlier an organization, you remember, of the Democratic Socialists of America.  Are you a member of any other organizations?

A.    I am.

Q.    Which organizations?

A.    So I'm a member of the American Association of University Professors, the AAUP.  I am a member of the American Philosophical Association, the APA.  I am also a member, although not very active, um, in an organization called the Chicago Alliance against Racism and Political Repression, or CARPR.

Q.    And just focusing briefly on the AAUP.  When did you join that organization?

JA372

A.    I joined, and I believe it was December of 2020.

Q.    And can you tell us why you decided to join AAUP?

A.    Well you know I think, as a general rule, um, I believe it's important for workers to, um, organize collectively to protect their working conditions in a private university.  Like the one I work at, we're not allowed to unionize.  But I'm working through an advocacy chapter, so AAUP can do some of that work for us.  And more specific to higher education, I also think that faculty organizing collectively to advocate for what we take to be the research and education machine of our institution, is important and is something we can do through the AAUP.

Q.    Now I want to ask you about Democratic Socialists of America, when did you join that organization?

A.    I joined that in -- it would have been the late summer or early fall of 2018.

Q.    Okay.  And can you just tell us a little bit about what is the Democratic Socialists of America?

A.    The DSA is a progressive organization that has existed in this country since the 1980s, they're perhaps best known for their electoral work around national candidates, people like Senator Bernie Sanders of Vermont, um, maybe people like Alexander or Catherine Cortez of New York, they're recently --

JA373

Q.    And why did you decide to join that organization?

A.    Um, there were a few reasons at the time.  The first is that there were clear commitments, deeply-held political commitments that were in common between myself and the DSA around, for instance, issues having to do with health care.  A further reason is just that at the time that I joined, this was, as I said, the late summer or early fall of 2018, a couple months prior to that in I believe it was June of 2018, Alexander and Cathy Cortez, who I mentioned, a member of Congress from New York, a DSA member, had been elected, and that impressed upon me that DSA nationally was a progressive organization that could actually score electoral wins, that could actually get things done.  And I guess the last reason is that I joined right around the time that I moved to Chicago for my current position, and the Chicago Chapter of DSA was at that time very active doing -- canvassing around a housing issue right in my neighborhood in the North side of Chicago.  And so this struck me as an organization that I shared values with and was doing work in my community.

Q.    I just want to ask you about the first reason you gave.  What about the DSA's position on health care made you politically aligned with the organization?

A.    All right.  So as I said, I'm Canadian and in

JA374

Canada we have universal health care.  I might always have had some sort of default preference for a health care system like that, but that political commitment was really intensified for me while I moved to the United States in 2012 for graduate school.

I had, while living in Canada, trained as and volunteered as a sexual assault respondent in emergency rooms.  So the role was to be on-call in emergency rooms, typically during my shifts, um, to come to the hospital if a recent survivor of sexual assault came in, to offer crisis counseling, safety planning, that kind of thing.

Now when I moved to the United States I trained for and served as a volunteer in a very similar role in Austin Texas, where I then lived, and what was immediately clear to me was the contrast in that experience.  Obviously anybody who's showing up at an emergency room, because they've experienced a sexual assault, is having a very bad day, but it was very vivid to me the ways in which that experience was made much worse because of the for-profit insurance system in the United States, and that made me feel very passionate about the need to pass something like Medicare For All, which is also a commitment of the DSA.

Q.   Are you aware, Professor Hyska, whether the DSA

JA375

has a position on the Israeli/Palestinian conflict?

A.    I know that the DSA Nationally endorses the BDS, or Boycott Divestment Sanctions campaign.

Q.    And do you personally align yourself with that position of the DSA?

A.    I do.

Q.    Can you explain for us why you support the Boycott Divestment Sanctions initiative of the DSA?

A.    So multiple human rights organizations, including organizations of the UN, have repeatedly found that Israel is violating the human rights of Palestinians in the occupied Palestinian territories.  I take it this is something that the international community has a responsibility to do something about.  I'm strongly committed to using nonviolent means to address the situation.

So the kind of economic tools that are enumerated by the international BDS campaign, tools that are inspired by those that were used, for instance, in the 1980s, and in the decades before during the international movement to end apartheid in South Africa -- and two are familiar from the nonviolent forms of resistance practices during the anticlinal struggle in India and during the civil rights movement in this country.  Those are the explicit influences upon the BDS

campaign.  And this felt attractive to me and struck me as an appropriate way to address ongoing human rights abuses.

Q.    What has your involvement in the DSA entailed, what kind of activities?

A.    So among the activities I've engaged in as a DSA member, um, has been things like sitting on the steering committee for a kind of geographical branch of the Chicago chapter of the DSA, and in that capacity I worked on, for instance, mobilizing other members in that geographical region to take part in Chicago DSA's priority campaigns.

I also, um, sat on the steering committee at one point for a campaign in Chicago concerning a police oversight in the City of Chicago.  And I've done various other like canvassing work around, for instance, housing issues.

Q.    Are those positions on the steering committees that you mentioned, um, leadership positions in the DSA?

A.    Yes, that's fair to say.

Q.    And, um, separate and apart from those positions, have you attended any protests as part of your membership with the DSA?

A.    I have.

Q.    Tell us about some of the protests that you've

JA377

attended over the last five years?

A.    So definitely the period of time in which I was attending the most protests would be during the summer of 2020, this was during the kind of national uprising, um, after George Floyd was killed in Minneapolis.  I attended a lot of protests that summer which DSA helped organize.  And I continued to attend protests that, in some cases -- in many cases DSA helped organize around issues related to policing and occasionally, um, immigration, abortion rights, and related issues over the subsequent years.

THE COURT:  Mr. Biale, again, um, and I say this with respect, let's come to this case.

MR. BIALE:  So, your Honor, these questions are meant to establish what the witness's past practice was before the implementation of the policy.

THE COURT:  Well you know I find it easier to understand if we talk about matters relevant to this case, and then -- and I don't see them objecting.  But then I'll allow you to move out and relate to past practice.  Let's get to this case.

MR. BIALE:  All right, that's fine, your Honor, I'll invert my order somewhat.

Q.    So, Ms. Hyska, just tell me, um, focus us on 2025, when President Trump was inaugurated in January, um, was

there anything you wanted to do in response?

A.    Yes.  While as I stated a moment ago, I have in the past held leadership positions, and the DSA has been politically active in the City of Chicago, I have taken a bit of a hiatus for a couple years because I was busy personally and professionally, but when President Trump was reelected in November and in the runup to his inauguration in January, it was clear to me that I wanted to become, um, much more active in the DSA in Chicago again and find that political community again.

Q.    Okay.  And did there come a time when you changed your mind about that?

A.    I did.

Q.    When was that?

A.    So that was in, um, mid to late March.

Q.    Okay.  And what prompted you to change your mind about wanting to become more involved in political activism with the DSA?

A.    It became apparently to me after I, um, became aware of a couple high-profile detentions of, for instance, student activists, people like Mahmoud Khalil, who was, like me, a green card holder, people like Rumeysa Ozturk, um, that my engaging in like public political dissent would endanger my -- would potentially endanger my immigration status, that I risked, um,

JA379

detention and deportation for being publicly and politically critical of the Trump administration.

Q.    Okay, let me focus you first on Mahmoud Khalil, whom you mentioned.  When did you hear about Mr. Khalil's situation?

A.    So I believe that I heard about it on March 9th of this year.

Q.    And how did you hear about it?

A.    I would have read about it in -- I forget the exact news source, but I know that I both read about it and saw a video of his detention taken, I believe, by his wife.

Q.    Okay, I'd like to show you, um, Exhibit A1.  Mr. Kumar, if you could pull that up.

        (Plays video.)

        THE COURT:  We don't have --

        (Plays video.)

        THE COURT:  Wait.  Wait.  Wait a minute.

        MR. BIALE:  I'm sorry, your Honor.

        THE COURT:  Wait.  First, I don't have a joint exhibit list.  And you're telling me, both sides, that you're working on it.  I should have had it this morning.

        Second, I don't know what exhibit -- I do, because it's been placed here, but that A1 is supposed to be.

But under the protocol that the Court follows, A means the exhibit is not admitted.  So on this foundation --

And, Mr. Kanellis, do you object to this being played now?

MR. KANELLIS:  Yes, your Honor.

THE COURT:  Sustained on that foundation.  There's that no foundation for it.

MR. BIALE:  Your Honor, I'm hoping to show the witness the exhibit and establish a foundation for it. To inquire whether it's the video she saw.  And then we will later, because the government has not stipulated to this video --

THE COURT:  We'll later tie it in if this is in fact accurate?

MR. BIALE:  Yes.  So we will be moving to admit it subject to a connection --

THE COURT:  Yeah, well, I'm -- that doesn't work very well in this court, I'd rather have the connection and then see the video.  She saw the video.  Let's move on.

MR. BIALE:  Yes, your Honor.

Yes, Mr. Kumar, you can take that down.

Q.    When you saw the video of Mr. Khalil's arrest and read about it, how did that make you feel?

A.    I felt extremely shocked and distressed.  I mean,

if the first place, for Mr. Khalil and for his family, his wife in the video is, um, audibly distressed.  But frankly also for myself.  It was shocking to me that Mr. Khalil's status as a green card holder didn't protect him from this treatment given that the reporting that I was reading at the time, including reporting on statements from officials in the Trump administration suggested to me that it was just on the basis of political speech that he engaged in that he was being detained.

MR. KANELLIS:  Objection, your Honor, the witness is --

THE COURT:  No, this is not -- we're going to face this frequently.  I'm going to take that as her accounting of something that she heard.  It is not offered for the truth of what -- and President Trump isn't a defendant in this case, for the truth of something that he, or any administration official, said.  But this is what she recalls hearing.  And that's how I'm going receive it in evidence.  An objection really is not necessary where it's a third-party, that she heard it on the media.

Now, if we want proof of what he said, either we'll do it by agreement or someone who actually heard it and can recall precisely what he said and the like.

JA382

Go ahead.

All right, so you heard the news reports and among them, um, you heard something that you believed that the President had said, is that fair?

THE WITNESS:  Yes, your Honor.  I would also just add that I also saw social media posts from the President's social media accounts.

THE COURT:  Yeah, so -- and we'll add that.  Fine. Go ahead.

Q.   Just to put a finer point on it for the record. Do you recall specifically what you, um, heard the President say?

A.   So what I remember seeing from the President specifically was a post he had made on the Truth Social --

(Interference Zoom.)

THE COURT:  Turn the person off.

I must say to those who are accessing via the internet, if you cannot keep the microphones muted, your access will be terminated.  I'm not going to have the trial interrupted.  We have two courtrooms here devoted to this case.  Now microphones must remain muted.

Go ahead, Mr. Biale.

Actually I didn't catch your answer because of the interruption.

Would you say what you recall was said?

THE WITNESS:  Yes, your Honor.

A.    So what I recall seeing was a post that President Trump had made on Truth Social.  I believe I saw some type of a screen shot and reposted on X by the White House's X account in which it said that Mr. Khalil had been detained and would be deported, something to that effect, because he was, um, pro-Hamas or Hamas-linked, and in which the President said that this would be the first of many such arrests.

Q.    And, um, I think you testified how you felt about it.

Did you express to anyone at that time your then existing feeling about witnessing this video or reading about this report?

A.    I did.

Q.    To whom was that?

A.    So I recall, for instance, texting one of my colleagues in the philosophy department at Northwestern the next day, that would have been March 10th, to ask whether she heard about the case and tell her how I was feeling about it.

MR. BIALE:  Your Honor, at this time I'd like to show the witness what's marked as Exhibit E for identification.

JA384

THE COURT:  You may show her.

(On screen.)

Q.    Do you recognize this document, ma'am?

A.    I do.

Q.    What is it?

A.    So this is a screen shot, um, of the first sequence of texts from me to my sort of colleague that I mentioned.

Q.    Okay.  And is this a true and accurate copy of the messages that you sent?

A.    It is.

Q.    Okay.

MR. BIALE:  Your Honor, I offer Exhibit E.

THE COURT:  Any objection?

MR. KANELLIS:  Yes, your Honor.  Obviously hearsay --

THE COURT:  If I need argument, I will say so.

MR. KANELLIS:  Hearsay.

THE COURT:  Well some of it comes in under 8033. And on the *Polan* case, it's clear that her then present impression is admissible, and any intention she expressed is likewise admissible.  There are other things -- I mean the start, "it was lovely to see," that's out.  I'll parse it in those circumstances.  And with that limitation, E is admitted.

JA385

50

What's the next number?

MR. BIALE:  So this -- the next number of --

THE COURT:  I assume you've agreed on some things and they have numbers, correct?

MR. BIALE:  Correct, and I believe we're up to 57.

THE COURT:  It is 58, as limited.

MR. BIALE:  59.  I apologize, your Honor.

THE COURT:  59 in evidence.

MR. BIALE:  Actually, your Honor, I'm being told it's actually 65.  I apologize.  We'll get better at this time as we go.

THE COURT:  Well rapidly one hopes.

(Laughter.)

THE COURT:  Tomorrow morning will be sufficient.

(Exhibit 65, marked.)

MR. BIALE:  Fair enough, your Honor.

Q.    Ms. Hyska, you see that there's two text bubbles on this document.  Looking at the second text bubble, if you could read the first sentence of that.

THE COURT:  Why is this necessary?  I can read.

MR. BIALE:  Okay.

Q.    Can you tell us, Ms. Hyska, what you meant by the statement at the beginning of the second text bubble?

A.    Right.  So I meant that I had heard this news about this student protester, Mahmoud Khalil, being

JA386

detained, I just described it as making me feel like I was climbing the walls, which is a way of saying that I was feeling extremely stressed out, scared, maybe even trapped.

Q.    Okay.  Now you mentioned another individual who was arrested, Rumeysa Ozturk?

A.    I did.

Q.    What do you remember of Ms. Ozturk's situation?

A.    So I remember that again I saw reporting about Ms. Ozturk and again saw a short video clip of her detention, and this was near the end of March.  What I learned about her was that she was a graduate student at Tufts, and what I saw, for instance in the video clip, is that she was, um, kind of grabbed and detained in what appeared to be the middle of the sidewalk, um, and the reporting that I read said that she was, um, being detained for deportation.  And what I also learned through that reporting is that the main basis for her being detained and deported seemed to be that she had co-authored an Op-Ed in the Tufts campus newspaper the previous year and that Op-Ed spoke in support of some things related to divestment from Israel.

        THE COURT:  Just so we're clear and you understand I'm paying attention, I'm receiving that as what she believes or recalls she heard, not as evidence that that

52

is the reason for her detention, and I will do that throughout, um, without interruption.

Go ahead.

MR. BIALE:  And, your Honor, with this witness we're offering it for that purpose.

THE COURT:  What?

MR. BIALE:  I said we are offering it with this witness for precisely the purpose that the Court just identified.

THE COURT:  Thank you.

(Laughter.)

THE COURT:  That makes me more comfortable with my ruling.

(Laughter.)

THE COURT:  Now why don't you ask her questions.

MR. BIALE:  Yes, your Honor.

Q.   I'm not going to show you the video, Ms. Hyska, but can you tell us how you felt when you saw it?

A.   Yeah, I was extremely disturbed by this video.  I don't believe that the video, at least the version that I saw had any audio, but you can see this young woman, Ms. Ozturk, walking along and sort of like it's startling, she's grabbed by the wrist by some individuals who are not discernible in the video, who I deemed law enforcement, although they weren't clearly

JA388

wearing uniforms.  She looked very deeply frightened. And I felt frightened and disturbed upon seeing it.

Q.    And you mentioned that, um, you had heard that she was arrested because she wrote an Op-Ed in the Tufts Daily.

Did you read that Op-Ed at the time?

A.    I did take a look at it at the time, yes.

Q.    Do you remember generally what it was about?

A.    I won't remember specifics, but as I recall, she and her co-authors were urging the university to, um, I believe it was to respect the decision of some sort of -- maybe it was like faculty or a student governance body on campus, as concerned the measures regarding, um, other statements on divestment from Israel, and statements related to the ongoing Israeli bombardment of Gaza at the time.

Q.    Okay, you said that when you saw the video you felt frightened and disturbed.  Why did you feel frightened and disturbed?

A.    So in the first place, because I looked at Rumeysa Ozturk as somebody who could be, um, you know potentially one of my students, someone for whom I feel like -- like a kind of presumptive feeling of caring and concern, and also because she was somebody that I could identify with myself.  And this feeling grew more acute

for me as I learned she was apparently being detained mostly, as far as I could read, entirely on the basis of this Op-Ed, particularly because I myself had recently drafted an Op-Ed that was critical of the Trump administration.

Q.   Okay, and I want to ask you about that in a moment.  But if I could just ask you to elaborate on why you felt identification with Ms. Ozturk?

A.   Like Ms. Ozturk, I had some connection to being critical of, um, let's say Israel's track record on the human rights of Palestinians, um, and so there was a connection between the kind of speech I engaged in and the kind of speech she was being detained for having engaged in.  Like Ms. Ozturk, I'm not a citizen of this country, so it struck me that any treatment she was subjected to could be treatment I could be subjected to for engaging in political expression.

Q.   And you just mentioned a track record of criticism of Israel.  Can you tell us specifically what you have in mind?

A.   Sure.  So for one thing, as I stated earlier, I'm a DSA member, and I take it that DSA membership per se is a kind of connection to, um, a criticism of Israel state policy with respect to Palestinians, because DSA has these national commitments to campaigns like BDS.  I

JA390

had also done things like visiting the students', um, encampment on Northwestern's campus the previous spring at which students were making, or for instance calling for a cease fire and making, um, and demanding, um, Northwestern University's divestment from some military funds that were helping continue the bombardment.

Q.    Tell us briefly about that student encampment and about your attendance at that protest?

A.    So in spring of 2024, at Northwestern University, as with many universities across the country, there was an encampment where some of our students camped out on Deering Meadow, the big open space on campus.  I visited that encampment, and did this of course to protest, um, like Israeli, um, attacks on Gaza at the time.  I visited this encampment on two occasions to, um, show support for the students.

Q.    And when you say "show support for the students," what do you mean exactly?

A.    So, first of all, I was in sympathy with some of the students' demands, for instance the demand for a cease fire.  Secondly though, these are students on my campus and I felt that they had a right to be engaging in this, as far as I could tell, this entirely peaceful protest, um, and I wanted to show them, against these kind of threats of being dragged off the field by

JA391

police, for instance, that some of their faculty supported them in engaging in their political expression.

Q.   Okay.  Now when you went to these encampments -- or to that encampment in 2024, did you have any concern that, um, attending that protest could affect your immigration status?

A.   That wasn't on my radar, no, I didn't suspect that.

Q.   Did you have any concern that attending that protest could potentially have an adverse consequence on your job at Northwestern?

A.   That was on my radar, that was something that occurred to me as a possibility.

Q.   And why was that?

A.   Um, I mean it's not an entirely new phenomenon, that discussing, um, criticism of say Israeli military engagement in occupied territories is kind of a sensitive topic in U.S. universities.  And so it occurred to me as possible that certainly my administration would rather the students not be there, and my showing of support for the students could be construed as like a kind of adversarial, um, stance towards the university.

Q.   But given that concern with respect to your

employer, you nonetheless attended that protest, correct?

A.    I did.

Q.    Now let me ask you just briefly, and then I want to turn to another topic you mentioned, you spoke also about the national DSAs -- being associated with the national DSA's position on Israel, Palestinian, specifically the Boycott Divest and Sanctions movement, and you testified previously about attending protests as a member of the DSA.  At those protests, was the Israel/Palestinian issues one of the topics that people were protesting about?

A.    It was.

Q.    Let's turn now to the Op-Ed that you mentioned that you drafted.  Tell us about that, when did that occur?

A.    So I drafted this Op-Ed, um, near the end of March, I believe it was March 22nd specifically.  This Op-Ed concerned, as I framed it, what it would look like to draw meaningful red lines.  This is -- what I meant by that is that among those of us who were critical of many of the policies of this federal administration, what it would look like to demarcate certain political events, um, certain incremental moves towards authoritarianism, as I would characterize it, as

significant, and as prompting special action.

Q.   And I think you testified that you in fact drafted this Op-Ed, is that right?

A.   I did.

Q.   Okay.  I'd like to show you Exhibit D for identification.

MR. BIALE:  And, Mr. Kumar, if we could pull that up.

(On screen.)

Q.   Ma'am, do you recognize this document?

A.   I do.

Q.   And what do you recognize it to be?

A.   I recognize it to be the Op-Eds that I drafted in March of this year.

Q.   Okay.  And, um, what you're seeing right now on the page is just the first page.

MR. BIALE:  Mr. Kumar, if you could show the witness how many pages it is.

(Scrolls.)

Q.   Okay.  Is that the entirety of the Op-Ed that you drafted?

A.   It is.

MR. BIALE:  Your Honor, we offer Exhibit D.

MR. KANELLIS:  Your Honor, objection, and let me articulate, it's important.

JA394

THE COURT:  Please.

MR. KANELLIS:  *Callasandro* -- this is not 8033, it's the *Callasando* decision, 100 F3rd 203, the First Circuit 1996 says that 8033 applies only to the extent --

THE COURT:  That's why it's offered.

MR. KANELLIS:  There's no other basis?

THE COURT:  Well let me ask a couple of questions.

Whatever became of this, ma'am?

THE WITNESS:  So while I drafted this Op-Ed, I subsequently decided, um, related to the fact that three days later Remeysa Ozturk was detained for having co-authored an Op-Ed, that it would not be safe for me to try to publish it, even though I had in the past published things that are critical of the Trump administration.

THE COURT:  And so where had this resided since that determination and until today?

THE WITNESS:  On my computer.

THE COURT:  All right.

I'm going admit it.  It has nothing to do with hearsay.  This is an example of what was withheld from intellectual discourse.  It's admitted, Exhibit 66 in evidence.

MR. BIALE:  Thank you, your Honor.

JA395

MR. KANELLIS:  For clarification, your Honor, is it admitted for the contents?

THE COURT:  No, it's admitted for the fact of its existence.

MR. KANELLIS:  All right, I just wanted to be clear.

(Exhibit 66, marked.)

Q.    Ms. Hyska, if you could take a look at what's now been marked as Exhibit 66, and I'd like you to look at, on Page 2, that sort of final big paragraph.

A.    (Looks.)

Q.    Take a moment to read it.

A.    (Reads.)  Do you want me to read it aloud?

THE COURT:  No, that's not necessary.

Q.    Just refamiliarize yourself with it.

THE COURT:  And again, I don't mean to be disrespectful, but it's now in evidence, so I'm going to read it.

MR. BIALE:  Understand, your Honor.

A.    (Reads.)

Q.    Okay, have you read it?

A.    I have.

Q.    Can you tell us what are some of the things you were referring to in this paragraph?

THE COURT:  Well I guess I don't understand,

JA396

especially given the defense's objection here.  This is -- I've admitted it for the facts of its existence.  This is her expression.  Only it's stunted expression, assuming the Court believes her, because of her fear, among other things, of her immigration status.  So assuming, and it appears she writes well, one can understand what she was saying.

MR. BIALE:  Understood, your Honor, and I certainly agree as far as that goes --

THE COURT:  I'm always happy to get your agreement.

(Laughter.)

THE COURT:  Go ahead.

MR. BIALE:  I'm happy to make you happy, your Honor.

I just wanted to establish through the witness with respect to some of what she was talking about why she had specific fear about publishing this Op-Ed.

THE COURT:  And I'll permit that.

MR. BIALE:  Okay.

Q.   So, Ms. Hyska, having read this paragraph again, was there something specific that you were referencing that raised a concern for you?

A.   Yes.  So, um, I mean in this passage what I make reference to is the kind of fear, I think I describe

this as a kind of impersonal fear that some people are experiencing, but this is the very fear that I was experiencing. Fear that I might -- that it might not be safe for me to engage in certain forms of expression, that, um, it might be risky for me to leave the country and try to come back in, that potentially even ultimately it would be so unsafe for me to engage in political expression that I would have to move abroad. It's personal fears that I'm describing in an impersonal manner here in this passage.

Q. Okay. And I think you mentioned you talked a little bit about why you ultimately felt that it was, um, you ultimately decided not to publish the Op-Ed. Can you tell us a little bit more about why you felt that was too risky?

A. Well, yeah, I'll just say that this Op-Ed was, um, in other passages, aside from the one that I just looked at in particular, was critical, I think of the Trump administration. The premise of the Op-Ed is the Trump administration is doing bad criticizable things that we should organize against.

Because it was evident to me, on the basis of the detention of people like Mahmoud Khalil and Rumeysa Ozturk, that this administration was potentially willing to use immigration enforcement as a tool to retaliate

against people who criticized it or its preferred policies, it struck me too that I could be potentially detained and deported on the basis of publishing something like that.

Q.   And, um -- and the Court asked you where it's resided.  Just for the record, did you ever publish this Op-Ed?

A.   I did not.

Q.   Now you talked about some of the protests that you attended prior to March, 2025.  Did you attend any protests subsequent to March 2025?

A.   I did not.

Q.   Did you --

A.   Oh, I'm sorry, there was one protest that I attended in early April.

Q.   Okay.  Can you tell us about that protest?

A.   Yeah, this was the Chicago instance of the national Hands-Off protest, this was like a set of national protests that were protesting kind of like a wide range of Trump administration conduct.  And I attended it, as I say, in Chicago.  And it stands out in my mind because I felt an unusual degree of anxiety about attending a protest.  As I said, I've attended a lot of protests in the past, so that wasn't normal for me.  And in this case I took the measure of like wearing

JA399

64

a mask, like a safe-covering surgical mask, to the protest, because I hoped that that meant that I wouldn't be like easily identifiable and photographed if any were taken at the protest.

Q.   And why were you concerned about being identified at the protest?

A.   So being at the protest clearly amounted to engaging in speech that was critical to the Trump administration, issues having to do with Israel and Palestine were among the things that were being protested at that event, along with other things.  I was aware that if I was associated with that kind of like public or political dissonance, that could be the basis for my being targeted for, for instance -- by, for instance, immigration enforcement.

Q.   Prior to that protest in April, had you ever worn a mask at a protest before?

A.   Well I had done so, it was only during the height of the Covid 19 pandemic, so it was for public health reasons, not reasons of wanting to hide my face.

Q.   Okay. Had you ever worn a mask at a protest specifically to hide your identity before?

A.   No.

Q.   And now other than this protest that we mentioned just now in April, have you attended any other protest

JA400

subsequent to the events in March 2025 that we've been discussing?

A.    I have not.

Q.    Were there any protests that you wanted to attend?

A.    There were.

Q.    Can you tell us specifically if any come to mind?

A.    The two that come to mind, um, one was there was a series of protests that were co-organized by Chicago DSA around May Day of this year, so it would have been between May 1st and 5th, there was a protest about labor rights issues, but those were also connected to immigration.  I felt pretty confident that I would have tried to attend one of those, um, but for my feeling that it was now unusually risky for me to attend protests.  And the other that comes to mind is the national No Kings protest that took place in cities around the country, including Chicago, a couple of weeks ago.

Q.    And just to clarify, why did you decline to attend those protests?

A.    Because I felt particularly afraid of being associated with, um, with that political speech.

Q.    I'm sorry, I didn't mean to interrupt you.

We spoke earlier about, um, after Mr. Trump was elected, um, and around the time that he was

inaugurated, you were interested in becoming more involved in the work of the DSA.  Can you tell us a little bit more about that?

A.    Yeah, so I took some initial steps towards getting that deeply involved in the Chicago chapter of the DSA in the early days of this Trump administration.  I started attending like a reading group that DSA members were running.  And I attended in March a general chapter meeting, these are these meetings that we hold quarterly as a chapter.  And at that meeting the chapter -- the chapter membership approved a new priority campaign that they called the Unite and Fight campaign, and this is a campaign that was designed to basically resist the Trump administration's policy on a number of fronts, including immigration and trans rights.  I considered it at that time, because I was feeling deeply passionate about some of those issues, and particularly the immigration immigrant rights issue, putting my name forward just on the steering committee of that campaign.  But this was right around the time that I started to feel that actually that would be too risky a move given my immigration status.

Q.    And before we get to that, can I just ask you, um, what steps if any did you take to, um, explore this possibility of getting back onto steering committee?

A.   Uh-huh.  So I did attend one or two initial meetings of this campaign, which was prior to the sort of campaign-specific steering committee being appointed. You know I acquainted myself with the priorities of the campaign as the chapter membership had rendered them.  I had some initial discussions with other members of the chapter.

THE COURT:  Mr. Biale, my practice is to take a morning recess at about 10:45.  But I can stay longer if you're about done.

How much more have you got?

MR. BIALE:  So, your Honor, I would estimate that I've got 10 to 15 minutes left.

THE COURT:  Make it 10 and we'll stay.

MR. BIALE:  I will do my level best, your Honor.

Q.   And so just tell us, you mentioned it before, but what happened with those steering committee positions that you, um, explored taking on with the DSA?

A.   I, in the end, did not put my name forward.  And the same can be said for another leadership opportunity with the DSA that I'm refraining from applying for.

Q.   Why did you not put your name forward for those two leadership positions?

A.   Because when I was just possibly attending meetings struck me as low profile and low risk, but

JA403

sitting on a steering committee, being a delegate to the national DSA convention -- that's the second leadership opportunity that I didn't end up pursuing, those struck me as potentially more high-profile things, things that might make me more public-facing on behalf of the DSA and for things that might be riskier to engage in with respect to my immigration status.

Q. Now I want to ask you, and I'm going to try to go quickly here.

Prior to March of 2025, had you signed on to any public statements, um, that touched on in any way the Israel/Palestinian situation?

A. Yes.

Q. Okay. I'd like to show you what's been marked for identification as Exhibit C.

Do you see that?

A. I do.

Q. What do you -- do you recognize this document?

A. I do.

Q. What do you recognize it to be?

A. I recognize it to be an open letter that was addressed to the President and provost of my university, Northwestern and, um, basically calling on higher administration to like, as it says in the title, not ban protests at Northwestern. This was with reference to

student encampment.  It was asking our administration to respect the students' rights to engage in protest.

Q.    Okay.  And did you sign this letter?

A.    I didn't.

MR. BIALE:  Your Honor, I would offer Exhibit C.

THE COURT:  Any objection?

MR. KANELLIS:  Well it's hearsay, but we won't object as a courtesy.

MR. BIALE:  I appreciate it.

THE COURT:  Since there's no objection, it's Exhibit 67 in evidence.

(Exhibit 67, marked.)

Q.    Now, subsequent to the, um, events that we discussed in March of 2025, did you sign on to any public letters about the Israel/Palestinian situation or in any way related to it?

A.    Subsequent to March 2025, I signed on to a couple of open letters, um, one of which could be construed as I think connected to Israel/Palestinian specifically.

Q.    Okay, and tell us why you signed on to that letter?

A.    So the letter I have in mind is one, um, that was sort of protesting or taking issue with a tenure denial that took place at one university.  Um, it was widely felt, and I share this feeling, that although this is

JA405

not the reason given by the university, the faculty member whose tenure was denied is somebody who had been very publicly associated with defending the students at the encampment the spring before, um, and it was felt that his tenure was denied in retaliation for the political speech engaged on the campus.

Q.    Now is there any distinction in your mind between that letter and this letter, Exhibit 67, in terms of why you signed it?

A.    I mean they address slightly different situations, but otherwise, um, I think they have some of the same features.

Q.    Okay.  And was the letter that you mentioned regarding tenure, was that, um, a public letter, was that published?

A.    So that was, um -- yes, that letter, um, was not one the primary intention of which I understood to be -- that it would be like published along with all the signatories in, for instance, the Daily Northwestern, the campus newspaper.  When I signed on to this statement from December 2024, I understood that my signature would be made public.

Q.    Did you feel comfortable signing a letter where your signature would be made public after March of 2025?

A.    I began to feel much less comfortable about it.

JA406

Q.    Okay.  And, um, putting aside the letter about tenure, did you sign any, um, letters or petitions that were published on the internet after March of 2025?

A.    I did, yes, and in fact one in particular that I can remember that was quite clearly connected with issues related to Israel/Palestinian.  Shortly after Mahmoud Khalil's detention, I encountered an online petition that concerned like, um, called for his release basically, and what I remembered feeling strongly about, is that I really wanted to sign on to like add my voice to this sentiment, so far as I could, but that I was now very worried that being associated with Mr. Khalil, with pro-Palestinian politics publicly in that way, was very risky.  So I took the unusual step of signing under a pseudonym, I used my mother's maiden name.

Q.    And you say it was unusual.  Have you ever signed any other letter using your mother's maiden name?

A.    Not in a political context.

Q.    Okay.  Now we talked a little bit about -- at the very beginning about courses that you teach that touch on political issues.  Are you planning to revise any of your syllabi in light of the issues that we've discussed today?

A.    For a while I've been on research leave and so I haven't taught since the beginning of the current

administration, but this is something I had on my to-do list, to revisit those places where I discuss, for instance, um, colonialism, a topic that it's hard to discuss these days without it being connected to discussions of the characterization of Israel settling its colonial state, for instance, whether that's now sort of too hot a topic, too risky a topic to teach in my classroom.  To revisit those cases where I talk about socialism, racism, things like that in the class as well.

Q.   And when you say you're going to revisit them, what do you anticipate you're going to do?

A.   I anticipate it's possible that I decide to cut those things from any syllabus.

Q.   Now you spoke in your Op-Ed about issues of travel.  Have the events we discussed of March 2025 affected your travel plans in any way?

A.   They have.

Q.   How so?

A.   I -- if determined that, um, as long as this risk of sort of political retaliatory immigration enforcement remains, I will not leave the country, um, because I fear extra scrutiny upon trying to reenter it.  And so while I routinely, for instance, travel internationally for work, I've decided not to pursue international

opportunities to present my work for the foreseeable future.

Also on a personal note, my mother's retirement was this May and I wanted to go back to Canada to celebrate, but did not do so, because I feared the risk of scrutiny upon reentering the country, that I would have my green card revoked.

Q.   And what do you fear will happen when you reenter the country?

A.   So I fear that my name will be run through a system that will be associated with some of the political speech that I've already engaged with -- engaged in rather, um, and that for that reason I'll be denied entry, potentially be detained and be deported.

Q.   And more broadly --

MR. BIALE:  I've got maybe three more questions, your Honor.

Q.   More broadly, have the, um, policies and practices that we've been discussing affected your future plans?

A.   They have.

Q.   How have they affected them?

A.   So I am very happy in my current position at Northwestern University, I -- as I stated earlier, I had intended to remain at Northwestern, to go for tenure the next year, to continue supervising graduate students

there, but I have felt such acute, um, stress and fear about the prospect of engaging in political speech in this country that I've concluded that I want to go on the job market this coming fall to hopefully find employment outside of the United States.

Q.    And have you begun to take any steps to do that?

A.    I have.  I, for instance, contacted, in one case, a potential reference letter writer.

THE COURT:  Sorry, I've didn't understand that. You've contacted a --

THE WITNESS:  A reference letter writer.

THE COURT:  Yes, thank you.

Q.    And that's one of the supervisors of your dissertation?

A.    Yes, it's one of the committee members of my dissertation.

Q.    Now are you familiar with the term "ideological deportation policy"?

A.    I am.

Q.    What do you understand that term to mean?

A.    I understand it to refer to the policy of targeting, um, individuals for immigration enforcement and deportation because of their expressed political belief, their political speech.

Q.    And has any of what we've discussed today, any of

the events we've discussed today, constitute examples of that policy in your mind?

A.   In my mind the detention of people like Mahmoud Khalil, like Rumeysa Ozturk, um, like others we haven't discussed, um, yes, those are instances of that policy being applied, in my mind.

Q.   And if that policy were to be declared illegal and enjoined, would that affect your behavior in any way?

A.   It would.

Q.   How would it affect your behavior?

A.   Well I would be very happy, for instance, not to apply out for other positions and just to remain in my current job here in the United States, I would feel comfortable doing that if I didn't think that I was at risk of losing my immigration status because of my political speech, if that was enjoined by the Court.  I think I would also feel comfortable going back to engaging more thoroughly in DSA work, potentially in leadership positions, and in writing and submitting for publication things like the Op-Ed that I drafted back in March.

Q.   A final question.  You've talked about the fears that you have and the concerns that you have.  Why did you decide to testify in this case, which is being heard in a public courtroom?

JA411

A.    I -- yeah, I've experienced considerable trepidation about participating in this case, um, because, as you say, it involves very public, political speech.  I take comfort from the fact that the judge has -- he very explicitly in this case told the government they may not retaliate against people for being witnesses in this case.  I do have remaining concerns for my safety.

The difference though between participating in this case and the other forms of speech that I said I regarded as too risky, as not ones I was willing to participate in, was in this case I felt like I understand the nature of the case and what was required, in order for it to move forward, was for noncitizens to be able to speak to what it's like to be in this country right now, what it's like to experience this level of fear over political speech that we would like to engage in.  The other kinds of political speech that I wanted to engage in these past months, I felt like "Well I guess a citizen could do that and do it with less risk than I face."  But in the case of this court case, I feel that's not so.  If noncitizens aren't willing to take the risk, then it wouldn't move forward at all.  So although I've experienced a lot of anxiety around it, I felt like it was something that, based on my political

beliefs and moral commitments, I have to do.

THE COURT:  Thank you.

Do you wish to examine this witness?

MR. KANELLIS:  Yes.

THE COURT:  We'll do that after the recess.

We'll take the recess now until 20 minutes after 11:00.  We'll stand in recess.

MR. BIALE:  And may the witness stand down from the witness stand?

THE COURT:  Oh, she may.  She need not sit there.

(Laughter.)

MR. KANELLIS:  Your Honor, I'm sorry, did you say 20 after 11:00?

THE COURT:  That's what I said.

MR. KANELLIS:  Thank you.

THE COURT:  We'll recess.

(Recess, 10:45 a.m.)

JA413

C E R T I F I C A T E


I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER, do hereby certify that the forgoing transcript of the record is a true and accurate transcription of my stenographic notes, before Judge William G. Young, on Monday, July 7, 2025, to the best of my skill and ability.



/s/ Richard H. Romanow 07-7-25
_____
RICHARD H. ROMANOW  Date

JA414

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

No. 1:25-cv-10685-WGY


AMERICAN ASSOCIATION of UNIVERSITY PROFESSORS, et al,
          Plaintiffs

vs.

MARCO RUBIO, in his official capacity as
Secretary of State, et al,
          Defendants


********


BENCH TRIAL DAY 1 - VOLUME 2

July 7, 2025
11:22 a.m.


BEFORE THE HONORABLE WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE



United States District Court
District of Massachusetts (Boston.)
One Courthouse Way
Boston, Massachusetts 02210



********



Court Reporter:  Kelly Mortellite, RPR, RMR, CRR
                 Official Court Reporter
                 United States District Court
                 One Courthouse Way
                 Boston, Massachusetts  02210
                 mortellite@gmail.com

JA415

A P P E A R A N C E S

RAMYA KRISHNAN
      Knight First Amendment Institute at Columbia
      University
      475 Riverside Drive, Suite 302
      New York, NY 10115
      (646) 745-8500
      Ramya.krishnan@knightcolumbia.org
and
COURTNEY GANS
NOAM BIALE
      Sher Tremonte LLP
      90 Broad Street, 23rd Floor
      New York, NY 10004
      (212) 540-0675
      Nbiale@shertremonte.com
      Cgans@shertremonte.com
      For Plaintiffs


ETHAN B. KANTER
WILLIAM KANELLIS
VICTORIA M. SANTORA
JESSICA A. STROKUS
      DOJ-Civ
      P.O. 878
      Ben Franklin Station
      Washington, DC 20044
      (202) 616-9123
      Ethan.kanter@usdoj.gov
and
SHAWNA YEN
      United States Attorney's Office
      1 Courthouse Way, Suite 9200
      Boston, MA 02210
      Shawna.yen@usdoj.gov
      For Defendants

JA416

                                    INDEX

WITNESS                                                PAGE

MEGAN HYSKA

    Cross-Examination By Mr. Kanellis                  82
    Redirect Examination By Mr. Biale                  120

NADJE AL-ALI

    Direct Examination By Mr. Biale                    123


            E X H I B I T S


Exhibit No.                    Received

    68                             114

    69                             116

JA417

P R O C E E D I N G S

(Resumed, 11:21 a.m.)

MR. KANELLIS:  Your Honor, William Kanellis for the Justice Department.

CROSS-EXAMINATION BY MR. KANELLIS:

Q.   Let's start this off the right way.  Hyska, Professor Hyska?

A.   That's correct.

Q.   Let's talk a little bit about your background.  You are a professor of philosophy at Northwestern?

A.   Correct.

Q.   And you teach, among other things, about the philosophy of language?

A.   I do.

Q.   Okay.  Continental school or analytic school?

A.   Analytic.

Q.   Analytic, so more Frege than Husserl?

A.   Correct.

Q.   Very good.

You talked about political propaganda, and I believe, if I have you correctly, you discussed that you teach about the mechanisms by which we get messages across to one another; is that right?

A.   Sure, yes.

Q.   That's one of the things that you teach about.  And words

JA418

are among the things that we use to get messages across to one another, right?

A.   Sure.

Q.   I mean, you teach about semantics, so words are very important to you, correct?

A.   Sure.

Q.   Now, one of the words that was discussed in your direct examination was ideological deportation policy.  Do you remember that discussion?

A.   I do.

Q.   And the ideological deportation policy, in your mind, and correct me if I'm wrong, is based upon your interpretation of events happening within the U.S. Government, right?

A.   Events happening, you know, out in the world as well, insofar as these detentions are part of what I see as the expression of that policy.

Q.   And that policy is manifested in words of various sorts, right?

A.   It's partially manifested in words and also in actions.

Q.   And what words do you refer to or do you mean to refer to in the thinking about what is this ideological deportation policy?

A.   Well, I'm thinking about what I alluded to earlier, for instance, where there are statements made by officials within the Trump administration, statements using words that seem to

JA419

communicate that it was on the basis of speech that these high profile detentions were made, for instance.  So those words I guess are part of the policy.

Q.   Okay.  And those words were words you read on the internet?

A.   Correct.

Q.   And those words were video reports of things that people said about what was said by the administration?

MR. BIALE:  Objection.

THE COURT:  Well, no.  He may ask the question in that form.

A.   If the question is was there an instance where it's a video of a Trump administration official that was the basis for my conclusion of that this policy was in place, I can't remember an exact instance where that would have been the case.

Q.   Okay.  What about executive orders; do you know what executive orders are?

A.   I do.

Q.   Have you heard about executive orders relating to what you describe as the ideological deportation policy?

A.   I'm not familiar with a specific executive order.

Q.   Other than what you've read on the internet and what you may have seen in media, do you have any other basis to assign this ideological deportation policy to the U.S. government?

A.   I just know what I see in reporting.

JA420

Q.   You know what you see in reporting.  You're not a member of the United States Government; you never have been, correct?

A.   Correct.

Q.   You aren't privy to the internal communications of the United States Government regarding the arrests and revocations of visas of students that you described in your direct examination, right?

A.   That's correct.  The only note I would make is that in one case that I can think of some internal communications was reported on, so I know about it indirectly.

Q.   Okay.  Do you believe the United States has a legitimate interest in combatting antisemitism?

        MR. BIALE:  Objection.

        THE COURT:  I'm not clear what's meant by antisemitism here.

        MR. KANELLIS:  I can clarify.  I can lay that foundation.

        THE COURT:  You go right ahead.

BY MR. KANELLIS:

Q.   Do you have an opinion about what the word "antisemitism" means?

        THE COURT:  You're asking her view of what that word is.

        MR. KANELLIS:  Yes, sir.

A.   Yeah.  I mean, I take antisemitism to refer to hatred of

JA421

Jewish people.

Q. Okay. And if there was a U.S. Government policy that was attempting to combat antisemitism, would you have a problem with that personally?

MR. BIALE: Objection. I'll withdraw the objection.

THE COURT: It's withdrawn.

A. Well, to be clear, I have a great problem with antisemitism myself. I think it's of course an abhorrent ideology. I would of course have questions about what means the U.S. Government was using to combat antisemitism.

Q. Of course. You indicate -- sorry. Did you have -- okay. You indicated that you are a member of the DSA?

A. That's correct.

Q. And that's the Democratic Socialists of America?

A. Correct.

Q. Bernie Sanders and AOC are both members --

A. Correct.

Q. You talked about, I think what I would characterize as your decision to restrict your involvement with the DSC in March or so of 2025. Did I get that right?

A. Correct.

Q. Okay. And with respect to your decision, that was your decision. No one forced you to withdraw your participation in that organization, did they?

A. Certainly nobody told me I had to, but I did feel like I

was under pressure from external forces.

Q.   You were under pressure from external forces.

Did anybody from the government write you a letter and express concern about your involvement with the DSC?

A.   They did not.

Q.   Did anybody from the government send you a message of any kind that would lead you to believe that you were being pressured to lessen your involvement with the DSC?

A.   So certainly nobody from the government addressed a letter to me in which they said something like that.  But if the question is do I feel like I was on the receiving end of messages from the federal government to that effect, I think I would say that I did.

What I have in mind here is, for instance, President Trump made publicly communicating on social media about how, for instance, Mr. Khalil's arrest was the first of many arrests to come.

Q.   Okay.  And do you have an understanding of the basis for Mr. Khalil's arrest?

A.   I believe I have some understanding.

Q.   You have some understanding.  Do you have -- were you privy to any of the internal communications of the United States regarding why Mr. Khalil was arrested?

A.   So I was not.  But of course I did follow the trial concerning Mr. Khalil's eventual release from detention, in

JA423

which, as I understand it, the government had some reason to present what their reasons for his detention were, and in which, as I recall, the judge concluded that there was something to the idea that Mr. Khalil had been detained on the basis of his speech.

Q.   And has that litigation been resolved to your understanding?

MR. BIALE:  Objection.

THE COURT:  He may have it.  Just what she understands.

A.   I understand that Mr. Khalil has been released from detention.  I don't know whether -- I don't understand whether that is the full legal matter having been resolved.

Q.   And with respect to the messages that were sent to you by the United States Government, what other messages did the U.S. Government send to you that caused you to lessen your involvement with DSC?

MR. BIALE:  Objection.  Misstates the testimony.

THE COURT:  No.  He's using it in the broadest sense, at least that's how I understand it.  And if the witness understands it, she may answer.

A.   So if the question is appropriately understood as what are the things that have been said publicly that I've taken as indications --

THE COURT:  Actually, I'm interested in public or

JA424

communicated from peers or the like, that type of thing.

What things that you -- if I think he's asking and I'm interested, what things that you take are expressions of United States Government policy that got to you, affect you in the way that you've testified.

A.   Right.  So things that come to mind.  First of all, there are like clusters of social media posts around the detention of Mr. Khalil.  As I've mentioned already, President Trump's post on Truth Social.  There were also posts by the White House's X account, in which they -- which said something similar.  I believe the Department of Homeland Security also had an X account where they publicized Mr. Khalil's detention.

I'm also thinking, though, of like a kind of range of policies that the Trump administration is engaging in where I feel like their officials have communicated a kind of attitude toward noncitizen speech.

So what I have in mind here, for instance, is that over the last few weeks, as I understand it, the State Department has put into place a new additional set of screening mechanisms for international students and scholars who are applying for visas to come to this country.  And in a message to, like, foreign diplomatic missions, I've read a reporting indicating that Secretary of State Marco Rubio instructed consular officials to screen students on the basis of whether they expressed, say, on their social media, hostility toward the

JA425

United States, which included hostility toward the United States Government and instructed them to vet on the basis of whether those students had engaged in political activism.

Now, that to me suggests that this administration is interested in using a wide range of tools at its disposal to prevent noncitizens from engaging in political dissent on a pretty wide range of topics, actually.

Q.   All right.  And with respect to the communications you feel were directed at you, other than that, you haven't received anything, a personal message from the government to tell you to withdraw or refrain from engaging in political speech of any kind; isn't that right?

A.   No.  Correct.

Q.   Let's talk about social media.  You have several social media accounts, don't you?

A.   I do.

Q.   Okay.  And let's just go through a few.  Well, before we get there, let's talk about your professional publications. You've described a few of them in your direct examination.  The government hasn't in any way prevented you from publishing anything since 2025, has it?

A.   Well, as I stated in my direct examination, I do feel that in a sense I was prevented from feeling safe in publishing this op-ed that I had drafted.

Q.   And that's your feeling, correct?

JA426

A.   That's my feeling based on statements made by government officials that have been reported on.

Q.   Okay.  But with respect to your professional publications, you've been quite active in 2025, haven't you?

A.   I hope so.

Q.   Things are going well for you, aren't they?

A.   We'll see what the tenure committee thinks.

Q.   Fair enough.

In January of 2025, you spoke about an article on "The politics of past and future:  synthetic media showing and telling," isn't that right?

A.   Can you repeat the question.  Did I give a presentation on that in January of this year?

Q.   Yes.

A.   Forgive me.  I'm just remembering the order of presentations.  Can you remind me where I would have given that presentation?

Q.   If you don't remember, ma'am, that's fine.  We'll move on to some others.

In February you spoke at the University of Chicago, correct?

A.   Oh, I was invited to give a talk at the University of Chicago in February.  I in fact had to pull out at the last minute.

Q.   Okay.  Was that pulling out, did that have anything to do

Q. with the Trump administration?

A. It did not.

Q. Okay. Now, in May of 2025, May of 2025 is after you claim you were aware of this ideological deportation policy, correct?

A. Correct.

Q. In May of 2025, you gave a public presentation at Virginia Tech, correct?

A. Correct.

Q. That relates to your professional work you do as a philosopher, correct?

A. It does. I might mention that the work I was presenting there didn't strike me as particularly politically sensitive, though.

Q. Okay. In June you spoke at a Brown conference, correct?

A. I did.

Q. Brown University?

A. I did.

Q. And you spoke about deep fakes and political mobilization; isn't that right?

A. I did.

Q. Those are subjects that you spoke about publicly. And those subjects were, you addressed publicly after this ideological deportation policy came into effect in your opinion, right?

A. So while it is correct, I would just note that there's

JA428

public and then there's public, right?  An op-ed in a major national newspaper is going to reach an audience of a different size than a talk to a small room full of students at Brown University.

Q.   Did you talk to the people at Brown about who was or was not going to be admitted to the talk at Brown?

MR. BIALE:  Objection.

THE COURT:  Overruled.

A.   Sorry.  Can you repeat the question?

THE COURT:  His question is did you have anything to say about who was admitted to the talk you gave at Brown.

A.   No, I did not.

Q.   Did you try to limit the participants in this talk you gave at Brown?

A.   No, I did not.

Q.   That was a few weeks ago, wasn't it?

A.   Correct.

Q.   Right.  And with respect to any of the other presentations that you've given this year, did you try to limit the participants in those conferences?

A.   I did not.

MR. KANELLIS:  Bear with me, Your Honor, my phone somehow disabled my line of questions.

THE COURT:  It's happened to me, too.

Q.   You have several internet accounts, correct?  Internet

JA429

social media accounts, I apologize.

A.    Correct.

Q.    One of them is a Twitter account?

A.    Or as well call it now an X account, yeah.

Q.    An X account.  And prior to 2025, you had not engaged in any messaging about Palestine or Israel on your X account, correct?

A.    Correct.  Though I'll just note that I haven't actively used my X account in some years on any topic.

Q.    Okay.  But you didn't, certainly if you haven't used it in several years, the conflict in Palestine goes back many, many years, correct?

A.    Correct.

Q.    And at no point in time --

        MR. KANELLIS:  I apologize, Your Honor.  I don't know what's happening.

        THE COURT:  Cut to the chase, when he's asking the question, have you spoken about that conflict on any of your social media accounts?

        THE WITNESS:  I have not.

        THE COURT:  I mean before or after the matters you've testified about here.

        THE WITNESS:  Yeah.  Neither before nor after was I in the habit of using social media to talk about this.  I have hardly used social media at all in some years, I'll just note.

JA430

MR. KANELLIS:  Your Honor, thanks for cutting to the chase.

BY MR. KANELLIS:

Q.  That was exactly my point.  You have a Bluesky account, correct?

A.  Correct.

Q.  You have a Facebook account, correct?

A.  Correct.

Q.  You have an X account and you have an Instagram account, correct?

A.  That's correct.

Q.  And on none of those accounts at any point in time have you referenced Palestine or Israel; isn't that correct?

MR. BIALE:  Objection.

THE COURT:  Overruled.

A.  That's correct.  In general, social media is not how I choose to engage in political speech on any topic.

Q.  Okay.  You do continue to engage in protests, though, don't you?

A.  As I stated in my direct, I haven't attended a protest since early April.

Q.  Early April.  Well, in March of 2025, this year, that's when you became aware of the arrests of Khalil and Ozturk, correct; that's what you testified?

A.  Correct.

JA431

Q.   So you were aware of this threat that you described in March.  And in March of this year, you attended a Unite and Fight meeting, correct?

A.   I believe that what -- I believe that's correct.  I don't remember whether the Unite and Fight campaign meeting was the end of March or beginning of April, but yes, that's correct.

Q.   And that was after you became aware of these arrests that you've complained about your direct examination, right?

A.   That's correct.

Q.   And Unite and Fight relates to, was designed to mobilize chapter membership in some issues of particular relevance during the current presidential administration, including immigration and trans rights?

A.   Correct.

Q.   Right?  Fair summary of this Unite and Fight movement that you've participated in?

A.   The Unite and Fight campaign of Chicago DSA, yes.

Q.   And that was, again, after the arrests that you claim frightened you?

A.   Correct.

Q.   You claim these arrests caused you to withdraw from a number of your political activities?

A.   Correct.

Q.   And yet you continued to attend a meeting that was specifically designed to fight against this administration and

JA432

its immigration policies, correct?

A.   Correct.

Q.   Okay.  You attended meetings regarding Unite and Fight relating to the deportation of immigrants; isn't that right?

A.   That was among the issues that would have been discussed, yes.

Q.   And that meeting generally concerned ICE raids and deportation of immigrants that people were concerned with and concerned with planning to protest.  That was the subject of the meeting you attended after the arrests of Khalil and Ozturk, right?

A.   That's correct.

Q.   Okay.  And your participation in political speech didn't end there.  You attended book clubs and book club meetings, correct?

A.   I certainly attended book club meetings in the early months of 2025.  I can't recall the exact date of the last book club meeting right at the moment.

Q.   Let's talk about the DSA and the, in your words, if I'm characterizing them correctly, you mitigated your participation in DSA activities because of this ideological deportation policy.  Fair summary?

A.   What I would add is I've specifically pulled back from, like, leadership opportunities within the DSA.  So ways of participating that I anticipated being high profile or

JA433

public-facing.

Q.   And is it fair to say that your activity within the DSA, that was the political organization that you were most involved with of all the political organizations that you've described in your direct testimony?

A.   I think that's fair to say.

Q.   Fair to say.  Not AAUP but DSA?

A.   I think that's correct.

Q.   Okay.  Now, by contrast, your participation in AAUP has not been very active.  Is that a fair characterization of your --

A.   While I have been mostly a sort of passive or dues paying but not meeting-attending member of the AAUP since I joined it in 2020, I have recently attended several AAUP meetings.

Q.   You've recently attended in the spring of this year, correct?

A.   Correct.

Q.   That was after the arrests of Khalil and Ozturk, correct?

A.   Correct.

Q.   Okay.  You have no leadership role in AAUP?

A.   Correct.

Q.   In fact, you spend now about 1.5 hours a month on activities relating to AAUP?

A.   I'm assuming that this trial doesn't count, given that AAUP is the plaintiff --

JA434

Q.   Other than your preparation for your testimony today, about 1.5 hours total per month is all the work you do for AAUP.  Fair statement?

A.   Fair.

Q.   Okay.  And now, one thing you have done with respect to AAUP is attempt to increase its membership.  You were involved in a membership drive.

A.   I've been involved, yes, in early discussions about a membership drive to take place in the future.

Q.   Okay.  You're trying to draw more members to AAUP?

A.   Correct.

Q.   Why do you do that?

A.   I mean, AAUP is a membership-based organization.  We're more powerful when we have more members.

Q.   It helps AAUP if you have more members than less members. Fair statement?

A.   Fair.

Q.   It helps AAUP if you are drawing attention to AAUP, right, more publicity to AAUP.  Would you say that's accurate?

A.   I'm not sure I have an opinion on that.

Q.   Okay.  You don't have an opinion either way?

A.   Correct.

Q.   Let's talk about your scholarship a little bit and its relation to Palestine and Israel.  Have you published anything in your public -- I think you said -- let me step back.

JA435

You talked about a public face, I think earlier, and you talked about how you think it's important that a philosopher have a public face, right?

A.   I did.

Q.   And to speak out on issues that are pertinent to contemporary society.  Fair statement?

A.   Fair.

Q.   Okay.  Your public face is manifested through your scholarship and public writings.  Fair statement?

A.   Certainly those are among the things that compose it, yeah.

Q.   I mean, the public is not going to see anything you write privately and don't share?

A.   Sure.

Q.   Let me ask you a question.  Have you ever Googled yourself?

A.   At some point I probably have.

Q.   Have you Googled yourself recently?

A.   I can't recall whether I have.

Q.   Okay.  Would you be surprised to learn that there are virtually no Google returns with your name associated with the word "Palestine"?

         MR. BIALE:  Objection.

         MR. KANELLIS:  I asked if she would be surprised, Your Honor.

JA436

MR. BIALE:  What's the relevance?

THE COURT:  Just a moment.  First of all, I'm listening.  I know what you asked.  If I need argument, I'll request it.  And I'll sustain that objection.  Go ahead.

Q.  Are you aware of how many public posts are available in Google, relating to your name and the word "Palestine"?

MR. BIALE:  Objection.

THE COURT:  Sustained.

MR. KANELLIS:  What's the basis for the objection, Your Honor?

THE COURT:  It's irrelevant.

MR. KANELLIS:  It is relevant.

THE COURT:  Well, you say so.  I've made my ruling.

BY MR. KANELLIS:

Q.  You don't have any professional writings that touch upon the subject of Palestine, do you?

A.  While I'm not like an academic subject matter expert about issues related to Israel/Palestine, that's true.  I believe in one paper I do in passing discuss some, like, media around the conflict in Israel/Palestine.

Q.  Okay.  That one instance, other than that one instance, do you recall writing anything else about the issue of Palestine in your professional scholarship?

A.  No.

Q.  You've never been detained by the government, have you?

JA437

A.   No.

Q.   You've never been arrested?

A.   No.

Q.   You've never been questioned by government officials?

A.   Can you clarify.

Q.   I can clarify.  In the last six months, since the beginning of 2025, have you been questioned by a government official in any capacity?

A.   Oh, I mean, like, when crossing back into the country in early January, of course a customs official asked me where I was coming from, but aside from that, no.

Q.   And besides from questioning about where you were coming from, have you had any other questions from the government about anything?

A.   I personally haven't.  I will note that my employer has been under heavy scrutiny from the federal government, and I don't know whether that would have concerned questions about me.

Q.   I'm just asking you, in your experience because that's what matters.

You discussed in your direct examination your writings and letters that you've written.  Do you remember that?

        MR. BIALE:  Objection.

        THE COURT:  That question, he may have.  Do you remember what you've testified to earlier.

JA438

A.   I remember that I testified to writing a range of things. I was pausing at the word "letters," but if that refers to an op-ed, then yes, I recall that.

Q.   Okay.  You remember talking about public writings that you've had?

A.   I do.

Q.   And opinions that you've adopted that were shared publicly.  That's what I'm referring to.

A.   Yes.

Q.   Okay.  And I believe that you said in your direct examination that you did not publish that one particular op-ed because you thought you could be detained and deported?

A.   Correct.

Q.   And you said you were frightened and that, because you were frightened, this article sits on your computer, correct?

A.   Correct.

Q.   But in fact, Professor Hyska, you have not been afraid to speak out against the Trump administration since March of 2025; isn't that right?

A.   Well, I have been afraid to speak out, as I testified earlier.

Q.   Okay.  You actually have engaged in public speech against the Trump administration and its immigration policies, haven't you?

A.   Can you clarify what you're referring to?

JA439

Q.   We're about to do that.

MR. KANELLIS:  Your Honor, may I approach?

THE COURT:  You may.

MR. KANELLIS:  Let the record reflect, Your Honor, we have paper copies, so if you'll permit me, I have a copy for you.  I have a copy for the witness.  I have a copy for plaintiffs' counsel.  May I approach?

THE COURT:  You may.

MR. KANELLIS:  Let the record reflect the witness has been handed what has been identified as Exhibit GM.

BY MR. KANELLIS:

Q.   Ms. Hyska, if you'll take a moment and familiarize yourself with this document.  I have a few questions on foundation to lay with you.  And when you're done, just please let us know.

A.   Okay, I have briefly re-familiarized myself.

MR. KANELLIS:  Your Honor, I'm going to note that I have a correction to make with respect to this exhibit that she's looking at.  I realize that this exhibit contains -- part of it is not supposed to be attached to this exhibit.

THE COURT:  And is that the part that starts "Supporting"?

MR. KANELLIS:  Yes, sir.  My apologies.

THE COURT:  All right.  We'll take that off.  Go ahead.

JA440

BY MR. KANELLIS:

Q.    Professor Hyska, if you can go to the page that states "Supporting Dr. Steven Thrasher."  We're not going to be referring to this at this juncture.

MR. BIALE:  Your Honor, just to be clear, we're removing the last --

THE COURT:  He isn't removing anything yet.  He wants us to look at the GM, which I take it refers only to the Board of Trustees' chair letter.

MR. KANELLIS:  That's correct.

THE COURT:  All right.  He may inquire.  It's not in evidence yet.

Q.    Professor Hyska, can you go to page 0020 and look to the center of that page.

A.    Okay.

Q.    Do you see your name?

A.    I do.

Q.    That name signifies your signature of this document, correct?

A.    It does.

Q.    That name signifies that you more or less adopted the contents of this statement in this letter as you wrote it, correct?

A.    That seems fair, yes.

MR. KANELLIS:  Your Honor, we move in, pursuant to

JA441

801(d)(2)(D) and (B), what has been identified as Exhibit GM.

MR. BIALE:  Your Honor, I object.  This exhibit was not listed on the defendants' exhibit list that they provided to us prior to trial.

MR. KANELLIS:  Your Honor, we did provide a list that included this exhibit among the exhibits.

THE COURT:  Well, sort it out.  You can work that out before 2:00.  He may, he can use it for impeachment in any event.  He may ask about it.  Whether it gets in evidence will turn on whether in fact it was given to the plaintiffs.  Ask your question, Mr. Kanellis.

BY MR. KANELLIS:

Q.   This is a statement you signed on to, correct?

A.   Correct.

Q.   And you read this before you signed on to it, right?

A.   I did.

Q.   There was no confusion about what was being said here?

A.   Correct.

Q.   And this, you understood when you signed this that this letter was going to be public; isn't that right?

A.   No.

Q.   You didn't know it would be public?

A.   No, I did not.  I understood this to be a letter that was addressed to the higher administration of my university from its employees.  I was not -- I'm not aware, in fact, whether

JA442

this letter ever was made public with the signatures attached in any case.

Q.   Well, the purpose of this letter, which is contained in the first full paragraph, is that you're an ad hoc group of concerned Northwestern faculty.  Do you see that?

MR. BIALE:  Your Honor, objection.  Reading from the exhibit that's not in evidence.

THE COURT:  Well, but --

MR. KANELLIS:  This is an admission, Your Honor.

THE COURT:  Just a moment.  Whatever peripheral relevance this may have is not going to be disturbed by his references to the letter.  I'm reading from it, too.

All right.  And your question is?  She said she wasn't sure whether it was to be made public.

BY MR. KANELLIS:

Q.   But this was a statement that you signed on to, correct?

A.   Correct.

Q.   And it was written to the chair of the Northwestern's Board of Trustees, correct?

A.   Correct.

Q.   And this related to an emergency with respect to what you perceive are issued threats to higher education, right?

A.   Correct.

Q.   You signed on to that, correct?

A.   Correct.

JA443

Q.   Now go down to the bottom of the page because that references speaking with one voice, correct?

A.   Which page am I on?

Q.   The first page.

THE COURT:  The first page of the document.

Q.   And in that third paragraph that you signed on to, you state that the Trump administration is breaking laws and trampling on government norms.  That's what you said, right?

MR. BIALE:  Objection.

THE COURT:  Overruled.  She signed on to this.  If that's her view, again, she's entitled to her view and she may be asked about it.

THE WITNESS:  Can you repeat the specifics of the question?

THE COURT:  This part right here, he wonders do you in fact adopt that statement.  He asked you whether you read this. Is that your view, that sentence there?

THE WITNESS:  Yes, I think this describes my view.

BY MR. KANELLIS:

Q.   "The Trump administration is breaking laws and governing norms as fast as possible."

THE COURT:  And "trampling on government norms."

MR. KANELLIS:  My apologies, Your Honor.

Q.   "Trampling on government norms," that's your view?

THE COURT:  And she answered yes.  Let's move on.

JA444

Q.   You describe the administration's actions as wildly illegal, didn't you?

A.   So the drafters of the letter drafted it this way, and I signed on, which signaled that I agreed, yeah.  I just want to make it clear I didn't myself draft the letter.

Q.   You didn't draft the letter, but you signed on to it?

A.   Correct.

Q.   Let's go to what has now been marked as Exhibit 67.

     MR. KANELLIS:  And this, Your Honor, we have marked this as Exhibit 67.  It's been introduced in the direct examination.  Our copy is going to be a paper copy of that exhibit, and our copy is denominated GN.

     THE COURT:  Well, it's Exhibit 67.  Let's not complicate things.

     MR. KANELLIS:  I'm just noting the copy I'm giving you is different.

     THE COURT:  Right, fine.

     MR. KANELLIS:  May I approach?

     THE COURT:  You may.

     MR. KANELLIS:  Do you have a copy?

     MR. BIALE:  Yeah.

BY MR. KANELLIS:

Q.   You testified this is another letter you signed on to, correct?

A.   Correct.

JA445

Q.   This was published on April 24, 2024.  Okay?  And in this letter you're making note of your disagreement or your desire to have students peacefully protest on campus?

A.   Correct.

Q.   This letter doesn't mention anything about Palestine, does it?

THE COURT:  Well, it says what it says, and it's in evidence, and I'll read it.

A.   I would have to take a moment to revisit the letter to remember precisely what it says.

THE COURT:  We're going to move on in the interest of time.

MR. KANELLIS:  Your Honor, may I approach?

THE COURT:  You may.

MR. KANELLIS:  Let the record reflect that I am handing the witness what has been marked as Exhibit GQ.

BY MR. KANELLIS:

Q.   Ma'am, please take a moment and look at that documents.

Have you had an opportunity to -- do you recognize this document?

A.   I do.

Q.   Okay.  And this document is entitled "Supporting Steven Thrasher," correct?

A.   Correct.

Q.   Let's go to page -- I'm laying the foundation.

JA446

Let's go to page, at the bottom right you'll see enumerated AAUP 00038.

A.   Okay.

Q.   And do you see your name written on this page?

A.   I do.

Q.   Okay.  So you signed this document as well?

A.   I did.

THE COURT:  What's the relevance of this?  These are people who are disappointed that a professor didn't get tenure.

MR. KANELLIS:  That's correct, Your Honor, the relevance is these are public statements.

THE COURT:  What is it?

MR. KANELLIS:  Public statements of the witness after the ideological deportation policy.

THE COURT:  I've allowed, as I think I should, the hostility to the policies of defendants in this case.  What in here pertains to anyone involved in this case?

MR. KANELLIS:  Your Honor, this relates to the professed injury that was discussed on direct examination.  The witness has testified that she was afraid of making public statements after the arrests.

THE COURT:  This is a public statement that has nothing to do with this case or any of the issues in this case.

MR. KANELLIS:  Well, it does, Your Honor, because it shows her participation in public statements about a

demonstration, supporting students in a demonstration about Israel and Palestine.  It's 100 percent related.

THE COURT:  Where is that?

MR. KANELLIS:  Well, that's what underlies the facts; that's the purpose of this letter.  The witness will testify, I'm confident --

THE COURT:  Well, we'll see.

MR. KANELLIS:  -- that Professor Thrasher was involved in a student protest relating to Palestine and Israel, 100 percent.

THE COURT:  Well, let's go there rather than --

MR. KANELLIS:  That's what I'm getting to.

THE COURT:  Let's go there.

Q.   You understand that Professor Thrasher was denied tenure at Northwestern; isn't that right?

A.   I do.

Q.   And you believe that Professor Thrasher, a Northwestern professor, was denied tenure because of his support of students protesting the issues in Palestine and Israel, among other things, correct?

A.   I think that was probably related to his tenure denial, yes.

THE COURT:  Now that I'm coming up to speed, that's the second paragraph in the letter.  So that's why -- I understand, Mr. Kanellis.  All right.

JA448

MR. KANELLIS:  It's Kanellis, Your Honor.  Thank you.

BY MR. KANELLIS:

Q.   And this letter was published or was written on March 20, correct?

A.   I see that date at the top of the letter, yes.

Q.   March 20 of this year?

A.   I see March 20, 2025 written at the top, yes.

Q.   And March 20 of this year is after the arrest of Mr. Khalil; isn't that right?

A.   Correct.

Q.   It was after you were aware of this alleged ideological deportation policy, correct?

A.   Correct.

Q.   And you thought it was wrong.  You were speaking out on behalf of this professor's right to defend students who are engaged in protests relating to Palestine and Israel.  That's what you were doing here; isn't that right?

A.   I was taking issue with a decision made by the institution that employed me with respect to Professor Thrasher.  That much is correct.

THE COURT:  You're offering this, Mr. Kanellis?

MR. KANELLIS:  Yes, Your Honor.

THE COURT:  Any objection?

MR. BIALE:  Yes, Your Honor.  I object.

THE COURT:  Overruled, overruled.  It's Exhibit 68.

JA449

MR. BIALE:  Your Honor --

THE COURT:  What?  This has not been disclosed?

MR. BIALE:  Correct.  It was not included on their exhibit list.

MR. KANELLIS:  Your Honor --

THE COURT:  Just a moment.  It's included on yours, isn't it?  I have it down here as Exhibit G.  I'm admitting it.  It's admitted, Exhibit 68.

(Exhibit 68 admitted into evidence.)

Q.  There were a number of people who signed this letter, correct?

A.  Yes.

Q.  And your opinion is that after the ideological deportation policy that you've described was put into effect, you were fearful and scared of being deported for making public statements.  Is that your testimony?

A.  I was fearful of deportation on the basis of high profile public speech that expressed dissent with the Trump administration or its policies.  That's my testimony.

Q.  And the policies include Israel, its policies on Israel and Palestine.  Fair statement?

A.  Fair.

Q.  Okay.  Now, there were over a thousand people who signed this document, correct?

A.  I'm double-checking but that sounds right.

Q.   If you look at the last page --

A.   Yes, I see that.

Q.   1,968 people signed this document.

And you believe, it's your testimony that you were fearful that you would personally be singled out for your public speech as a result of the Trump administration's ideological deportation policy?

A.   I was fearful that the forms of speech like writing an op-ed and like being a very public-facing leader of Chicago DSA activities, for instance, is the kind of thing that could result in retaliatory immigration enforcement.

MR. KANELLIS:  Your Honor, may I approach?

THE COURT:  You may.

MR. KANELLIS:  Let the record reflect I am handing the witness what has been marked as GW.

Q.   Please take a moment and review this document.  Let me make sure it's the right one.  Here we go.

A.   Thank you.

Q.   Professor Hyska, have you had an opportunity to look at this document?

A.   I briefly skimmed the first two pages.

Q.   Do you recognize this document?

A.   I do.

Q.   In fact, this is another document that you signed, isn't it?

JA451

A.   That's correct.

Q.   You adopted the contents of this document when you signed it, correct?

A.   I endorsed in broad strokes the message in this document.

Q.   You endorsed it?

A.   Yeah, in broad strokes.  I didn't draft it.

Q.   You didn't draft it, but you read it before you signed it, correct?

A.   I did.

MR. KANELLIS:  Your Honor, we move into evidence Exhibit GW and ask for an exhibit number for identification purposes.  I believe, Your Honor, just for housekeeping purposes, I don't know that we assigned a number to the prior exhibit.

THE COURT:  The prior exhibit I marked as Exhibit 68.

MR. KANELLIS:  68, I apologize.

THE COURT:  And this one, any objection?

MR. BIALE:  No objection.

THE COURT:  No objection.  This one I'll admit, Exhibit 69.

(Exhibit 69 admitted into evidence.)

Q.   Professor Hyska, you're aware of something called a National Day of Action, correct?

A.   I believe so, yes.

Q.   What is your understanding of a National Day of Action?

JA452

A.   Can you clarify?  Is the question in general or about a specific National Day of Action?

Q.   I'll ask you about your understanding of a specific National Day of Action.

A.   Which specific day of national action?

Q.   Are you aware that there was a National Day of Action that occurred across universities across the United States on April 17, 2025?

A.   Yes, I'm aware of that.

Q.   In fact, Northwestern itself had an event focused on the National Day of Action, correct?

A.   I believe so.  I wasn't in attendance.

Q.   Okay.  And you understand this is also, this letter is dated April 17, 2025?

A.   Yes.

Q.   Okay.  And this letter relates to certain steps that were being taken urging other signers, urging Northwestern to take steps about attacks on higher education, correct?

A.   (Nods.)

Q.   And among those attacks on higher education were attacks on what you perceived to be students for their participation in political protests, correct?

A.   Is there a passage in particular where it says that?

        THE COURT:  The only thing I see is on the second page, paragraph three on the first page and then the fourth

JA453

line down talking about detention and/or deportation.

THE WITNESS:  Okay, yes, I do see that.

THE COURT:  Students and scholars.  That's the reference.

MR. KANELLIS:  Yes, sir.

Q.   In fact, you were urging on April 17, 2025, you were urging people to avoid voluntarily cooperating with ICE, correct?

A.   I'm again just looking at the precise words that are used here to see if that exact expression is used.

Q.   I can help by pointing you to the top -- sorry, the bottom of page three --

A.   Yes.

Q.   Sorry, on page one going on to the top of page two?

A.   Okay.  Yes, I do see and I did endorse at the time the statement that asks the university to avoid voluntary cooperation with ICE.

Q.   You're also advocating that people not share information with ICE, correct?

A.   Yes, I believe that's among the things that the drafters of this letter included.

Q.   And you're also advocating that people stop cooperating with other federal agencies, correct?

A.   I'm just taking a moment again to find the passage.  Could you point me to where it mentions other federal agencies?

JA454

Q.   The very top line of page two.

          THE COURT:   Actually, it's modified by "other federal agencies charged with facilitating deportation or other forms of immigration enforcement," up to the comma.   That's what he's asking.

A.   Yes, that seems accurate, yes.

Q.   That was written in April of 2025?

A.   Correct.   It was written in this letter which was addressed to the higher administration of my institution.

Q.   And that was a public letter, wasn't it?

A.   No.   To my knowledge, this was not designed to become public, not with the signatories, at least.

Q.   Okay.   And there are hundreds of signatures on this, correct?

A.   It appears so, yes.

Q.   And this was written three months into the Trump administration, correct?

A.   Correct.

Q.   You're exercising your right to protest here, aren't you?

A.   Certainly what I would qualify my answer with is that this was speech that I understood myself to be undertaking addressed to my employer.   As I said, I didn't understand this to be public political speech.   So I regarded this as quite different in kind from, for instance, publishing an op-ed in a major newspaper.

JA455

Q.   Okay.  Did you hear my question, ma'am?

A.   Can you repeat it back to me.

Q.   Yeah.  My question was, you were exercising your right to protest here, weren't you?

MR. BIALE:  Objection.  Asked and answered.

THE COURT:  He may have it a second time.  You understood that's what you were doing.

A.   Yes, I think that's fair.

Q.   Okay.  You're fighting the power here, aren't you?

MR. BIALE:  Objection.

THE COURT:  He may have that question.  Is that what you thought you were doing?

A.   I'm not sure I would put it that way.  Look, what I'm in the first place objecting to here or urging here is a set of conduct from my university.  And it's true of course that that conduct is related to conduct of the federal government.  But it's in the first place my university administration's conduct that I sought to kind of like affect here.

MR. KANELLIS:  Your Honor, we tender the witness.

THE COURT:  Nothing further.

MR. BIALE:  Very brief redirect, Your Honor.

THE COURT:  Very well.

REDIRECT EXAMINATION BY MR. BIALE:

Q.   Ms. Hyska, you were asked some questions on cross-examination about your academic publications.  Do your

JA456

academic publications contain political advocacy?

A.   I think that would be fair to say.

Q.   How would you characterize it?

A.   Well, my academic publications discuss a variety of political topics related to social organizing, social movements.  Although they are generally more sort of abstract in character than something like an op-ed would be, they certainly touch on politics, and I think a political perspective could be discerned in them.

Q.   And with respect to the talks that you gave at Virginia Tech and Brown University that you were asked about, were those talks about philosophy or politics?

A.   They were talks about political philosophy.

Q.   Let me ask you, you were asked about a meeting you attended regarding Unite and Fight.  Was that meeting a public protest?

A.   No.

Q.   Was it a public meeting?

A.   In the sense that, like, the door wasn't barred to anybody.  I suppose members of the public could have come in, but I didn't attend it with the understanding that anybody but other DSA members would be there.

Q.   And then you were asked also about AAUP meetings that you attended.  Were those meetings forms of public protest?

A.   No.

JA457

Q.   Were those public meetings?

A.   Again, there was no policing, kicking people out, but I attended with the expectation that only a small group of AAUP members of the university would be there.

Q.   And then, finally, you were asked at the end of the cross-examination about several letters that you signed on to after the arrest of Mr. Khalil, and we looked at some of those.

Why did you feel safe signing your name to those letters?

A.   So there were two things that affected my decision here that I might highlight.  One is, as I mentioned, I didn't understand these letters to be public statements.  I understood them to be addressed to the administration of my university, so to my employer from its employees.

That's very different in kind from something like an op-ed, for instance, so that made me feel more comfortable.  I think probably there was also a sort of strength-in-numbers principle that I had in mind.

As was mentioned, there are hundreds and in some cases thousands of signatories to these letters.  That meant by signing on them to them that was very different from my name being alone on a byline, which is what I worried about in the case of an op-ed.

MR. BIALE:  If I could just have one moment to confer, Your Honor.

THE COURT:  You may.

JA458

MR. BIALE:  No further questions.

THE COURT:  Nothing further for this witness.  Thank you.  You may step down.  Call your next witness.

MR. BIALE:  Your Honor, plaintiffs call Nadje Al-Ali.

THE COURT:  The witness may be called.

NADJE AL-ALI, Sworn

COURTROOM CLERK:  Can you please state your full name and spell your last name for the record.

THE WITNESS:  Nadje Al-Ali, A-l, hyphen, A-l-i.

COURTROOM CLERK:  Thank you.

MR. BIALE:  May I proceed?

THE COURT:  You may.

DIRECT EXAMINATION BY MR. BIALE:

Q.  Good afternoon, Professor Al-Ali.

A.  Good afternoon.

Q.  Where do you --

THE COURT:  Let me interrupt.  Be comfortable in the chair but pull that microphone a little closer to your mouth.  That's better.  It amplifies it.  Go ahead.

Q.  Where do you teach, Professor?

A.  I teach at Brown University.

Q.  And what's your title there?

A.  My title is Robert Family Professor of International Studies and professor of anthropology and Middle East studies.

Q.  And where did you teach before Brown?

JA459

A.    Before Brown I taught at the University of London.

Q.    And when did you come to the United States?

A.    In January of 2019.

Q.    Tell us a little bit about your personal background. Where are you from?  Where did you grow up?

A.    I grew up in Germany, with a German mother and an Iraqi father.  I went to school in Germany.  I spent three years doing my undergraduate degree in the States in Tucson, Arizona. I worked in -- I studied in Cairo and then I lived in London for 25 years prior to coming to the States.

Q.    Has growing up in Germany informed your political views at all?

A.    Very much so.  I mean, I grew up, I mean, in the '60s and '70s as many people of my generation much with the awareness, the historical awareness of the Holocaust in Nazi Germany, so that has very much informed my thinking, my interest it in terms of academia and my morals, especially in terms of this kind of knowledge that being silent could mean complicity in certain situations.

Q.    Let me ask you about, you just mentioned your academic interests.  What's your area of study?

A.    So I'm an anthropologist by training, but I work in an interdisciplinary manner across history, politics, cultural studies, and I'm particularly interested in the way that women in the context of the Middle East struggling for greater

JA460

justice, equality and also against gender-based drives, how these struggles are linked to wider struggles for democracy, for human rights and also against authoritarianism and sectarianism. And I've done that particularly with reference to Egypt, Iraq, Turkey, Lebanon and the Kurdish regions.

Q. Have -- sorry, withdrawn.

Have you published academic books?

A. Yes, I've published books.

Q. How many books?

A. Three single-authored books, two co-authored, and I think five edited volumes.

Q. And how about scholarly articles?

A. Yeah, I've published many.

Q. Okay. I won't ask you to count them.

A. I don't know the number.

Q. Has any of your academic work, whether research or writing, related to the issues of Israel and Palestine?

A. There has been a little bit of an overlap. So one edited book looked at Women and War in the Middle East, and it mainly drew examples from Iraq and Palestine.

And I also had one article published, which is actually based on a roundtable discussion, about feminist approaches to BDS, that's the Boycott and Divestment and Sanctions movement.

Q. And let me just ask you about that for a moment. Are you a supporter of the BDS movement?

JA461

A.   I am.

Q.   And have you publicly declared your support for that movement?

A.   I've signed several statements to that extent, yes.

Q.   And why do you support the BDS movement?

A.   Because I believe this is a non-violent form to resist the systematic oppression and marginalization of Palestinians and I believe in non-violent strategies.

Q.   Can I ask you just briefly about the courses that you teach at Brown.

A.   Yeah.  So I'm teaching a number of undergraduate courses. One course on gender in the Middle East.  Another course on gender migration and diaspora that doesn't focus specifically on the Middle East but draws heavily on empirical case studies from the region.  I'm focusing, teaching a course on the anthropology of the Middle East.

Then in terms of credit courses, I'm doing a master's course in the anthropology department as well as a course on transnational feminism.

Q.   Now, you stated that you came to Brown in 2019.  Is that when you moved to the United States?

A.   That's correct.

Q.   And where did you live before that?

A.   I lived in London for 25 years, and before that in Cairo for five years, and before that in Tucson for three years, and

JA462

before that I grew up in Germany, in Krefeld.

Q.   And what's your citizenship status?

A.   So I'm a German citizen and I have green card here in this country.

Q.   Okay.  When did you obtain your green card?

A.   In October 2021.

Q.   Now, separate from your teaching and your professorship, have you held any other roles at Brown University?

A.   I was, for years I was directing the Center for Middle East Studies at Brown University.  It was a three-year post originally, but I agreed, I volunteered when I was asked to extend it for another year.

Q.   And approximately what were the years that you were the director of the Center For Middle East Studies?

A.   So from 2020 to 2024.

Q.   And just tell us briefly, what does the Center for Middle East Studies do?

A.   The center is both a research and teaching unit that inhabits a concentration in Middle East studies for undergraduate students.  About 40 faculty who are based in different departments at Brown contribute to both the teaching and the research in Middle East studies, so across different disciplines and different approaches.  And the center is both -- oh, it's also very much trying to connect graduate students who are based in different departments but are working on the

JA463

Middle East.

And aside from providing sort of a center for those activities and concerns on campus, the Center for Middle East Studies is also trying to engage a wider public in national/international academic contexts, so events, conferences, workshops, teachings and so on, online and in person.

Q.   I want to ask you one more question about the Center for now.  Did the Center For Middle East Studies' activities change at all from before October 7, 2023 to after October 7, 2023?

A.   Yes.  I mean, on one level it was consistent, but there were additional events and responsibilities.  In terms of content, there was a shift towards more focus and attention towards Palestine and Israel.

And also the Center, particularly myself and other colleagues, we started to play a role as well in terms of providing pastoral care for students, so particularly students of Middle East background who felt, you know, quite concerned, worried, stressed by the situation and they didn't feel that there was a specific space they could go to.  So as a result I decided, you know, my colleagues, the committee, we decided to organize lunch events for students, gatherings, more social gatherings at which students could express their concerns.

Q.   Okay.  And are those the kind of activities that you think of when you use the term pastoral care?

JA464

A.   Yes, yes, as opposed to focused on strictly academic advising and mentorship, a more holistic approach to the welfare of students.

Q.   And you mentioned some events that the Center had after October 7.  What was your role in those events?

A.   I was involved in organizing them, conceiving them and deciding, or deciding alongside other colleagues, who would be invited.  And I also chaired these events, which meant like I introduced them.  I welcomed everyone, and I also facilitated the discussion after the contributions.

Q.   Turning to a different topic, are you a member of any organizations?

A.   I'm a member of the Middle East Studies Association of North America, MESA.  Been for long time, since I'm a graduate student.  More recently I joined AAUP.  So I think it's sort of a couple of years after I arrived in the States.  I'm also a member of the Association of Middle East Women's Studies, which is an affiliate organization to MESA.  Oh, and on and off, I'm still a member of the British Middle East Studies Association.

Q.   Let me ask you about the first organization that you mentioned, the Middle East Studies Association of North America, which I'll call MESA.  You mentioned you joined as a graduate student.  Why did you join MESA?

A.   Because MESA, while being based in the U.S., is really the largest international organization that focuses on Middle East

JA465

studies. And I knew that this would be, in terms of my academic development, would be an important context to attend on conferences, listen to colleagues, but also network, get to know people. And I know that it is also for graduate students often a way to start to meet publishers and get advice about how to find jobs.

Q. And over the years -- and I'm going to talk now about prior to January 2025. So before that, over the years, what are some of the activities that you've participated in as a member of MESA?

A. I attended most of the annual meetings, even though I was based outside. I mean, I would try to come at least for that once a year to the U.S. I think I missed one when it was in Alaska. But I was also, for a couple of years -- I don't exactly remember the time, but it was around 2012, '13, '14, for two years I was an elected board member of MESA.

Q. Okay. And then you mentioned an organization, and I apologize. You'll have to remind me of the name. You said it's an affiliate of MESA?

A. Yeah, it's the Association of Middle East Women's Studies, AMEWS.

Q. Tell us just a little bit about that organization.

A. So that organization focuses specifically on the Middle East with reference to women's studies, gender studies. And I joined that also early on because many of the scholars whose

JA466

work I've been reading as a graduate student were members, and I would get to know them at meetings.  And I also got involved, I was an elected board member, and I was also president of AMEWS for a couple of years.  This was also prior to moving to the States.

Q.   Okay.  And I want to ask you about AAUP.  I think you said you joined AAUP shortly after you moved to the United States?

A.   It wasn't immediate.  It was a few years afterwards.  I don't recall exactly, but I am pretty sure that I've been a member for at least two or three years now.

Q.   Okay.  And why did you decide to join AAUP?

A.   Well, first of all, in principle, as someone who grew up in Germany where unions are very much part of society, I respected that.  And I was actually chair of the union at the University of London.  And then I also noticed that AAUP was quite active in terms of academic freedom and rights with respect to academics, and I thought it was important for me to support them and signal that I'm supporting their work.

Q.   Okay.  I now want to move us forward to this year, to January 2025.

A.   Okay.

Q.   Can you tell us a little bit about what you were doing in January 2025 in terms of your research agenda, your plans to attend conferences and other academic activities?

A.   So this academic year, including January 2025, I was on a

JA467

sabbatical following my four years as director.  And my main plan was to spend time in both Beirut and Baghdad to engage in research.  This was part of a larger project on women artists and gender-based violence and war in the Middle East.  And I had received funding from the Watson Institute at Brown to do so.  And I couldn't go in the fall because it was too dangerous in terms of, I mean, one couldn't travel to Beirut, and I didn't want to go to Baghdad, but I was planning to go in the spring of 2025.

In fact, I had a fellowship postponed from October, November of 2024 to May and June of 2025.  This was a fellowship in Beirut at the German Orient Institute.  During that time I was supposed to attend two conferences.  And then I thought I would combine my research trip to Baghdad with Beirut.  I have family in Baghdad, so I was going to stay with relatives.  That was one thing.

And then the other thing, in January I was thinking in terms of writing that I -- I had been thinking quite a bit about sort of this question of is there space for a feminist's critique of Hamas, so I started to think about it and started to do some reading.

Q.   And can you tell us a little bit about, when you say "a feminist's critique of Hamas," what did you have in mind?

A.   Well, I had in mind that, you know, the debates, including the feminist debates about Israel, Palestine and Gaza and

JA468

Hamas, were extremely polarized, so people, you know, talking about the allegations of sexual violence and gender-based violence on the 7th of October during the devastating attack on civilians.

And then, on the other hand, people speaking about the gender-based violence and sexual violence that Palestinian political prisoners are experiencing in Israeli prisons. And I really wanted to see if it was possible to engage in a nuanced critique that would both point to the structural and systemic oppression and inequalities based on the Israel occupation while also being critical of the ideology, especially the gender ideology, but the militarism linked to Hamas.

Q. And on that project, I think you said you had begun to research it. Can you tell us what had you begun to do? What had you read to start developing this project?

A. Well, I mean, I'm an anthropologist, so one element of my research is sort of engaging people. So I started to informally talk to people, but then I started to read -- I mean, a couple of colleagues at Brown, I had been in constant conversation with them, and I started to read more specifically about the, you know, very polarized positions that I was describing.

Q. Can you just give us specifically any of the sources that you were looking at for this project?

A. Okay. That's a bit challenging. What comes to mind

JA469

immediately, people like Nada Elias, who has written quite extensively on, in her perception, the false allegations of sexual violence in terms of what Hamas and Hamas-affiliated men did.

Nadera Shalhoub-Kevorkian had a very much more sort of nuanced approach. I also read several reports by Israeli human rights organizations that listed the alleged sexual violence.

Q. Okay. So we talked about the fellowship that you were planning to do in Beirut and in Baghdad and this research project. Did there come a time when those plans changed?

A. Yes, definitely. So as I said, I was supposed to go to Beirut in May and June. I wasn't sure whether I would go to Baghdad just before in April or afterwards. But definitely following the arrest and the detention and the threat of deportation of several students, graduate students, and also I think one post doc, I mean, most prominently Mahmoud Khalil but others as well, I started to think that it is not a good idea. I felt that it was too risky for me to do research in the Middle East, come back, and then my pro-Palestinian speech would be flagged. And as a green card holder and also as a prior director for the Center For Middle East Studies that had been under attack, and there are a lot of sort of false allegations about, I felt very vulnerable.

Q. Okay. I'm going to ask you to break that down a little bit. So first, just tell me what did you hear about or see

regarding the arrest of Mr. Khalil and the other individuals you mentioned?

A.   I left the U.S. on March 8 to go to Germany to see my mother, who is in a care home and had a stroke and wasn't well, and it was her birthday.  I arrived in the morning of March 9 to come to then see the news about the arrest of Mahmoud Khalil and immediately felt, oh, my God, I just left the country, what's going to happen when I get back?

I don't know exactly when I saw the pictures of him being arrested at home.  I know that there was this controversy whether he resisted or not.  But I remember then later in the month when Rumeysa Ozturk, I think the graduate student at Tufts -- yeah, the graduate student at Tufts was detained on the street.  I mean, seeing that was also very scary.  I mean, everywhere I looked you saw this -- not everywhere I looked but I mean, I saw it several times.

Q.   When you say seeing that with regard to Ms. Ozturk, did you see a video of her arrest?

A.   Yes.

Q.   And around when did you see that?

A.   I mean, shortly after she was arrested.  So I can't remember, I can't give you a date, but it was shortly after.

Q.   That's fine.  And you also mentioned pictures of Mr. Khalil's arrest.  Do you recall if you saw a video of that arrest?

JA471

A.   Yes.  I think initially it was just pictures, but at some point a video emerged where that showed that he did not actually resist arrest.

Q.   And how did hearing these stories and watching these videos affect you?

A.   I mean, it was very scary, and I thought, Okay, here we go.  I mean, it's not that it was entirely surprising because I don't know exactly when but already I think in 2024 when now President Trump was candidate, there was some statements to the extent that people who engaged in pro-Palestinian speech and protest might be targeted.  So that was on my mind.

And I'm pretty sure that by the time people got arrested, I had heard that that was what was on the agenda.  So I thought, Okay, this is now actually happening, but it was still -- although kind of it wasn't like a total shock, it was still shocking to see the pictures, especially someone in broad daylight being picked up from the street.

You know, I'm someone -- you asked me about Germany.  I also have the Iraqi side, so I know about dictatorship and repression and my relatives in Iraq lived with that fear of being picked up from the street, so it really reminded me of that.

Q.   And did you feel targeted in any way by these actions of the government?

A.   Although these were students, I felt like, Okay, next in

JA472

line will be faculty, and so I definitely felt vulnerable and targeted as a result.

Q. Are you aware of any faculty members who have been targeted?

A. I mean, this was a slightly different issue, but a colleague at Brown who is a doctor, Lebanese, she was not able to enter the country, but I think it's on a slightly different issue. Then there was one post doc amongst the people who was detained and threatened with deportation and who was actually teaching, a faculty member as well.

Q. Do you remember that person's name?

A. Sorry, I --

Q. No problem. So you mentioned, so you were out of the country when you heard about Mr. Khalil's arrest. And you said that that made you scared about your return?

A. Yeah, that made me scared about my return. And I was thinking whether I should come back right away, but as I said, my mother was not in a good way. My father passed away actually now a year ago exactly today. And I felt like I had to see her, and so I did.

And then I had a couple of talks scheduled in Switzerland. So it was also back and forth, should I go, should I not go, and I ended up going and I gave those talks. And then the last part of my trip was supposed to be the fun bit where I was going to go cycling in Sicily with friends, and I decided that

I couldn't do that.  I felt like if something was going to happen at the border and I would have to say that I just came back from a cycling trip to Sicily, that would just not be good.

So yeah, I canceled that trip and I came back, but I was scared and I, for the first time ever, contacted an immigration lawyer to track me as I was coming back.

Q.   Can I just ask you, what were you scared was going to happen when you came back into the United States?

A.   I was scared that I would be called into secondary interrogation and that they would start Googling and would find reports of allegations against the Center and me as a director and associating me with pro-Palestinian speech, and worse than that, not just pro-Palestinian speech but that often these days gets translated into antisemitism or support for Hamas.

Q.   Let me just ask you to break those down a little bit.  So with respect to pro-Palestinian speech available about you on the internet, did you have specific things in mind?

A.   Well, in terms of my scholarship, as I said, there was the roundtable discussion, the feminist approaches to BDS, then there was the book, the edited book.  But to be honest, I wasn't so much worried about that.  I was more worried about reports by I would say sort of extreme organizations, most prominently CAMERA, that had written reports about me in my role as director of the Center for Middle East Studies and made

JA474

allegations about me and my politics and the Center more broadly as well.

Q.   And those allegations, those reports have accused you of antisemitic speech or antisemitic conduct?

A.   Yes, and also Hamas, in support of Hamas.

Q.   Sorry, what is CAMERA?

A.   Yeah.  CAMERA is an organization, and I don't even know what the acronym stands for, but it's what I would call like an extreme pro-Israel organization that has a long history of targeting media, I mean, including CNN, the UN, academics, universities, in terms of their pro-Palestinian positions and also making accusations of support for terrorism or Hamas.

And I should say that the main person, I think his name is David Litman who has been writing all these reports.  He was recently fired from CAMERA, but I don't know what the reason is; I have no idea.

Q.   Okay.  And these reports that it sounds like accused you of both antisemitism and support for Hamas and other jihadist organizations, would you like to respond to those allegations and tell us what your views are on those topics?

THE COURT:  Here?

MR. BIALE:  Well, yes.  I'd like -- she said there was false allegations, so I would like to hear what her position is on those.

THE COURT:  That's not at issue in this case.

JA475

MR. BIALE:  Understood.  I'll move on.

Q.   Now, so you mentioned that was your concern when coming back into the country.  So you canceled the bike trip and came back to the country.  And then what happened next?

A.   Well, then I after some thinking, reflection and close observation of what was going on and the speech around it, I mean, I think following the arrest of Mahmoud Khalil, President Trump -- and I don't know exactly when, but I do remember reading, I think it was in the New York Times, the quote by him saying this is one of many.

So at some point I think in April I decided that it was too dangerous for me to travel to the Middle East and do research there.  Not because -- at this point not because I was worried about what would happen in Beirut or in Baghdad, but I was worried that upon re-entry to the U.S. which stems from those countries that that would raise red flags and would make me more suspicious.

Q.   So did you cancel those trips?

A.   Yeah.  I mean, I canceled those trips.  I canceled the fellowship.  I did not participate in the conferences, the two conferences in Beirut.

Q.   Let me show you what's been marked for identification as Exhibit I.

MR. BIALE:  Mr. Kumar, if you can pull that up, please.

JA476

Q.   Do you have that?

A.   Yes.

Q.   Do you recognize this document?

A.   Yeah.  That was a quite recent email that the director, the German director of the German Orient Institute sent to me, you know, to express his regret that I wasn't there but also asking me if I would contribute to a publication based on the conference that I did not attend.

Q.   Just to be clear, this is one of the conferences that you were just testifying about?

A.   Yes, yes.

        MR. BIALE:  Okay.  Your Honor, we offer Exhibit I.

        THE COURT:  Any objection?

        MR. KANELLIS:  Your Honor, objection, hearsay.

        THE COURT:  Sustained on that ground.

        MR. BIALE:  Okay.  You can take that down.

BY MR. BIALE:

Q.   Let me ask you, so that was the fellowships.  You also talked about your research project that you had begun to undertake.  What became of that?

A.   Well, so the two research projects, one was a project about female artists in context of war and conflict and how through the artwork and cultural expressions that deal with this -- I'm sure you don't want the details.  So that project I had to put on hold because I wasn't able to go to Beirut and

Baghdad.

And then in terms of the article that I had started to think about, I also felt that it was too risky because even though the focus was supposed to be a feminist's critique of Hamas, as part of it, I would have also provided a feminist critique of Israeli government policies, especially in relation to what's happening in Gaza, and so I felt that was too risky.

Q.   And when you say it was too risky, what was the risk that concerned you?

A.   Well, in the current context I thought that that would increase my visibility and profile and the risk that I would be associated with pro-Palestinian speech and hence targeted.

Q.   Targeted for what?

A.   Well, targeted for attacks.  But then more concretely, you know, threat of deportation, be detained, and also along the line, I mean, I was thinking to get citizenship at some point. I thought that I don't want to risk that as well.  So the initial was deportation threat.

Q.   Okay.  So did you abandon that research project?

A.   Yeah, for now, yes.

Q.   Just going back in your career, are there other research projects that you can think of that you've begun where you abandoned them because you were afraid to publish on the topic?

A.   No, no, never, never.  I mean -- okay -- yeah.  No, I've never had that situation before.

JA478

Q.   Now, we talked a little bit about your affiliation and involvement with some of the organizations like MESA.  Did the events that we've talked about, Mr. Khalil's arrest and other arrests, affect your involvement in those organizations?

A.   Well, I'm not involved in terms of the -- I'm not on the board anymore, but I was planning every year to attend the annual meeting.  And following the arrest I started to worry a bit in terms of going to a conference in which you would have like a large gathering of Middle East scholars.  And then a colleague posted on Facebook, who is a citizen himself who is American, I mean, not even naturalized, but he said, Well, if I was a green card holder I would not go to MESA because that would be a great way to just target a whole bunch of people on green cards.

     And so then I thought, Well, I have to think about that carefully, and I did I think share that at some point with the president of the organization that I have this fear.

Q.   And who is the president of MESA?

A.   Asli Bali.

Q.   And what typically happens at the annual meeting?

A.   So mainly it is different panels.  So papers are given along, I mean, based on a particular theme.  Some are formal panels, and there are roundtables, but you also have meetings of the association.  So, for instance, the Association of Middle East Women's Studies would have their board meeting and

JA479

would have a reception. So aside from attending academic papers and interventions, it's also a chance to meet each other and catch up.

Q. Okay. And I think you testified that you've attended pretty much every year except for once when it was in Alaska.

A. Maybe one more year. But I mean, I tried to go almost every year, yes.

Q. And have you ever declined to attend MESA's annual meeting before because of fear of government retaliation?

A. No, no.

Q. Okay. And you do have that concern now, correct?

A. Yes.

Q. Let me ask you, with respect to the Women's Association of Middle East Studies, have you done anything differently with respect to your role with that organization?

A. Well, I was very active with them for a while, and then as I moved to the States and was dealing with the transition, I kind of moved out. And then I thought it would be good for me to be involved again.

And they approached me at some point, I think it was around February of this year, 2025, and they asked if I would chair the human rights committee. And it's the kind of work that under different circumstances I would be very interested in doing, but I declined because I thought, again, it would be too risky to chair a human rights committee that would

JA480

definitely deal with cases linked to academic freedom, pro-Palestinian speech, allegations of antisemitism and so on.

Q.   And have you taken on any role with the association?

A.   Well, I ended up becoming chair of the membership committee, which is very boring.

Q.   Let me just ask you a few other topics.  Have there been any public protests that you wanted to attend in the last few months?

A.   There were a few I would have ideally liked to attend, yes.

Q.   And which specific protests come to mind?

A.   So the one that comes to mind, I mean, two come to mind immediately.  One was the DOGE Elon Musk cuts.  It was taking place in different cities.  And I think I was in New York at the time, and I would have liked to participate but I was worried that I would be caught on camera.  Then more recently the No Kings protest.  And there were a couple of protests in Providence that I would have liked to attend that I did not.

Q.   Okay.  And just for clarity of the record, why did you not attend those, the No Kings protest and the other protests in Providence?

A.   Again, because I was worried that my identity would be captured as part of the protest and that I would be risking increasing my vulnerability in terms of being targeted.

Q.   And again, I apologize, but targeted specifically for

JA481

what?

A.   Well, targeted in terms of associating -- I mean, looking into my profile, making allegations about my pro-Palestinian positions being equated to antisemitism or, even worse, support for Hamas, and that would then translate into me being held at the border or detained on the street and threatened with deportation, yes.

Q.   Let me ask you briefly about social media.

A.   Mm-hmm.

Q.   Did the events that we are talking about affect your activity on social media at all?

A.   I mean, I'm not a very active social media person.  I mainly use social media to check news and read what others are posting.  But I guess there are two instances.  They're kind of minor, but one is that on Facebook I had put -- I had changed my profile picture to just black, a black square in October of 2023.  And when I was traveling back after visiting my mother and going to these talks in Switzerland in March of 2025, before entering the country, I changed the profile picture to put a picture of my mother and my daughter because I thought that, you know, if my social media is checked, that that might raise red flags, having the black picture.

     And the other thing that I did is, you know, although I'm not posting on Palestine myself, I have lots of just news streams, like The Guardian, New York Times, I mean, all kinds

JA482

of news that would bring up things about Palestine.  I was so worried that by the time I entered the U.S. in March returning back, my Instagram feed was all dogs, cats and recipes.  I mean, everything else was deleted.

Q.   And let me ask you one more question, and then I will look to the court to see if we're ready for a break.

Other than what we have talked about so far, have the events of March 2023 and the arrests and detentions of Mahmoud Khalil and others, has that affected you in any other way?

A.   Yeah.  I mean, what we've talked about so far is kind of quantifiable.  But I mean, I'm generally a quite disciplined and focused person, and this is for the first time in my academic life or life in general that I feel I can't focus on my work, that I'm, you know, constantly checking the news.  It has really had a detrimental impact on my ability to engage in research and focus.

THE COURT:  Thank you.  You suggested this was a good time to stop?

MR. BIALE:  Yes, Your Honor.

THE COURT:  Have you got more for this witness?

MR. BIALE:  I've got maybe 15 or 20 minutes.

THE COURT:  Fine.  We'll stop at this point, and you may step down.  Thank you.

Total elapsed time is, the plaintiff has used up two hours and 15 minutes, the defense has used up one hour and 15

JA483

minutes.  Each trial day is figured at three and one and a half hours.

On Wednesday we're going to have to stop at 12:00. We'll take a shorter recess to keep on track.  We will resume but not on the clock at 2:00 p.m., not taking evidence but handling housekeeping matters, and I have a couple of I guess housekeeping orders to enter.  Thank you.  We'll recess until 2:00.  We'll stand in recess.

(Recess, 12:58 p.m.)

* * * * *

CERTIFICATE OF OFFICIAL REPORTER

I, Kelly Mortellite, Registered Professional Reporter, Registered Merit Reporter and Certified Realtime Reporter, in and for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing transcript is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter to the best of my skill and ability.

Dated this 7th day of July, 2025.


/s/ Kelly Mortellite

_____

Kelly Mortellite, RPR, RMR, CRR

Official Court Reporter

JA484

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS (Boston)

No. 1:25-cv-10685-WGY
Volume 3, Page 149 to 174

AMERICAN ASSOCIATION of UNIVERSITY PROFESSORS, et al,
         Plaintiffs

vs.

MARCO RUBIO, in his official capacity as
Secretary of State, et al,
         Defendants

* * * * * * * * *

For Bench Trial Before:
Judge William G. Young

United States District Court
District of Massachusetts (Boston.)
One Courthouse Way
Boston, Massachusetts 02210
Monday, July 7, 2025

* * * * * * *

REPORTER: RICHARD H. ROMANOW, RPR
Official Court Reporter
United States District Court
One Courthouse Way, Room 5510, Boston, MA 02210
rhr3tubas@aol.com

JA485

A P P E A R A N C E S


RAMYA KRISHNAN, ESQ.
CAROLINE DeCELL, ESQ.
ALEXANDER ABDO, ESQ.
SCOTT B. WILKENS, ESQ.
    Knight First Amendment Institute at Columbia
    University
    475 Riverside Drive, Suite 302
    New York, NY 10115
    (646) 745-8500
    E-mail: Ramya.krishnan@knightcolumbia.org
and
COURTNEY GANS, ESQ.
NOAM BIALE, ESQ.
    Sher Tremonte LLP
    90 Broad Street, 23rd Floor
    New York, NY 10004
    (212) 540-0675
    Email: Cgans@shertremonte.com
    For Plaintiffs


ETHAN B. KANTER, ESQ.
WILLIAM KANELLIS, ESQ.
VICTORIA M. SANTORA, ESQ.
JESSICA STROKUS, ESQ.
    DOJ-Civ
    P.O. 878
    Ben Franklin Station
    Washington, DC 20044
    (202) 616-9123
    Email: Ethan.kanter@usdoj.gov
and
SHAWNA YEN, ESQ.
    United States Attorney's Office
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    Email: Shawna.yen@usdoj.gov
    For Defendants

P R O C E E D I N G S

(Resumed, 2:00 p.m.)

THE COURT:  Well let's start with the question that was raised.  Ms. Belmont brought to my attention a concern about timing, and you're right to be concerned, because you're not going to get through if you proceed at the slow pace that the trial begins.  But that's routine in a trial, that the first couple of witnesses always take longer because we're feeling each other out, learning how a trial, with the specific players, including the judge, works.

So here's the rule on timing.  We said it was a 9-day trial, so you're entitled to nine 3 1/2 hour days. If we lose time for technology, that's part of the human condition, it's just going to be lost to you.  If I -- Wednesday's an example, drop an hour, you haven't lost it, that's on me, and I take that very seriously.  I still think we can get done within that time, um, and I intend to.  There's a lot of material, written material that, um, properly is before the Court.

So, um, I keep time, there's no appeal, it's divided equally, and I will announce it at the end of every day.  So that's as to time.

Now the only other thing I wanted to say, other than generally, I'm happy to be off and running, I think

JA487

the openings were very helpful and the examination of witnesses are professional, and other than you ought to pick up the stroke, it's fine.

I've got this problem, and it is a problem. The government has made three ex-parte submissions of a mass -- not an unmanageable mass, but a large number of documents, in response to the Court's invitation that I would receive such documents, um, and honor the law enforcement privilege. They've taken advantage of that. The most recent, um, submission was this morning. There was one late Wednesday, and the original one was earlier than that, as I told you, um, in camera, in this session of the Court, meaning I'm the only one who's looked at it.

So the one that was submitted Wednesday late, it got to me on Thursday and I took it home over the weekend. I've looked it over. I don't purport to say that I've looked it over page by page, but I've looked it over. And it started with a rather interesting cover sheet which said, "These materials have not been filed in any other case." Interesting. And then it says, "And we reserve all the privileges that we have, attorney-client, the government deliberative privilege and the like."

Now look, that's not the way it works. All those

JA488

supposedly reserved privileges, they're all waived.  You can't dump a bunch of documents on the Court and say, "Well you go through them and really decide what our privileges are."  Never asserted.  They're all waived.

As to the law enforcement privilege, in one respect, and I have received such materials, as it's played out, they may well be peripheral, but maybe not. I received materials about the State Department's upping, or changing, or making more details, their management of the grant of visas.  That's inextricably intertwined with national security.  I honor that absolutely.  Nobody's going to look at any of that, except me.  And as yet, I'm not sure how that figures in this case at all.  I'll absolutely protect those.

As to the rest of it, you've taken -- and I speak to the government's attorneys, far too broad a position on what's entitled to the law enforcement privilege. When I said I would honor that, what I meant was, and I think the law, um, backs it up, I meant like disclosure of things that would, um, frustrate or inhibit or foul up an ongoing government investigation, like if there's -- and what I say now is not from my review of the materials, I'm making this up.

Let's say there's some human intelligence out there, undercover officers out looking around, um,

JA489

154

that's fine.  If that's disclosed to the Court, I would treat that completely confidential.  Likewise, if there's some technology that, um, we don't know about, pole cameras, um, I'm making this up, drones that fly over crowds with super, um, fascinating face-recognition um, material, boy, I'd be interested in that, but that's something new that the government has.  I've never heard about it and I just made it up.

About the only other example I can think of, but I don't mean this to be exhaustive, is, um, if you have any Title III data in there, since that's so private. If you have any wiretap data.  But I saw none.  That is entitled, it seems to me, to, um, have that privacy maintained, um, with some limitations.

So what do I do with the rest of it?  And, um, I'm candidly not clear.  I think, because I have every reason to believe that defense counsel have acted in complete good faith, I'm not going to say, "Well, I'm going to go through it and everything that I don't see fits, I'm just turning over to the plaintiffs."  I'm not.  If you think, as I have more expressly explained the limits of the law enforcement privilege, that I've missed something, and I could well have, my review is far from complete, um, you can -- in sort of a privilege log after the horse is out of the barn, by Friday at

JA490

noon, detail it for me. "This page reveals whatever." And it had better be specific or I'll rule that you've waived it. If it's only part of the page, the privilege can be asserted only as to Paragraph 3, or Paragraph 3 of the first paragraph. And I will look at it and I will see whether I agree.

Now my guess is, from what I've looked at -- for instance, things that I thought the government was going to -- the public officials were going to disclose, I mentioned them at our very first meeting, I see some operations orders for arrests. That interests me. I think that should be disclosed. Nothing I'm saying now prevents it from being disclosed. But I'm not ordering that it be disclosed today. Trial is not going to stop while we sort through these materials.

Given the ruling I just made, everything except for new visa business, I'm going to share with my own team, my chambers team, my law clerks, and we're going to have to index it, um, I don't know, by alleged target individual or by alleged -- not alleged, but by, um, information, if there's information of a witness, by witness, and I'm going to treat it as follows.

It's -- this material came from the defendant. I am going to presume it's authentic. And I'm going to treat it as an admission. Um, to the extent that it

helps the plaintiffs, and I'm not saying it does, I'm going to treat it all as an admission. And it can be used by the Court to fill in any blanks that might exist in the plaintiff's case. I'm making no normative judgment here. I'm justifying -- because I'm not disclosing it after weeks gone by, and I expect the plaintiffs to have most of their case in by then, and then we'll see.

Once I've got it indexed, if anyone takes the stand -- the opening suggests there will be government witnesses taking the stand, um, having done numerous criminal cases, I'm going to use it like prior statements of that witness, and it's within the Court's power to disclose it at that time, if I think it will help cross-examination. But if it's all in accord with what I'm being shown, um, I will understand that.

I'm not confident of that ruling. I don't fault the defendant public officials, and as I've said, I think they've acted in complete good faith, but I'm not clear what to do with it. But I am going to be looking it over very carefully.

Two small points. There's another assented-to, um, amendment to the protective order. That's allowed. And I was given -- and I haven't looked at it, except, um, briefly, plaintiffs' pretrial brief. But when

JA492

Ms. Belmont gave it to me, she said, "This is filed under seal." What do you mean? It looks to me like the same brief I've already read. But maybe there's a little more. And I don't see why anything now is filed under seal. I'm trying to honor that.

I'll stop now. Now is the time for questions and clarifications. What's you've heard, up to this point, are rulings. And we'll start with the plaintiffs.

MS. CONLON: Thank, your Honor, and good afternoon. We haven't met. I'm Alex Conlon for the plaintiffs. That's Conlon, C-O-N-L-O-N.

THE COURT: Yes, Ms. Conlon.

MS. CONLON: Okay. So a couple of things on the materials your Honor alluded to, including our brief, but I'll go in the order you addressed them.

THE COURT: Please proceed.

MS. CONLON: Because we are, as you know, having to take certain witnesses out of order, the government officials, some of them are testifying Wednesday of this week, that is Peter Hatch from the Office of Intelligence, which is within the Homeland Security Investigations Division of the Department of Homeland Security, and I raise that because I expect, though of course don't know, that materials the Court has received are likely relevant to his work.

JA493

THE COURT:  That's information I need to know and very helpful.  Keep going.

MS. CONLON:  There's more.

On Friday, John Armstrong, who is the Senior Bureau Official --

THE COURT:  His name was mentioned before, right?

MS. CONLON:  Yes, in the Bureau of Consular Affairs, within the State Department, is also testifying.

THE COURT:  All right.

MS. CONLON:  As is Marian Smith, who I understand also works in the Bureau of -- I think of Consular Affairs, as a Special Advisor, or Senior Advisor, and having deposed some of them and been present for all of them, I expect we will ask them about things that are relevant to this issue your Honor has raised, about documents.

THE COURT:  Thank you.

MS. CONLON:  That's the first thing to flag.

Second, um, and jumping forward to the pretrial brief, that was filed under seal because it was before trial began and the protective orders governed all pretrial submissions.  And so in adherence to that protective order we filed, it's under seal.

THE COURT:  So now it need not be under seal?

JA494

MS. CONLON:  That would be our position, yes.

THE COURT:  Fine.  And we'll treat it as not under seal.  Thank you.

MS. CONLON:  Yes.

We did have other housekeeping matters, but we should stick with this, right?

THE COURT:  Let's stick with this, because I saw Ms. Santora, and then we'll go to housekeeping issues in general.

MS. CONLON:  Thank you.

THE COURT:  All right.  Ms. Santora?

MS. SANTORA:  Thank you, your Honor.  Just a clarifying question from the government.

When you were discussing the ex-parte materials and asking us to submit a privilege log to you, were you referring to all of the ex-parte materials we filed or just the ones we filed on Wednesday?

THE COURT:  I was referring to all because I, um -- naturally I'm going to look at all of them, and if I've missed something.  See my concern is -- I guess I'm faulting you, but not really, my concern is I am going to honor everything I said I would honor.  I'm giving you a week's chance to point out specifically to me some of the law enforcement privilege or national security privilege that I should honor.

JA495

Does that answer your question?

MS. SANTORA:  Yes, thank you, your Honor.

THE COURT:  All right.

Now --

MR. ABDO:  Your Honor, if I could just make a -- just a note on the timing, and I apologize for standing up.  I'm another "Alex," Alex Abdo, spelled A-B-D-O.

Just with respect to the timing, it would be extraordinarily helpful if we had an understanding from the government, before the testimony on Wednesday from one of the officials, whether there's additional information they're planning on releasing to us so we can rely on it in taking the testimony of those individuals.

THE COURT:  It would be.  I live in the real world.

MR. ABDO:  Well it's one small subcategory.  We have access to the certified administrative record, about 30 pages of the 50 have been filed under seal.  We have been planning on relying on that record during some of the examination of the witnesses, and on review of those 30 pages, it's hard to imagine that the government could possibly satisfy the stringent standards for sealing.  The government itself has filed, I think, three of the relative documents in other proceedings

JA496

publicly.

THE COURT:  I will do the best I can.

MR. ABDO:  Thank you, your Honor.

MS. SANTORA:  Your Honor --

THE COURT:  We're not arguing about this, he questioned it and I answered.

MS. SANTORA:  No, no, I have another point, your Honor, just on the privilege log.

Are we also able, in that privilege log, to identify material that, um, the Court has said would be deliberative?

THE COURT:  No, and the reason for that is, um, I thought -- there's no basis for dumping material on me and then saying, "Oh, by the way, this is deliberative, take a look at it ex-parte in camera."  No.

All right.  Now housekeeping.  We'll start with the plaintiffs.

MS. CONLON:  Oh, sorry.

THE COURT:  No, please don't say "Sorry."  As the great Henry Friendly used to say, and I'm not great, he would say, "This is what they pay me for."

(Laughter.)

THE COURT:  So here we are.  Go ahead.

MS. CONLON:  Okay.

So recognizing the reality of the material the

Court must review and the government needing time to submit this privilege log to the Court, I have two requests that I'd ask you to consider.

The first is either arranging -- you know encouraging the government to present all of its officials in the second week, so that we can have the benefit of whatever documents we will receive, or alternative having an agreement -

THE COURT:  I didn't say that you're going to receive any.

MS. CONLON:  To the extent that we would, or alternatively, and what seems more expedient, would be that to the extent we question someone whose testimony is relevant to materials we later receive, and have subsequent questions, that we be permitted to make an application to your Honor to ask that the person come back, if there's something they need to be asked about with respect to those documents.

THE COURT:  The honest answer is this.  Of course you may make an application.  This is a live case.  I'm very keen that we get the case before me in the 9 days allotted.  What happens then is, um, as transparent as I can be, is unknown to the Court.  I think the spectrum is I'll think that I can say something, um, I'll think that I need to order, given your point, some further

JA498

hearing, and I have -- you can't take up the rest of the month, but you're top of mind during this month, or, sort of the other end of the spectrum, I will be satisfied with the evidentiary presentation, but the issues are such that I will say -- and you'll want to do this in the second week -- again, all of you, or at least you plaintiffs, you're interested in expedition, and I don't in any way suggest that the public officials are delaying things, I don't think they are, but you'll want to be proselytizing me with proposed findings and rulings.

So we get done, we get done with the final arguments, which are within these time limits, and I say "Thank you very much, it's under advisement."  And then the burden is on me and I can sort out justly whatever I think I need to sort out.  I think that's the spectrum.

So of course you may make application, because you will have lived the trial over these two weeks, and I will entertain it, um, given all the evidence set before me.

Does that answer the question?

MS. CONLON:  I think it does.  Thank you.

THE COURT:  Okay.

Other housekeeping matters from the plaintiff?

MS. CONLON:  Yes, I have some more.  Some are

JA499

easy.  I'll skip to those first.

There are, as your Honor knows, certain witnesses who will be testifying remotely, and we are asking for a time that we can work with the Court's Deputy to make sure that we all are able to do that properly, so we don't slow anything down.

THE COURT:  She will make herself available.

MS. CONLON:  Thank you, your Honor.

With respect to exhibits, I just wanted to address something that happened earlier today and give the Court a little context, which is just to say, as your Honor I think has observed, the parties are still working through the process of identifying what can get a number, because it is agreed to.  As a consequence, um, certain things that currently have a letter, are lettered differently by both sides, because we haven't -- lead plaintiffs haven't had an opportunity to finish reviewing what we received yesterday.  So I want to apologize to the Court about that.

THE COURT:  No apology is necessary.  We've tried cases before.  What makes a difference to me, and my practice, when something is offered, is to, um, admit it, if I do admit it, and repeat -- or not repeat, give it the number or ask counsel to give the number.  That's what the Courtroom Deputy is taking down.  That's what's

on the record for the Court of Appeals, believing I should make an adequate record.

MS. CONLON:  Right.

THE COURT:  On those that are offered, I -- that I do not accept -- "I" was an example, I said, "No, it's excluded, I."  So whatever letter you've given it, I will repeat, and that will be the record that the Court has both for its work -- in other words for identification, is not going to form the basis of the finding of a fact.

MS. CONLON:  Right.

THE COURT:  And again, to make things plain to the Court of Appeals, I've looked at it and relied on it or not.

Go ahead.

MS. CONLON:  Thank you, and that is helpful, and we are going to work on it with opposing counsel this afternoon.

THE COURT:  I can tell you a funny story about a lengthy case where we got into two letters, but I will not.  You can --

MS. CONLON:  Okay, your Honor.  Now I have two more issues to address.  Maybe it's three.

First, because we are doing some witnesses out of order, um, you will find, for example, a video we sought

JA501

to introduce earlier today, we're seeking to present an authentication witness for tomorrow.  This is a function of scheduling only.  Mr. Biale had tried to offer it for a subject connection, of course your Honor had no information about the witness schedule or anything else.

Is it helpful to the Court if we flag this sort of thing to you ahead of time in terms of the witness order?  I would think so.

THE COURT:  Yes, I will accept all the help I can get.

MS. CONLON:  And speaking of the witness order, in an effort to ensure that we don't have down time, which is to say, with plaintiff witnesses in part and government witnesses in part going out of order, we're cognizant there may be certain gaps of time that we can't fill.

THE COURT:  No, no, no --

MS. CONLON:  We're trying to fill them is my point.

THE COURT:  Yeah, fill them.  In other words, we can start with a witness and stop with that witness and jump to another witness.  I want to come on the bench at 9:00, stay on the bench till 10:45, if I can, take a recess -- I need the recess, and come back on the bench at 11:15, and stay on the bench till 1:00.  We did very

well today.  Obviously I can work that half-hour. Wednesday, you lose an hour, that's my concern, a 15-minute break, so we've made up 15 minutes out of that hour that you've lost.  And so on.

MS. CONLON:  So this -- I'm sorry, I didn't mean to interrupt you.

THE COURT:  No.

MS. CONLON:  So in an effort to expedite this, we have told the government when we are putting on our witnesses and when we know there will be availability for a government witness to testify, which is how I know that certain government officials are meant to go this week.  I understand your Honor doesn't want to referee disputes between the parties about ministerial things, so I am asking on the record for the government to disclose their schedule as soon as possible for the second week, because we also have out-of-order witnesses for the second week, so we can collaborate on that.

THE COURT:  That would be helpful.

MS. CONLON:  So two things.

First, thank you for explaining the Court's process with respect to time and time limits, and obviously the parties were not aware that there is any tracking of which amount of time was used by which party on any given day.

JA503

THE COURT:  You could have found out by asking the Courtroom Deputy.

MS. CONLON:  No, we did not think to do that obviously, and have regrets, clearly.  But my question is this, going forward.

Is it the Court's practice, that if there is time remaining in the schedule, that one party has hit their limit -- so I'm thinking about us, because we bear the burden here, and I expect, as you saw today, that our witnesses' direct examinations may take longer than their cross-examinations do, and I'm wondering how the Court manages -- how sort of strictly delineated is the --

THE COURT:  Pretty strictly.

MS. CONLON:  Okay.

THE COURT:  For instance, I've heard -- we're not entirely done with Witness Number 2 and I recognize that we're just getting off the ground.

MS. CONLON:  Yes.

THE COURT:  So I understand the gravamen of those witness's testimony, we get one who's a professor, we get a second one who is also a professor, but she is in Mesa as well.  So sort of under 403, this is not an invitation to anything, but these are the questions you should be asking.  I imagine you can call another one

who's much the same as what we've heard, obviously there will be some differences, but you call another.  Once I've had three, that's pretty much it for that type of thing.

MS. CONLON:  Right.

THE COURT:  That of course is flexible, but that's true of others as well, other types of witnesses. That's the best I can say.

But you want to know if you can get extra time? Not likely.

MS. CONLON:  If it's available.

THE COURT:  Not likely.  If you can finish the case earlier, so much the better, because we come to the part that is most clearly my responsibility.  Look, you're trying a fine case, but I take it very seriously, and I'm saying that this case is novel and complex and I'm, um -- there may be things I want you to brief. Well I can think of one, um, just jumping ahead.

MS. CONLON:  Please.

THE COURT:  I wasn't too taken by this "nuances of the First Amendment answer" that I got from defense counsel, so I want to be very clear on whether a lawful noncitizen has the same right to free speech as does a citizen of the United States?  And I don't suggest that because the First Amendment speaks of "persons," that

JA505

that answer is unequivocally "Yes."  I said that earlier.  But I want to know all the law on that.

And while you've tweaked me as to things that I want to know, I want to know, um -- I'll be asking this, and this more or less goes to the government, um, officials, I want to know whether anywhere in any of these papers there's some -- on the part of the alleged targeted individuals, there is some, um, criminal activity other than embarrassment to the foreign policy of the United States?  Though you pretty much have to understand that I think the facts of that Congressional enactment plays a significant role here.  I'm not hesitant in telling you what's on my mind.  But believe me when I say, the Court is completely without an agenda here, that I am eager for the vigorous presentation of counsel.

Go ahead.

MS. CONLON:  I think that's it, from us.  Thank you so much.

Go ahead.

THE COURT:  Yes.  Good afternoon, your Honor, my name is Jessica Strokus on behalf of defendants.

THE COURT:  Thank you.

MS. STROKUS:  I heard your Honor mention that you would like to start at 9:00 a.m., and we have a request

JA506

for you, that this Friday, can we begin at 8:30 a.m.? We have a witness who will be testifying remotely from Jamaica, and because of her schedule she has limited time to present her testimony and really only this day is available. If the Court would be amenable to starting at 8:30 a.m.? And that is 7:30 a.m., Jamaica time. And it would allow for sufficient time for both direct and cross, we believe.

THE COURT: Why can't she give us time in the ordinary hours that the Court sits?

MS. STROKUS: I understand, your Honor. She is a State Department official who will be at the end of a patch-out. She is on TDY, on Temporary Duty Station, in Washington, D.C., she is moving from Jamaica, um, and that is the day that she is able to testify.

THE COURT: Well I intend to start -- I've kept going for a number of years on my schedule.

MS. STROKUS: I understand.

THE COURT: You've made the request. I think a half an hour, she can give it to us. Promptly 9:00.

MS. STROKUS: Thank you, your Honor.

THE COURT: Any other housekeeping matter?

MS. CONLON: I'm reminded of one last one. So as your Honor may recall from the pretrial memo in which each side laid out its anticipated witnesses, the

JA507

government identified four officers who are referred to ASAC, A-S-A-C, or DSAC, D-S-A-C, who we understand to be supervisory ICE agents, who we understand were involved in the arrest of four of the five targeted noncitizens. Those witnesses have, for scheduling reasons, not been available to be deposed until this week and next, and the government is making them available, for which we are grateful, but we have hit -- we are going to hit our 10th deposition, which is what's permitted under the local rules, and there are four people remaining, which would take us to 11.

THE COURT:  By agreement, I have no comment.

MS. CONLON:  No, there is no agreement.  We are making a request, but as I understand it -- and I will of course let Mr. Kanellis speak, there's no agreement on the last deposition that we're seeking.

MR. KANELLIS:  Your Honor --

THE COURT:  We're talking about one deposition, right?

MS. CONLON:  One deposition, 4 hours long.

MR. KANELLIS:  Your Honor, we sought a deposition because we were unable to travel here the other day. That was not -- that was not permitted to us.  We have asked for them to identify witnesses and they waited.  I see no desire on our behalf to suddenly extend this

JA508

comity that we sought to them when they denied us the ability to depose the witness who testified today.  So that's --

THE COURT:  It seem to me that you can work it out.  We'll receive the testimony of the witness, but whether you get a deposition or not, that's something you can work out.

All right, thank you all.  9:00 tomorrow morning. And we'll recess.  At which time there will be a joint exhibit list, start to finish.

Thank you.

(Ends, 2:45 p.m.)

C E R T I F I C A T E

I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER, do hereby certify that the forgoing transcript of the record is a true and accurate transcription of my stenographic notes, before Judge William G. Young, on Monday, July 7, 2025, to the best of my skill and ability.


/s/ Richard H. Romanow 07-9-25
_____
RICHARD H. ROMANOW　Date

JA510

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 6, 2026, I electronically filed the foregoing

Joint Appendix with the Clerk for the United States Court of Appeals for the

First Circuit by using the appellate CM/ECF system.  I certify that all partic-

ipants in the case are registered CM/ECF users and that service will be ac-

complished by the appellate CM/ECF system.


        /s/ Paul F. Stone

PAUL F. STONE
  *United States Department of Justice*